# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

DR. MAHENDRA AMIN, M.D.,

        Plaintiff,

    v.

NBCUNIVERSAL MEDIA, LLC,

        Defendant.

Case No. 5:21-cv-00056-LGW-BWC

## DEFENDANT'S VERIFIED ANSWER

Defendant NBCUniversal Media, LLC ("NBCU"), by and through its undersigned counsel, hereby files its Verified Answer to Plaintiff Dr. Mahendra Amin's ("Plaintiff") Complaint (the "Complaint") using the same headings and paragraph numbering employed by Plaintiff.

## RESPONSE TO "INTRODUCTION"

1. NBCU admits that it broadcast a series of television news reports (each, a "News Report" and collectively, the "News Reports") about, among other things, a September 14, 2020 complaint that Project South filed with the Department of Homeland Security, the U.S. Immigration and Customs Enforcement Atlanta Field Office, and the Irwin County Detention Center ("ICDC") on behalf of whistleblower Dawn Wooten (the "Whistleblower Complaint"). A true and correct copy of the Whistleblower Complaint is attached hereto as **Exhibit A**. NBCU denies that any of these News Reports was false and defamatory. Except as so admitted, NBCU denies each and every remaining allegation in Paragraph 1 of the Complaint.

2. NBCU admits that the News Reports about the Whistleblower Complaint aired on: (1) "Deadline: White House" with Nicolle Wallace on or about September 15, 2020; (2) "All In with Chris Hayes" on or about September 15, September 16, and September 17, 2020; and (3)

"The Rachel Maddow Show" on or about September 16, 2020. NBCU denies that any of these News Reports was false and defamatory. True and correct copies of the transcripts of the News Reports are attached hereto as **Exhibits B(i)** through **F(i)**, and true and correct copies of the broadcasts of each of the News Reports are attached hereto as **Exhibits B(ii)** through **F(ii)**.

3. NBCU denies each and every allegation in Paragraph 3 of the Complaint. NBCU affirmatively alleges that the News Reports reported on, among other things, the Whistleblower Complaint and expressed opinions concerning the allegations in the Whistleblower Complaint. The Whistleblower Complaint spurred immediate government action. Indeed, on September 14, 2020—the same date that the Whistleblower Complaint was filed and before the News Reports were broadcast—a member of the Georgia House of Representatives called for investigations by the Composite Medical Board and Board of Nursing.[1] This was followed by members of Congress, including Speaker Nancy Pelosi, calling for federal action based on the allegations in the Whistleblower Complaint.[2] Further, as of September 15, 2020—the date the first challenged News Report in this litigation was broadcast—it was announced that the government would be investigating the allegations in the Whistleblower Complaint.[3] Other governmental entities, including the Federal Bureau of Investigation and the Department of Justice, later opened parallel investigations into the allegations.[4]

4. NBCU denies each and every allegation in Paragraph 4 of the Complaint.

---

[1] *See* https://twitter.com/TrammellBob/status/1305647179332300801.

[2] *See* Pelosi Statement on Whistleblower Complaint on Massive Health Care Abuse at ICE Detention Centers | Speaker Nancy Pelosi; http://jayapal.house.gov/wp-content/uploads/2020/09/DHS-IG-FINAL.pdf.

[3] *See* September 15, 2020 Statement From Dr. Ada Rivera, Medical Director of the ICE Health Service Corps, attached hereto as **Exhibit G** ("The accusations will be fully investigated by an independent office . . . .").

[4] Tina Vásquez, *Exclusive: FBI investigates Georgia doctor accused of sterilizing detained women*, PRISM REPORTS, May 6, 2021, available at: https://prismreports.org/2021/05/06/exclusive-fbi-investigates-georgia-doctor-accused-of-sterilizing-detained-women/.

4881-8342-1185v.14 0020040-000174

5.      NBCU denies each and every allegation in Paragraph 5 of the Complaint and NBCU affirmatively alleges that the News Reports sought comment from and/or reported Plaintiff's response to the Whistleblower Complaint, along with the responses from the applicable government agencies and/or ICDC.

