**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | | |
|---|---|---|
| DR. MAHENDRA AMIN, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:21-cv-00056-LGW-BWC |
| v. | ) | |
| | ) | |
| NBCUNIVERSAL MEDIA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 26(f) REPORT

The attorney(s) and/or unrepresented parties listed below certify that:

(1) they have read the Court's Rule 26 Instruction Order entered in this case;

(2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

(3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

**December 13, 2021**

**For Plaintiff**:  Stacey Godfrey Evans and Scott R. Grubman

**For Defendant**:  Elizabeth A. McNamara, Amanda B. Levine, and Cynthia L. Counts

I.      **INITIAL MATTERS:**

    A. **<u>Jurisdiction and Venue</u>**

        The defendant(s)

          ☐ does      ☒ does not

        contest jurisdiction and/or venue (for multiple defendants identify which defendants contest jurisdiction and/or venue).  If contested, such position is because:

        (1) Jurisdiction:

        <u>n/a</u>

        (2) Venue:

        <u>n/a</u>

    B. **<u>Immunity</u>**

        The defendant(s)

        ☐ has raised  ☐ will raise      ☒ will not raise

        an immunity defense based on:

        <u>n/a</u>

**C.  Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided.  If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

During the Rule 26(f) conference, Defendant indicated an intention to file a motion for judgment on the pleadings in January 2022 and an associated motion to stay discovery.  Defendant believes that meritorious grounds exist to dismiss this case on an upfront motion.  Defendant further believes that even if the case is not dismissed in its entirety, it will be substantially narrowed, limiting the discovery the parties must undertake in this action.

Plaintiff disagrees that meritorious grounds exist to dismiss this case on an upfront motion.  Plaintiff notes that Defendant did not file a motion to dismiss, but instead filed an answer, in which Plaintiff believes Defendant includes improper superfluous statements and attempts to establish facts by its own allegations, which it may plan to use in its anticipated motion for judgment on the "pleadings."  Plaintiff intends to file a motion to strike such material.

Plaintiff does not consent to a stay of discovery and will respond substantively to Defendant's motion to stay discovery when/if it is ultimately filed.  Plaintiff notes that both parties have indicated a need for third party discovery from persons who may be difficult to locate or may at some point not be located within the United States.  The difficulty to reach these persons only increases with the passage of time.

3

## II.   SETTLEMENT

### A.  <u>Settlement Efforts to Date</u>

The parties state:

☒      They have not yet taken any efforts to resolve this dispute.

☐      They have taken efforts to resolve this dispute, and those efforts generally consisted of:
<u>n/a</u>

### B.  <u>Early Settlement Discussion</u>

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☐      The parties are prepared to discuss settlement with the Court at this time.

☒      The parties will not be prepared to discuss settlement until:  the close of fact discovery.

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

<u>The parties anticipate the need for discovery on at least the following topics</u> <u>prior to  any settlement discussions: (1) any negligence and/or actual malice</u> <u>of Defendant in making the broadcasts at issue; (2) medical records and</u> <u>other information concerning procedures performed by Dr. Amin at the</u> <u>Irwin County Detention Center and informed consents received for such</u> <u>procedures; (3) instructions, evidence, and findings associated with the</u> <u>various government and other proceedings regarding the Irwin County</u> <u>Detention Center.  Further, Defendant's anticipate the need for a ruling on</u> <u>its Rule 12(c) motion prior to any settlement discussions.</u>

III.    **INITIAL DISCLOSURES AND SCHEDULING CONFERENCE**

A.  <u>**Initial Disclosures**</u>

Rule 26(a)(1) disclosures:

☐  have been completed.    ☒  will be completed by <u>**January 10, 2022**</u>.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference.  If any party is requesting additional time to provide disclosures, please explain why:

<u>The parties request an additional two weeks (to January 10, 2022) to prepare initial disclosures to allow additional time to gather relevant information and prepare the disclosures in light of the upcoming holidays and Defendant's representation that it must consult multiple people and a large volume of information to gather all the required information.</u>

B.  <u>**Scheduling Conference**</u>

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order.  Ordinarily, the Court will allow appearance via telephone.  If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

<u>The parties request a Scheduling Conference</u>

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report.  Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

<u>The parties are available January 4-6, 2022 (all day on January 4 and any time before 2 p.m. on January 5 or 6).  Alternatively, the parties are</u>

available after 1 p.m. on January 10, 13-14, 2022. The proposed discovery and other dates below are subject to modification at the Scheduling Conference.

**IV.    DISCOVERY**

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;

Third:  Making all expert disclosures; and

Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties <u>must</u> propose discovery deadlines that follow this sequential course.  In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures.  Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.
<u>The parties agree to move forward with discovery in the sequential order set forth above, except with regard to third party discovery.  The parties anticipate significant third party discovery.  The parties believe all efforts should be made to minimize inconvenience to third parties.   In that regard, Plaintiff and Defendant anticipate serving simultaneous subpoenas for documents and testimony and desire to begin third party discovery earlier in the discovery period given the potential for scheduling conflicts with third party schedules. The proposed deadlines set forth in Section IV.A-C. are requested for discovery as between the parties only.</u>

7

The parties also request the ability to serve additional written discovery requests beyond the deadline proposed in Section IV.A-C.  This is because the parties foresee that depositions may reveal the need for additional requests.

Defendant has indicated an intention to file a motion for judgment on the pleadings and a related motion to stay discovery.  The proposed deadlines set forth in Section IV.A-C. are without prejudice to Defendant's right to seek a stay of discovery.

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint.  However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

The parties request 175 days to complete fact discovery (5 additional weeks from 140 days) and 45 days to complete expert discovery.  The additional time for fact discovery takes into account the anticipated large volume of third party discovery that both parties anticipate.  The parties believe a bifurcated and separate period for expert discovery will be most efficient in this case and the proposed deadlines allow for same.

### A.  Fact-Based Written Discovery, Inspections, and Examinations

    i.   Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by **February 15, 2022.**

    ii.   The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is:  <u>25</u>

          If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why: <u>n/a</u>

    iii.   Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)?  <u>Yes</u>

          If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

          <u>The parties may seek inspections of the Irwin County Detention Center and medical facilities where Dr. Amin treated patients</u>.

    iv.   Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35?  <u>No</u>

          If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery: <u>n/a</u>

**B. Depositions of Non-Expert Witnesses**

i. Discovery depositions of witnesses who have not been designated as experts will be completed by: **May 30, 2022**.

ii. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: 10 party and party-designated-expert depositions and 15 non-party depositions.

If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

The parties each request 10 depositions as between the parties and their experts.  Plaintiff states that if discovery reveals that a larger number of persons were involved at a high level in the decision to air the broadcasts at issue or if Defendant identifies multiple experts, then Plaintiff may need to request additional party and party-designated-expert depositions.  Each party anticipates the need for third party depositions, but neither are currently aware of the number of potential non-parties they may need to depose.  The parties request that they be allowed at least 15 non-party depositions with the right to request additional non-party depositions for good cause shown as discovery unfolds.

iii. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of: n/a

which, by agreement shall be limited as follows: n/a

C.  **<u>Expert Discovery</u>**

    i.    Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  <u>Yes</u>

    ii.    Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  <u>Yes</u>

    iii.    Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **May 31, 2022**.

    iv.    Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **May 31, 2022**.

    v.    The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **July 14, 2022**.

        If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain: <u>n/a</u>

**D.  <u>Agreed Discovery Procedures</u>**

    i.    <u>Unique Circumstances</u>

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming?  If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

<u>Each party anticipates the need for third party discovery, including discovery from third parties who may, at some point, be located outside of the United States as well as from the government of the United States.</u>

    ii.    <u>Phased Discovery</u>

Does any party propose that discovery be limited or proceed in phases?  If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time.  Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter.  As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

<u>n/a</u>

E.   **<u>Third-Party Discovery</u>**

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action? <u>Yes</u>

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

<u>Each party anticipates the need for third party discovery, including personnel involved in Dr. Amin's medical practice, Irwin County Detention Center personnel and contractors, Dr. Amin's patients, and parties related to federal investigations, including investigations by the Department of Homeland Security, the Federal Bureau of Investigation, the Department of Justice, and Congress.   Some of these parties may be difficult to locate and some may at some point be located outside of the United States.   Further, motion practice may be necessary concerning certain governmental investigations.   The parties do not think any third parties should participate in a scheduling conference.</u>

F. **Electronically Stored Information**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order.  The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i.  Do the parties anticipate any disagreements about electronic discovery?  If so, please explain:  <u>No</u>.

ii.  Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery?  If so, please explain:

The parties have agreed to work cooperatively in the most efficient and reasonable  manner possible considering discovery needs with respect to electronically stored information (ESI), agree to confer further once discovery has commenced in order to resolve and confirm any limits on the scope of production of properly discoverable ESI (e.g., search terms, date limitations, or custodians), and agree to  adjust or adapt any request in a reasonable manner, if possible considering  discovery needs, in order to reduce costs and burden on the respective parties.

The parties will produce all electronic documents or media requested and properly discoverable.  The parties have agreed to produce electronically stored information initially in TIFF file format, except for any Excel and PowerPoint files, if any, which shall be produced in native format.  TIFF files will be produced with logical document determination, coded fields (to, from, cc, Doc Date, Doc Type, Doc Title), and extracted text.  Should either party determine that it needs to view electronically stored information in native format, it will notify the opposing party at least fourteen (14)

days in advance.  Upon notification, the parties will agree on a mutually convenient date and time for the production of the electronically stored information in native format, subject to the parties' respective rights to object to same if a party believes such production is unnecessary or overly burdensome or otherwise subject to objection under applicable law.

iii.    Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention?  If so, please explain:  No.

G. **Privileged, Protected, and/or Confidential Communications and Information**

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

    i.   Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection?  No

        If so, please briefly describe such agreement:

        The parties are preparing a proposed stipulated protective order and will present it to the Court for consideration.

    ii.   Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?  No

        If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order: n/a

    iii.   Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement? n/a

        If so, please explain:

        The parties anticipate being able to reach agreement, per section G.i., above.

16

### H.  Protected Health Information

i.    Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

Yes

ii.   Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

No

iii.  Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

No

iv.   Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order?

No

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

The parties are preparing a proposed stipulated protective order, which will contemplate HIPAA concerns, and will present it to the Court for consideration.

v.    Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement?  No

If so, please explain:

The parties are preparing a proposed stipulated protective order, which will contemplate HIPAA concerns, and will present it to the Court for consideration.

## V.   MOTIONS

### A.  <u>Motions to Amend the Pleadings or to Add Parties</u>

    i.    The plaintiff(s)    ☐ does    ☒ does not

anticipate the need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by : n/a

    ii.    The defendant(s)    ☐ does    ☒ does not

anticipate the need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by **<u>January 28, 2022.</u>**

If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate: <u>n/a</u>

    iii.    By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer.  If any party is requesting more than this time, please state the reason(s) why such time is necessary.  <u>n/a</u>

### B.  <u>Civil Motions (Except Motions in Limine)</u>

All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by:  **<u>August 15, 2022.</u>**

If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary: <u>n/a</u>

**VI.     PRETRIAL**

**A.  <u>Pretrial Order</u>**

The parties shall prepare and file the joint consolidated pretrial order by: **<u>October 7, 2022.</u>**

The Court generally provides sixty (60) days following the civil motions deadline to file the pretrial order.  However, if a motion for summary judgment or other dispositive motion is pending at the time of the deadline, the deadline for filing the pretrial order is automatically extended to twenty-one (21) days after the Court's ruling on the motion for summary judgment or other dispositive motion.  If any party is requesting additional time (a deadline more than sixty (60) days following the civil motions deadline), please state the reason(s) why such time is necessary: <u>n/a</u>

**B.  <u>De Ben Esse Depositions</u>**

The parties shall complete all depositions of all witnesses (whether fact or expert) that are *de ben esse depositions* (taken not for discovery but for testimony to be used at trial) by:  **<u>September 7, 2022.</u>**

The Court generally provides thirty (30) days before the pretrial order deadline to complete de ben esse depositions.  If any party is requesting additional time, please state the reason(s) why such time is necessary.  The parties are cautioned that they will be required to specifically designate all testimony that they seek to offer by deposition as well as all objections to such testimony in the consolidated pretrial order.  <u>n/a</u>

## VII.   ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order: <u>n/a</u>

Dated:  **<u>December 23, 2021</u>**


<u>/s/  Stacey Godfrey Evans</u>               <u>/s/  Scott R. Grubman</u>
Counsel for Plaintiff(s)                      Counsel for Plaintiff(s)


<u>/s/  Elizabeth A. McNamara</u>            <u>/s/  Cynthia L. Counts</u>
Counsel for Defendant(s)                    Counsel for Defendant(s)


<u>/s/ Amanda B. Levine</u>
Counsel for Defendant(s)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of September 2021, the foregoing **RULE 26(f) REPORT** was electronically filed with the Clerk of Court using the CM\ECF system, which will automatically send email notification of such filing to all counsel of record.

This <u>23rd</u> day of December 2021.

<u>/s/ Stacey Godfrey Evans</u>
Stacey Godfrey Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com

STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
(770) 779-9602 (phone)
(404) 393-2828 (fax)