UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-CV-00056-LGW-BWC |
| NBCUNIVERSAL MEDIA, LLC, | ) |
| Defendant. | ) |

# PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER IN PART AND SUPPORTING MEMORANDUM

Plaintiff hereby files this Motion to Strike Defendant's Answer in Part and Supporting Memorandum pursuant to Federal Rule of Civil Procedure 12(f)(2), as Defendant's Answer contains "redundant, immaterial, [and] impertinent…matter."

Instead of providing admissions or denials to Plaintiff's short and plain allegations, Defendant filed a document full of non-responsive assertions. Defendant "affirmatively alleges" or includes immaterial and impertinent matter in over one-fifth of the numbered paragraphs of the Answer.

After failing to file a motion to dismiss by the deadline provided in the Federal Rules of Civil Procedure, Defendant admittedly added to its Answer—purporting to make its own allegations of fact (which are disputed) part of the pleadings—with the intent to file a motion for judgment "on the pleadings." Defendant abused the answer process set forth in the Federal Rules of Civil Procedure in an attempt to enlarge the proceedings and disrupt the orderly resolution of claims.

Defendant's non-responsive assertions in Paragraphs 1-3, 5-8, 10, 39, 45-48, 55-56, 59, 68, 71, 74, 76-80, 84, 97, and 117, the footnotes, and the purported "exhibits" attached to and incorporated in the Answer (Doc. 18) should be stricken.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." When no response to a pleading is allowed, a party must move to strike within 21 days of being served with the pleading for the motion to strike to be timely. Fed. R. Civ. P. 12(f)(2).

"Rule 12(f) reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." *Ellison v. St. Joseph's/Candler Health Sys., Inc.*, No. CV417-008, 2017 WL 513921, at *1 (S.D. Ga. Feb. 7, 2017) (quotation marks and citation omitted). Federal courts have broad discretion to grant or deny a motion made under this rule. *Williams v. Eckerd Fam. Youth Alt.*, 903 F. Supp. 1515, 1517 (M.D. Fla. 1995) (citation omitted). In the Eleventh Circuit, courts strike pleadings when "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Blanc v. Safetouch, Inc.*, No. 3:07-CV-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (citation omitted).

## ARGUMENT

A party responding to a claim in a federal case is authorized to "state in short and plain terms its defenses to each claim asserted against it" and to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). That is all. In its Answer (Doc. 18), Defendant repeatedly exceeds this scope, adding redundant, immaterial, and impertinent matter.

2

The Federal Rules of Civil Procedure do not authorize a Defendant to make its own affirmative allegations or otherwise insert new assertions of fact into its Answer, which Defendant repeatedly attempts to do.

Here, after failing to file a motion to dismiss, Defendant informed Plaintiff that it added information to its Answer so that it could then file a motion for judgment on "the pleadings." *See* Rule 26(f) Report (Doc. 21) at p. 3.  This is the exact gamesmanship the Federal Rules of Civil Procedure seeks to avoid by setting forth an orderly process for the disposition of claims. The non-responsive material in Defendant's Answer prejudices Plaintiff by creating assertions—many of which themselves highlight issues of fact that exist in this case—that Defendant plans to improperly use in a motion for judgment on the pleadings.  Plaintiff has no opportunity to respond and deny Defendant's allegations.  If he could do so, then the pleadings would quickly negate the assertions that Defendant attempts to pass off as facts.  Instead, without Court intervention to strike the superfluous material, Plaintiff will be forced to defend an improper motion for judgment on "the pleadings."  Further adding to the potential prejudice to Plaintiff, Defendant has signaled its intention to seek to halt discovery while its improper motion for judgment on "the pleadings" is pending.

## I. Defendant's denials of non-existent allegations should be stricken.

In four paragraphs of its Answer, Defendant includes admissions of non-existent allegations.  These statements should be stricken.

Paragraph 1.  Paragraph 1 of the Complaint states in its entirety:  "This Complaint arises from a series of MSNBC broadcast segments that contain multiple false and defamatory statements of and concerning a private figure, Dr. Mahendra Amin, MD, that accuse him of

3

performing mass hysterectomies that were not medically necessary on immigrant women detained at the Irwin County Detention Center ('ICDC')." Doc. 1 ¶ 1. Instead of admitting or denying these allegations, Defendant adds much material that neither "admit[s] nor den[ies] the allegations asserted against it by an opposing party," but rather improperly expands the scope of the pleadings.

Specifically, Defendant adds allegations of a "Whistleblower Complaint" and claims the broadcasts were based upon it. Doc. 18 ¶ 1. No document is mentioned in Paragraph 1, much less an alleged "Whistleblower Complaint." Plaintiff does later refer to a certain letter in Paragraph 45 of the Complaint. Whether this certain letter is a "Whistleblower Complaint" *and* whether Defendant's broadcasts at issue in this case were based upon it, are issues to be determined in the litigation. Defendant has self-titled the letter a "Whistleblower Complaint" to add to the intrigue of its defamatory broadcasts and to create the allusion of protections that might attach to an actual court filing. This is a disputed fact. *Compare* Doc. 1 at ¶ 47 to Doc. 18. at ¶ 47 (Defendant denies Plaintiff's allegations that there exists a true whistleblower who filed formal complaint).

The Court should strike from Paragraph 1 of the Answer all statements after "about" and thru and including "Exhibit A."

Paragraph 2. Paragraph 2 of the Complaint alleges the titles, dates, and hosts of the broadcasts at issue in this case. Doc. 1 ¶ 1. Instead of admitting or denying the allegations, Defendant repeats its allegations that the broadcasts at issue were "about" an alleged "Whistleblower Complaint." Doc. 18 at ¶ 2. Again, no document is mentioned in Paragraph 2, much less an alleged "Whistleblower Complaint."

4

The Court should strike any mention of "Whistleblower Complaint" from Paragraph 2 of the Answer.

Paragraph 39. Paragraph 39 of the Complaint states in its entirety: "Until last year, Dr. Amin was the sole OB/GYN physician in Irwin County, Georgia. At the present time, Dr. Amin is one of only two OB/GYN physicians in Irwin County, Georgia." Instead of admitting or denying the allegations as stated, Defendant admits allegations not made and then fails to address the allegations contained in Paragraph 39 of the Complaint.

The Court should strike the entirety of Paragraph 39 of Defendant's Answer.

Paragraphs 45, 47, 48, and 55. Paragraphs 45, 47, 48, and 55 of the Complaint include various allegations regarding a letter sent from Project South to the Department of Homeland Security, the U.S. Immigration and Customs Enforcement (ICE) Field Office, and the Irwin County Detention Center (ICDC): (a) that it was sent (Doc. 1 ¶ 45), (b) that the alleged source of the information in the letter was not a true whistleblower and did not seek any protections afforded a true whistleblower (*id.* ¶ 47), (c) that it did not identify Dr. Amin (*id.* ¶ 48), and (d) that one day after the letter was sent, its allegations regarding mass hysterectomies was discredited (*id.* ¶ 55). Again, instead of admitting or denying the short and plain allegations, Defendant repeats its characterization of the letter as a "Whistleblower Complaint" (Doc. 18 ¶¶ 39, 45, 47, 48, 55) and proceeds to include allegations of (a) statements made by ICE, Office of Inspector General (OIG) and ICDC (b) Defendant's inclusion of these statements in later broadcasts (*id.* ¶ 55). Further, Plaintiff did not allege that the allegations in the letter were discredited because of any statement of ICE, OIG, or ICDC, yet Paragraph 55 of the Answer refers only to statements from those entities.

The Court should strike any mention of "Whistleblower Complaint" from Paragraphs 45, 47, 48, and 55 of the Answer.  Further, the Court should strike from Paragraph 55 of the Answer everything except the last sentence.

## II. Defendant's "affirmative allegations" should be stricken.

In 17 paragraphs of its Answer, Defendant "affirmatively alleges" or "further admits [non-existent allegations]."

Paragraph 3 of the Complaint states in its entirety:  "The gist of the broadcasts falsely portrays Dr. Amin of being an abusive, unethical, and dishonest physician who treated and operated on immigrant women in an abusive fashion, without consent, and motivated by profit instead of quality healthcare."  Doc. 1 ¶ 3.  Defendant begins its Answer, "NBCU denies each and every allegation in Paragraph 3 of the Complaint."  Doc. 18 ¶ 3.  This response—straightforwardly "admit[ting] or deny[ing] the allegations asserted against it by an opposing party"—is a proper response.  Fed. R. Civ. P. 8(b)(1)(B).  However, Defendant goes on to "affirmatively allege" material that takes up most of an entire page of the Answer, made up of 13 lines and six sentences, plus four footnotes, which in turn reference four websites and another "exhibit" to the Answer.  Doc. 18 ¶ 3.  This is entirely improper.

Defendant makes similar "affirmative allegations" on top of its denials to the entirety of paragraphs in Paragraphs 5-8, 10, 46, 48, 55-56, 59, 68, 71, 74, 84, 97, and 117.  Doc. 18.  If Defendant had simply admitted or denied the allegations, its responses to these paragraphs of Plaintiff's Complaint would have spanned approximately one page.  Instead, the responses to these paragraphs are over six times as long.

Adding to the egregiousness of flaunting the purpose of the Answer—to admit or deny the allegations of the Complaint, in some instances, Defendant starts with its "affirmative allegations," burying its admission or denial after lines and lines of its own musings. Doc. 18 at ¶¶ 7, 8, 55, 68, 71. In some other instances, Defendant makes its "affirmative allegations" based on "information and belief." Doc. 18 at ¶¶ 6, 8. Wherever they are located or whatever caveats are added within Defendant's "Answer," "affirmative allegations" are improper.

The Court should strike from Defendant's Answer any statements after "affirmatively alleges" or other further "admissions [to non-existent allegations]." Specifically, the Court should strike the following from the Answer:

- Paragraph 3: Everything after the first sentence (over 11 lines plus four footnotes, including three websites and an exhibit).
- Paragraph 5: Everything after "Complaint" on the first line (over two lines).
- Paragraph 6: Everything after the first sentence (over 5 lines plus one footnote, including one website).
- Paragraph 7: Everything except the last sentence (over 20 lines plus one footnote, including one website).
- Paragraph 8: Everything except the last sentence (over 17 lines plus one footnote, including one website).
- Paragraph 10: Everything except the first sentence (over 7 lines and three footnotes, including seven websites).
- Paragraph 46: Everything except the first sentence (over 2 lines).
- Paragraph 48: Everything except the first sentence (2 lines).

- Paragraph 55:  Everything except the last sentence (over 9 lines).
- Paragraph 56:  Everything after "Complaint" on the first line (one line).
- Paragraph 59:  Everything after the first sentence (over 5 lines).
- Paragraph 68:  Everything except the last sentence (over 15 lines).
- Paragraph 71:  Everything except the last sentence (over 16 lines).
- Paragraph 74:  Everything after the first sentence (three lines).
- Paragraph 84:  The second sentence (one line).
- Paragraph 97:  The second sentence (one line).
- Paragraph 117:  The second sentence (one line).

### III.   Defendant's allegations of "context" for its broadcasts should be stricken

In Paragraphs 2 and 76-80 of its Complaint, Plaintiff set forth the dates and titles of certain broadcasts and the specific defamatory statements allegedly made therein.  Instead of admitting or denying the existence of the broadcasts or statements, Defendant attempts to argue its legal position.

Defendant does not deny the existence of any statement that Plaintiff alleges was part of the broadcasts at issue in this case.  *See* Ans. at ¶¶ 76-80.  Instead, Defendant includes unresponsive claims that some unidentified statements were taken out of context and attaches unresponsive transcripts as exhibits to the Answer.  Whether any statement at issue in this case is non-defamatory in some unexplained "context" is an issue for the litigation.

The Court should strike from Paragraph 2 of the Answer all statements after "NBCU denies that any of these News Reports was false and defamatory." The Court should further strike references to any Exhibits in Paragraphs 76-80.  Finally, the Court should also strike the

December 6, 2021 Notice of Filing and its contents, which purport to formally tender the exhibits as part of the "pleadings." *See* Doc. 19.

## CONCLUSION

In total, Defendant purports to respond to Plaintiff's 23-page Complaint with over 181 pages of material that overflows with non-responsive statements, including eleven footnotes that link to 14 websites. Accordingly, Defendant's Answer repeatedly and significantly adds improper assertions to the pleadings, admittedly in Defendant's anticipation of filing a motion for judgment on the pleadings. This is improper and constitutes abuse of the Court's procedures. *See Ellison*, 2017 WL 513921, at *1 ("Rule 12(f) reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." (quotation marks and citation omitted)). Further, it prejudices Plaintiff by forcing him to prepare to respond to a motion for judgment on the pleadings that includes Defendant's allegations, when those allegations should not be included in the pleadings.

For the reasons discussed above, the Court should grant Plaintiff's Motion to Strike Defendant's Answer in Part. Accordingly, Plaintiff requests the Court order stricken from the Answer (Doc. 18) the material not responsive to the Complaint in Paragraphs 1-3, 5-8, 10, 39, 45-48, 55-56, 59, 68, 71, 74, 76-80, 84, 97, and 117, and footnotes, as well as the purported "exhibits" to the Answer.

Respectfully submitted this 27th day of December 2021.

/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com
Tiffany N. Watkins

/s/ Scott R. Grubman
Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com

Georgia Bar No. 228805
twatkins@staceyevanslaw.com

STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
(770) 779-9602 (phone)
(404) 393-2828 (fax)

*Counsel for Plaintiff*

CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER IN PART AND SUPPORTING MEMORANDUM** will be served upon all attorneys in this matter via email or by filing with the Court's CM/ECF system.

This 27th day of December 2021.


/s/ Stacey Godfrey Evans
Stacey Godfrey Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com

STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
(770) 779-9602 (phone)
(404) 393-2828 (fax)