# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | Case No. 5:21-cv-00056-LGW-BWC |
| v. | **DEFENDANT'S OPPOSITION TO** |
| | **PLAINTIFF'S MOTION TO STRIKE** |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

In September 2020, MSNBC reported on a whistleblower complaint filed with three government agencies concerning alleged unnecessary or unconsented-to medical procedures that Plaintiff performed on immigrant women held at an Immigration and Customs Enforcement ("ICE") detention facility.  In this libel action, Plaintiff challenges certain statements made in those reports.  While Plaintiff's Complaint specifically references the whistleblower complaint filed with the government, selectively quotes from the MSNBC news reports, and characterizes the government reaction to the whistleblower complaint, his Complaint does not allege the full context of the allegedly defamatory statements and does not include the referenced documents as attachments.  When MSNBC filed its Answer (ECF No. 18), it attached the whistleblower complaint, the complete transcripts and video recordings of the challenged news reports, and a full statement from ICE referenced in those reports (Exs. A-G), so that the Court would have integral context for the allegations in Plaintiff's Complaint.  Now, Plaintiff brings this Motion to Strike Defendant's Answer in Part (ECF No. 22) (the "Motion") asking this Court to strike from the Answer these central documents and any reference to them.

Plaintiff's Motion ignores the well-developed law establishing that a motion to strike under

Federal Rule of Civil Procedure ("FRCP") 12(f) imposes an exceedingly high burden on plaintiffs and, in fact, such motions are "viewed with disfavor and are often considered time wasters." *Ellison v. St. Joseph's/Candler Health System, Inc.*, CV417-008, 2017 WL 513921, at *1 (S.D. Ga. Feb. 7, 2017).  Not only does Plaintiff fail to even begin to meet his high burden—the statements and exhibits that Plaintiff seeks to remove from the Answer are directly relevant to this lawsuit and often, referenced in the Complaint—his Motion is nothing more than a preemptive maneuver to try to deflect from the evident merit of Defendant's contemporaneously filed FRCP 12(c) motion.  Plaintiff's dilatory and unfounded Motion should be recognized for what it is:  a classic example of a "time waster" that is disfavored by courts.  *Id.*  Plaintiff's Motion should be denied in its entirety.

### FACTS

This case stems from five telecasts that aired on MSNBC—a news platform owned and operated by Defendant NBCUniversal Media, LLC—between September 15 and September 17, 2020 (the "News Reports").  The News Reports reported on a September 14, 2020 "complaint" sent to the Inspector General of the Department of Homeland Security, the Acting Director of the Atlanta ICE Field Office, and the Warden of the Irwin County Detention Center, "on behalf of detained immigrants at the Irwin County Detention Center ('ICDC')" and "Ms. Dawn Wooten, a licensed practical nurse employed by ICDC, who is a protected whistleblower," which alleged that female detainees at the facility had been subjected to unnecessary or unconsented-to gynecological procedures by a doctor contracted by the facility (the "Whistleblower Complaint").  *See* Answer Ex. A at 1.  Upon filing, the Whistleblower Complaint immediately generated both calls for government action and widespread media coverage across the country.  It was quickly revealed that the government-contracted doctor referenced in the Whistleblower Complaint was Plaintiff,

an Irwin County gynecologist who had previously entered into a six-figure settlement with the federal government to resolve allegations that he was involved in filing false claims with Medicare and Medicaid.  After the Whistleblower Complaint was filed, numerous women detained at the facility came forward with similar allegations against Plaintiff.  Meanwhile, the government promptly opened investigations into the claims.  These investigations remain ongoing today.

Almost a year later, on September 9, 2021, Plaintiff filed the Complaint in this action, alleging that Defendant defamed him by reporting on the allegations enumerated in the Whistleblower Complaint and similar claims from detainees and their lawyers, all of which were being investigated by the government.  While the Complaint itself referenced the Whistleblower Complaint, *see* Compl. ¶¶ 45-49, and listed the purportedly defamatory statements from each News Report, *id.* ¶¶ 76-80, it did not include a copy of the Whistleblower Complaint or copies of the challenged News Reports.

On December 6, 2021, Defendant filed its Answer.  In addition to responding to each of the allegations in the Complaint and setting forth affirmative defenses, the Answer attached the Whistleblower Complaint, the transcripts and video recordings of the News Reports, and a full statement from ICE referenced in the News Reports.  Plaintiff now asks this Court to strike various portions of the Answer, including the attached exhibits, allegations integral to Defendant's affirmative defenses, and information that Plaintiff himself references in the Complaint.

## ARGUMENT

### I.    Rule 12(f) Motions are Disfavored and are Routinely Denied

Under FRCP 12(f)(2), a court can strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  While Plaintiff argues that this Court has "broad" power to strike information from Defendant's Answer, the very cases that Plaintiff

relies on instead make clear that motions to strike are "viewed with disfavor and are often considered time wasters." *Ellison*, 2017 WL 513921, at *1. In fact, the law relied on by Plaintiff states that the Court "should *only* exercise this discretion if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* (emphasis added); *see also Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, at *1 (S.D. Fla. Aug. 27, 2008) ("[I]t is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. . . . A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.") (citation omitted); *Williams v. Eckerd Family Youth Alternative*, 903 F. Supp. 1515, 1517 (M.D. Fla. 1995) (same). Courts in the Eleventh Circuit have recognized that this is an "exceedingly high" standard for a plaintiff to meet. *Shows Bus. & Ent'mt v. Roptus, Inc.*, No. 07-23033-CIV-Ungaro, 2008 WL 11417653, at *1 (S.D. Fla. Feb. 5, 2008). For the reasons set forth below, Plaintiff does not come anywhere close to meeting his burden.

## II.     The Court Can Properly Consider Documents and Information Referenced in the Complaint

At its crux, Plaintiff's argument appears to be that Defendant improperly referenced and attached the full News Reports, the Whistleblower Complaint, and statements from government officials provided in response to the Whistleblower Complaint. Mot. at 3-8 (asking to strike attachments and allegations from Paragraphs 1-3, 5-8, 39, 45-48, 55-56, 59, 68, 71, 74, 97, 117 from the Answer). Plaintiff provides no discernible basis for striking such patently relevant information and does not cite to a single case where similar allegations or attachments were struck from an answer. Plaintiff fails to provide any substantive basis for his demand because the law is

clear that attaching and referencing such information to an answer (or relying on it in connection with an upfront motion) is entirely consistent with the Federal Rules and case law from this Circuit.

Indeed, in the Eleventh Circuit, a court may consider an extrinsic document on an upfront motion if it is "(1) central to the plaintiff's claim, and (2) its authenticity is unchallenged." *Speaker v. US Dep't of Health & Human Serv. Ctrs. For Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). The News Reports, the Whistleblower Complaint, and the statements from government officials attached to and referenced in the Answer meet this standard.

As to the News Reports, it is well-established that "[a] publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it. So the whole item . . . should be read and construed together, and its meaning and signification thus determined." *Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1299 (N.D. Ga. 2002) (quoting *Ledger-Enquirer Co. v. Brown*, 214 Ga. 422, 424 (Ga. 1958)). Statements cannot be construed in isolation. *Bollea v. World Championship Wrestling, Inc.*, 271 Ga. App. 555, 558 (Ga. Ct. App. 2005) (courts must "examine the statement in its totality in the context in which it was uttered or published"). In short, all libel cases inherently require a contextual analysis of the publications or statements at issue.

Accordingly, courts routinely consider on upfront motions the full underlying articles or broadcasts containing the challenged statements regardless of whether the plaintiff attached them to the complaint. For example, in *Horsley v. Feldt*, 304 F.3d 1125, 1135-36 (11th Cir. 2002)—a case with a procedural posture identical to the present case—the Eleventh Circuit held that it was proper to consider an *Associated Press* article containing the challenged statements on a motion for judgment on the pleadings.[1] Although the article was not attached to the complaint, it was

---

[1] As a result, courts afford protections against expensive discovery and will routinely grant early dismissal and judgments on cases that can be resolved as a matter of law. *See, e.g.*, *Collins v. Cox Enters., Inc.*, 215 Ga. App. 679,

attached to the answer, and the plaintiff did not dispute its authenticity.[2]  The same is true here.

Plaintiff does not dispute the authenticity of the attached exhibits, nor can he, as Defendant

included not just transcripts but the actual video recordings of the News Reports.

Similarly, numerous affirmative defenses to defamation—including the fair report and

opinion defenses set forth in Defendant's FRCP 12(c) motion—require the court to consider the

challenged statements in context.  *See, e.g.*, *Kinsey v. N.Y. Times Co.*, 18-cv-12345 (VSB), 2020

WL 1435141, at *6 (S.D.N.Y. Mar. 23, 2020) ("[A] fair report analysis requires the court read the

challenged statement in the context of the entire statement of publication as a whole, tested against

the understanding of the average reader.") (internal quotes and citations omitted); *Monge v.*

*Madison Cty. Record, Inc.*, 802 F. Supp. 2d 1327, 1335-36 (N.D. Ga. 2011) (determining

challenged statement was a non-actionable opinion based on article's context and explaining,

"[t]he intent and meaning of the alleged defamatory statement must be gathered not only from the

words singled out as being libelous, but from all parts of the publication, in order to show its

meaning").  Plaintiff's Complaint underscores the logic behind this rule.  While the Complaint

quotes the challenged statements (and thus incorporates the News Reports by reference), *see, e.g.*,

Compl. ¶¶ 76-80, it omits integral context.  For example, when discussing the September 15, 2020

---

679 (Ga. Ct. App. 1994) (affirming trial court's grant of motion for judgment on the pleadings in libel case); *Koly v. Enney*, 269 F. App'x 861, 865 (11th Cir. 2008) (following grant of judgment on the pleadings, award of attorney's fees required because, among other reasons, statements complained of were protected opinion as a matter of law based on facts disclosed in writing and incapable of sustaining libel claim).

[2] *Horsley* is not unique.  In the last two years alone, courts across the country have repeatedly held that it is proper to consider full transcripts or broadcasts on a motion to dismiss in a defamation action.  *See, e.g.*, *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021) ("In evaluating a complaint at this stage, a court may also consider documents integral to and relied upon in the complaint, such as the two *CBS This Morning* broadcasts at issue here, so long as the plaintiff does not question their authenticity, which Fairfax does not."); *Avenatti v. Fox News Network, LLC*, No. 20-cv-01541-SB, 2021 WL 3603035, at *2 (D. Del. Aug. 13, 2021) ("Defendants now move to dismiss.  They attach full transcripts of the challenged broadcasts to their motion.  These documents are 'integral to or explicitly relied upon in the complaint,' so I can refer to them without converting the motion to dismiss into one for summary judgment."); *Mejia v. Telemundo Mid-Atlantic LLC*, 440 F. Supp. 3d 495, 497 n.4 (D. Md. 2020) ("The broadcast is integral and explicitly relied on in the Second Amended Complaint, so the Court may consider it without converting the Motion to Dismiss into a motion for summary judgment.").

episode of "Deadline: White House," Plaintiff alleges that host Nicolle Wallace stated:

> High numbers of female detainees, detained immigrants, at an ICE detention center in Georgia received questionable hysterectomies while in ICE custody.

Compl. ¶ 76(a).  In reality, Wallace directly tied this allegation to the Whistleblower Complaint, stating:

> ***We are following breaking news today, it's about an alarming new whistleblower complaint that alleges quote*** high numbers of female detainees, detained immigrants, at an ICE detention center in Georgia received questionable hysterectomies while in ICE custody.

*See* Answer Ex. B(ii) at 1:34:15.  Clearly, in order to determine whether this News Report was a fair and accurate depiction of the Whistleblower Complaint and therefore privileged, the Court is entitled to this full context when deciding Defendant's 12(c) Motion.

Plaintiff's challenge to the Answer's reference to and attachment of the Whistleblower Complaint is even more egregious.  Plaintiff incorporates this document by reference in his Complaint, *see* Compl. ¶¶ 45-49, and it is integral to both the Complaint and Defendant's affirmative defenses, *see Miller v. Gizmodo Media Grp. LLC*, No. 18-24227-CIV-Altonaga, 2019 WL 1790248, at *2 n.1 (S.D. Fla. Apr. 24, 2019) (explaining that court can "take judicial notice of an underlying state court decision and corresponding publications to evaluate fair report privilege defense on motion to dismiss").  Plaintiff does not challenge the authenticity of the attached document.  Instead, Plaintiff insists that this document is just a "letter" and that Defendant improperly "self-titled" it a Whistleblower Complaint. Mot. at 3-4, 6.  As an initial matter, that argument has no bearing on whether it was appropriate for Defendant to attach the Whistleblower Complaint to its Answer because Plaintiff incorporates the document by reference in his Complaint, *see* Compl. ¶¶ 45-49, and thus, it is appropriate for the Court to consider it when deciding Defendant's 12(c) Motion regardless of the document's title.  In any event, Plaintiff ignores that this "letter," in its very first sentence, identifies the filing—served on three different

government agencies—as a "complaint" filed on behalf of a "protected whistleblower."  Answer

Ex. A. at 1.  And Defendant was hardly the first or only entity to identify the document for what it

was: a Whistleblower Complaint.  Politicians reacting to the filing and media coverage from across

the country—including the challenged News Reports—referred to the document being reported on

as a "whistleblower complaint."  *See* Answer Exs. B-F.[3]  Indeed, Plaintiff challenges all references

to the "whistleblower complaint" in the Answer even though *he himself* described the letter as

containing "whistleblower[] allegations" in his own public statement responding to the claims.

*See* Answer Ex. D(i) at 17 ("We are aware of the whistleblower's allegations as they relate to Dr.

Amin and vehemently deny them.").  In short, there is no legitimate basis for the Court to strike

the Answer's references to, and the attachment of, the Whistleblower Complaint.

    Finally, Plaintiff takes issue with Defendant's reference to and inclusion of statements from

government officials and government bodies in response to the Whistleblower Complaint.  *See*

Mot. at 5, 7-8.  But, again, one need only look at the Complaint to ascertain that it directly

references the government's reaction to the Whistleblower Complaint.  *See* Compl. ¶ 55 ("ICDC

and Irwin County Hospital confirmed that Dr. Amin had performed only two hysterectomies on

ICDC patients.").  It was, therefore, proper for Defendant to include the more fulsome statement

and the full context of statements it received from the government, which were also included in its

---

[3] *See also, e.g.*, "Pelosi Statement on Whistleblower Complaint on Massive Health Care Abuse at ICE Detention Centers" (Sept. 15, 2020), available at: <u>Pelosi Statement on Whistleblower Complaint on Massive Health Care Abuse at ICE Detention Centers | Speaker Nancy Pelosi</u> ("Speaker Pelosi issued this statement on a **whistleblower complaint** filed on behalf of a nurse at an Immigration and Customer Enforcement (ICE) detention center . . ."); Danielle Wallace, *Georgia prison with ICE detainees performs questionable hysterectomies, shreds coronavirus records:* nurse, FOX NEWS (Sept. 15, 2020), available at: <u>Georgia prison with ICE detainees performs questionable hysterectomies, shreds coronavirus records: nurse | Fox News</u> ("A nurse at a Georgia prison sounded the alarm about the number of hysterectomies performed on migrant women detained by Immigration and Customs Enforcement (ICE) in a **whistleblower's complaint** filed Monday to the Department of Homeland Security."); Caitlin Dickerson, *Inquiry Ordered Into Claims Immigrants Had Unwanted Gynecological Procedures*, THE NEW YORK TIMES (Sept. 16, 2020), available at: <u>Inquiry Ordered Into Claims Immigrants Had Unwanted Gynecology Procedures - The New York Times (nytimes.com)</u> ("The allegations, some of which were submitted this week as part of a **whistle-blower complaint** by a nurse at the facility . . .") (emphasis added to all).

News Reports.  *See* Answer Ex. G.  Independently, courts frequently take judicial notice of statements released by the government and individual government officials.  *See Christa McAuliffe Intermediate School PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263 (S.D.N.Y. 2019) (taking judicial notice of statements made by New York Mayor Bill de Blasio on his Twitter account); *JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, Civ. 18-5221 (ES), 2019 WL 1951123, at *4 (D.N.J. May 2, 2019) ("[T]he Department of Justice's Press Release is also a matter of public record because it is a record of a government agency. Thus, the Court can take judicial notice of the documents."); *Kader v. Sarepta Therapeutics, Inc.*, 14-cv-14318-ADB, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016) (taking judicial notice of FDA official statements published on a government website).  Thus, reactions by state and federal politicians to the Whistleblower Complaint and statements provided by government bodies, including the announcement of investigations and the Department of Homeland Security's announcement that it was closing down ICDC in May 2021, are all properly considered by this Court.[4]

Plaintiff has proffered no reason why this Court should strike any of the attachments to the Answer or references to these attachments.  Plaintiff's Motion to Strike as to these documents and allegations should therefore be denied.

---

[4] Plaintiff also challenges footnotes in the Answer which cite to articles by third-party news organizations reporting on the allegations in the Whistleblower Complaint and other, similar allegations against Plaintiff.  *See* Mot. at 7.  Like the statements from government officials, these articles are properly included in the Answer because the Court can take judicial notice of them.  Defendant uses these articles not for the truth of the matters asserted in them but, instead, to show that news about Plaintiff was widespread, continued even after the News Reports were published, and mirrored the statements Plaintiff now challenges as defamatory.  *See U.S. ex rel Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("[C]ourts may take judicial notice of . . . [] newspaper articles . . . for the limited purpose of determining which statements the documents contain."); *Lil' Joe Wein Music, Inc. v. Jackson*, 245 F.App'x 873, 879 (11th Cir.2007) ("[T]he Court takes judicial  notice, on the basis of several newspaper articles discussing the film, that Who's the Man? received wide commercial distribution."); *Hargon v. Homeward Residential, Inc.*, 2013 WL 12200654, at *3 (N.D. Ga. 2013), *citing In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 289 F. Supp. 2d 416, 425 n.15 (S.D.N.Y. 2003) ("The Court may take judicial notice of newspaper articles for the fact of their publication without transforming the motion into one for summary judgment."). The existence of these third-party articles relates directly to Defendant's affirmative defense that the News Reports were published without fault.

### III.   The Answer's Affirmative Allegations Are Proper

Plaintiff likewise challenges the appropriateness of including "affirmative allegations" in the Answer at all, arguing that a party responding to a complaint can *only* "admit or deny allegations asserted against it by an opposing party" and Defendant, instead, "denies non-existent allegations."  *See* Mot. at 2-3.  But, "the Federal Rules do not require that the answer meet any technical forms."  *Kimberly-Clark Corp. v. Cardinal Health 200, LLC*, 2011 WL 13118555, at *2 (N.D. Ga. Mar. 9, 2011).  Rather,

> [a]s long as the response fairly meets the substance of the averment being denied and it is clear what defenses the adverse party is being called upon to meet at trial, a responsive plea should be upheld even though it may be argumentative in form.

*Id.* at *3 n.6 (citing  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1268 (3d ed. 2004)).   Thus, in *Kimberly-Clark Corp.*, even though the answer contained allegations that were "argumentative and verbose," the court refused to strike them because they "suppl[ied] notice to the [opposing party] of the allegations and defenses at issue" and did not constitute a "gross violation" of Rule 8.  *Id.* at *3; *see also Darden Restaurants, Inc. v. Wilson-Hall*, 11-cv-03497-RWS, 2012 WL 5287031, at *4 (N.D. Ga. Oct. 22, 2012) (permitting answer that included allegations that "essentially . . . denied" plaintiff's contentions in the complaint).  This aligns with the goals of the Federal Rules of Civil Procedure, as enumerated in FRCP 1, which provides that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."[5]

---

[5] *See also LaGuardia v. Designer Brands Inc.*, No. 2:20-cv-2311, 2020 WL 6280910, at *6 (S.D. Oh. Oct. 27, 2020) (refusing to strike answer that included "extra information and alternative versions of the [c]omplaint's factual allegations" because "whatever additional information defendant seeks to provide in addition to a denial is well within its right"); *Dawley v. Acme Block & Brick, Inc.*, 335 F.R.D. 122, 124 (M.D. Ten. 2020) (refusing to strike five-page introductory narrative included in answer and other affirmative allegations because they "fairly respond to the substance of [the plaintiff's] allegations"); *Rapaport v. Soffer*, 2012 WL 2522069, at *2 (D. Nev. 2012) (holding that plaintiff's request to strike affirmative allegations in answer was "overly technical" when "[a] plain reading of the Amended Answer makes clear what allegations [d]efendant is denying and what allegations [d]efendant admits" and "[w]hatever additional information [d]efendant seeks to provide in addition to a denial is well within his right").

Here, the challenged Answer is in no way outside the boundaries of FRCP 8.  Defendant's "affirmative allegations" directly address the Complaint's claims and, in so doing, provide integral context for Plaintiff's own allegations.  Tellingly, Plaintiff never asserts that these "affirmative allegations" have "no possible relationship to the controversy" or "may confuse the issues." *Ellison*, 2017 WL 513921, at *1.  Nor can he.  These allegations go directly to the issues at the heart of this matter—whether the News Reports published by Defendant constitute actionable defamation.  And the only "prejudice" Plaintiff asserts is that he will be "forc[ed] to prepare to respond to a motion for judgment on the pleadings that includes Defendant's allegations, when those allegations should not be included in the pleadings."  Mot. at 9.  But, nearly all[6] of the "affirmative allegations" included in the Answer are references to the Whistleblower Complaint, the News Reports, statements from government officials, or other documents of which this Court can take judicial notice and can consider on Defendant's FRCP 12(c) Motion.  *See* Section II, *supra*.  Accordingly, Plaintiff has not met his burden under FRCP 12(f), and this Court should not strike the "affirmative allegations" included in the Answer.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an order denying Plaintiff's Motion to Strike and for such other and further relief as the Court deems just and proper.

Dated: January 10, 2022

---

[6] The few remaining affirmative allegations contained in Paragraphs 7-8, 10, 68, and 71, are directly relevant to Plaintiff and the issues at the heart of this case.  In addition, Paragraph 84, which states "NBCU affirmatively alleges that it did not act with actual malice in publishing the News Reports," is both a denial to Plaintiff's allegation that Defendant "knowingly and purposely avoided the truth," *see* Compl. ¶ 84, and an affirmative defense to Plaintiff's defamation claim, *see* Defendant's Affirmative Defense Nos. 3, 5, 6, 8.  Plaintiff clearly is not prejudiced by the inclusion of this statement.

Respectfully submitted,

/s/ Elizabeth A. McNamara
Elizabeth A. McNamara
(admitted *pro hac vice*)
Amanda B. Levine
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com

/s/ Cynthia L. Counts
Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
(404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 10th day of January, 2022, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com

Tiffany N. Watkins
twatkins@staceyevanslaw.com

Scott R. Grubman
sgrubman@cglawfirm.com

and that a true and correct copy of the foregoing has been served upon the following via first class mail:

Stacey Godfrey Evans
STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327

Tiffany N. Watkins
STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327

Scott R. Grubman
CHILIVIS GRUBMAN DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338

*Cynthia L. Counts*
Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES , LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
Telephone: (404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant*

13