UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 5:21-CV-00056-LGW-BWC |
| v. ) | |
| ) | |
| NBCUNIVERSAL MEDIA, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT'S ANSWER IN PART

Defendant NBCUniversal Media, LLC is one of the largest media players in the world. Defendant is used to getting to decide who gets to talk and when, and how to spin the narrative. But this Court is not Defendant's studio. Here, Defendant does not get to define terms or decide at what stage information is presented and considered. Here, there are set rules that Defendant must follow; thus far Defendant is not following the rules.

### ARGUMENT

**I.   Dr. Amin meets the standard for a motion to strike**

Dr. Amin acknowledges that the standard for a motion to strike is high, but the availability of a motion to strike is in the Federal Rules of Civil Procedure for a reason. There is a place for such a motion, and it is here, where Defendant admittedly gamed its Answer to create information in a "pleading" so it could then file a motion for judgment on the pleadings. *See* Doc. 21 (Rule 26(f) Report) at 3.[1]  And Defendant acknowledges that a motion to strike is proper to prevent confusion of the issues or prejudice to a party. Doc. 25 at 4.  In the Eleventh Circuit,

---

[1] Defendant did not dispute this premeditation in its response brief.

courts strike pleadings when "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Blanc v. Safetouch, Inc.*, No. 3:07-CV-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (citation omitted).

The Federal Rules of Civil Procedure set out a methodical process for handling civil actions. Plaintiffs file complaints making allegations and Defendants then admit, deny, or state they are without information sufficient to respond. *See* Fed. R. Civ. P. 8. Sometimes a motion to dismiss may be filed, but otherwise, cases move to discovery where Plaintiffs seek evidence to attempt to support their allegations and Defendants seek evidence to attempt to rebut the allegations and support their defenses. It is at that stage—after discovery—where Defendant can argue context or any other issue it feels relevant to its alleged defenses in this case.

Defendant's response brief misunderstands the standards and stages of litigation. It claims that the extraneous information included in its Answer is allowed because it is "relevant." *See*, *e.g.*, Doc. 25 at 4. That is not the test. Defendant's very language stating its "affirmative allegations" demonstrates the problem with how it presented its Answer: when Defendant made its "affirmative allegations," they became part of the pleadings, but Dr. Amin had no opportunity to respond to them. On the other hand, when Dr. Amin made his allegations, Defendant *was* able to respond to them, and in any event any Rule 12(b) or (c) motions must accept those allegations as true. Not so for Defendant's "affirmative allegations." Yet Defendant relies on its own "affirmative allegations" in its Motion for Judgment on the Pleadings (currently pending before the Court at Doc. 24). Though Dr. Amin disputes Defendant's "affirmative allegations," he had no opportunity to respond to them and make his disputes part of the pleadings before Defendant used them to file a premature dispositive motion.

In sum, Defendant has tried to game the Federal Rules of Civil Procedure by attaching and referencing extraneous and non-responsive material to its Answer before filing its Motion for Judgment on the Pleadings, enlarging the pleadings past the Complaint's allegations. This prejudices Dr. Amin by turning what should be an evaluation of the sufficiency of the Complaint into a dispute about facts as characterized by Defendant, which is improper. Defendant's "affirmative allegations" and documents not central to the Complaint therefore constitute "redundant, immaterial, [or] impertinent . . . matter." Because their inclusion confuses the issues and prejudices Dr. Amin, those items should be stricken pursuant to Federal Rule of Civil Procedure 12(f)(2). Only responsive portions of the Answer and documents that are central to the Complaint should remain.

## II.     Answers and requests for judicial notice are not the same

Defendant argues its extraneous information is allowed because the Court can take judicial notice of it. Doc. 25 at 8-9, 9 n.4. But Defendant did not ask the Court to take judicial notice of anything—it purports to make its extraneous information part of the pleadings.

Judicial notice is about whether a court may consider factual evidence without the normal requirements to prove evidence because the accuracy of the evidence can be otherwise established. *See* Fed. R. Evid. 201. If Defendant felt confident that the extraneous materials it submits in its Answer qualified for "judicial notice," then it should have made a request for judicial notice alongside a motion to dismiss asking for consideration of the materials. But Defendant knew it could not meet the standard on a request for judicial notice, so it just did not ask, and instead attempted to shove the material into play.

Defendant states, in a footnote of its response brief, that it does not attach certain of the extraneous documents "for the truth of the matters asserted in them," but in that same footnote

3

says the information is relevant to whether Defendant is at fault. Doc. 25 at 9 n.4. Whether Defendant is at fault is the very issue before the Court as a result of Defendant's Motion for Judgment on the Pleadings. As set forth in Dr. Amin's response to that motion, Defendant's affirmative defense of the fair report privilege and "public interest privilege" involve vast factual disputes that cannot be decided prior to discovery, most of which will require a decision from a jury. There can be no serious question that factual disputes exist with regard to Defendant's characterization of the materials that are the subject of the Motion to Strike. Thus, the extraneous materials that should be stricken from the Answer are also improper for judicial notice.

Defendant also cites several cases for the proposition that "courts frequently take judicial notice of statements released by the government and individual government officials." *Id*. at 9. Certainly, a court might take judicial notice of statement to prove a statement was made, but that is not what Defendant requests here. Defendant asks this Court to accept the characterizations of statements from elected officials (who are not part of ICE or any agency with oversight of ICDC) and other news outlets. Further, even in the cases that Defendant cites, the court excluded many of the documents at issue, including in consideration of a motion to dismiss. *See Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 262-64 (S.D.N.Y. 2019) (considering several documents but declining to consider other documents, for the purposes of the motion for a preliminary injunction before it, which required *factual* findings, including news articles and statistics in a "DOE slide deck"); *JNL Mgmt. LLC v. Hackensack Univ. Med. Ctr.*, Case No. 18-5221 (ES) (SCM), 2019 WL 1951123, at *4-5 (D.N.J. May 2, 2019) (declining to consider newspaper articles and a privately produced report in ruling on a Rule 12(c) motion, even when the answer in that case "attached" and "heavily relie[d] on

language from these documents"); *Kader v. Sarepta Therapeutics, Inc.*, Case No. 1:14-cv-14318-ADB, 2016 WL 1337256, at *12 (D. Mass. Apr. 5, 2016).

### III. Defendant's Answer improperly enlarges the pleadings and fails to respond to Dr. Amin's allegations

Dr. Amin's motion to strike is about limiting the pleadings to their purpose in civil litigation. In his motion, Dr. Amin set out detailed descriptions of the materials that are extraneous and why they are improper. Defendant does not respond to Dr. Amin's substantive arguments. For example, Defendant cited to 12 news articles in its Answer, nearly half of which were published months after the broadcasts at issue. *See* Doc. 18 (Ans.) at 2 n.1-4, 3 n.5, 4 n.6, 5-6 n.7-10. Defendant fails to explain not only how these articles are responsive to Dr. Amin's allegations, but also how they are possibly relevant.

This is simply not the same situation as the cases Defendant cites, where the courts considered, for example, an AP article that was quoted in the plaintiff's complaint, *Horsley v. Felt*, 304 F.3d 1125, 1133-34 (11th Cir. 2002), or pleadings that "may be characterized as argumentative and verbose" but were nevertheless all relevant and did not cause prejudice to the non-pleading party, *Kimberly-Clark Corp. v. Cardinal Health 200, LLC*, Case No. 1:10-CV-0034-CAP, 2011 WL 13118555, at *3 (N.D. Ga. Mar. 9, 2011).

The prejudice from Defendant's action is already on display. Defendant is using many of these articles and documents (and still others without requesting judicial notice of them) in its Motion for Judgment on the Pleadings. *See, e.g.*, Doc. 24 at 4-6, 8; Doc. 18 (Ans.) at 2 n.1-4, 3 n.5, 4 n.6, 5-6 n.7-10, 10 n.11, 181; Doc. 24-1; Doc. 24-2. Indeed, Defendant even adds news articles and documents not mentioned in the Complaint in its response brief to the Motion to

Strike. *See* Doc. 25 at 8 n.3 (linking to at least three additional news articles not even mentioned in the Complaint, much less "central to" it).[2]

The extraneous material in Defendant's Answer should be stricken and Defendant should be forced to present that material at the stage of this case where it belongs: after discovery.

In stark contrast to the articles and documents, transcripts of the broadcasts themselves would, as long as they are authentic, be proper to attach to the Motion for Judgment on the Pleadings, because they are incorporated by reference in the Complaint. *See, e.g.*, *Horsley*, 304 F.3d at 1134. But, in attaching these documents to the *Answer* in lieu of admitting or denying the allegations of the Complaint, Doc. 18 at 16-17, Defendant went further, attempting to impose its characterization of the facts in the pleadings.

Rather than responding to the Complaint's allegations, Defendant states that each of the transcripts "speaks for itself and is the best evidence of its content" and that it "denies any allegations inconsistent therewith." *Id*. This is not responsive to the allegations. *See* Fed. R. Civ. P. 8(b)(1)(B) (requiring that "a party must," in responding to a pleading, "admit or deny the allegations asserted against it"); 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1364 (Apr. 2021 Update) ("It also is insufficient to require the district court to peruse the documents to figure out which allegations are denied, or to claim that 'the documents speak for

---

[2] Further showing it is unwilling to follow the rules, it attaches to its Motion for Judgment on the Pleadings a 161-page complaint in a different lawsuit—filed over three months after the broadcasts at issue—that has zero bearing on whether Dr. Amin has sufficiently set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Doc. 24-2; *see also Kader v. Sarepta Therapeutics, Inc.*, Case No. 1:14-cv-14318-ADB, 2016 WL 1337256, at *12 (D. Mass Apr. 5, 2016) (declining, in assessing whether the complaint stated a viable claim, to rely on an attached "Notice of Recent Developments" that documented proceedings in another court case). Further, Defendant includes a "fact" section in its response brief to the present motion with virtually no citations. *See* Doc. 25 at 2-3.

themselves.'" (citations omitted)).  Of course, whether the statements at issue are non-defamatory in some unexplained "context," Doc. 18 at 16-17, remains a contested issue, to be litigated.

### IV. Defendant's plea for "context" is misplaced

Defendant argues in its response brief that the extraneous material is proper because it provides context.  Doc. 25 at 1.  As an initial matter, Federal Rule of Civil Procedure 8 does not discuss the need for a defendant to add context at the pleading stage.  Further, Defendant fails to explain how attaching multiple news articles dated months after the broadcasts at issue can provide context for anything relevant here.  The same is true for Defendant's inclusion of other news coverage.  What is at issue here is what Defendant did and what it knew when it aired its broadcasts.  What other media outlets did does not protect Defendant.  And what occurred months after those broadcasts certainly is irrelevant to the issues before the Court at this stage of the litigation.

Moreover, Defendant fails to explain how attaching transcripts from broadcasts not at issue here provides any context to assist the Court.  Defendant attaches transcripts and videos of programming from MSNBC that has nothing to do with Dr. Amin or ICDC.  *See, e.g.*, Doc. 18 at Ex. B (including a 30+ page transcript with at most three pages relating to the defamatory statements of one of the broadcasts at issue).

Other circuits have expressly warned of the danger of mistaking defensive material as "essential" to a plaintiff's complaint.  For example, in discussing the limits of judicial notice, the Ninth Circuit warned of accepting defensive factual arguments at the pleading stages

> Submitting documents not mentioned in the complaint to create a
> defense is nothing more than another way of disputing the factual
> allegations in the complaint, but with a perverse added benefit:
> unless the district court converts the defendant's motion to dismiss

7

> into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). The Second Circuit has also noted the dangers of extending "judicial notice" too far. In *Global Network Commc'ns, Inc. v. City of New York*, the Second Circuit held that the lower court committed reversible error when it dismissed a complaint for failure to state a claim by relying on materials external to the complaint in making findings of fact that controverted the factual assertions of the complaint. 458 F.3d 150, 156 (2d Cir. 2006).

The parties' different interpretations of the Project South letter ("Letter") perfectly demonstrate Defendant's efforts to distort its Answer, and in turn the Motion for a Judgment on the Pleadings. Factual disputes surround all parts of the Letter. For example, the status of the Letter is in dispute. Defendant refers to it as a "whistleblower complaint" that was "filed," implying a court proceeding that does not exist. Doc. 24 at 3. Dr. Amin maintains it is just a letter widely circulated to media for effect. The authors and the media characterized the Letter for their own purposes, elevating its status to create the appearance of privileged communications. But just because the Letter's authors or the media self-title a document a "whistleblower complaint," does not make it so. The gist of the Letter is also in dispute (Defendant claims the crux of the letter is mass hysterectomies; Dr. Amin maintains the letter is largely about COVID conditions at ICDC), among other disputes surrounding the letter. Thus, the Letter is not proper for judicial notice or incorporation as Defendant seeks to use it at this stage of the litigation.

8

Further, Defendant's argument that it may include other news articles for "context" is absurd.  Just because many media outlets tell the same outrageous lies does not provide protection for anyone.  If it did, those defamed by the media would be doomed as news outlets copied one another's stories simply to protect each other and avoid liability.  The media has the power to create the appearance of truth when none exists based on volume and frequency.  Perhaps the public often accepts the media at face value, but the law does not.  It must delve deeper to consider the competing evidence to reach truth and justice.

## CONCLUSION

In response to Plaintiff's short Complaint, Defendant filed an Answer with over 181 pages of material, much of which is non-responsive and irrelevant, including eleven footnotes that link to 14 website articles.  In its Motion for Judgment on the Pleadings, Defendant attaches two more documents totaling 171 pages, and it references, to Dr. Amin's count, 10 news articles that are not alleged in and are obviously not central to the Complaint.  Even in its opposition to this Motion, Defendant references three such articles.  Defendant therefore prejudices Plaintiff by attempting to transform an inquiry into the sufficiency of Dr. Amin's Complaint into a vastly-expanded factual dispute that includes redundant, immaterial, and/or impertinent matter that is simply not central to the Complaint.  Accordingly, the Court should grant Dr. Amin's Motion to Strike Defendant's Answer in Part, and only the Complaint and material that is central to the Complaint should be considered on Defendant's Motion for Judgment on the Pleadings.

Respectfully submitted this 24th day of January 2022.

/s/ Stacey Godfrey Evans  
Stacey Godfrey Evans  
Georgia Bar No. 298555  
sevans@staceyevanslaw.com  
Tiffany N. Watkins  

/s/ Scott R. Grubman  
Scott R. Grubman  
Georgia Bar No. 317011  
sgrubman@cglawfirm.com

Georgia Bar No. 228805
twatkins@staceyevanslaw.com

STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
(770) 779-9602 (phone)
(404) 393-2828 (fax)

*Counsel for Plaintiff*

CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT'S ANSWER IN PART** will be served upon all attorneys in this matter by filing with the Court's CM/ECF system.

This <u>24th</u> day of January 2022.

<u>/s/ Stacey Godfrey Evans</u>
Stacey Godfrey Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com

*Counsel for Plaintiff*