**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D.,<br><br>              Plaintiff,<br><br>   v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>              Defendant. | Case No. 5:21-cv-00056-LGW-BWC<br><br>**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STAY DISCOVERY** |

**PRELIMINARY STATEMENT**

Dr. Amin's Opposition to NBCU's Motion to Stay Discovery (the "Opposition")[1] does not substantively dispute any of the key facts or law that counsel in favor of a stay of discovery pending the determination of NBCU's Motion for Judgment on the Pleadings. He does not dispute that courts in the Eleventh Circuit "routinely find good cause to stay the discovery period where there is a pending motion to dismiss." *Moseley v. Sessions,* 2017 WL 1682537, at *1 (S.D. Ga. May 1, 2017). Nor does he dispute that discovery in this action will be complex and costly, particularly because of multiple ongoing government investigations into Dr. Amin's actions. Most telling, he does not dispute that his own actions—failing to commence this lawsuit for a year and then taking no steps to commence discovery until this week—belie his contention that he will be prejudiced if discovery does not proceed expeditiously.

Instead, Dr. Amin's Opposition primarily rests on his contention that NBCU has applied the wrong standard on this Motion. While the procedural history of this case establishes that the Court directed NBCU to file a formal motion to stay and NBCU applied the correct standard, under

---

[1] Unless otherwise noted, this Reply uses the same abbreviations and capitalized terms as those set forth in NBCU's Motion to Stay (the "Motion").

any applicable standard, a stay is fully warranted. Staying discovery until the Court issues a decision on NBCU's Rule 12(c) Motion best preserves this Court's and the parties' resources and ensures that any discovery that occurs in this case is meaningful and efficient.

## ARGUMENT

### I. Dr. Amin's Contention that NBCU's Motion Is Subject to a Heightened Standard Is Baseless

Dr. Amin argues that NBCU should have styled its motion as one to "modify a scheduling order" rather than to "stay discovery." *See* Opp. at 5-9. According to Dr. Amin, unlike a motion to stay discovery before entry of a scheduling order, a scheduling order can only be modified for "good cause," which, he claims, means "the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 5. But Dr. Amin's argument is pure semantics: it finds little support in either the history of this action or the case law included in his Opposition.[2]

The facts establish that everyone—including the Court—understood that NBCU was filing a motion to stay discovery. On December 13, 2021, during the parties' initial meet and confer, NBCU made clear that it intended to request a discovery stay while its Rule 12(c) Motion was pending and asked that Dr. Amin agree. He did not. Then, when the parties submitted the required joint proposed scheduling order, NBCU expressly provided that along with a Rule 12(c) Motion it would seek a discovery stay and "the proposed deadlines set forth . . . are without prejudice to Defendant's right to seek a stay of discovery." *See* Dkt. No. 21 at 3, 8. During the parties' January 13, 2022 scheduling conference with the Court, counsel for NBCU explained that although NBCU had filed its Rule 12(c) Motion three days earlier, given the pre-scheduled Court conference, it had

---

[2] Without citing to any law or rule, Dr. Amin asserts "[W]hen a motion to dismiss is filed, and an answer is not, discovery is not triggered, and a scheduling order is not entered." Opp. at 6. This is incorrect. In federal court, even when a motion to dismiss is filed, there is no automatic stay of discovery. *See* Federal Rule of Civil Procedure 16(b)(2).

2

not yet filed a motion to stay discovery in the hopes that the parties could reach an agreement during the conference without additional briefing.  Because of the parties' differing positions, the Court stated that it wanted to see the parties' arguments more fully enumerated and asked NBCU to file its motion.  The Court explained that, in the meantime, it would issue a scheduling order but did so in recognition that the parties would be briefing the stay issue.  The Court's Minute Entry reflected this discussion, noting:

> Plaintiff seeks to move forward with current dates proposed in Rule 26(f) report.  Defendant plans to file ***motion to stay discovery***.  Plaintiff states it will oppose ***motion to stay***.  Court encourages parties to work together on the issue of staying discovery.  Court will consider any forthcoming ***motion to stay*** in due course.  Court will issue written scheduling order in the case.

Dkt. No. 29 (emphasis added).  At no point during this conference or in the Minute Order did the Court indicate that entering the Scheduling Order would substantively change the standard applicable to NBCU's proposed motion to stay.

Further, the case that Dr. Amin cites in support of his proposed heightened standard, *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218 (11th Cir. 2008), bears no resemblance to this action. In *Oravec* the plaintiff filed a motion to amend a complaint—not a motion to stay discovery—a mere six weeks before trial was scheduled to commence.  *Id.* at 1231-32.  The court refused to grant the plaintiff's request, explaining that the plaintiff missed the scheduling order's deadline for amending complaints by more than a year, he "did not show the requisite level of diligence in pursuing his claims," and there was no "good cause why leave to amend the complaint should be granted."  *Id.*  By contrast, Georgia courts recognize that in cases like this one, even where a scheduling order is in place, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket" and there is "good cause" to stay discovery when a motion "could impact whether discovery will occur."  *See Mason v. Midland Funding LLC*,

2018 WL 9439880, at *1-2 (N.D. Ga. Jan. 8, 2018).  Here, there is "good cause" to stay discovery.[3]

## II.   The Specific Circumstances of this Case Merit a Discovery Stay

Given the costly and extensive discovery that this case will entail—which could be wholly avoided by a favorable ruling on NBCU's Rule 12(c) Motion—the burdens of proceeding with discovery far outweigh the benefits of beginning discovery now.  *See* Mot. at 6-11.

### a.  NBCU's Rule 12(c) Motion Is Meritorious

As NBCU's briefing on its Rule 12(c) Motion makes clear, this case is ripe for early dismissal.  *See* Dkt. Nos. 24, 37.  NBCU reported on a government investigation into Dr. Amin's conduct and its reporting is therefore privileged under *either* New York or Georgia privilege law. And the Motion hardly "attempts to characterize disputed facts," as Dr. Amin suggests. Opp. at 11.  NBCU's Motion simply relies on the full context of the challenged News Reports, documents incorporated by reference into the Complaint (like the Whistleblower Complaint), and information of which this Court can take judicial notice—all of which is relevant and can be considered on an upfront motion.  Even if the Rule 12(c) Motion is not granted in its entirety, eliminating just some of the thirty-eight challenged statements would narrow the scope of the parties' discovery.  The strength of NBCU's Rule 12(c) Motion therefore supports a discovery stay.

### b.  Dr. Amin Will Not Be Prejudiced By a Discovery Stay

Staying discovery in this case is further compelled by the challenges that discovery will entail—namely securing government records, including detainee medical records, during numerous ongoing government investigations—which will be mooted by a favorable ruling on NBCU's Rule 12(c) Motion.  *See* Mot. at 7-11.  While Dr. Amin insists that this is a

---

[3] Dr. Amin asserts that NBCU "did not even attempt to argue that it can meet the 'good cause' standard required for modification of an existing scheduling order."  Opp. at 1.  But this is inaccurate.  *See* Mot. at 5 (citing the good cause standard and noting that its application involves courts balancing the harms of proceeding with discovery with the benefits of doing so).

"straightforward defamation case" and the parties' initial disclosures totaled only "15 pages [] between them," Opp. at 15, he overlooks that the disclosures reveal that if discovery is necessary, issues in the case would require expensive third-party discovery from government witnesses, including representatives from ICE, the Department of Homeland Security, the Federal Bureau of Investigation, and the Department of Justice, and the parties will require medical records from the dozens of women that Dr. Amin purportedly abused and mistreated. This case is far from "straightforward."

Further, for many of the same reasons that a stay is dictated here, the *Oldaker* court stayed discovery and recently extended its discovery stay. *See Oldaker v. Giles*, 20-cv-00224 (M.D. Ga. 2020), Dkt. No. 187.[4] It did so because the government's "ongoing criminal investigation concern the same alleged violations" involving Dr. Amin as are at issue in *Oldaker* and this action. Dr. Amin claims that the *Oldaker* case is different from this case because there he is one of "several dozen defendants, including multiple public officials and government agencies, whose direct actions are under scrutiny in ongoing government investigations." Opp. at 15. But Dr. Amin ignores that it is *his conduct* at the very center of the *Oldaker* litigation, no different than here. The claims against the other government defendants—including that they knew about Dr. Amin's mistreatment of detainees and did nothing to stop it or, in some instances, deported women who complained—necessarily stem from Dr. Amin's alleged abuse. And the criminal investigations cited by the *Oldaker* court to justify its discovery stay are the same investigations looking at allegations of Dr. Amin's mistreatment of detainees that are at issue in this action.[5] Accordingly,

---

[4] The *Oldaker* court lifted the stay only as to the petitioners' request to file a motion to amend their complaint and, if the amended complaint is allowed, as to any responses to the amended complaint.

[5] *See* Tina Vásquez, "Exclusive: FBI investigates Georgia doctor accused of sterilizing women," PRISM (May 6, 2021), available at: EXCLUSIVE: FBI investigates Georgia doctor accused of sterilizing detained women - Prism (prismreports.org).

5

here too it makes little sense for discovery to proceed when the News Reports' challenged statements—that Dr. Amin allegedly performed unconsented-to and unnecessary gynecological procedures—are the subject of ongoing government investigations.[6] Waiting to begin discovery until the Court's decision on NBCU's Rule 12(c) Motion provides the government with more time to complete these investigations.[7]

Finally, while Dr. Amin insists that he will be prejudiced by a discovery stay in this action, he identifies only two grounds for that conclusion. *First*, he asserts that ICDC is closing, which means "papers present [at ICDC] . . . may be scattered to other ICE detention centers or storage facilities." Opp. at 10, 15. But the government began the process of closing ICDC in May 2021—almost four months before Dr. Amin filed his Complaint—and any documents at ICDC were likely "scattered" before this litigation even began.[8] *Second*, he claims that the ICDC detainees who made allegations against him could be deported "at any time and without warning to the parties here." *Id.* at 10. But Dr. Amin overlooks the government's representation that these women are not in any imminent danger of being deported. *See* 20-cv-00224, Dkt. No. 180. And because these women are petitioners in *Oldaker*, Dr. Amin, as a defendant in that case, would undoubtedly be informed of their deportation and would still be able to reach them through their counsel.

---

[6] Dr. Amin argues that NBCU will not be prejudiced by proceeding with discovery now because it can always seek a discovery extension if it is unable to obtain documents due to ongoing investigations. Opp. at 16. This argument overlooks that NBCU will still be prejudiced because discovery is likely to be highly costly and is potentially needless.

[7] Because of these ongoing investigations, it is unlikely that ICE or other government agencies will provide information in response to the parties' discovery demands until they are completed. While Dr. Amin notes that ICE provided records in response to a congressional subpoena, Opp. at 16, that has no bearing on whether it will provide information to the private parties here. A FOIA request from litigants is subject to an ongoing investigation exemption. *See* Mot. at 8 n.8. And under a Rule 45 subpoena, a government agency's denial is subject only to an "arbitrary and capricious" review by the district court, *see Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991), and the government can assert a law enforcement privilege for ongoing investigations, *see In re Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680, 687 (N.D. Ga. 1998).

[8] *See* Department of Homeland Security, "ICE to Close Two Detention Centers" (May 20, 2021), available at: ICE to Close Two Detention Centers | Homeland Security (dhs.gov).

If Dr. Amin were really so concerned about either of these conjectural possibilities, he would not have waited nearly one year after the News Reports were broadcast to bring this lawsuit and would have issued third-party discovery immediately after the parties' Rule 26(f) conference on December 13, 2021. *See* F.R.C.P. 26(d)(1). As of the date of this filing, over two months later, Dr. Amin still has not undertaken any steps to obtain the third-party discovery he claims he so imminently needs, despite the fact there is currently no Court order prohibiting him from doing so. His own delay makes clear that a discovery stay would not prejudice him.

## CONCLUSION

For the foregoing reasons and those in NBCU's Motion, NBCU respectfully requests that the Court stay discovery pending a ruling on NBCU's Rule 12(c) Motion for Judgment on the Pleadings and for such other and further relief as is just and proper.

Dated: February 18, 2022

Respectfully submitted,

*s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
(admitted *pro hac vice*)
Amanda B. Levine
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com

*s/ Cynthia L. Counts*
Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
(404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 18th day of February, 2022, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com
Tiffany N. Watkins
twatkins@staceyevanslaw.com
Scott R. Grubman
sgrubman@cglawfirm.com

*Cynthia L. Counts*
Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES , LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
Telephone: (404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant*