IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-56 |
| v. | |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Defendant's Motion to Stay Discovery. Doc 31. Defendant asks the Court to stay all discovery deadlines until the Court has ruled on Defendant's motion for judgment on the pleadings. Id. at 1. Plaintiff filed a Response in opposition. Doc. 35. Defendant filed a Reply. Doc. 40. For the following reasons, I **GRANT in part** and **DENY in part** Defendant's Motion to Stay Discovery.

**PROCEDURAL HISTORY**

This case arises from five news stories that reported Plaintiff performed gynecological procedures on immigrant women detained at the Irwin County Detention Center ("ICDC"). Doc. 1 at 1–2; Doc. 31 at 3. Plaintiff alleges Defendant defamed him in those stories. Doc. 1 at 1. Another case and a government investigation are currently pending about the medical necessity of the procedures performed. Doc. 31 at 4.

This matter was filed on September 9, 2021. Doc. 1. On December 6, 2021, Defendant filed a verified Answer to the Complaint, after waiving service and requesting an extension of the answer deadline. Doc. 18. Plaintiff filed a motion to strike the Answer on December 27,

2021.  Doc. 22.  On January 10, 2022, Defendant filed a motion for judgment on the pleadings.  Doc. 24.  Plaintiff's motion to strike and Defendant's motion for judgment on the pleadings are currently pending.  Soon after Defendant filed its motion for judgment on the pleadings, Defendant filed the instant Motion to Stay.  Doc. 31.

## LEGAL STANDARD[1]

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery.  Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).  Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a dispositive motion before discovery begins to avoid unnecessary costs to the parties.  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997); Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018).  For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion that will dispose of the entire case.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); James v. Hunt, 761 F. App'x 975, 981 (11th Cir. 2018) (determining district court did not abuse discretion by staying proceedings until ruling on pending motion for judgment on the pleadings in light of the fact the claims "would have substantially enlarged the scope of discovery") (citing Chudasama,

---

[1]  Plaintiff argues, since a stay would naturally modify the current Scheduling Order, Defendant must meet the good cause standard, as articulated under Federal Rule of Civil Procedure 16(b)(4).  Doc. 35 at 1.  Plaintiff asserts Defendant has ignored this standard in its request for a stay.  Id.  The Court need not resolve this issue, given that good cause is already a consideration when considering a motion to stay discovery.  "A court may grant a motion to stay discovery upon a showing of good cause and reasonableness."  Principle Sol.'s Grp., LLC, v. Ironshore Indem., Inc., Civil Action No. 1:15-cv-4130, 2016 WL 9049187, at *1 (N.D. Ga. Mar. 22, 2016) (citing McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).  Indeed, Defendant addressed good cause when it noted Eleventh Circuit courts regularly find good cause to stay the discovery period when a dispositive motion is pending.  See Doc. 31 at 5.

123 F.3d at 1368)); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

### DISCUSSION

Defendant has the burden of showing a stay is necessary.  Defendant argues the burdens of proceeding with discovery during the pendency of its motion for judgment on the pleadings outweigh any benefits from beginning discovery at this stage. Doc. 31 at 6.  Defendant argues a preliminary peek at the motion for judgment on the pleadings will show a high chance of success on the bases of a variety of privileges, thus showing a likelihood the motion would dispose of the entire action. Id. at 6–7.  Furthermore, Defendant notes discovery will likely be complex and

expensive. Defendant contends going through discovery before the Court rules on the dispositive motion would be inefficient. Id. at 7–8.

In response, Plaintiff argues the motion for judgment on the pleadings is not likely to be granted, as the privileges Defendant invokes are conditional rather than absolute and Plaintiff has sufficiently alleged actual malice which would defeat those privileges. Doc. 35 at 12. Even if the motion is granted in its entirety, Plaintiff argues the motion would only successfully dispose of half of the statements at issue, leaving several statements on which discovery could proceed. Id. at 12–13. Plaintiff also states he would be far more prejudiced by the Court granting the Motion to Stay than Defendant would be by discovery going forward. Id. at 14. Plaintiff contends the patients he treated are likely to relocate, since the patients are immigrants with contested statuses. Id. at 14–15. Similarly, due to the closing of ICDC, Plaintiff argues it likely will be difficult to locate the documentation which may be shifted to other Immigration and Customs Enforcement detention centers or storage facilities. Id. at 15.

Plaintiff's arguments are unconvincing. Plaintiff has not shown with specificity a loss or spoliation of documents or deportation of witnesses is likely to occur while the requested stay is imposed. Government investigations into ICDC have been ongoing since September 2020, and a separate case in the Middle District of Georgia involving overlapping issues has been pending since December 2020. As a result, relevant documents have likely already been collected for the purposes of the pending investigations and related litigation. If they have not and have been lost or scattered, as Plaintiff fears, that likely occurred well before this action was even filed. In other words, allowing discovery to go forward in this case at this time is not likely to address the problems about which Plaintiff is most concerned. Ultimately, Plaintiff's generalized concerns

are not enough to justify denial of a stay in these circumstances, where the pending dispositive motion could significantly narrow the issues.

Defendant has met its burden of showing a stay is necessary, at least until an order is issued on the motion for judgment on the pleadings. Defendant's motion for judgment on the pleadings will, potentially, narrow the statements at issue which need to be addressed in discovery. See Doc. 24. Indeed, a "preliminary peek" at Defendant's motion for judgment on the pleadings reveals the motion is not entirely lacking in merit, and, if granted, could dispose of most, if not all, of the claims in the case. Sams, 2016 WL 3339764 at *6; Doc. 24. To the extent Defendant requests a stay pending a ruling on the motion for judgment on the pleadings, that request is granted.

Defendant also argues any discovery efforts would be fruitless while the government investigations were ongoing and it would be prejudiced if it were required to proceed without being able to obtain records from those investigations. Doc. 31 at 8–9. Defendant highlights the stay of discovery in a related case in the Middle District of Georgia, Oldaker v. Giles, 20-cv-224 (M.D. Ga. 2020), ECF No. 187, as justification for a stay until the conclusion of government investigations. Doc. 31 at 8. Plaintiff argues the Oldaker stay has no bearing on the stay in this case, since Defendant is not involved in the Oldaker litigation and the outcome of those investigations are not dispositive of the issues in this case. Doc. 35 at 17. Indeed, Defendant has not shown discovery should be stayed until all government investigations are concluded. Defendant's generalized concerns about how government investigations might impede discovery in this case are not enough. Accordingly, I **GRANT** Defendant's Motion to Stay pending resolution of Defendant's motion for judgment on the pleadings but **DENY** Defendant's request to stay the discovery pending resolution of all government investigations. If Defendant believes

the stay should continue after a ruling on its motion for judgment on the pleadings, Defendant may renew its request but, in doing so, must demonstrate with specificity the need for a continued stay.

## CONCLUSION

For the foregoing reasons, I **GRANT in part** and **DENY in part** Defendant's Motion and **STAY** the discovery deadlines in this case until the resolution of Defendant's motion for judgment on the pleadings. If any claims remain pending after resolution of the motion for judgment on the pleadings, this stay shall lift automatically.

**SO ORDERED**, this 19th day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA