**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

|  |  |
|---|---|
| DR. MAHENDRA AMIN, M.D.,<br><br>              Plaintiff,<br><br>       v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>              Defendant. | Case No. 5:21-cv-00056-LGW-BWC |

## **DEFENDANT'S VERIFIED ANSWER TO THE FIRST AMENDED COMPLAINT[1]**

Defendant NBCUniversal Media, LLC ("NBCU"), by and through its undersigned counsel, hereby files its Verified Answer to Plaintiff Dr. Mahendra Amin's ("Plaintiff") First Amended Complaint (the "FAC") using the same headings and paragraph numbering employed by Plaintiff.

## **RESPONSE TO "INTRODUCTION"**

1.      NBCU admits that it broadcast a series of television news reports (each, a "News Report" and collectively, the "News Reports") about, among other things, a September 14, 2020 complaint that Project South filed with the Department of Homeland Security, the U.S. Immigration and Customs Enforcement Atlanta Field Office, and the Irwin County Detention Center ("ICDC") on behalf of whistleblower Dawn Wooten (the "Whistleblower Complaint"). A true and correct copy of the Whistleblower Complaint is attached hereto as **Exhibit A**. NBCU denies that any of these News Reports was false and defamatory. Except as so admitted, NBCU denies each and every remaining allegation in Paragraph 1 of the FAC.

2.      NBCU admits that the News Reports about the Whistleblower Complaint aired on:

---

[1] Per this Court's April 26, 2022 order, NBCU is filing this Answer to the First Amended Complaint on May 10, 2022. NBCU will file a renewed Motion for Judgment on the Pleadings on May 17, 2022.

(1) "Deadline: White House" with Nicolle Wallace on or about September 15, 2020; (2) "All In with Chris Hayes" on or about September 15, September 16, and September 17, 2020; and (3) "The Rachel Maddow Show" on or about September 16, 2020.  NBCU denies that any of these News Reports was false and defamatory.  True and correct copies of the transcripts of the News Reports are attached hereto as **Exhibits B(i)** through **F(i)**, and true and correct copies of the broadcasts of each of the News Reports are attached hereto as **Exhibits B(ii)** through **F(ii)**.

3.      NBCU denies each and every allegation in Paragraph 3 of the FAC.  NBCU affirmatively alleges that the News Reports reported on, among other things, the Whistleblower Complaint and expressed opinions concerning the allegations in the Whistleblower Complaint. The Whistleblower Complaint spurred immediate government action.  On September 14, 2020—the same date that the Whistleblower Complaint was filed and before the News Reports were broadcast—a member of the Georgia House of Representatives called for investigations by the Composite Medical Board and Board of Nursing.[2]  This was followed by members of Congress, including Speaker Nancy Pelosi, calling for federal action based on the allegations in the Whistleblower Complaint.[3]  Further, as of September 15, 2020—the date the first challenged News Report in this litigation was broadcast—it was announced that the government would be investigating the allegations in the Whistleblower Complaint.[4]  Indeed, on September 16, 2020, the Department of Homeland Security confirmed that it was investigating the allegations in the Whistleblower Complaint.[5]  Other governmental entities, including the Federal Bureau of

---

[2] *See* https://twitter.com/TrammellBob/status/1305647179332300801.

[3] *See* Pelosi Statement on Whistleblower Complaint on Massive Health Care Abuse at ICE Detention Centers | Speaker Nancy Pelosi*;* DHS-IG-FINAL.pdf (house.gov).

[4] *See* September 15, 2020 Statement From Dr. Ada Rivera, Medical Director of the ICE Health Service Corps, attached hereto as **Exhibit G** ("The accusations will be fully investigated by an independent office . . . .").

[5] *See* Caitlin Dickerson, *Inquiry Ordered Into Claims Immigrations Had Unwanted Gynecology Procedures*, THE NEW YORK TIMES (Sept. 16, 2020), available at: Inquiry Ordered Into Claims Immigrants Had Unwanted Gynecology

Investigation and the Department of Justice, later opened parallel investigations into the allegations, which remain ongoing.[6]  Indeed, due to the ongoing status of these investigations, the United States District Court for the Middle District of Georgia recently issued an order staying discovery in a class-action lawsuit brought by ICDC detainees against Dr. Amin and members of the Department of Homeland Security stemming from Dr. Amin's conduct.[7]  The court explained that discovery in that case could not move forward because "Petitioners' claims [against Dr. Amin] are simultaneously under investigation by Congress and other federal authorities, including for potential criminal concerns."

4.      NBCU denies each and every allegation in Paragraph 4 of the FAC.

5.      NBCU denies each and every allegation in Paragraph 5 of the FAC. NBCU affirmatively alleges that the News Reports sought comment from and/or reported Plaintiff's response to the Whistleblower Complaint along with the responses from the applicable government agencies and/or ICDC.

6.      NBCU denies each and every allegation in Paragraph 6 of the FAC.  NBCU affirmatively alleges that, on information and belief, the federal investigations into the Whistleblower Complaint are ongoing.  In addition, in May 2021, the government began the process of closing ICDC, the facility at the center of the Whistleblower Complaint.  In announcing this closure, the Secretary of Homeland Security stated, "[w]e will not tolerate the mistreatment of

---

Procedures - The New York Times (nytimes.com); Natalie Andrews and Michelle Hackman, *U.S. Opens Investigation Into Claims of Forced Hysterectomies on Detained Migrants*, THE WALL STREET JOURNAL (Sept. 16, 2020), available at: U.S. Opens Investigation Into Claims of Forced Hysterectomies on Detained Migrants - WSJ.

[6] Tina Vásquez, *Exclusive: FBI investigates Georgia doctor accused of sterilizing detained women*, PRISM (May 6, 2021), available at: EXCLUSIVE: FBI investigates Georgia doctor accused of sterilizing detained women (prismreports.org).

[7] *Oldaker v. Giles*, 20-cv-00224 (M.D. Ga. 2020).  Attached hereto as **Exhibit I** is the Complaint in *Oldaker* (Dkt. 54).  Attached hereto as **Exhibit J** is the court's order extending the discovery stay (Dkt. 187).

individuals in civil immigration detention or substandard conditions of detention."[8]

7.    NBCU affirmatively alleges that the News Reports reported on allegations made in the context of a Whistleblower Complaint and ongoing investigation.  The Whistleblower Complaint states that an immigrant detained at Project South said "that she talked to five different women detained at ICDC between October and December 2019 who had a hysterectomy done." In addition, Dawn Wooten, a nurse working at ICDC, expressed in the Whistleblower Complaint that she was concerned about the high number of detained women receiving hysterectomies.  She stated that "everybody's uterus cannot be that bad" but noted that "[e]verybody [the doctor] sees has a hysterectomy."  She said, "[t]hat's his specialty, he's the uterus collector."  *See* **Exhibit A** at 18-19.  NBCU also spoke with multiple lawyers who stated that their clients had hysterectomies while detained at ICDC, which they believe may have been unnecessary.  One of those lawyers also stated that "as many as 15 immigrant women were given full or partial hysterectomies or other procedures for which no medical indication existed."  In addition, NBCU spoke with a woman detained at ICDC who claimed that she felt "pressured into a full abdominal hysterectomy." NBCU reported on these allegations in good faith seeking to raise the public's awareness and highlight the need for greater government scrutiny of possible mistreatment of detainees at ICDC. NBCU had no reason to, and in fact did not, entertain any serious doubts about the truth of its News Reports.  In fact, in June 2021, it was reported that, according to documentation from ICDC, Plaintiff billed ICE for eight hysterectomies between 2017 and 2020, two of which were cancelled. He also submitted bills for 75 other invasive procedures, such as dilation and curettage and

---

[8] *See* Ben Fox and Kate Brumback, *Irwin County Detention Center set to close*, Fox31 News (May 20, 2021), available at: Irwin County Detention Center set to close | WFXL.

laparoscopy.[9]  In addition, in December 3, 2021, the chairs of various congressional committees sent a letter to Secretary of Homeland Security Alejandro Mayorkas indicating that, based on Congress's own investigation of the medical records of detainees at ICDC, Dr. Amin "did not meet the acceptable standards of care," including by engaging in "a pattern of performing the same surgery – D&C, laparoscopy (LSC) – on many patients no matter what their condition was."[10]  On this basis, NBCU denies each and every allegation in Paragraph 7 of the FAC.

8.     NBCU affirmatively alleges that whether Dr. Amin's patients were informed and consented to their treatments remains under investigation by the government.  NBCU further affirmatively alleges that the Whistleblower Complaint states that, according to Ms. Wooten, inmates at ICDC "didn't fully understand why they had to get a hysterectomy" and she "didn't think they really, totally, all the way understand this is what's going to happen depending on who explain it to them."  *See* **Exhibit A** at 19.  Further, a woman detained at ICDC was reported in the Whistleblower Complaint as observing that "staff at ICDC and the doctor's office did not properly explain to her what procedure she was going to have done" and that she was "scared and frustrated."  *Id.* at 20.  Similarly, NBCU interviewed one woman detained at ICDC who stated that she was told she received a "full hysterectomy" and "felt like [she] had no right to say anything."  And the lawyer for another woman detained at ICDC, Pauline Binam, stated that Ms. Binam went into surgery expecting to have a dilation and curettage procedure but, after she woke up from surgery, she learned that the doctor had removed one of her fallopian tubes.  NBCU reported on these allegations.  Further, in October 2020, after NBCU's News Reports, a team of nine board-

---

[9] *See* Alan Judd, *At Georgia immigration jail, warnings about women's medical care went unheeded*, THE ATLANTA JOURNAL CONSTITUTION (June 5, 2021), available at: At Georgia immigration jail, warnings about women's medical care went unheeded (ajc.com).

[10] *See* Letter-DHS ICDC Update.pdf (house.gov).

certified OB-GYNs and two nursing experts affiliated with academic medical centers who reviewed 3,200 pages of medical records from 19 women detained at ICDC, found that Plaintiff engaged in an "alarming pattern" of subjecting women to unwanted gynecological surgeries, in most cases performed without consent.[11]  On this basis, NBCU denies each and every allegation in Paragraph 8.

9.     NBCU denies each and every allegation in Paragraph 9 of the FAC.

10.    NBCU denies each and every allegation in Paragraph 10 of the FAC.  NBCU affirmatively alleges that Plaintiff's reputation as a physician was already damaged.  Among other prior and contemporaneous events, Plaintiff was never certified by the American Board of Obstetrics and Gynecology or the American Board of Medical Specialties.[12]  In 2015, Plaintiff and other Irwin County Hospital doctors entered into a settlement with the federal government in which they agreed to pay $520,000 to resolve allegations that they caused false claims to be submitted to Medicare and Medicaid.[13]  NBCU further affirmatively alleges that numerous other national and international publications reported on the Whistleblower Complaint both before and on the same dates as the challenged statements in this lawsuit.[14]  Indeed, NBCU's reporting relied on and even

---

[11] *See* Molly O'Toole, *19 women allege medical abuse in Georgia immigration detention*, THE LOS ANGELES TIMES (Oct. 22, 2020), available at: Women allege medical abuse in Georgia immigration detention - Los Angeles Times (latimes.com).

[12] *See* Emily Shugerman and William Bredderman, *ICE Hysterectomy Doctor Wasn't Even a Board Certified OB-GYN*, THE DAILY BEAST (Sept. 19, 2020), available at: ICE Hysterectomy Doctor Wasn't Even a Board-Certified OB-GYN (thedailybeast.com).

[13] *See* Hospital Authority Of Irwin County Resolves False Claims Act Investigation For $520,000 | USAO-MDGA | Department of Justice.

[14] *See, e.g.*, Carter Sherman, *Staggering Number of Hysterectomies Happening at ICE Facility, Whistleblower Says*, VICE (Sept. 14, 2020), available at: Staggering Number of Hysterectomies Happening at ICE Facility, Whistleblower Says (vice.com); *Nurse questions medical care at immigration jail in Georgia*, THE ASSOCIATED PRESS (Sept. 14, 2020), available at: Nurse questions medical care at immigration jail in Georgia | AP News; Kari Paul, *Ice detainees faced medical neglect and hysterectomies, whistleblower alleges*, THE GUARDIAN (Sept. 14, 2020), available at: Ice detainees faced medical neglect and hysterectomies, whistleblower alleges | US immigration | The Guardian; Tim Elfrink, *Pelosi demands probe after ICE nurse raises alarm over medical care, hysterectomies at detention center*, THE WASHINGTON POST (Sept. 15, 2020), available at: Pelosi demands probe after ICE nurse raises alarm over hysterectomies at detention center - The Washington Post; Tina Vásquez, *Exclusive: Georgia doctor who forcibly*

displayed on the screen reporting from other media organizations concerning the allegations in the Whistleblower Complaint.  *See* **Exhibit C(ii)** at 31:33.



11.     NBCU denies each and every allegation in Paragraph 11 of the FAC.

12.     NBCU admits that the media has an important role to play in our society.  Except as so admitted, Paragraph 12 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, NBCU denies any implication that Plaintiff is a private figure and denies each and every remaining allegation in Paragraph 12.

13.     Paragraph 13 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, NBCU denies each and every allegation in Paragraph 13 of the FAC.

14.     NBCU denies each and every allegation in Paragraph 14 of the FAC.

---

*sterilized detained women has been identified*, PRISM (Sept. 15, 2020), available at: Exclusive: Georgia doctor who forcibly sterilized detained women has been identified (prismreports.org); José Olivares, John Washington, "*He Just Empties You All Out*": Whistleblower Reports High Number of Hysterectomies at ICE Detention Facility, THE INTERCEPT (Sept. 15, 2020), available at: Whistleblower: ICE Prison Does Hysterectomies at High Rates (theintercept.com); Danielle Wallace, *Georgia prison with ICE detainees performs questionable hysterectomies, shreds coronavirus records: nurse*, Fox News (Sept. 15, 2020), available at: Georgia prison with ICE detainees performs questionable hysterectomies, shreds coronavirus records: nurse | Fox News; Alan Judd, Jeremy Redmon, *ICE detainees complained about 'rough' treatment from Georgia doctor*, THE ATLANTA JOURNAL-CONSTITUTION (Sept. 16, 2020), available at: ICE detainees complained about 'rough' treatment from Georgia doctor (ajc.com).

15.     NBCU denies each and every allegation in Paragraph 15 of the FAC.

## RESPONSE TO "PARTIES"

16.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the FAC and, on that basis, denies each and every allegation in Paragraph 16.

17.     NBCU admits the allegations in Paragraph 17 of the FAC.

18.     NBCU admits the allegations in Paragraph 18 of the FAC.

19.     Paragraph 19 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, NBCU does not—at this time and for purposes of this case only—contest that it is responsible for the actions of MSNBC.

## RESPONSE TO "JURISDICTION"

20.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the FAC and, on that basis, denies each and every allegation in Paragraph 20.

21.     Paragraph 21 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, NBCU admits that it is a citizen of Delaware for purposes of diversity jurisdiction, and NBCU does not—at this time and for purposes of this case only—contest that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

22.     Paragraph 22 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, NBCU does not—at this time and for purposes of this case only—contest that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

23.     Paragraph 23 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, NBCU does not—at this time and for purposes of

this case only—contest that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

24.     Paragraph 24 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, NBCU does not—at this time and for purposes of this case only—contest that venue is proper in the Southern District of Georgia.

## RESPONSE TO "FACTUAL BACKGROUND"

### Response to "Dr. Amin"

25.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the FAC and, on that basis, denies each and every allegation in Paragraph 25.

26.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the FAC and, on that basis, denies each and every allegation in Paragraph 26.

27.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the FAC and, on that basis, denies each and every allegation in Paragraph 27.

28.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the FAC and, on that basis, denies each and every allegation in Paragraph 28.

29.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the FAC and, on that basis, denies each and every allegation in Paragraph 29.

30.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the FAC and, on that basis, denies each and every allegation in

Paragraph 30.

31.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the FAC and, on that basis, denies each and every allegation in Paragraph 31.

32.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the FAC and, on that basis, denies each and every allegation in Paragraph 32.

33.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the FAC and, on that basis, denies each and every allegation in Paragraph 33.

34.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the FAC and, on that basis, denies each and every allegation in Paragraph 34.

35.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the FAC and, on that basis, denies each and every allegation in Paragraph 35.

36.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the FAC and, on that basis, denies each and every allegation in Paragraph 36.

37.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the FAC and, on that basis, denies each and every allegation in Paragraph 37.

38.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 38 of the FAC and, on that basis, denies each and every allegation in Paragraph 38.

39.     NBCU admits that Plaintiff provided gynecological medical services to patients detained at ICDC.  NBCU further admits that, according to subsequent news reports, Plaintiff is no longer providing services to ICDC, and ICDC is in the process of closing.[15]

40.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the FAC and, on that basis, denies each and every allegation in Paragraph 40.

41.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the FAC and, on that basis, denies each and every allegation in Paragraph 41.

42.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the FAC and, on that basis, denies each and every allegation in Paragraph 42.

43.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the FAC and, on that basis, denies each and every allegation in Paragraph 43.

44.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the FAC and, on that basis, denies each and every allegation in Paragraph 44.

---

[15] *See* notes 4 and 5, *supra*; *see also* Norman Merchant, *Migrant women to no longer see doctor accused of misconduct*, The Associated Press (Sept. 22, 2020), available at: Migrant women to no longer see doctor accused of misconduct | AP News.

**Response to "September 14, 2020 letter and Project South's media campaign"**

45.     NBCU admits that on September 14, 2020, Project South, a non-profit organization that states that its mission is "eliminating poverty and genocide" and "cultivating strong social movements," and which advocates for immigrants' rights, filed with the Department of Homeland Security, the U.S. Immigration and Customs Enforcement Atlanta Field Office, and ICDC the protected Whistleblower Complaint on behalf of whistleblower Dawn Wooten. *See* **Exhibit H** at 3 (January 3, 2022 Office of Inspector General Report) ("In September 2020, Project South, an advocacy group, *filed* a complaint with the Department of Homeland Security Office of Inspector General concerning the Irwin County Detention Center in Ocilla, Georgia, which houses U.S. Immigration and Customs Enforcement ("ICE") detainees.") (emphasis added).  Except as so admitted, NBCU denies each and every remaining allegation in Paragraph 45 of the FAC.

46.     NBCU admits that the Whistleblower Complaint did not identify Plaintiff by name. NBCU affirmatively alleges that Plaintiff was nonetheless identifiable — and was in fact identified before the News Reports were aired — from the statements in the Whistleblower Complaint.

47.     NBCU admits the allegations in Paragraph 47 of the FAC.

48.     NBCU denies the allegations in Paragraph 48 of the FAC.

**Response to "The letter was not submitted (if it was at all) as part of a government process"**

49.     NBCU denies each and every allegation in Paragraph 49 of the FAC.  NBCU affirmatively alleges that, as of the date of the first challenged News Report, ICE had acknowledged receipt of the Whistleblower Complaint and stated that the allegations in the Complaint would "be investigated by an independent office."

50.     NBCU admits the allegations in Paragraph 50 of the FAC.

51.     NBCU admits the allegations in Paragraph 51 of the FAC.

52.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 52 of the FAC.  NBCU affirmatively alleges that regardless of the formal processes, the Whistleblower Complaint promptly led to an OIG investigation, which remains ongoing today.  *See* **Exhibit H** at 12, n. 39.

53.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 53 of the FAC.

54.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 54 of the FAC.

55.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 55 of the FAC.

56.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 56 of the FAC.

57.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 57 of the FAC.

58.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 58 of the FAC.

59.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 59 of the FAC.

60.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 60 of the FAC.

61.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 61 of the FAC.

62.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 62 of the FAC.

63.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 63 of the FAC.

64.     NBCU lacks information sufficient to form a belief as to the truth or falsity of the FAC's allegations about DHS's internal review protocol for handling civil rights and civil liberties complaints and, on that basis, denies each and every allegation in Paragraph 64 of the FAC.

65.     NBCU denies each and every allegation in Paragraph 65 of the FAC.  NBCU affirmatively alleges that various government entities have issued statements responding to allegations in the Whistleblower Complaint, *see, e.g.*, **Exhibit G**, and some of those statements were included in the News Reports.

66.     NBCU admits that Dawn Wooten did not seek to be anonymous in the

Whistleblower Complaint.  NBCU denies that Wooten was not a "true whistleblower" who filed a formal complaint.  Except as so admitted and denied, NBCU lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 66 of the FAC and, on that basis, denies each and every remaining allegation in Paragraph 66.

67.     Paragraph 67 of the FAC purports to characterize a statement from a representative of ICE.  NBCU respectfully refers the Court to this statement, which speaks for itself and is the best evidence of its content.  *See* **Exhibit G**.  NBCU denies any allegations inconsistent therewith.

68.     NBCU denies each and every allegation in Paragraph 68 of the FAC.  NBCU affirmatively alleges that prior to October 2020, there was significant government action relating to the Whistleblower Complaint.  NBCU incorporates by reference the affirmative allegations in Paragraph 3.

69.     NBCU admits that OIG began an investigation into the allegations in the Whistleblower Complaint, part of which remains ongoing today.  NBCU denies that the January 3, 2022 Office of Inspector General Report ("January IG Report") commented on the allegations concerning Dr. Amin and inappropriate gynecological care contained in the Whistleblower Complaint.  NBCU affirmatively alleges that the January IG Report states that "[i]n September 2020, Project South . . . filed a complaint with Department of Homeland Security Office of Inspector General."  NBCU further alleges that the January IG Report makes clear that the investigation and inspection on which it was reporting was *not* addressing the allegations against Dr. Amin, and instead stated, "[t]his inspection did not review the gynecological procedure approval process for detainees at ICDC, which has been referred to our Office of Investigations," and "The NCCHC Resources team did not evaluate the specific allegations of inappropriate gynecological care, as those have been referred to our Office of Investigations."  *See* **Exhibit H** at

pp. 1, 3, 12, n.39.

70.     NBCU lacks information sufficient to form a belief as to the truth or falsity of whether OIG has ever "mentioned" Dr. Amin and, on that basis, denies each and every allegation in Paragraph 70 of the FAC.

71.     NBCU admits that OIG issued the January IG Report.     NBCU denies that this report concerned the Whistleblower Complaint allegations against Dr. Amin.  NBCU incorporates by reference the affirmative allegations in Paragraph 69.

72.     Paragraph 72 of the FAC refers to the January IG Report.  NBCU respectfully refers the Court to this Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibit H**.  NBCU incorporates by reference the affirmative allegations in Paragraph 69.

73.     NBCU denies that the January IG Report commented on the allegations concerning Dr. Amin and inappropriate gynecological care contained in the Whistleblower Complaint and, on that basis, NBCU denies each and every allegation in Paragraph 73 of the FAC.   NBCU incorporates by reference the affirmative allegations in Paragraph 69.

### Response to "MSNBC's false and defamatory broadcasts"

74.     NBCU denies each and every allegation in Paragraph 74 of the FAC.

75.     Paragraph 75 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "Deadline: White House" with Nicolle Wallace.  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits B(i)** (with the relevant segment beginning at page 27) and **B(ii)** (with the relevant segment beginning at 1:34:15).  NBCU denies any allegations inconsistent therewith.

76.     Paragraph 76 of the FAC purports to characterize information that appeared on the screen during the September 15, 2020 episode of "Deadline: White House" with Nicolle Wallace.

NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **B(ii)** (with the relevant segment beginning at 1:34:15).  NBCU denies any allegations inconsistent therewith.  NBCU affirmatively alleges that the banner on the screen read, "*Whistleblower*: High number of hysterectomies at ICE Detention Ctr."  *See id.* at 1:34:20 (emphasis added).



77.     NBCU admits the allegations in Paragraph 77 of the FAC.

78.     Paragraph 78 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits C(i)** (with the relevant segment beginning at page 12) and **C(ii)** (with the relevant segment beginning at 31:24).  NBCU denies any allegations inconsistent therewith.

79.     Paragraph 79 of the FAC purports to characterize information that appeared on the screen during the September 15, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content. *See* **Exhibit C(ii)** (with the relevant segment beginning at 31:24).  NBCU denies any allegations inconsistent therewith.  NBCU affirmatively alleges that the banner on the screen read,

"Complaint: Mass Hysterectomies Performed on Women at ICE Facility".  *See id.* at 31:26.



80.     NBCU denies the implication in Paragraph 80 of the FAC that the September 15, 2020 episode of "All In with Chris Hayes" somehow incorporated Dr. Amin's name by reference. NBCU affirmatively alleges that Dr. Amin was not referenced by name in this News Report.

81.     Paragraph 81 of the FAC purports to characterize out-of-context statements taken from the September 16, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits D(i)** (with the relevant segment beginning at page 13) and **D(ii)** (with the relevant segment beginning at 25:52).  NBCU denies any allegations inconsistent therewith.

82.     Paragraph 82 of the FAC purports to characterize information that appeared on the screen during the September 16, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content. *See* **Exhibit D(ii)** (with the relevant segment beginning at 25:52).  NBCU denies any allegations inconsistent therewith.   NBCU affirmatively alleges that the banner on the screen read, "Complaint: Mass Hysterectomies Performed on Women at ICE Facility".  *See id.* at 26:13.



83.     Paragraph 83 of the FAC purports to characterize information that appeared on the screen during the September 16, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibit D(ii)** (with the relevant segment beginning at 25:52).  NBCU denies any allegations inconsistent therewith.  NBCU affirmatively alleges that Dr. Amin's picture appeared immediately prior to Chris Hayes both reading and featuring on a full screen the text of Dr. Amin's lawyer's statement:  "We are aware of the Whistleblower's allegations as they relate to Dr. Amin, and vehemently deny them.  We look forward to all the facts coming out and are confident that, once they do, Dr. Amin will be cleared of any wrongdoing."  *Id.* at



19

84.     Paragraph 84 of the FAC purports to characterize out-of-context statements taken from the September 16, 2020 episode of "The Rachel Maddow Show."  NBCU affirmatively alleges that the statements referenced in Paragraph 84 actually come from the September 15, 2020 episode and do not appear in the September 16, 2020 episode.  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

85.     Paragraph 85 of the FAC purports to characterize information that appeared on the screen during the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibit E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.  NBCU affirmatively alleges that Dr. Amin's name appeared on a screen that included the "Statement from Dr. Mahendra Amin's Attorney" denying the allegations.  *See id.* at 14:44.



86.     Paragraph 86 of the FAC purports to characterize out-of-context statements taken from the September 17, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the

Court to this News Report, which speaks for itself and is the best evidence of its content.  *See*
**Exhibits F(i)** (with the relevant segment beginning at page 13) and **F(ii)** (with the relevant segment beginning at 34:49).  NBCU denies any allegations inconsistent therewith.

87.     Paragraph 87 of the FAC purports to characterize information that appeared on the screen during the September 17, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to the September 17, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibit F(ii)** (with the relevant segment beginning at 34:49).  NBCU denies any allegations inconsistent therewith.  NBCU affirmatively alleges that the banner on the screen read: "Investigating ICE" "Investigation Ordered into Claims of Unneeded Medical Procedures on Immigrant Women."  NBCU further affirmatively alleges that, when this banner appeared, the image displayed on the screen was a *New York Times* article with the headline, "Inquiry Ordered Into Claims Immigrants Had Unwanted Gynecology Procedures."[16]  *See id.* at 35:02.



88.     Paragraph 88 of the FAC purports to characterize information that appeared on the screen during the September 17, 2020 episode of "All In with Chris Hayes."  NBCU respectfully

---

[16] *See* note 4, *supra*.

refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content. *See* **Exhibit F(ii)** (with the relevant segment beginning at 34:49). NBCU denies any allegations inconsistent therewith.

89. NBCU denies each and every allegation in Paragraph 89 of the FAC.

**Response to "MSNBC knew its broadcasts were false and pretended to portray them as a report of government action when none existed"**

90. NBCU denies each and every allegation in Paragraph 90 of the FAC.

91. NBCU denies each and every allegation in Paragraph 91 of the FAC. NBCU affirmatively alleges that, as of the dates the News Reports were aired, there was significant government action relating to the Whistleblower Complaint. NBCU incorporates by reference the allegations in Paragraph 3.

92. NBCU denies each and every allegation in Paragraph 92 of the FAC. NBCU incorporates by reference the affirmative allegations in Paragraph 3.

93. NBCU denies each and every allegation in Paragraph 93 of the FAC.

94. NBCU denies each and every allegation in Paragraph 94 of the FAC. NBCU affirmatively alleges that, at the time of the News Reports, ICE had issued numerous statements in response to the Whistleblower Complaint, and DHS similarly stated that it had opened an investigation into the allegations in the Whistleblower Complaint.

95. NBCU denies each and every allegation in Paragraph 95 of the FAC. NBCU affirmatively alleges that, as presented in the News Reports, ICE has issued numerous statements in response to the Whistleblower Complaint, and DHS similarly stated that it had opened an investigation into the allegations in the Whistleblower Complaint.

96. NBCU denies each and every allegation in Paragraph 96 of the FAC. NBCU affirmatively alleges that the statement on the screen read: "Investigating ICE" "Investigation

Ordered into Claims of Unneeded Medical Procedures on Immigrant Women."  *See* Paragraph 87, *supra*.  NBCU further affirmatively alleges that, when this statement appeared, the image displayed on the screen was a *New York Times* article with the headline, "Inquiry Ordered Into Claims Immigrants Had Unwanted Gynecology Procedures."  *See* **Exhibit F(ii)** at 35:02.

97.    NBCU denies each and every allegation in Paragraph 97 of the FAC.  NBCU affirmatively alleges that the September 17, 2020 episode of "All In with Chris Hayes" stated, "there is now a formal inquiry into those allegations in the Department of Homeland Security's Office of the Inspector General," and specifically identified a *New York Times* article concerning the "inquiry ordered" into the Whistleblower allegations, confirming that an investigation was not only planned but was ongoing.  *See* **Exhibit F(i)** at 13; **Exhibit F(ii)** at 35:02.

### Response to "The broadcasts went beyond anything in the letter"

98.    NBCU denies each and every allegation in Paragraph 98 of the FAC.

99.    NBCU admits that the Whistleblower Complaint did not identify Plaintiff by name. NBCU affirmatively alleges that Plaintiff was nonetheless identifiable from the statements in the Whistleblower Complaint and he was, in fact, identified before any of the News Reports aired.

100.    NBCU denies each and every allegation in Paragraph 100 of the FAC.  NBCU affirmatively alleges that other news organizations, including *Prism* and the *Intercept*, identified Dr. Amin as the doctor referenced in the Whistleblower Complaint prior to the broadcast of the first News Report challenged in this action.[17]  NBCU further affirmatively alleges that Dr. Amin's own lawyer, Scott Grubman, identified Dr. Amin as the subject of the allegations in the

---

[17] *See* Tina Vásquez, *Exclusive: Georgia doctor who forcibly sterilized detained women has been identified*, Prism (Sept. 15, 2020), available at: Exclusive: Georgia doctor who forcibly sterilized detained women has been identified (prismreports.org); José Olivares, John Washington, *"He Just Empties You All Out": Whistleblower Reports High Number of Hysterectomies at ICE Detention Facility*, The Intercept (Sept. 15, 2020), available at: Whistleblower: ICE Prison Does Hysterectomies at High Rates (theintercept.com).

Whistleblower Complaint.  Grubman provided a statement to NBCU, which was included in the News Reports: "We're aware of the whistleblowers allegations *as they relate to Dr. Amin* and vehemently deny them."  *See* **Exhibit D(i)** at 17 (emphasis added).  The *Wall Street Journal* similarly reported that Grubman, "identified [the doctor in the Whistleblower Complaint] as Dr. Mahendra Amin and strongly denied the allegations."[18]

101.    Paragraph 101 of the FAC purports to characterize the Whistleblower Complaint. NBCU respectfully refers the Court to the Whistleblower Complaint which speaks for itself and is the best evidence of its content.  *See* **Exhibit A**.  NBCU denies any allegations inconsistent therewith.

102.    Paragraph 102 of the FAC purports to characterize the Whistleblower Complaint. NBCU respectfully refers the Court to the Whistleblower Complaint which speaks for itself and is the best evidence of its content.  *See* **Exhibit A**.  NBCU denies any allegations inconsistent therewith.

103.    Paragraph 103 of the FAC purports to characterize the Whistleblower Complaint. NBCU respectfully refers the Court to the Whistleblower Complaint which speaks for itself and is the best evidence of its content.  *See* **Exhibit A**.  NBCU denies any allegations inconsistent therewith.

104.    Paragraph 104 of the FAC purports to characterize the Whistleblower Complaint. NBCU respectfully refers the Court to the Whistleblower Complaint which speaks for itself and is the best evidence of its content.  *See* **Exhibit A**.  NBCU denies any allegations inconsistent therewith.

105.    Paragraph 105 of the FAC purports to characterize the Whistleblower Complaint.

---

[18] *See* note 4, *supra*.

NBCU respectfully refers the Court to the Whistleblower Complaint, which speaks for itself and is the best evidence of its content.  *See* **Exhibit A**.  NBCU denies any allegations inconsistent therewith.

106.    Paragraph 106 of the FAC refers to a press release issued by Project South.  NBCU respectfully refers the Court to this press release, which speaks for itself and is the best evidence of its content.  NBCU denies any allegations inconsistent therewith.  NBCU further denies any implication that its reporting is cabined by the information contained in a press release.

107.    Paragraph 107 of the FAC refers to a press release issued by Project South.  NBCU respectfully refers the Court to this press release, which speaks for itself and is the best evidence of its content.  NBCU denies any allegations inconsistent therewith.  NBCU further denies any implication that its reporting is cabined by the information contained in a press release.

108.    Paragraph 108 of the FAC refers to a press release issued by Project South.  NBCU respectfully refers the Court to this press release, which speaks for itself and is the best evidence of its content.  NBCU denies any allegations inconsistent therewith.  NBCU further denies any implication that its reporting is cabined by the information contained in a press release.

109.    NBCU denies each and every allegation in Paragraph 109 of the FAC.

110.    Paragraph 110 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits C(i)** (with the relevant segment beginning at page 12) and **C(ii)** (with the relevant segment beginning at 31:24).  NBCU denies any allegations inconsistent therewith.

111.    NBCU denies each and every allegation in Paragraph 111 of the FAC.

112.    Paragraph 112 of the FAC purports to characterize out-of-context statements taken

from the September 15, 2020 episode of "Deadline" White House" with Nicolle Wallace.  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits B(i)** (with the relevant segment beginning at page 27) and **B(ii)** (with the relevant segment beginning at 1:34:15).  NBCU denies any allegations inconsistent therewith.

      113.     Paragraph 113 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "Deadline" White House" with Nicolle Wallace.  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits B(i)** (with the relevant segment beginning at page 27) and **B(ii)** (with the relevant segment beginning at 1:34:15).  NBCU denies any allegations inconsistent therewith.

      114.     NBCU denies each and every allegation in Paragraph 114 of the FAC.

      115.     Paragraph 115 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits C(i)** (with the relevant segment beginning at page 12) and **C(ii)** (with the relevant segment beginning at 31:24).  NBCU denies any allegations inconsistent therewith.

      116.     NBCU denies each and every allegation in Paragraph 116 of the FAC.

      117.     NBCU admits that the Whistleblower Complaint did not identify by name specific women who made allegations about Dr. Amin's practices.  NBCU denies the implication in Paragraph 117 of the FAC that its reporting was inconsistent with the allegations contained in the Whistleblower Complaint.

      118.     NBCU denies each and every allegation in Paragraph 118 of the FAC.

      **Response to "The broadcasts contradicted the known facts"**

      119.     NBCU denies each and every allegation in Paragraph 119 of the FAC.

120.     NBCU denies each and every allegation in Paragraph 120 of the FAC.

121.     NBCU denies each and every allegation in Paragraph 121 of the FAC.

122.     Paragraph 122 of the FAC purports to quote a statement from a representative of ICE.  NBCU respectfully refers the Court to this statement, which speaks for itself and is the best evidence of its content.  *See* **Exhibit G**.  NBCU denies any allegations inconsistent therewith.

123.     Paragraph 123 of the FAC purports to quote a statement from a representative of ICE.  NBCU respectfully refers the Court to this statement, which speaks for itself and is the best evidence of its content.  *See* **Exhibit G**.  NBCU denies any allegations inconsistent therewith.

124.     Paragraph 124 of the FAC purports to quote a statement from a representative of ICE.  NBCU respectfully refers the Court to this statement, which speaks for itself and is the best evidence of its content.  *See* **Exhibit G**.  NBCU denies any allegations inconsistent therewith.

125.     NBCU denies each and every allegation in Paragraph 125 of the FAC.

126.     Paragraph 126 of the FAC purports to quote a statement from a representative of ICE.  NBCU respectfully refers the Court to this statement, which speaks for itself and is the best evidence of its content.  *See* **Exhibit G**.  NBCU denies any allegations inconsistent therewith.

127.     Paragraph 127 of the FAC purports to quote a statement from a representative of ICE.  NBCU respectfully refers the Court to this statement, which speaks for itself and is the best evidence of its content.  *See* **Exhibit G**.  NBCU denies any allegations inconsistent therewith and specifically denies that there was an "absence of any existing investigation at the time."

128.     NBCU denies each and every allegation in Paragraph 128 of the FAC.

129.     NBCU denies each and every allegation in Paragraph 129 of the FAC.  NBCU affirmatively alleges that it could not have included information from this ICE statement in the September 15, 2020 episode of "Deadline: White House" with Nicolle Wallace because ICE had

not yet provided that statement.  NBCU further alleges that this News Report nonetheless included

an earlier statement from ICE that NBCU had received before the broadcast.  *See* **Exhibit B(i)** at

29.

130.    NBCU denies each and every allegation in Paragraph 130 of the FAC.

131.    NBCU denies each and every allegation in Paragraph 131 of the FAC.

132.    NBCU denies each and every allegation in Paragraph 132 of the FAC.

133.    NBCU admits that the September 17, 2020 episode of "All In with Chris Hayes"

did not quote a statement from ICE.  NBCU affirmatively alleges that this News Report instead

included: (1) a statement from Dr. Amin's attorney denying the "whistleblower's allegations;" and

(2) another statement from Dr. Amin's attorney concerning Dr. Amin's previous settlement with

Department of Justice (which was itself based on a different "whistleblower" complaint and which

was the subject of this News Report).  *See* **Exhibit F(i)** at 14, 15.

134.    NBCU denies each and every allegation in Paragraph 134 of the FAC.

135.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the

FAC's allegations about ICE's specific medical review processes and, on that basis, denies each

and every allegation in Paragraph 135 of the FAC.

136.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the

FAC's allegations about ICE's specific medical review processes and, on that basis, denies each

and every allegation in Paragraph 136 of the FAC.

137.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 137 of the FAC and, on that basis, denies each and every allegation in

Paragraph 137.

138.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 138 of the FAC and, on that basis, denies each and every allegation in Paragraph 138.

139.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 of the FAC and, on that basis, denies each and every allegation in Paragraph 139.  NBCU incorporates by reference the affirmative allegations in Paragraphs 7 and 8.

140.    NBCU incorporates by reference the affirmative allegations in Paragraph 139.  On this basis, NBCU denies each and every allegation in Paragraph 140 of the FAC.

141.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141 of the FAC and, on that basis, denies each and every allegation in Paragraph 141.

142.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142 of the FAC and, on that basis, denies each and every allegation in Paragraph 142.

143.    NBCU incorporates by reference the affirmative allegations in Paragraph 139.  On this basis, NBCU denies each and every allegation in Paragraph 143 of the FAC.

144.    NBCU denies each and every allegation in Paragraph 144 of the FAC.

145.    NBCU denies each and every allegation in Paragraph 145 of the FAC.

146.    NBCU denies each and every allegation in Paragraph 146 of the FAC.

147.    NBCU denies each and every allegation in Paragraph 147 of the FAC.

148.    NBCU denies each and every allegation in Paragraph 148 of the FAC.

149.    Paragraph 149 of the FAC purports to characterize the September 15, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which

speaks for itself and is the best evidence of its content.  *See* **Exhibits C(ii)** (with the relevant segment beginning at 31:24).  NBCU denies any allegations inconsistent therewith.

150.     Paragraph 150 of the FAC purports to characterize the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

151.     Paragraph 151 of the FAC purports to characterize the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibit E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

152.     NBCU denies that it "failed to include an ICE statement available at the time." NBCU respectfully refers the Court to the September 15, 2020 episode the "The Rachel Maddow Show," which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59). NBCU affirmatively alleges that it included portions of this ICE statement that accurately reflect ICE's position.  *See* **Exhibit E(ii)** at 15:39.



**Response to "MSNBC purposefully avoided information that contradicted its narrative"**

153. NBCU denies each and every allegation in Paragraph 153 of the FAC. NBCU refers the Court to the News Reports, which speak for themselves and are the best evidence of their contents. *See* **Exhibits B(i)** through **F(i)**; **B(ii)** through **F(ii)**. NBCU affirmatively alleges that these News Reports included statements from ICE, Dr. Amin's attorney, DHS, and LaSalle Corrections.

154. NBCU denies each and every allegation in Paragraph 154 of the FAC.

155. NBCU admits that it in part relied on certain confidential sources in its reporting, including an interview with a woman treated by Dr. Amin who was identified only as "B."

156. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156 of the FAC and, on that basis, denies each and every allegation in Paragraph 156.

157. NBCU lacks information sufficient to form a belief as to the truth or falsity of whether HIPAA requirements prevented Dr. Amin from responding to the substance of patients' allegations and, on that basis, denies each and every allegation in Paragraph 157. NBCU affirmatively alleges that while Dr. Amin affirmatively and unequivocally denied the whistleblower's allegations, a statement that NBCU read and showed to viewers once Dr. Amin issued it, Dr. Amin never informed NBCU that he could not respond to allegations due to HIPAA requirements. NBCU further affirmatively alleges that the News Reports noted that ICE could not comment on medical records without a waiver due to privacy concerns. *See, e.g.,* **Exhibit D(i)** at 14.

158. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 of the FAC and, on that basis, denies each and every allegation in

Paragraph 158.

159. NBCU lacks information sufficient to form a belief as to the truth or falsity of whether HIPAA requirements prevented Dr. Amin from responding to the substance of patients' allegations and, on that basis, denies each and every allegation in Paragraph 159. NBCU incorporates by reference the affirmative allegations in Paragraph 157.

160. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 of the FAC and, on that basis, denies each and every allegation in Paragraph 160.

161. NBCU lacks information sufficient to form a belief as to the truth or falsity of whether HIPAA requirements prevented Dr. Amin from responding to the substance of patients' allegations and, on that basis, denies each and every allegation in Paragraph 161. NBCU incorporates by reference the affirmative allegations in Paragraph 157.

162. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 of the FAC and, on that basis, denies each and every allegation in Paragraph 162.

163. NBCU lacks information sufficient to form a belief as to the truth or falsity of whether HIPAA requirements prevented Dr. Amin from responding to the substance of patients' allegations and, on that basis, denies each and every allegation in Paragraph 163. NBCU incorporates by reference the affirmative allegations in Paragraph 157.

164. NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 of the FAC and, on that basis, denies each and every allegation in Paragraph 164.

165. NBCU lacks information sufficient to form a belief as to the truth or falsity of

whether HIPAA requirements prevented Dr. Amin from responding to the substance of patients' allegations and, on that basis, denies each and every allegation in Paragraph 165. NBCU incorporates by reference the affirmative allegations in Paragraph 157.

166.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166 of the FAC and, on that basis, denies each and every allegation in Paragraph 166.

167.    NBCU denies each and every allegation in Paragraph 167 of the FAC.

168.    NBCU denies each and every allegation in Paragraph 168 of the FAC.

169.    NBCU denies each and every allegation in Paragraph 169 of the FAC.

170.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 of the FAC and, on that basis, denies each and every allegation in Paragraph 170.

171.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171 of the FAC and, on that basis, denies each and every allegation in Paragraph 171.

172.    NBCU denies the allegations in Paragraph 172 of the FAC. NBCU affirmatively alleges that it included a statement from Dr. Amin's lawyer that incorporated, in part, a version of a statement given by a lawyer for Project South to *The Washington Post*. *See* **Exhibit D(i)** at 17; **Exhibit D(ii)** at 42:17.



173.    NBCU denies each and every allegation in Paragraph 173 of the FAC.

174.    NBCU denies each and every allegation in Paragraph 174 of the FAC.

175.    Paragraph 175 of the FAC purports to quote a statement from a representative of ICE.  NBCU respectfully refers the Court to this statement, which speaks for itself and is the best evidence of its content.  *See* **Exhibit G**.  NBCU denies any allegations inconsistent therewith.

176.    NBCU denies each and every allegation in Paragraph 176 of the FAC.

177.    NBCU denies each and every allegation in Paragraph 177 of the FAC.  NBCU affirmatively alleges that both of these statements were included in the News Reports.  *See* **Exhibit C(i)** at 12; **Exhibit C(ii)** at 33:00; **Exhibit D(i)** at 17; **Exhibit D(ii)** at 42:27; **Exhibit E(i)** at 8; **Exhibit E(ii)** at 15:39.






178.    NBCU admits that it did not retract the News Reports.  Except as so admitted, NBCU denies each and every remaining allegation in Paragraph 178 of the FAC.

179.    NBCU denies each and every allegation in Paragraph 179 of the FAC.

180.    NBCU denies each and every allegation in Paragraph 180 of the FAC.

181.    NBCU denies each and every allegation in Paragraph 181 of the FAC.

182.    NBCU denies each and every allegation in Paragraph 182 of the FAC.

183.    Paragraph 183 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

184.     Paragraph 184 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

185.     Paragraph 185 of the FAC purports to characterize out-of-context statements taken from the September 17, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits F(i)** (with the relevant segment beginning at page 13) and **F(ii)** (with the relevant segment beginning at 34:49).  NBCU denies any allegations inconsistent therewith.

186.     Paragraph 186 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

### Response to "MSNBC created a narrative that Dr. Amin was part of the Trump administration's inhumane policies"

187.     NBCU denies each and every allegation in Paragraph 187 of the FAC.

188.     NBCU admits the allegations in Paragraph 188 of the FAC.

189.     NBCU denies each and every allegation in Paragraph 189 of the FAC.

190.     NBCU denies each and every allegation in Paragraph 190 of the FAC.

191.     Paragraph 191 of the FAC purports to characterize out-of-context statements taken from the September 16, 2020 episode of "All In with Chris Hayes."  NBCU respectfully refers the Court to this News Report, which speaks for itself and is the best evidence of its content.  *See*

36

Exhibits **D(i)** (with the relevant segment beginning at page 13) and **D(ii)** (with the relevant segment beginning at 25:52).  NBCU denies any allegations inconsistent therewith.

192.     Paragraph 192 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

193.     Paragraph 193 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

194.     Paragraph 194 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

195.     Paragraph 195 of the FAC purports to characterize out-of-context statements taken from the September 15, 2020 episode of "The Rachel Maddow Show."  NBCU respectfully refers the Court to the September 15, 2020 News Report, which speaks for itself and is the best evidence of its content.  *See* **Exhibits E(i)** (with the relevant segment beginning at page 5) and **E(ii)** (with the relevant segment beginning at 06:59).  NBCU denies any allegations inconsistent therewith.

196.     NBCU denies each and every allegation in Paragraph 196 of the FAC.

197.   NBCU denies each and every allegation in Paragraph 197 of the FAC.

198.   NBCU denies each and every allegation in Paragraph 198 of the FAC.

199.   NBCU denies each and every allegation in Paragraph 199 of the FAC.

200.   NBCU denies each and every allegation in Paragraph 200 of the FAC.

201.   NBCU denies each and every allegation in Paragraph 201 of the FAC.

## <u>RESPONSE TO CAUSE OF ACTION FOR DEFAMATION</u>

202.   NBCU realleges and incorporates by reference its responses to Paragraphs 1-201 of the FAC as though the same were set forth herein in their entirety.

203.   NBCU denies each and every allegation in Paragraph 203 of the FAC.

204.   NBCU denies each and every allegation in Paragraph 204 of the FAC.

205.   NBCU denies each and every allegation in Paragraph 205 of the FAC.

206.   NBCU denies each and every allegation in Paragraph 206 of the FAC.

207.   NBCU denies each and every allegation in Paragraph 207 of the FAC.

208.   NBCU denies each and every allegation in Paragraph 208 of the FAC.

209.   NBCU denies each and every allegation in Paragraph 209 of the FAC.

210.   NBCU denies each and every allegation in Paragraph 210 of the FAC.

### Response to "Publication with actual malice"

211.   NBCU denies each and every allegation in Paragraph 211 of the FAC.  NBCU affirmatively alleges that it did not act with actual malice in publishing the News Reports.

212.   NBCU denies each and every allegation in Paragraph 212 of the FAC.

213.   NBCU denies each and every allegation in Paragraph 213 of the FAC.

214.   NBCU denies each and every allegation in Paragraph 214 of the FAC.

215.   NBCU denies each and every allegation in Paragraph 215 of the FAC.

216.    NBCU denies each and every allegation in Paragraph 216 of the FAC.

217.    NBCU denies each and every allegation in Paragraph 217 of the FAC.

218.    NBCU denies each and every allegation in Paragraph 218 of the FAC.

219.    NBCU denies each and every allegation in Paragraph 219 of the FAC.

220.    NBCU denies each and every allegation in Paragraph 220 of the FAC.

221.    NBCU denies each and every allegation in Paragraph 211 of the FAC.

222.    NBCU admits that on August 26, 2021, Stacey Evans, on behalf of Plaintiff, sent a letter to MSNBC.  NBCU respectfully refers the Court to this letter, which speaks for itself and is the best evidence of its content.

223.    NBCU denies each and every allegation in Paragraph 223 of the FAC.

### Response to "Damages"

224.    NBCU denies each and every allegation in Paragraph 224 of the FAC.

225.    NBCU denies each and every allegation in Paragraph 225 of the FAC.  NBCU affirmatively alleges that Plaintiff was not identified by name in each of the News Reports.

226.    NBCU denies each and every allegation in Paragraph 226 of the FAC.

227.    NBCU denies each and every allegation in Paragraph 227 of the FAC.

228.    NBCU denies each and every allegation in Paragraph 228 of the FAC.

229.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 229 of the FAC and, on that basis, denies each and every allegation in Paragraph 229.

230.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 230 of the FAC and, on that basis, denies each and every allegation in Paragraph 230.

231.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 231 of the FAC and, on that basis, denies each and every allegation in Paragraph 231.

232.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 232 of the FAC and, on that basis, denies each and every allegation in Paragraph 232.

233.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 233 of the FAC and, on that basis, denies each and every allegation in Paragraph 233.

234.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 234 of the FAC and, on that basis, denies each and every allegation in Paragraph 234.

235.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 235 of the FAC and, on that basis, denies each and every allegation in Paragraph 235.

236.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 236 of the FAC and, on that basis, denies each and every allegation in Paragraph 236.

237.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 237 of the FAC and, on that basis, denies each and every allegation in Paragraph 237.

238.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 238 of the FAC and, on that basis, denies each and every allegation in

Paragraph 238.

239.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 239 of the FAC and, on that basis, denies each and every allegation in Paragraph 239.

240.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 240 of the FAC and, on that basis, denies each and every allegation in Paragraph 239.

241.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 241 of the FAC and, on that basis, denies each and every allegation in Paragraph 241.

242.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 242 of the FAC and, on that basis, denies each and every allegation in Paragraph 242.

243.    NBCU denies each and every allegation in Paragraph 243 of the FAC.

244.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 244 of the FAC and, on that basis, denies each and every allegation in Paragraph 244.

245.    NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 245 of the FAC and, on that basis, denies each and every allegation in Paragraph 245.  NBCU affirmatively alleges, however, that the government began the process of closing ICDC in May 2021.

246.    NBCU denies each and every allegation in Paragraph 246 of the FAC.

247.    NBCU denies each and every allegation in Paragraph 247 of the FAC.

248.   NBCU denies each and every allegation in Paragraph 248 of the FAC.

249.   NBCU denies each and every allegation in Paragraph 249 of the FAC.

250.   NBCU denies each and every allegation in Paragraph 250 of the FAC.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the FAC.  NBCU denies all allegations, declarations, claims, or assertions in the FAC that are not specifically admitted in this Answer.  To the extent the headlines contained in the FAC constitute allegations, such allegations are denied.  With respect to the WHEREFORE clauses in the FAC, NBCU denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Further responding to the FAC, NBCU asserts the following defenses.  NBCU does not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses.  By designating the following as defenses, NBCU does not in any way waive or limit any defense that are or may be raised by its denials, allegations, and averments set forth herein. The defenses are pled in the alternative, are raised to preserve NBCU's right to assert such defenses, and are raised without prejudice to NBCU's ability to raise other and further defenses. NBCU reserves the right to amend, supplement, and/or otherwise modify this Answer, including, without limitation, the right to assert additional defenses that may become known to it through discovery or otherwise.

## FIRST DEFENSE

The FAC is barred because it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claim is barred because the challenged statements are privileged and protected

by the First and Fourteenth Amendment to the United States Constitution, Article I, Section I of the Georgia Constitution, and Article I, Section 8 of the New York Constitution.

### THIRD DEFENSE

Plaintiff's claim is barred under New York Civil Rights Law Section 76-a(2) because this is an action involving public petition and participation, and Plaintiff cannot establish, by clear and convincing evidence, that NBCU acted with actual malice as to the publication of the challenged statements.

### FOURTH DEFENSE

Plaintiff's claim is barred because the challenged statements are absolutely privileged under New York Civil Rights Law Section 74 as a fair and true report on an official proceeding.

### FIFTH DEFENSE

Plaintiff's claim is barred by the privilege in O.C.G.A. §§ 51-5-7(5)-(6) because the challenged statements are fair and honest reports of legislative or judicial bodies or of judicial or quasi-judicial proceedings.

### SIXTH DEFENSE

Plaintiff's claim is barred by the qualified privilege in O.C.G.A. § 51-5-7(4) because the challenged statements were made in good faith as part of an act in furtherance of NBCU's right to petition or right to free speech in connection with an issue of public interest or concern.

### SEVENTH DEFENSE

Plaintiff's claim is barred because the challenged statements are true or substantially true and thus cannot be the basis for a defamation action.

### EIGHTH DEFENSE

Plaintiff's claim is barred because he is a public official and/or limited purpose public

figure and cannot assert facts sufficient to show, by clear and convincing evidence, that NBCU acted with actual malice as to the publication of the challenged statements.

## NINTH DEFENSE

Plaintiff's claim is barred because he cannot assert facts sufficient to show that NBCU acted with gross irresponsibility as to the publication of the challenged statements.

## TENTH DEFENSE

Plaintiff's claim is barred because he cannot assert facts sufficient to show that NBCU acted negligently as to the publication of the challenged statements.

## ELEVENTH DEFENSE

Plaintiff's claim is barred because the challenged statements are non-actionable statements of opinion.

## TWELFTH DEFENSE

Plaintiff's claim is barred because he has not suffered any actual harm or damages proximately caused by any of the challenged statements.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages fails because it would violate NBCU's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, the alleged conduct at issue here is not sufficiently reprehensible to warrant any punitive damages recovery.

Dated: May 10, 2022

Respectfully submitted,

| | |
|---|---|
| */s/ Elizabeth A. McNamara* | */s/ Cynthia L. Counts* |
| Elizabeth A. McNamara | Cynthia L. Counts |
| (admitted *pro hac vice*) | Georgia Bar No. 190280 |
| Amanda B. Levine | FISHERBROYLES, LLP |

(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10028
Telephone: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com

945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
Telephone: (404) 550-6233
cynthia.counts@fisherbroyles.com

R. Bates Lovett, Esq.
Georgia Bar No. 459568
FISHERBROYLES, LLP
2 East Bryan Street, Suite 436
Savannah, GA 31401
Telephone: (912) 335.4467
bates.lovett@fischerbroyles.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 10th day of May, 2022, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com

Tiffany N. Watkins
twatkins@staceyevanslaw.com

Scott R. Grubman
sgrubman@cglawfirm.com

*Cynthia L. Counts*
Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
Telephone: (404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

|  |  |
|---|---|
| DR. MAHENDRA AMIN, M.D., |  |
| Plaintiff, | Case No. 5:21-cv-00056-LGW-BWC |
| v. |  |
| NBCUNIVERSAL MEDIA, LLC, |  |
| Defendant. |  |

Pursuant to 28 U.S.C. § 1746, **Cory Gnazzo**, hereby declares and states:

1.      I am the Executive Producer of "The Rachel Maddow Show."

2.      I have read defendant NBCUniversal Media, LLC's Answer to the First Amended Complaint and am familiar with its contents.  With respect to those matters concerning "The Rachel Maddow Show" as to which I have personal knowledge, I affirm that such facts are true and correct.  With respect to all other matters concerning "The Rachel Maddow Show," I am informed and believe the matters stated therein are true and correct.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of May 2022, at New York, New York

CORY GNAZZO

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

---

DR. MAHENDRA AMIN, M.D.,

        Plaintiff,

    v.

NBCUNIVERSAL MEDIA, LLC,

        Defendant.

Case No. 5:21-cv-00056-LGW-BWC

---

Pursuant to 28 U.S.C. § 1746, **Denis Horgan**, hereby declares and states:

1.      I am the Executive Producer of "All In With Chris Hayes."

2.      I have read defendant NBCUniversal Media, LLC's Answer to the First Amended Complaint and am familiar with its contents.  With respect to those matters concerning "All In With Chris Hayes" as to which I have personal knowledge, I affirm that such facts are true and correct.  With respect to all other matters concerning "All In With Chris Hayes," I am informed and believe the matters stated therein are true and correct.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of May 2022, at New York, New York

DENIS HORGAN

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

DR. MAHENDRA AMIN, M.D.,

    Plaintiff,

v.

NBCUNIVERSAL MEDIA, LLC,

    Defendant.

Case No. 5:21-cv-00056-LGW-BWC

Pursuant to 28 U.S.C. § 1746, **Patrick Burkey**, hereby declares and states:

1. I am the Executive Producer of "Deadline: White House" with Nicolle Wallace.

2. I have read defendant NBCUniversal Media, LLC's Answer to the First Amended Complaint and am familiar with its contents.   With respect to those matters concerning "Deadline: White House" as to which I have personal knowledge, I affirm that such facts are true and correct.   With respect to all other matters concerning "Deadline: White House," I am informed and believe the matters stated therein are true and correct.

3. I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 10th day of May 2022, at New York, New York

PATRICK BURKEY