# EXHIBIT J

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| YANIRA YESENIA OLDAKER, *et al.*, : | |
| : | |
| Petitioners-Plaintiffs, : | |
| : | CASE NO.: 7:20-CV-00224 (WLS) |
| v. : | |
| : | |
| TAE D. JOHNSON, *et al.*, : | |
| : | |
| Respondents-Defendants. : | |
| : | |

## **ORDER**

Previously, the Court granted a Motion to Stay this case for 90 days, filed by the federal Respondents proceeding in their official capacities (the "Federal Respondents") and ordered that the Federal Respondents update the Court as to whether an extension of the stay was necessary. (Doc. 168.) Thereafter, the Court granted the Federal Respondents' subsequent request to extend the stay of this case as it was unopposed, and the Court stayed this case until January 7, 2022, by which date the Federal Respondents were ordered to file a status report and, if applicable, to explain the appropriateness of an extension of the stay. (Doc. 178.)

The Federal Respondents timely filed a status report stating that investigations into the alleged misconduct is expected to continue for several additional months and requesting an extension of the stay of this case until April 7, 2022. (Doc. 179.) Petitioners-Plaintiffs ("Petitioners") timely filed an "Opposition to Extension of Stay," requesting to amend their Amended Consolidated Complaint (Doc. 54) to add a new claim, to allow briefing and resolution of the Hospital Authority of Irwin County's Motion to Dismiss (Doc. 165), and to allow for some discovery. (Doc. 183.) Two reply briefs were timely filed. (Docs. 185 & 186.) In the first, Dr. Mahendra Amin states that he does not oppose the Court lifting the stay and resolving the motions to dismiss but he asks that he be permitted to file a motion or response to the Petition-Complaint only after Petitioners have amended it. (Doc. 185.) In the second reply, the Federal Respondents state that while they do not oppose allowing Petitioners to move to amend their complaint—the amendment of which would moot the pending motion

1

to dismiss—they oppose lifting the stay of discovery "because Petitioners' claims are simultaneously under investigation by Congress and other federal authorities, including for potential criminal concerns." (Doc. 186 at 2.)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In exercising that discretion, courts can consider all relevant factors such as the burdens on the parties and possibility of prejudice, the impact on the public welfare and convenience, and the promotion of judicial economy and efficiency. *Id.*; *Brent v. Source Interlink Distribution, LLC*, No. 2:14-cv-52-FtM-38DNF, 2014 U.S. Dist. LEXIS 116609, at *5 (M.D. Fla. Aug. 21, 2014) ("In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court."). "A court must stay a civil proceeding pending resolution of a criminal prosecution only when special circumstances so require in the interests of justice." *S.E.C. v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008) (quoting *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)). "Commonly cited considerations include: '(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.'" *Abrams v. Tuberville*, No. 3:12cv177-MHT (WO), 2013 U.S. Dist. LEXIS 30654, at *8 (M.D. Ala. Mar. 6, 2013) (citation omitted).

Here, the Federal Respondents' reasons for requesting an extension of the stay are compelling: the claims in this case and the ongoing criminal investigation concern the same alleged violations, the evidence being gathered in the investigation will likely overlap with the discovery that will be sought in this case, and the Federal respondents are still responding to requests from Congressional committees regarding the allegations at issue in this case. (Doc. 179 at 2; *see also* Doc. 109.) Nonetheless, while these reasons may warrant a temporary delay in discovery, they do not warrant "special circumstances" requiring that this case be stayed in its entirety "in the interests of justice." *S.E.C.*, 261 F. App'x at 263. Petitioners will be

2

prejudiced in their pursuit of speedy civil litigation if this case is unable to proceed whatsoever while the criminal investigation continues. Further, no party has provided a reason that the Court should not allow the Complaint to be amended and the motions to dismiss to be filed and resolved.

Thus, in balancing the relevant factors and the respective burdens on the Parties and Court, the Court hereby **LIFTS** the stay of this case. Petitioners shall file a Motion to Amend their Consolidated Complaint **no later than Tuesday, February 22, 2022**.[1] Defendants-Respondents may respond thereto **no later than Tuesday, March 5, 2022**. If the amended complaint is allowed, Defendants-Respondents[2] are permitted to file an answer or response thereto no later than twenty-one days after the amended complaint is filed. By the same date, the Hospital Authority of Irwin County should either file an amendment or supplement to its pending Motion to Dismiss (Doc. 165), a notice that it has nothing further to add to the motion to dismiss, or a new motion to dismiss clarifying that the previously filed motion is withdrawn. Petitioners shall then respond to any motions to dismiss within twenty-one days thereafter.

Discovery in this case remains **STAYED** until further order of the Court for good cause as explained herein.

**SO ORDERED**, this 1st day of February 2022.

                                                  /s/ W. Louis Sands
                                                  **W. LOUIS SANDS, SR. JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[1] As Petitioners have already amended as a matter of course (*see* Docs. 32 & 33), a motion to amend with a proposed amended complaint should be filed.

[2] These deadlines apply to all Defendants-Respondents, including Dr. Amin. If amendment is not allowed, any related deadlines will be reset by the Court.

3