**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

**DR. MAHENDRA AMIN, M.D.**                                              **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 5:21-CV-00056-LGW-BWC**

**NBCUNIVERSAL MEDIA, LLC**                                              **DEFENDANTS**

**NON-PARTY LASALLE SOUTHEAST, LLC'S
<u>MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA</u>**

**NOW INTO COURT,** through undersigned counsel comes non-party, LASALLE SOUTHEAST, LLC (hereinafter "LaSalle Southeast") and files this *Memorandum in Support* of its *Motion to Quash Subpoena* seeking to quash a subpoena issued by counsel for the Defendant, which requests information regarding other cases pending in the United States District Court for the Middle District of Georgia.[1] In support of its *Motion to Quash*, LaSalle Southeast submits as follows:

### I. INTRODUCTION

LaSalle Southeast is the subject of a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* (hereinafter "Subpoena") issued on March 17, 2023 by counsel for the Defendant, NBC UNIVERSAL MEDIA, LLC ("NBC Universal"). A copy of the subpoena served on LaSalle Southeast is attached to the Motion as Exhibit "A." The Subpoena seeks documents regarding the Plaintiff in the captioned matter, DR. MAHENDRA AMIN, M.D. ("Dr. Amin"). The Subpoena fails to allow reasonable time to comply, violates the place of compliance, requires disclosures of privileged matters, and subjects LaSalle to undue burden and expense. For all of the reasons discussed herein, LaSalle Southeast respectfully requests that this Court quash the Subpoena at issue.

---

[1] *See Rocha v Giles*, 7:22-cv-00075-WLS and *Oldaker v Giles*, 7:20-cv-00224-WLS.

## II.     ARGUMENT

**A.  The Subpoena Demands an Unreasonable Time to Comply.**

The subpoena was issued by this Court to LaSalle Southeast on March 17, 2023, and served on LaSalle's registered agent in Georgia on March 20, 2023. LaSalle Southeast's registered agent then sent the subpoena, via next day air, to LaSalle Southeast on March 21, 2023. *See* Exhibit "A."  The Subpoena compels a response by March 31, 2023, which gave LaSalle Southeast ten days to serve responsive documents.  Federal Rule 45 provides that "the Court . . .must quash or modify a subpoena that . . . fails to allow a reasonable time to comply." FED. R. CIV. P. 45(d)(3)(A)(i).  "Rule 45(d)(3) does not set a minimum amount of time required to be considered a reasonable time to comply, so courts make the determination of reasonableness on a case-by-case basis." *Bailey v. Fair & Walker Unit Owners Ass'n, Inc.*, 2023 WL 2119490 at *2 (N.D. Ga. Jan. 17, 2023) (quoting *BMO Harris Bank, N.A. v. Richert Funding, LLC,* 2016 WL 11531451 at *5 n.5 (N.D. Ga. Dec. 27, 2016)).  However, nine days can be unreasonable. *Id.*  In this case, the Subpoena was received by LaSalle Southeast on March 21, 2023, thereby giving it ten days to respond to document requests. *See* Exhibit "A" at pp. 1-3. The twelve Requests included with the Subpoena seek a wide range of documents and also communications with several entities including ICDC, Dr. Amin, Scott Grubman, any new entity, any federal or state government agency including DHS, HHS, ICE, DOJ, the Senate, the FBI, and the Georgia Medical Board. *Id.* at pp. 11-12.  Even if these request were not otherwise objectionable, ten days is an unreasonable amount of time to gather, review, redact and produce documents in response to the Subpoena.  For this reason alone, LaSalle Southeast respectfully requests the Court quash the subpoena.

**B.  The Subpoena Demands an Improper Production Location.**

The Subpoena commands LaSalle Southeast produce responsive documents as follows: "Via Mail: Elizabeth McNamara, Davis Write Tremaine LLP, 1251 Avenue of the Americas, 21st Floor, New York, New York 10020; or lizmcnamara@dwt.com." *See* Exhibit "A" at p. 3. This demand for production is improper under Federal Rule 45 because it commands production outside the jurisdiction of this Court. For subpoenas seeking production of documents, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." *Collins v. Koch Foods, Inc.*, 2019 WL 2520308 at *2 (S.D. Ga. June 18, 2019) (quoting FED. R. CIV. P. 45 (c)(2)(A)). "The prevailing rule across federal courts is that a subpoena's place of compliance is the district where documents are to be produced." *Id.* (citations omitted). In this case, LaSalle Southeast is a Georgia entity with its principle place of business in 192 Bastille Lane, Suite 200, Ruston, LA, 71270. *See* Georgia Secretary of State Business filings for LaSalle Southeast, LLC.[2]  Additionally, LaSalle Southeast operates the Irwin County Detention Center located at 132 Cotton Drive, Ocilla, GA 31774 located in Irwin County in the Middle District of Georgia.  Documents requested in the Subpoena may be located at both locations.  However, New York is not within 100 miles of either location.  This Subpoena requests production of documents from Louisiana and Georgia to New York which is improper under Rule 45.  For this reason alone, LaSalle Southeast respectfully requests the Court quash the subpoena.

**C.     The Subpoena seeks disclosure of privileged information.**

Several of the twelve Requests attached to the Subpoena seek privileged information. *See* Exhibit "A" at pp. 11-12.  Requests Nos. 1, 2, 3 and 4 all seek communications, investigations

---

[2] Courts can take judicial notice of public records maintained by a secretary of state. *See NP 301, LLC v. Liberty Mut. Ins.* Co., 2020 WL 10622591 at *5 (N.D. Ga. Aug. 7, 2020).

and witness interview notes which, to the extent they involved or were conducted by counsel for LaSalle Southeast, are protected by attorney client privilege. *Id*. at p. 11. Under Rule 45, courts must quash or modify a subpoena when the subpoena requires disclosure of privileged or other protected matter. *See* FED. R. CIV. P. 45(d)(3)(A)(iii). LaSalle Southeast respectfully requests the Court quash the Subpoena in its entirety. Alternatively, LaSalle Southeast respectfully requests the Court modify the Subpoena to remove Requests Nos. 1 through 4 to the extent they seek documents protected by the attorney-client privilege.

**D.     The Document Requests contained in the Subpoena are overly broad and subject LaSalle Southeast to Undue Burden.**

Rule 45 requires parties "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). Additionally, under Rule 45, courts are required to "quash or modify a subpoena" when the subpoena "subjects a person to an undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). Additionally, "Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26 because the latter rule clearly defines the scope of discovery for all discovery devices." *Castleberry v. Camden Cnty.*, 331 F.R.D. 559, 562 (S.D. Ga. 2019)(citations omitted). "The Court, however, must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Id.* at 563 (citing FED. R. CIV. P. 26(b)(2)(C); *Pinehaven Plantation Properties, LLC v. Mountcastle Family LLC*, 2013 WL 6734117 at *1 (M.D. Ga. Dec. 19, 2013) ("In short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance.")). Importantly, "[n]on-party status is a factor courts may consider when analyzing whether a subpoena is unduly

burdensome." *Id.* (citing *Pinehaven*, 2013 WL 6734117 at *2 ("It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery.")). "The burden on the non-party is particularly great when the party issuing the subpoena seeks private information." *Id.* (citing *Pinehaven*, 2013 WL 6734117 at *2). Thus, "the court may nonetheless limit non-party discovery when the information is available through less-intrusive avenues." *Id.* (quoting *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2008 WL 2645680 at *5 (S.D. Fla. June 26, 2008)).

The twelve document Requests attached to the Subpoena seek information regarding Dr. Amin, complaints against Dr. Amin, investigation of Dr. Amin, contracts with Dr. Amin, termination of Dr. Amin's relationship with LaSalle Southeast, policies for medical treatment of detainees, communications with government agencies concerning Dr. Amin, documents provided to the Senate Subcommittee on Investigations, transport records of detainees for visits with Dr. Amin, documents of the number of referrals from the facility to Dr. Amin. *See* Exhibit "A" at pp. 11-12. Request 12 highlights the issue here – "Documents sufficient to show the number of referrals from each ICE facility in the United States to any Obstetrician-gynecologist." *Id.* at p. 12. LaSalle has no information or documents responsive to Request 12 and it is more appropriately a request directed to the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE").

Upon information and belief, NBC Universal has already served a subpoena to ICE for the documents surrounding Dr. Amin. ICE would be the correct entity to whom NBC Universal should direct its requests, not LaSalle Southeast. To that point, NBC Universal's document Requests cite to a November 15, 2022 Senate Subcommittee Staff Report. *See* Exhibit "A" at p. 12, n.1. The Report shows Dr. Amin is not and was not an employee of LaSalle. *See* Senate

Subcommittee Staff Report at p. 23 ("If ICDC was unable to provide certain medical services with its on-site medical staff, it would transfer detainees off-site to receive medical services from providers in the community."); *see also* p. 25 ("If ICDC [LaSalle Southeast] medical personnel determine that they lack the capabilities or capacity to treat a particular ailment on-site, they would refer the patient to an outside provider.  ICE would review and make the determination on whether the detainee would see an outside provider.");  *see also*, p. 25 ("according to LaSalle's agreement with ICE, the primary point of contact for obtaining pre-approval for non-emergent care as well as the post approval for emergent care will be the IHSC FMC [ICE Health Service Corp Field Medical Coordinator] assigned to ICDC.").  Thus, LaSalle Southeast submits that  all of the document Requests are more appropriately directed to ICE.

Moreover, in order for LaSalle Southeast to respond to the document Requests in the Subpoena, LaSalle Southeast would need to obtain authority from ICE.  The documents requested arise under ICE's Intergovernmental Service Agreement with Irwin County, Georgia and LaSalle Southeast's subcontract with Irwin County.  As such, the more appropriate target of the Subpoena is ICE, which controls the requested documents.  Again, upon information and belief, ICE is already the subject of a subpoena in the matter.

LaSalle Southeast further submits that the subject document Requests are overly broad and create an undue burden on LaSalle Southeast to produce voluminous documents beyond what is at issue in this action between Dr. Amin and NBC Universal.  The Complaint alleges false and defamatory actions by NBC Universal in broadcasts airing in September 2020.  *See* Complaint, Doc. No. 1 at ¶¶ 1-6.  The document Requests in the Subpoena, however, seek documents from LaSalle Southeast  for the time-period "January 1, 2014 through the present."

*See* Exhibit "A" at p. 7.  The Subpoena, therefore, is overly broad and subjects LaSalle Southeast to undue burden.

Furthermore, the document Requests in the Subpoena seek medical records of detainees that were housed in the LaSalle managed facility, ICDC. *See* Exhibit "A" at p. 12 ("All medical records and other documents provided in response to any subpoenas issued by the Senate Permanent Subcommittee on Investigations . . ."). To the extent that LaSalle has any medical records of detainees, those will be for irrelevant on-site medical care, not the off-site medical care provided by Dr. Amin and approved by the IHSC FMC.  Commanding LaSalle Southeast to obtain approval not only from the detainees themselves but also ICE in order to release these medical records would place an unreasonable and undue burden on LaSalle Southeast. In any event, LaSalle Southeast understands that the documents at issue have already been requested from ICE via a separate subpoena.  LaSalle Southeast, therefore, respectfully requests that the Subpoena directed to it be quashed.

Further, the document Requests in the Subpoena request documents involved in two other federal court cases pending in the Middle District of Georgia. *See* n.1, *supra*. LaSalle was recently dismissed from one of the cases, however, the other case, *Oldaker*, remains pending. Oldaker is a class action filed by detainees against Dr. Amin, LaSalle Southeast and other defendants. *See generally*, *Oldaker v Giles*, 7:20-cv-00224-WLS, Docket.  More importantly, discovery in the *Oldaker* class action is stayed. *See Oldaker v Giles*, 7:20-cv-00224-WLS at Docs. 168 and 187.  Dr. Amin recently attempted to serve deposition subpoena to some of the Plaintiffs in *Oldaker* to which their counsel filed a *Motion for an Order to Show Cause for Defendant Amin's Failure to Comply with the Court's Discovery Stay*. *Id.* at Doc. 277.   In light of the discovery stay in *Oldaker* and the possibility of additional litigation as to violation of the

stay, LaSalle Southeast, therefore, respectfully requests that the Subpoena directed to it be quashed.

Finally, and in the alternative, if the Court should not quash the subpoena and instead limit it, LaSalle Southeast requests entry of a protective order. LaSalle Southeast respectfully requests a protective order that any documents produced in response to NBC Universal's Subpoena be restricted for use in this case only and subject to destruction at the close of this case.

### III. CONCLUSION

The issuance and scope of the Subpoena fail to comply with the requirements of the Federal Rules of Civil Procedure. Specifically, the Subpoena is not properly issued as it does not allow a reasonable time for response, it commands production outside of 100 miles, requires disclosure of privileged materials, and is overly broad and unduly burdensome. For all of these reasons discussed more fully herein, LaSalle Southeast submits that the Subpoena should be quashed and declared invalid and of no effect.

THIS, the 31st day of March, 2023.

        Respectfully submitted,

        **LASALLE SOUTHEAST, LLC**

        By:  *s/ Justin K. Sauls*
            Justin K. Sauls
            One of its Attorneys

**OF COUNSEL:**

JUSTIN K. SAULS (GA Bar No. 772266)
McGLINCHEY STAFFORD, PLLC
6688 N. Central Expressway, Ste 400
Dallas, TX 75206
T (214) 445-2410  F (214) 594-2311
Email: jsauls@mcglinchey.com

and

DEIRDRE C. MCGLINCHEY (*pro hac vice to be requested*)
Louisiana Bar Roll #24167
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com

and

JOHN T. ROUSE (GA Bar No. 868514)(*pro hac vice to be requested*)
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com

*Counsel for nonparty, LaSalle Southeast, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2023, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 31st day of March, 2023.

*s/ Justin K. Sauls*
JUSTIN K. SAULS