UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>　　　　　Defendant. | Case No. 5:21-cv-00056-LGW-BWC |

**JOINT MOTION TO EXTEND DISCOVERY**

Plaintiff Dr. Mahendra Amin and Defendant NBCUniversal Media, LLC jointly move the Court to extend the deadlines in the Court's Amended Scheduling Order (Doc. 61) by 60 days for discovery and 90 days for motion practice. Pursuant to Local Rule 26.2, this motion is accompanied by a proposed, modified Scheduling Order which includes the requested time extension. The Court's Original Scheduling Order requires: "The showing of good cause necessary to obtain an extension of any of these deadlines requires a specific showing of what the parties have accomplished to date in discovery, what remains to be accomplished, and why the parties have not been able to meet the Court's deadlines." In support of the motion, the parties show the Court as follows:

1.

On January 13, 2022, this Court issued a Scheduling Order setting discovery deadlines in this case. Doc. 28.

2.

On April 19, 2022, the Court granted in part and denied in part NBCUniversal's motion to stay discovery, ruling that discovery be stayed until the Court ruled on NBCUniversal's motion for judgment on the pleadings. Doc. 43.[1]

3.

On November 16, 2022, the Court granted in part and denied in part NBCUniversal's motion for judgment on the pleadings. Doc. 54.

4.

The parties conferred and moved for an amended scheduling order, and the Court issued an Amending Scheduling Order on November 28. Doc. 61.

5.

The Amended Scheduling Order (Doc. 61) remains operative, and the deadlines the parties seek to extend have not expired. Specifically, the deadline for discovery depositions of fact witnesses is July 31, 2023.

6.

The parties have engaged in extensive discovery.

7.

Discovery in this case has included the parties exchanging multiple productions of documents and responses to interrogatories.

---

[1] Although that motion for judgment on the pleadings became moot when Dr. Amin filed his amended complaint, on May 20, 2022, the Court granted NBCUniversal's unopposed second motion to stay discovery until the Court ruled on NBCUniversal's renewed motion for judgment on the pleadings. Doc. 54.

2

8.

While the parties have been able to resolve most discovery disputes that have arisen without Court intervention, both parties anticipate that there may be a few outstanding issues that require resolution by this Court.

9.

Discovery in this case has also included the parties taking multiple depositions, including Dr. Amin's deposition of several NBCUniversal employees.

10.

There remain several depositions that have not been conducted but that the parties have cooperatively scheduled in June and July, including Dr. Amin's deposition of additional NBCUniversal employees and NBCUniversal's deposition of Dr. Amin.

11.

The parties anticipate that they may need to serve additional discovery requests based on information learned during these depositions.

12.

Discovery in this case has also included the parties subpoenaing non-parties for productions of documents and to take depositions pursuant to Federal Rule of Civil Procedure 45.

13.

Although many non-parties have complied with the parties' requests for discovery and collaborated with the parties to avoid litigation, several have attempted to litigate their obligations.  For example, Dr. Amin has subpoenaed for deposition (and NBCUniversal also desires testimony from) several detainees of the United States Immigration and Customs

Enforcement who were detained at the Irwin County Detention Center who have separately brought a lawsuit against Dr. Amin in the United States District Court for the Middle District of Georgia.  These detainees, who share counsel, have moved to quash the subpoenas in the United States District Courts for the Northern District of Georgia, the Middle District of North Carolina, and the District of South Carolina.  *Amin v. NBCUniversal*, Case No. 1:23-CV-1373 (N.D. Ga.); *In re Luz Walker Subpoena*, Case No. 1:23-mc-00009 (M.D.N.C.); *Oldaker v. Amin*, Case No. 3:23-mc-00251 (D.S.C.).  NBCUniversal has subpoenaed LaSalle Southeast, LLC, which moved to quash the subpoena in this Court.  Doc. 66.[2]  Accordingly, in some instances, the parties still do not yet have productions of documents and depositions from non-parties that they had hoped they would have procured by February or March.  Also, productions from non-parties that the parties have received have indicated additional non-parties likely to have discoverable evidence.

14.

In their Rule 26(f) Report, the parties indicated that they both anticipated "significant third party discovery."  Doc. 21 at 7.  The parties further noted that "depositions may reveal the need for additional [discovery] requests."  *Id*. at 8.

15.

Accordingly, the parties request the extension of deadlines in order to acquire additional discoverable information from each other and from non-parties, including those who are litigating their discovery obligations and those whose possession of discoverable information has been learned during the course of discovery.  The proposed discovery deadlines have been

---

[2] This Court denied the motion, ruling that it should have been brought where production of documents was sought, that is the United States District Court for the Southern District of New York.  Doc. 67.  Despite ongoing efforts to resolve the issues, LaSalle has not yet responded to the subpoena or re-filed its motion to quash.

extended by about 60 days and, to avoid motion deadlines falling over the holidays, about 90 days for motions.

Respectfully submitted this 31st day of May 2023.

*/s/ Stacey Godfrey Evans*
Stacey Godfrey Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com
Tiffany N. Watkins
Georgia Bar No. 228805
twatkins@staceyevanslaw.com
John Amble Johnson
Georgia Bar No. 229112
ajohnson@staceyevanslaw.com

STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
(770) 779-9602 (phone)
(404) 393-2828 (fax)

*Counsel for Plaintiff*

Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com

CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
(admitted *pro hac vice*)
Amanda B. Levine
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com

*Counsel for Defendant\**

*electronically signed by Stacey Evans with express permission of counsel for Defendant

Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
(404) 550-6233
cynthia.counts@fisherbroyles.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **JOINT MOTION TO EXTEND DISCOVERY** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

This <u>31st</u> day of May 2023.

<u>*/s/ Stacey Godfrey Evans*</u>
Stacey Godfrey Evans
