# Exhibit A

**From:** Stacey Evans <sevans@staceyevanslaw.com>
**Sent:** Tuesday, June 27, 2023 5:56 PM
**To:** Julie Oinonen <julie@goodgeorgialawyer.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Azadeh Shahshahani <azadeh@projectsouth.org>; Stacey Evans <sevans@staceyevanslaw.com>
**Subject:** RE: Amin v. NBCU: depositions of Azadeh Shahshahani and John Whitty

Julie,

Your continued and (now thinly veiled) threats continue to be noted. Your stance has no basis in law or fact and is countered by the productions made by Project South in this case.

We will move forward with serving a subpoena and will contact Mr. Whitty separately.

Thank you, Stacey

---

**From:** Julie Oinonen <julie@goodgeorgialawyer.com>
**Sent:** Tuesday, June 27, 2023 3:47 PM
**To:** Stacey Evans <sevans@staceyevanslaw.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Azadeh Shahshahani <azadeh@projectsouth.org>
**Subject:** Re: Amin v. NBCU: depositions of Azadeh Shahshahani and John Whitty

EXTERNAL SENDER. Only open links and attachments from known senders. DO NOT provide your username or password.

Hi Stacey,

We do not represent Mr. Whitty and our position has not changed as to the propriety of you deposing an attorney who is a litigation counsel in an active case pending against your client, a named defendant brought against him for civil rights abuses.
https://projectsouth.org/wp-content/uploads/2020/12/Docket-54-Consolidated-Amended-Habeas-Petition.pdf

We stand by our position that your attempts to do so are not supported by the law or our Professional Rules of Ethics. Quite frankly, we are perplexed by the tack that you are taking throughout this litigation in representing your client and speaking directly to you with respect, I for one do not understand why you have chosen to attach your name to this effort which seems to be a sure-fire way to burn down bridges of political good and your reputation as a "fierce advocate of progressive values" amongst progressive minded individuals and organizations throughout Georgia and nationwide.

You can zealously defend a client without blowing yourself up in the process. This is absolutely the wrong approach and I respectfully hope you will reconsider.

Sincerely,
Julie

**WILLIAMS OINONEN, LLC**

Julie Oinonen
Williams Oinonen LLC
404-654-0288
www.goodgeorgialawyers.com (web)
www.goodgeorgialawyer.com (blog)

---

**From:** Stacey Evans <sevans@staceyevanslaw.com>
**Sent:** Tuesday, June 27, 2023 2:55 PM
**To:** Julie Oinonen <julie@goodgeorgialawyer.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Azadeh Shahshahani <azadeh@projectsouth.org>; Stacey Evans <sevans@staceyevanslaw.com>
**Subject:** RE: Amin v. NBCU: depositions of Azadeh Shahshahani and John Whitty

Julie,

It is not improper for us to take Ms. Shahshahai's deposition. None of the cases you cite are applicable. I hope you will work cooperatively to schedule the deposition of Ms. Shahshahani. Please let me know by the end of the day tomorrow. Otherwise, I will proceed with formal service of a subpoena. Please also let me hear from you with regard to Mr. Whitty.

*Shelton v. Am. Motors Corp.* involved the subpoena to take the deposition for an attorney in the litigation department of the opposing party within the case wherein the deposition was sought. 805 F.2d 1323, 1325 (8th Cir. 1986). It was not opposing counsel in a separate case. *See Gamache v. Hogue*, 595 F. Supp. 3d 1344, 1351 n. 1 (M.D. Ga. 2022) ("Courts have declined to apply *Shelton* when the proposed deponent is not trial or litigation counsel in the underlying case." (quotation marks omitted)). If Ms. Shahshahani were an in-house attorney at NBCUniversal, the situation might be analogous to *Shelton*, but that obviously is not the case.

Also, of course, *Shelton* is in the Eighth Circuit. *Gamache*, a case decided in a district court in the Middle District of Georgia, which you also cited, ruled instead:

> The Eleventh Circuit has not adopted a specific rule establishing when the deposition of an attorney is appropriate. In the absence of a specific rule, courts in the Middle District of Georgia focus their analyses on weighing and balancing the moving party's need for the information sought with the subpoenaed party's interests in its attorney-client relationship. Where an attorney is a fact witness, his or her deposition may be both necessary and appropriate. An attorney's deposition may be necessary and appropriate where the attorney is the person with the best information concerning non-privileged matters relevant to a lawsuit.
>
> In weighing Plaintiffs' need for complete discovery and Moore and Defendants' interest in their attorney-client relationship, the Court also takes into account that Moore is not litigation counsel, thus the considerations weighing against attorney depositions are mitigated.

*Gamache v. Hogue*, 595 F. Supp. 3d 1344, 1351 (M.D. Ga. 2022) (citations, quotation marks, and some punctuation omitted).

As to the burden-shifting, published Eleventh Circuit authority that post-dates the non-binding and inapposite *Shelton* holds unequivocally that the one who opposes discovery bears the "burden of establishing that a privilege or the work-product doctrine exempts these documents from discovery." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) (citations omitted).

Further, Project South's own document production included communications between Ms. Shahshahani and non-clients, including journalists. Ms. Shahshahani's position as an attorney does not make these communications, which are not between attorney and client, privileged. Also from *Gamache*: "A communication made for a purpose other than to seek or give legal advice is not privileged, and the mere fact that a lawyer is used to make the non-legal communication does not make it privileged." *Id*. At 1352 (quotation marks omitted). We are not seeking communications between Ms. Shahshahani and her clients that are appropriately privileged as communications seeking or giving legal advice. And work product, which is not absolutely privileged but only enjoys a qualified privilege, protects information that is "prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3). Again, Project South's own document production makes clear that Ms. Shahshahani has knowledge of information relevant to Dr. Amin's defamation claims against NBCUniversal that she did not acquire "in anticipation of litigation or for trial." We will not seek information that is protected pursuant to the attorney client privilege or work product, and to the extent counsel for Ms. Shahshahani believes deposition questions implicates such information, counsel can object and instruct her not to answer.

Thank you, Stacey

---

**From:** Julie Oinonen <julie@goodgeorgialawyer.com>
**Sent:** Tuesday, June 27, 2023 12:10 PM
**To:** Stacey Evans <sevans@staceyevanslaw.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Azadeh Shahshahani <azadeh@projectsouth.org>
**Subject:** Re: Amin v. NBCU: depositions of Azadeh Shahshahani and John Whitty

EXTERNAL SENDER. Only open links and attachments from known senders. DO NOT provide your username or password.

Stacey,

It would be highly improper to depose Azadeh who is currently active litigation counsel in an underlying, ongoing class action case brought against your client, the Defendant, Dr. Amin. And this would also set terrible precedent if suddenly parties/defendants who have active civil rights cases or other litigation brought against them were suddenly able to able depose opposing counsel, no doubt resulting in mad chaos that would ensue within our adversarial system. The problem with the questions that you intend to ask is that it not only encroaches on attorney client privileged communications but work product privilege in an active case brought against Dr. Amin, your client. I am also wondering how many other opposing counsel in the active civil rights case brought against him do you intend to depose?

As the Courts have held: "Deposing opposing counsel raises additional concerns as its "increasing practice ... [is] a negative development in the area of litigation, and one that should be employed only in limited circumstances." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Permitting depositions of opposing counsel "not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Id.* at 1327. The Eighth Circuit has set out a three-part test for determining when it is appropriate to depose opposing counsel that is followed by courts in the Ninth Circuit.[4] *Shelton*, 805 F.2d at 1327. Therefore, opposing counsel may be deposed if the party seeking the deposition establishes:

(1) no other means exist to obtain the information than to depose opposing counsel, [ ]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Id.* at 1327 (internal citation omitted). Generally, the burden of persuasion is on the party moving to quash the subpoena. *Luck v. Univ. of San Diego*, No. 13cv3088-JLS-BGS, 2014 WL 7111950, at *2 (S.D. Cal. Oct. 3, 2014). *Shelton*, however, shifts the burden to the party seeking the deposition. *Erhart*, 2017 WL 840648, at *3–*4 (citing *Shelton*, 805 F.2d at 1327). Accordingly, Defendants must demonstrate that Third Parties' deposition testimony is justified under *Shelton*." In re Insogna, No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487, at *3 (S.D. Cal. Jan. 3, 2020) see also a recent Middle District of Georgia case "where the attorney was deposed where they were not trial or litigation counsel." Gamache v. Hogue, 595 F. Supp. 3d 1344, 1350 (M.D. Ga. 2022).

Here Azadeh is active litigation counsel and your effort to depose her would be highly improper and we would contend a violation of the Rules.

In the event you seek to do so we will seek fees and sanctions.

Regards,
Julie Oinonen

**WILLIAMS OINONEN, LLC**

Julie Oinonen
Williams Oinonen LLC
404-654-0288
www.goodgeorgialawyers.com (web)
www.goodgeorgialawyer.com (blog)

---

**From:** Stacey Evans <sevans@staceyevanslaw.com>
**Sent:** Tuesday, June 27, 2023 10:53 AM
**To:** Julie Oinonen <julie@goodgeorgialawyer.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Azadeh Shahshahani <azadeh@projectsouth.org>; Stacey Evans <sevans@staceyevanslaw.com>
**Subject:** RE: Amin v. NBCU: depositions of Azadeh Shahshahani and John Whitty

Julie,

Please don't threaten me.

I will be asking them about information relevant to the NBCU defamation case, which includes communications these attorneys had with NBCU and other media outlets and Congress (non-exclusive).  I assume you (or someone else) would be present as counsel for these witnesses and can certainly lodge objections to protect any privilege.

If you will not work with me to mutually schedule these depositions, then I will serve subpoenas.  Please let me know so I can act accordingly.

Thank you, Stacey

---

**From:** Julie Oinonen <julie@goodgeorgialawyer.com>
**Sent:** Tuesday, June 27, 2023 10:49 AM
**To:** Stacey Evans <sevans@staceyevanslaw.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Stacey Evans <sevans@staceyevanslaw.com>; Azadeh Shahshahani <azadeh@projectsouth.org>
**Subject:** Re: Amin v. NBCU: depositions of Azadeh Shahshahani and John Whitty

EXTERNAL SENDER. Only open links and attachments from known senders. DO NOT provide your username or password.

Please let us know on what questions you intend to ask her.

They are attorneys and any questions you are asking them would be privileged involving the representation of clients. We would not agree to her deposition and will likely file a protective order.

Stacey, please know that if you try to depose her I suspect she and/or multiple other attorneys and other firms will try and depose you in other litigation so this may be a case of be careful what you wish for.

Regards,
Julie


Get Outlook for iOS

---

**From:** Stacey Evans <sevans@staceyevanslaw.com>
**Sent:** Tuesday, June 27, 2023 10:43 AM
**To:** Julie Oinonen <julie@goodgeorgialawyer.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Stacey Evans <sevans@staceyevanslaw.com>
**Subject:** Amin v. NBCU: depositions of Azadeh Shahshahani and John Whitty

Julie,

Good morning.  I'm writing to see if we can mutually schedule dates for depositions of Azadeh Shahshahani and John Whitty.  These depositions can be on the same day if convenient for them and counsel.  If not, they can be separate dates.  I'm not sure of the location preferences for either, so that could affect whether one day of depositions is possible.  I would like to schedule these in September.  Please send me available dates and I'll coordinate with NBCU's counsel.

Thank you, Stacey

_____

Stacey Godfrey Evans
STACEY EVANS LAW
4200 Northside Pkwy NW
Bldg One; Suite 200
Atlanta, GA 30327
770-779-9602
www.staceyevanslaw.com

☐ Reply    ☐ Forward