6.      NBCU denies each and every allegation in Paragraph 6 of the Complaint.  NBCU affirmatively alleges that, on information and belief, the federal investigations into the Whistleblower Complaint appear to be ongoing.  In addition, in May 2021, the government began the process of closing ICDC—the facility at the center of the Whistleblower Complaint.  In announcing this closure, the Secretary of Homeland Security stated, "[w]e will not tolerate the mistreatment of individuals in civil immigration detention or substandard conditions of detention."[5]

7.      NBCU affirmatively alleges that the News Reports reported on allegations made in the context of a Whistleblower Complaint and ongoing investigation.  The Whistleblower Complaint states that an immigrant detained at Project South said "that she talked to five different women detained at ICDC between October and December 2019 who had a hysterectomy done."  In addition, Dawn Wooten, a nurse working at ICDC, expressed in the Whistleblower Complaint that she was concerned about the high number of detained women receiving hysterectomies.  She stated that "everybody's uterus cannot be that bad" but noted that "[e]verybody [the doctor] sees has a hysterectomy."  She said, "[t]hat's his specialty, he's the uterus collector."  *See* **Exhibit A** at 18-19.  NBCU also spoke with various lawyers who stated that their clients had hysterectomies while detained at ICDC, which they believe may have been unnecessary.  One of those lawyers

---

[5] *See* Ben Fox and Kate Brumback, *Irwin County Detention Center set to close*, Fox31 News, May 20, 2021, available at: https://wfxl.com/news/local/irwin-county-detention-center-set-to-close.

also stated that "as many as 15 immigrant women were given full or partial hysterectomies or other procedures for which no medical indication existed." In addition, NBCU spoke with a woman detained at ICDC who claimed that she felt "pressured into a full abdominal hysterectomy." NBCU reported on these allegations in good faith seeking to raise the public's awareness and highlight the need for greater government scrutiny of possible mistreatment of detainees at ICDC. NBCU had no reason to, and in fact did not, entertain any serious doubts about the truth of its News Reports. In fact, in June 2021, it was reported that, according to documentation from ICDC, Plaintiff billed ICE for eight hysterectomies between 2017 and 2020, two of which were cancelled. He also submitted bills for 75 other invasive procedures, such as dilation and curettage and laparoscopy.[6] On this basis, NBCU denies each and every allegation in Paragraph 7 of Plaintiff's Complaint.

8. NBCU affirmatively alleges that the Whistleblower Complaint states that, according to Ms. Wooten, inmates at ICDC "didn't fully understand why they had to get a hysterectomy" and she "didn't think they really, totally, all the way understand this is what's going to happen depending on who explain it to them." *See* **Exhibit A** at 19. Further, a woman detained at ICDC was reported in the Whistleblower Complaint as observing that "staff at ICDC and the doctor's office did not properly explain to her what procedure she was going to have done" and that she was "scared and frustrated." *Id.* at 20. Similarly, NBCU interviewed one woman detained at ICDC who stated that she was told she received a "full hysterectomy" and "felt like [she] had no right to say anything." And the lawyer for another woman detained at ICDC, Pauline Binam, stated that Ms. Binam went into surgery expecting to have a dilation and curettage procedure but,

---

[6] *See* Alan Judd, *At Georgia immigration jail, warnings about women's medical care went unheeded*, THE ATLANTA JOURNAL CONSTITUTION, June 5, 2021, available at: https://www.ajc.com/news/at-georgia-immigration-jail-warnings-about-womens-medical-care-went-unheeded/NGAUKGZAXJGZLPZXTWZH5T3QWQ/.

after she woke up from surgery, she learned that the doctor had removed one of her fallopian tubes. NBCU reported on these allegations. Further, in October 2020, after NBCU's News Reports, a team of nine board-certified OB-GYNs and two nursing experts affiliated with academic medical centers who reviewed 3,200 pages of medical records from 19 women detained at ICDC, found that Plaintiff engaged in an "alarming pattern" of subjecting women to unwanted gynecological surgeries, in most cases performed without consent.[7] And, on information and belief, whether the procedures performed by Plaintiff were approved, medically necessary, and/or consented to is still under investigation. On this basis, NBCU denies each and every allegation in Paragraph 8.

      9.     NBCU denies each and every allegation in Paragraph 9 of the Complaint.

      10.    NBCU denies each and every allegation in Paragraph 10 of the Complaint. NBCU affirmatively alleges that Plaintiff's reputation as a physician was already damaged. Among other prior and contemporaneous events, Plaintiff was never certified by the American Board of Obstetrics and Gynecology or the American Board of Medical Specialties.[8] In 2015, Plaintiff and other Irwin County Hospital doctors entered into a settlement with the federal government in which they agreed to pay $520,000 to resolve allegations that they caused false claims to be submitted to Medicare and Medicaid.[9] NBCU further affirmatively alleges that numerous other national and international publications reported on the Whistleblower Complaint both before and on the same dates as the challenged statements in this lawsuit.[10]

---

[7] *See* Molly O'Toole, *19 women allege medical abuse in Georgia immigration detention*, THE LOS ANGELES TIMES, Oct. 22, 2020, available at: https://www.latimes.com/politics/story/2020-10-22/women-allege-medical-abuse-georgia-immigration-detention.

[8] *See* Emily Shugerman and William Bredderman, *ICE Hysterectomy Doctor Wasn't Even a Board Certified OB-GYN*, THE DAILY BEAST, Sept. 19, 2020, available at: https://www.thedailybeast.com/ice-hysterectomy-doctor-wasnt-even-a-board-certified-ob-gyn.

[9] *See* https://www.justice.gov/usao-mdga/pr/hospital-authority-irwin-county-resolves-false-claims-act-investigation-520000.

[10] *See, e.g.*, Carter Sherman, *Staggering Number of Hysterectomies Happening at ICE Facility, Whistleblower Says*, VICE, Sept. 14, 2020, available at: https://www.vice.com/en/article/93578d/staggering-number-of-hysterectomies-

4881-8342-1185v.14 0020040-000174

11.     NBCU denies each and every allegation in Paragraph 11 of the Complaint.

12.     NBCU admits that the media has an important role to play in our society.  Except as so admitted, Paragraph 12 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, NBCU denies any implication that Plaintiff is a private figure and denies each and every remaining allegation in Paragraph 12.

13.     Paragraph 13 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, NBCU denies each and every allegation in Paragraph 13 of the Complaint.

14.     NBCU denies each and every allegation in Paragraph 14 of the Complaint.

15.     NBCU denies each and every allegation in Paragraph 15 of the Complaint.

## RESPONSE TO "PARTIES"

16.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and, on that basis, denies each and every allegation in Paragraph 16.

17.     NBCU admits the allegations in Paragraph 17 of the Complaint.

18.     NBCU admits the allegations in Paragraph 18 of the Complaint.

---

happening-at-ice-facility-whistleblower-say; José Olivares, John Washington, "*He Just Empties You All Out*": *Whistleblower Reports High Number of Hysterectomies at ICE Detention Facility*, THE INTERCEPT, Sept. 15, 2020, available at: https://theintercept.com/2020/09/15/hysterectomies-ice-irwin-whistleblower/; Tina Vásquez, *Exclusive: Georgia doctor who forcibly sterilized detained women has been identified*, PRISM, Sept. 15, 2020, available at: https://prismreports.org/2020/09/15/exclusive-georgia-doctor-who-forcibly-sterilized-detained-women-has-been-identified/; Danielle Wallace, *Georgia prison with ICE detainees performs questionable hysterectomies, shreds coronavirus records: nurse*, Fox News, Sept. 15, 2020, available at: https://www.foxnews.com/politics/georgia-jail-ice-detainees-questionable-hysterectomies-shredded-records-nurse-says; Alan Judd, Jeremy Redmon, *ICE detainees complained about 'rough' treatment from Georgia doctor*, THE ATLANTA JOURNAL-CONSTITUTION, Sept. 16, 2020, available at: https://www.ajc.com/news/ice-detainees-complained-about-rough-treatment-from-georgia-doctor/S4V5UDBRKZCJZMSUPOJQRXKYNM/.

4881-8342-1185v.14 0020040-000174

19.     Paragraph 19 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, NBCU does not—at this time and for purposes of this case only—contest that it is responsible for the actions of MSNBC.

## RESPONSE TO "JURISDICTION"

20.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint and, on that basis, denies each and every allegation in Paragraph 20.

21.     Paragraph 21 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, NBCU admits that it is a citizen of Delaware for purposes of diversity jurisdiction, and NBCU does not—at this time and for purposes of this case only—contest that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

22.     Paragraph 22 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, NBCU does not—at this time and for purposes of this case only—contest that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

23.     Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, NBCU does not—at this time and for purposes of this case only—contest that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

24.     Paragraph 24 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, NBCU does not—at this time and for purposes of this case only—contest that venue is proper in the Southern District of Georgia.

4881-8342-1185v.14 0020040-000174

## RESPONSE TO "FACTUAL BACKGROUND"

### Response to "Dr. Amin"

25. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint and, on that basis, denies each and every allegation in Paragraph 25.

26. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint and, on that basis, denies each and every allegation in Paragraph 26.

27. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint and, on that basis, denies each and every allegation in Paragraph 27.

28. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint and, on that basis, denies each and every allegation in Paragraph 28.

29. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint and, on that basis, denies each and every allegation in Paragraph 29.

30. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint and, on that basis, denies each and every allegation in Paragraph 30.

31. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint and, on that basis, denies each and every allegation in Paragraph 31.

4881-8342-1185v.14 0020040-000174

32.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint and, on that basis, denies each and every allegation in Paragraph 32.

33.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and, on that basis, denies each and every allegation in Paragraph 33.

34.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and, on that basis, denies each and every allegation in Paragraph 34.

35.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint and, on that basis, denies each and every allegation in Paragraph 35.

36.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Complaint and, on that basis, denies each and every allegation in Paragraph 36.

37.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint and, on that basis, denies each and every allegation in Paragraph 37.

38.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint and, on that basis, denies each and every allegation in Paragraph 38.

4881-8342-1185v.14 0020040-000174

39.     NBCU admits that Plaintiff provided gynecological medical services to patients detained at ICDC.  NBCU further admits that, according to subsequent news reports, Plaintiff is no longer providing services to ICDC, and ICDC is in the process of closing.[11]

40.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint and, on that basis, denies each and every allegation in Paragraph 40.

41.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint and, on that basis, denies each and every allegation in Paragraph 41.

42.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint and, on that basis, denies each and every allegation in Paragraph 42.

43.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint and, on that basis, denies each and every allegation in Paragraph 43.

44.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint and, on that basis, denies each and every allegation in Paragraph 44.

**Response to "September 14, 2020 letter and Project South's media campaign"**

45.     NBCU admits that on September 14, 2020, Project South—a non-profit organization that states that its mission is "eliminating poverty and genocide" and "cultivating strong social movements," and which advocates for immigrants' rights—filed with the Department

---

[11] *See* notes 4 and 5, *supra*.

of Homeland Security, the U.S. Immigration and Customs Enforcement Atlanta Field Office, and ICDC the protected Whistleblower Complaint on behalf of whistleblower Dawn Wooten. Except as so admitted, NBCU denies each and every remaining allegation in Paragraph 45 of the Complaint.

46.     NBCU denies each and every allegation in Paragraph 46 of the Complaint. NBCU affirmatively alleges that, as of the date of the first challenged News Report, at least one government investigation into the Whistleblower Complaint had already begun.

47.     NBCU admits that Dawn Wooten did not seek to be anonymous in the Whistleblower Complaint. NBCU denies that Wooten was not a "true whistleblower" who filed a formal complaint. Except as so admitted and denied, NBCU lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 47 of the Complaint and, on that basis, denies each and every remaining allegation in Paragraph 47.

48.     NBCU admits that the Whistleblower Complaint did not identify Plaintiff by name. NBCU affirmatively alleges that Plaintiff was nonetheless identifiable from the statements in the Whistleblower Complaint.

49.     NBCU admits the allegations in Paragraph 49 of the Complaint.

50.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint and, on that basis, denies each and every allegation in Paragraph 50.

### Response to "MSNBC's false and defamatory broadcasts"

51.     NBCU denies each and every allegation in Paragraph 51 of the Complaint.

52.     NBCU denies each and every allegation in Paragraph 52 of the Complaint...

53.     NBCU denies each and every allegation in Paragraph 53 of the Complaint.

4881-8342-1185v.14 0020040-000174

54.     NBCU denies each and every allegation in Paragraph 54 of the Complaint.

55.     NBCU admits that, in the days following the filing of the Whistleblower Complaint, ICE released multiple statements to the media.  First, ICE stated that it could not comment on the specific allegations in the Whistleblower Complaint that were referred to OIG for investigation, but "in general, anonymous, unproven allegations made without any fact-checkable specifics should be treated with the appropriate skepticism they deserve."  ICE later stated that it "vehemently disputes the implication that detainees are used for experimental medical procedures," an independent office was going to investigate the claims in the Whistleblower Complaint, and, since 2018, only two individuals in ICDC were "referred to certified, credentialed medical professionals for hysterectomies."  NBCU affirmatively alleges that, once it received these statements, they were included in its News Reports.  Except as so admitted, NBCU denies each and every remaining allegation in Paragraph 55 of the Complaint.

56.     NBCU denies each and every allegation in Paragraph 56 of the Complaint and affirmatively alleges that statements it received from ICE were included in its News Reports.

57.     NBCU denies each and every allegation in Paragraph 57 of the Complaint.

58.     NBCU denies each and every allegation in Paragraph 58 of the Complaint.

59.     NBCU denies each and every allegation in Paragraph 59 of the Complaint.  NBCU affirmatively alleges that, as stated in the September 15, 2020 episode of "Deadline: White House" with Nicolle Wallace (referenced in Paragraph 76 of the Complaint), an MSNBC reporter attempted to contact Plaintiff's office, but the person on the other line hung up the phone as soon as the reporter identified herself.  This information was shared with NBCU's other programming.  As soon as Plaintiff did provide a statement to the media, that statement was included in NBCU's News Reports.

4881-8342-1185v.14 0020040-000174

60.     NBCU denies each and every allegation in Paragraph 60 of the Complaint.

61.     NBCU denies each and every allegation in Paragraph 61 of the Complaint.

62.     NBCU denies each and every allegation in Paragraph 62 of the Complaint.

63.     NBCU lacks information sufficient to form a belief as to the truth or falsity of ICE's specific medical review processes and, on that basis, denies each and every allegation in Paragraph 63 of the Complaint.

64.     NBCU lacks information sufficient to form a belief as to the truth or falsity of ICE's specific medical review processes and, on that basis, denies each and every allegation in Paragraph 64.

65.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Complaint and, on that basis, denies each and every allegation in Paragraph 65.

66.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Complaint and, on that basis, denies each and every allegation in Paragraph 66.

67.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Complaint and, on that basis, denies each and every allegation in Paragraph 67.

68.     NBCU affirmatively alleges that the Whistleblower Complaint states that, according to Ms. Wooten, inmates at ICDC "didn't fully understand why they had to get a hysterectomy" and she "didn't think they really, totally, all the way understand this is what's going to happen depending on who explain it to them." *See* **Exhibit A** at 19.  Further, a woman detained at ICDC reported to Project South that "staff at ICDC and the doctor's office did not properly

13

explain to her what procedure she was going to have done" and that she was "scared and frustrated." *Id.* at 20. Similarly, NBCU interviewed one woman detained at ICDC who stated that she was told she received a "full hysterectomy" and "felt like [she] had no right to say anything." And the lawyer for another woman, Pauline Binam, stated that she went into surgery expecting to have a dilation and curettage procedure but, after she woke up from surgery, she learned that the doctor had removed one of her fallopian tubes. NBCU reported on these allegations. Further, in October 2020, after NBCU's News Reports, a team of nine board-certified OB-GYNs and two nursing experts affiliated with academic medical centers who reviewed 3,200 pages of medical records from 19 women detained at ICDC, found that Plaintiff engaged in an "alarming pattern" of subjecting women to unwanted gynecological surgeries, in most cases performed without consent. On this basis, NBCU denies each and every allegation in Paragraph 68.

69. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Complaint and, on that basis, denies each and every allegation in Paragraph 69.

70. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Complaint and, on that basis, denies each and every allegation in Paragraph 70.

71. NBCU affirmatively alleges that the Whistleblower Complaint states that, according to Ms. Wooten, inmates at ICDC "didn't fully understand why they had to get a hysterectomy" and she "didn't think they really, totally, all the way understand this is what's going to happen depending on who explain it it to them." *See* **Exhibit A** at 19. Further, a woman detained at ICDC reported to Project South that "staff at ICDC and the doctor's office did not properly explain to her what procedure she was going to have done" and that she was "scared and

frustrated." *Id.* at 20. Similarly, NBCU interviewed one woman detained at ICDC who stated that she was told she received a "full hysterectomy" and "felt like [she] had no right to say anything." And the lawyer for another woman, Pauline Binam, stated that she went into surgery expecting to have a dilation and curettage procedure but, after she woke up from surgery, she learned that the doctor had removed one of her fallopian tubes. Further, NBCU spoke with a lawyer for a woman detained at ICDC who said that she was left with "bruising" after an examination from Plaintiff. NBCU reported on these allegations. Further, in October 2020, after NBCU's News Reports, a team of nine board-certified OB-GYNs and two nursing experts affiliated with academic medical centers who reviewed 3,200 pages of medical records from 19 women detained at ICDC, found that Plaintiff engaged in an "alarming pattern" of subjecting women to unwanted gynecological surgeries, in most cases performed without consent. On this basis, NBCU denies each and every allegation in Paragraph 71.

## RESPONSE TO "CAUSE OF ACTION FOR DEFAMATION"

72.     NBCU realleges and incorporates by reference its responses to Paragraphs 1-71 of the Complaint as though the same were set forth herein in their entirety.

### Response to "MSNBC Broadcasts"

73.     NBCU denies each and every allegation in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NBCU denies each and every allegation in Paragraph 74. NBCU affirmatively alleges that the challenged statements reported on a protected Whistleblower Complaint, which spurred immediate government investigations.

4881-8342-1185v.14 0020040-000174

75.     Paragraph 75 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, NBCU denies each and every allegation in Paragraph 75.

76.     Paragraph 76 of the Complaint purports to characterize out-of-context statements taken from the September 15, 2020 episode of "Deadline: White House" with Nicole Wallace. NBCU respectfully refers to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits B(i)** and **B(ii)** (with the relevant segment beginning at 1:34:15).  NBCU denies any allegations inconsistent therewith.

77.     Paragraph 77 of the Complaint purports to characterize out-of-context statements taken from the September 15, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits C(i)** and **C(ii)** (with the relevant segment beginning at 31:24).  NBCU denies any allegations inconsistent therewith.

78.     Paragraph 78 of the Complaint purports to characterize out-of-context statements taken from the September 16, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits D(i)** and **D(ii)** (with the relevant segment beginning at 25:52).  NBCU denies any allegations inconsistent therewith.

79.     Paragraph 79 of the Complaint purports to characterize out-of-context statements taken from the September 16, 2020 episode of "The Rachel Maddow Show."  NBCU affirmatively alleges that the statements referenced in Paragraph 79 actually come from the September 15, 2020 episode and do not appear in the September 16, 2020 episode.  NBCU respectfully refers to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.

16

*See* **Exhibits E(i)** and **E(ii)** (with the relevant segment beginning at 06:59). NBCU denies any allegations inconsistent therewith.

80. Paragraph 80 of the Complaint purports to characterize out-of-context statements taken from the September 17, 2020 episode of "All In with Chris Hayes." NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content. *See* **Exhibits F(i)** and **F(ii)** (with the relevant segment beginning at 34:49). NBCU denies any allegations inconsistent therewith.

81. NBCU denies each and every statement in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NBCU denies each and every allegation in Paragraph 82.

83. Paragraph 83 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NBCU denies each and every allegation in Paragraph 83.

**Response to "Publication with actual malice"**

84. NBCU denies each and every allegation in Paragraph 84 of the Complaint. NBCU affirmatively alleges that it did not act with actual malice in publishing the News Reports.

85. NBCU denies each and every allegation in Paragraph 85 of the Complaint.

86. NBCU denies each and every allegation in Paragraph 86 of the Complaint.

87. NBCU denies each and every allegation in Paragraph 87 of the Complaint.

88. NBCU denies each and every allegation in Paragraph 88 of the Complaint.

89. NBCU denies each and every allegation in Paragraph 89 of the Complaint.

90. NBCU denies each and every allegation in Paragraph 90 of the Complaint.

17

91.     NBCU denies each and every allegation in Paragraph 91 of the Complaint.

92.     NBCU denies each and every allegation in Paragraph 92 of the Complaint.

93.     NBCU denies each and every allegation in Paragraph 93 of the Complaint.

94.     NBCU admits that on August 26, 2021, Stacey Evans, on behalf of Plaintiff, sent a letter to MSNBC. NBCU respectfully refers the Court to this letter, which speaks for itself and is the best evidence of its content.

95.     NBCU denies each and every allegation in Paragraph 95 of the Complaint.

**Response to "Damages"**

96.     NBCU denies each and every allegation in Paragraph 96 of the Complaint.

97.     NBCU denies each and every allegation in Paragraph 97 of the Complaint. NBCU affirmatively alleges that Plaintiff was not identified by name in each of the News Reports.

98.     NBCU denies each and every allegation in Paragraph 98 of the Complaint.

99.     NBCU denies each and every allegation in Paragraph 99 of the Complaint.

100.    NBCU denies each and every allegation in Paragraph 100 of the Complaint.

101.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Complaint and, on that basis, denies each and every allegation in Paragraph 101.

102.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Complaint and, on that basis, denies each and every allegation in Paragraph 102.

103.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 of the Complaint and, on that basis, denies each and every allegation in Paragraph 103.

4881-8342-1185v.14 0020040-000174

104.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Complaint and, on that basis, denies each and every allegation in Paragraph 104.

105.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Complaint and, on that basis, denies each and every allegation in Paragraph 105.

106.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106 of the Complaint and, on that basis, denies each and every allegation in Paragraph 106.

107.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the Complaint and, on that basis, denies each and every allegation in Paragraph 107.

108.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Complaint and, on that basis, denies each and every allegation in Paragraph 108.

109.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 of the Complaint and, on that basis, denies each and every allegation in Paragraph 109.

110.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Complaint and, on that basis, denies each and every allegation in Paragraph 110.

4881-8342-1185v.14 0020040-000174

111.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 of the Complaint and, on that basis, denies each and every allegation in Paragraph 111.

112.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 of the Complaint and, on that basis, denies each and every allegation in Paragraph 112.

113.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 of the Complaint and, on that basis, denies each and every allegation in Paragraph 113.

114.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 of the Complaint and, on that basis, denies each and every allegation in Paragraph 114.

115.    NBCU denies each and every allegation in Paragraph 115 of the Complaint.

116.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 of the Complaint and, on that basis, denies each and every allegation in Paragraph 116.

117.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 of the Complaint and, on that basis, denies each and every allegation in Paragraph 117.  NBCU affirmatively alleges, however, that the government began the process of closing ICDC in May 2021.

118.    NBCU denies each and every allegation in Paragraph 118 of the Complaint.

119.    NBCU denies each and every allegation in Paragraph 119 of the Complaint.

120.    NBCU denies each and every allegation in Paragraph 120 of the Complaint.

4881-8342-1185v.14 0020040-000174

121. NBCU denies each and every allegation in Paragraph 121 of the Complaint.

122. NBCU denies each and every allegation in Paragraph 122 of the Complaint.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. NBCU denies all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer. To the extent the headlines contained in the Complaint constitute allegations, such allegations are denied. With respect to the WHEREFORE clauses in the Complaint, NBCU denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Further responding to the Complaint, NBCU asserts the following defenses. NBCU does not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, NBCU does not in any way waive or limit any defense that are or may be raised by its denials, allegations, and averments set forth herein. The defenses are pled in the alternative, are raised to preserve NBCU's right to assert such defenses, and are raised without prejudice to NBCU's ability to raise other and further defenses. NBCU reserves the right to amend, supplement, and/or otherwise modify this Answer, including, without limitation, the right to assert additional defenses that may become known to it through discovery or otherwise.

## FIRST DEFENSE

The Complaint is barred because it fails to state a claim upon which relief can be granted.

4881-8342-1185v.14 0020040-000174

## SECOND DEFENSE

Plaintiff's claim is barred because the challenged statements are privileged and protected by the First and Fourteenth Amendment to the United States Constitution, Article I, Section I of the Georgia Constitution, and Article I, Section 8 of the New York Constitution.

## THIRD DEFENSE

Plaintiff's claim is barred under New York Civil Rights Law Section 76-a(2) because this is an action involving public petition and participation, and Plaintiff cannot establish, by clear and convincing evidence, that NBCU acted with actual malice as to the publication of the challenged statements.

## FOURTH DEFENSE

Plaintiff's claim is barred because the challenged statements are absolutely privileged under New York Civil Rights Law Section 74 as a fair and true report on an official proceeding.

## FIFTH DEFENSE

Plaintiff's claim is barred by the privilege in O.C.G.A. §§ 51-5-7(5)-(6) because the challenged statements are fair and honest reports of legislative or judicial bodies or of judicial or quasi-judicial proceedings.

## SIXTH DEFENSE

Plaintiff's claim is barred by the qualified privilege in O.C.G.A. § 51-5-7(4) because the challenged statements were made in good faith as part of an act in furtherance of NBCU's right to petition or right to free speech in connection with an issue of public interest or concern.

## SEVENTH DEFENSE

Plaintiff's claim is barred because the challenged statements are true or substantially true and thus cannot be the basis for a defamation action.

4881-8342-1185v.14 0020040-000174

## EIGHTH DEFENSE

Plaintiff's claim is barred because he is a public official and/or limited purpose public figure and cannot assert facts sufficient to show, by clear and convincing evidence, that NBCU acted with actual malice as to the publication of the challenged statements.

## NINTH DEFENSE

Plaintiff's claim is barred because he cannot assert facts sufficient to show that NBCU acted with gross irresponsibility as to the publication of the challenged statements.

## TENTH DEFENSE

Plaintiff's claim is barred because he cannot assert facts sufficient to show that NBCU acted negligently as to the publication of the challenged statements.

## ELEVENTH DEFENSE

Plaintiff's claim is barred because the challenged statements are non-actionable statements of opinion.

## TWELFTH DEFENSE

Plaintiff's claim is barred because he has not suffered any actual harm or damages proximately caused by any of the challenged statements.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages fails because it would violate NBCU's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, the alleged conduct at issue here is not sufficiently reprehensible to warrant any punitive damages recovery.

Dated: December 6, 2021

Respectfully Submitted,

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
(admitted *pro hac vice*)
Amanda B. Levine
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10028
Telephone: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com

*/s/ R. Bates Lovett*
R. Bates Lovett, Esq.
Georgia Bar No. 459568
FISHERBROYLES, LLP
2 East Bryan Street, Suite 436
Savannah, GA 31401
Telephone: (912) 335.4467
bates.lovett@fisherbroyles.com

*/s/ Cynthia L. Counts*
Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
Telephone: (404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant*

4881-8342-1185v.14 0020040-000174

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 6th day of December, 2021, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com

Tiffany N. Watkins
twatkins@staceyevanslaw.com

Scott R. Grubman
sgrubman@cglawfirm.com

and that a true and correct copy of the foregoing has been served upon the following via first class mail:

Stacey Godfrey Evans
STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327

Tiffany N. Watkins
STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327

Scott R. Grubman
CHILIVIS GRUBMAN DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338

*Cynthia L. Counts*
Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
Telephone: (404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant*