IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | CIVIL ACTION NO.: <br> 5:21-CV-00056-LGW-BWC |

**STATUS REPORT**

Pursuant to the Second Amended Scheduling Order dated June 12, 2023, ECF 80, and with the discovery period closing on October 4, 2023, the Parties make the following report to the Court:

**I.   DISCOVERY**

    A. Is all discovery completed in this case?

        ☐ Yes         ☒ No

- If "No", please list what discovery is remaining:

Information provided by Plaintiff:

All depositions, document subpoena returns, and response dates for written discovery submitted to Defendant are scheduled by the end of the close of discovery (October 4, 2023), with one exception, which is that Plaintiff will depose Defendant's expert witness on October 26, 2023 because that was the only date that Defendant offered.

Plaintiff is conferring with several parties, some of whom share counsel and accordingly the conferral is combined, on their responses to document subpoenas.  Plaintiff may have to file motions to compel (these would be filed in other jurisdictions) if the subpoenas are not answered by agreement.  But Plaintiff does not request an any amendments to the operative scheduling order as a result of these subpoenas.

Plaintiff has also served Elora Mukherjee, and is attempting to serve Cynthia Counts (who a process server has represented is avoiding service), to determine the extent of a violation of the Local Rules of the District of South Carolina during a third party deposition in that jurisdiction. Plaintiff has offered alternatives to a deposition to obtain the information needed. That conferral is ongoing, but Plaintiff does not request an extension of discovery as a result of this potential sanctions issue.

Information provided by Defendant:

Defendant is awaiting production pursuant to outstanding subpoenas from LaSalle Southeast, LLC, Irwin County Hospital, and U.S. Immigration and Customs Enforcement ("ICE"). The subpoena for LaSalle was originally served in February 2023, and a motion to compel in M.D.Ga was resolved September 21, 2023, requiring LaSalle to serve the documents by Monday, September 25, 2023. Production has been promised by ICE but may become the subject of a motion. Defendant is scheduling depositions with Dr. Ted Anderson and Warden David Paulk, pursuant to outstanding subpoenas. Dr. Ted Anderson is tentatively scheduled for October 4, 2023. LaSalle Southeast, the employer of Warden Paulk, has represented that the deposition for Warden Paulk requires the permission and approval from ICE and, as such, has not yet been scheduled. Defendant has scheduled depositions by agreement for an employee and contractor of Dr. Amin, respectively, on October 3 and 4, 2023.

Information provided jointly:

Both parties have served a final set of written discovery requests to the other and responses are due October 2, 2023.

*Depositions remaining*:
1. Luz Walker (9/22/2023)
2. Elizabeth Matherne (9/27/2023)
3. Keynin Jackelin Ramirez (9/28/2023)
4. Azadeh Shashahani (9/28/2023) (pending motion to quash/for protective order in N.D.G.A.)
5. Dawn Wooten (9/30/2023)
6. Rule 30(b)(6) deposition of defendant (10/3/2023)
7. Alma Arceo (10/3/2023)
8. Rachel Courson (10/4/2023)
9. Mbeti Ndonga (10/4/2023)
10. Lourdes Terrazas Silas (10/4/2023)
11. Elora Mukherjee (10/4/2023)
12. Cynthia Counts (10/4/2023, if service can be perfected; witness has indicated she may move to quash or for protective order if served)
13. Carol Hutchison (10/11/2023)
14. Ricky Hutchison (10/11/2023)

15. Dr. Eldridge Bills (Plaintiff's expert) (10/13/2023)
16. Dr. Laura Hamilton (Plaintiff's expert) (10/30/2023)
17. Dr. Erin Carey (Defendant's expert) (10/26/2023)
18. Warden David Paulk (date pending agreement with LaSalle)

*Plaintiff's Third-Party Document Subpoenas awaiting responses*:
1. Dawn Wooten
2. Dr. Peter Cherouny
3. Dr. Ted Anderson, Adam Snyder, and Kravolec, Jambois and Schwartz
4. Dr. Sarah Collins, Dr. Emma C. Ross, Shayna Cook, and Goldman Ismail Tomaselli Brennan and Baum
5. Government Accountability Project
6. John S. Whitty
7. LaSalle Southeast, LLC

Plaintiff may have to file motions to compel in other jurisdictions with regard to Nos. 3-5 above. While there could be others, based on representations, Plaintiff does not expect to need to move to compel others.

*Defendant's Third-Party Document Subpoenas awaiting production*:
1. LaSalle Southeast, LLC (both parties have subpoenaed LaSalle for documents)
   a. LaSalle has been ordered to produce the documents to Defendant's counsel by September 25, 2023. Defendant expects to receive almost 500,000 pages of documents.
2. Irwin County Hospital
   a. NBCU has served ICH two subpoenas for electronic medical records. Counsel for ICH has represented that he is working to complete production, but NBCU has not received a date certain regarding the production.
3. U.S. Immigration and Customs Enforcement
   a. Pursuant to a February 21, 2023 subpoena, ICE has represented that it recently received authority to produce a set of documents it produced to the Senate Subcommittee related to the investigation of Irwin County Detention Center and Dr. Amin, but NBCU has not received a date certain regarding the production.

B. Are there any discovery issues which have been or will be brought before the Court for resolution?

☒ Yes     ☐ No

- If "Yes", please briefly explain:

For Plaintiff:
1. Pending Motion to Compel regarding three Requests for Production to NBCU.

2. Potential spoliation issues and potential motion to compel documents from Defendant's privilege logs.
3. Plaintiff intends to file a motion to compel responses to deposition questions (where Plaintiff believes privilege was inappropriately taken) from third party witness John Whitty.
4. Plaintiff has additional discovery motions that may be filed in other jurisdictions based on third party responses as mentioned above.

For Defendant:

1. Possible motion to compel ICH to produce documents. ICH initially produced medical records by scanning paper documents into an electronic PDF format and redacting all patient identifying information. We have been negotiating with their counsel in good faith and did obtain a supplemental production without redactions. However, the records appear to still be incomplete. Counsel for ICH is working to obtain the complete records.
2. Possible motion to quash or for a protective order to prevent Plaintiff's unnecessary expansion of discovery to include deposing his opposing counsel in this action and the pending class action.
3. Potential motions against Plaintiff for spoliation, to compel production of documents, and/or for sanctions. Similar to the production of the ICH records, we have seen indicators that Dr. Amin's production is incomplete and/or contains altered records.
4. We also have not yet received records from LaSalle. Based on LaSalle's conduct in responding to the subpoena, further motion practice may be necessary should there be any deficiencies in the production.

**II.     SETTLEMENT**

    A.  Have the parties made efforts to resolve this case?

        ☐ Yes        ☒ No

- If "Yes", please explain those efforts:

Click here to enter text.

    B.  Are the parties prepared to discuss settlement of this case with the Court at this time?

        ☐ Yes        ☒ No

- If "No", please explain:

Click here to enter text.

    C.  Are there any third parties and/or lien holders that should be included in any settlement discussions for this case?

        ☐ Yes        ☒ No

- If "Yes", please list those parties:

Click here to enter text.

    D.  The Parties propose the following agreed upon dates, prior to the deadline for filing motions, for conducting a status conference.  (*Please provide several dates for the Court's consideration in scheduling.  Regardless of whether the Parties seek to discuss settlement, the Court may require that each party have a representative with full settlement authority present*.)

        Pursuant to the Second Amended Scheduling Order, a status conference is set for September 29, 2023.

**III.   MOTIONS**

    A. The Plaintiff(s) anticipate filing the following Motions:

- ☐ None
- ☒ Motion for Summary Judgment (**partial**)
- ☒ Motion to Exclude Expert Testimony
- ☒ Other Motion(s) (Except for Motions in Limine), please explain:

        See discovery motions discussed above.

    B. The Defendant(s) anticipate filing the following Motions:

- ☐ None
- ☒ Motion for Summary Judgment
- ☒ Motion to Exclude Expert Testimony
- ☒ Other Motion(s) (Except for Motions in Limine), please explain:

        See potential discovery motions discussed above.

**IV.   ADDITIONAL MATTERS**

If there are any other matters regarding this case that the Parties seek to bring to the Court's attention at this time, please briefly explain:

<u>Defendant's Proposal</u>:

    In order to account for the breadth and complexity of discovery in the matter, Defendant seeks an extension of the deadline to file civil motions, currently set for November 3, 2023. NBCU proposes that opening briefs be filed by December 12, 2023, responses by January 12, 2024 and replies by January 31, 2024.

    In large part due to Plaintiff's expansive discovery tactics—which include serving deposition subpoenas on opposing counsel in this matter and in the *Oldaker* class action and seeking documents and testimony from several other attorneys about their privileged relationships with ICDC detainees—discovery in this matter has involved dozens of parties spread across at least six states and motion practice in several district courts. Though both parties have diligently pursued their respective avenues of discovery, a number of roadblocks have been raised along the way.

    At the start of the litigation, the parties agreed to 10 party depositions and 15 non-party depositions per side, which was increased by an additional 10 non-party depositions at Plaintiff's request in order to accommodate deposing the numerous third parties involved in the filing and investigation of the underlying Whistleblower Complaint. As of September 21, 2023, the parties

have taken 23 depositions with 16 more scheduled or anticipated (this number excludes the depositions of Ms. Counts and Ms. Mukherjee, which we anticipate will be precluded). Both sides have depositions scheduled through the end of October, with the last on October 30, 2023. In total, document subpoenas have been issued to more than 70 third parties, the large majority by the Plaintiff.

Discovery has been impeded by multiple roadblocks. From the outset, this matter's intersection with the *Oldaker* class action in the Middle District of Georgia raised significant hurdles and required motion practice. Plaintiff sought the testimony of the plaintiffs in the class action, as the *Oldaker* plaintiffs' claims are similar to the challenged statements at issue in this action (i.e., that Dr. Amin performed unnecessary medical procedures or performed procedures without adequate consent). Because there is a stay of discovery in *Oldaker*, which remains in effect due to the numerous ongoing criminal investigations against Dr. Amin, Plaintiff's depositions of the *Oldaker* plaintiffs and certain subpoenas issued by NBCU were on hold until the issue was resolved. This issue was ultimately resolved by an order to show cause before Judge W. Louis Sands. *See* May 4, 2023 Order re Order to Show Cause, *Oldaker v. Giles*, No. 7:20-cv-224 (WLS) (M.D.Ga).

The ongoing criminal investigation into Dr. Amin by the DOJ provided an additional impediment to discovery. Dr. Amin claimed that certain documents and communications between Dr. Amin's counsel and the Department of Justice must be withheld on instruction from the federal government. It required this Court's intervention to obtain the documents.

The vast sweep of Plaintiff's reach for discovery—often subpoenaing attorneys for third parties—has added layers of complications and delays. This has resulted in motions to quash in at least four federal jurisdictions—filed by the whistleblower, subpoenaed attorneys, and at least three of the *Oldaker* plaintiffs. And Plaintiff has indicated that she is likely to file motions against other parties in the Northern District of Illinois and Tennessee. Dawn Wooten, the whistleblower, still has not been deposed (nor has she produced documents) as motions to quash and to compel initiated in May 2023 were not resolved until September 21, 2023.

Defendant also has had to navigate two subpoenas arguably subject to federal protections—subpoenas to LaSalle Southeast and to ICE. Though NBCU first subpoenaed LaSalle in February and has attempted negotiations for the production of responsive documents since then, it took a motion to compel (recently resolved in the Middle District of Georgia) in order for LaSalle to seriously engage with producing the called-for documents. After getting approval from ICE—that LaSalle has argued is necessary—it has finally been confirmed that LaSalle will produce all the documents it produced to the Senate Subcommittee, which investigated the misconduct at ICDC. However, despite constant attempts, NBCU only received a production date by court order on September 21, 2023. LaSalle has informed NBCU's counsel that the production consists of nearly 500,000 pages of documents.

Similarly, in late August, ICE finally agreed to produce the complete set of documents that it produced to the same Senate Subcommittee. NBCU is still awaiting additional documents from a second subpoena served to the Irwin County Hospital, after several communications resulted in a deficient production.

Individual witnesses have presented other complications. For example, the subpoena for David Paulk, the warden of Irwin County Detention Center, had to be served through the county sheriff's office as his employer, LaSalle, refused to accept service via its counsel; and a firm date for Paulk's deposition has not been set as ICE reportedly must first grant LaSalle approval for their employee to be deposed in the matter. Two witnesses, Carol and Ricky Hutchison who signed

affidavits submitted in this matter, refused to schedule their depositions. It took a court order to simply obtain their availability to sit for a deposition. The Hutchisons finally replied on September 20, 2023 and their depositions are now scheduled for October 11. Further, by agreement, Plaintiff did not disclose its expert report until September 5, 2023, and Defendant served its rebuttal expert report on September 19, 2023. Plaintiff's reply is expected on October 3, 2023. Depositions of the experts have been scheduled for as soon as possible after all expert material has been disclosed. All expert depositions will take place in October.

Finally, last week Plaintiff filed a motion to compel before this Court, which, if granted, would potentially significantly expand discovery at this late date. Despite being informed of the parameters of NBCU's searches since the beginning of discovery, Plaintiff seeks to force NBCU to search the records of 11 additional custodians. If this motion is granted in whole, or even in part, the search and review itself will be time consuming, without any guarantee that anything new, or possibly even relevant, will be uncovered.

NBCU is not requesting more time in order to pursue new paths of discovery. The remaining depositions have been noticed, or are awaiting scheduling, and no additional document requests are anticipated. Rather, Defendant is seeking sufficient time to complete the discovery already in progress and to prepare its summary judgment motion. Maintaining the current motion schedule will certainly prejudice Defendant despite its diligence in pursuing discovery, as NBCU will need to handle the remaining scheduled discovery—which includes at least 16 depositions and the review of approximately 500,000 pages of documents to be produced by LaSalle—at the same time it drafts its motion for summary judgment.

Defendant does not agree with a number of Plaintiff's characterizations included below and is prepared to address them at the September 29 conference.

Plaintiff's response:

As an initial matter, Plaintiff's position is that no changes to the scheduling order are justified. None of the alleged impediments that NBCU mentions (outstanding expert work, depositions, or document subpoenas) were unknown to Defendant when the operative scheduling order was entered on June 12 (and discussed during a teleconference with the Court on June 9).

It is particularly disingenuous for Defendant to complain about the time and effort that Plaintiff had to spend fighting motions to quash various subpoenas, ***all which resulted in Plaintiff being able to obtain the discovery sought***. Defendant opposed some of those motions to quash and did not take a position in others. Further, it has become known that a group of third parties held a series of meetings to discuss avoiding Plaintiff's discovery efforts in this case and Defendant had a common interest agreement with at least one third party that has impeded Plaintiff's efforts to obtain discovery. These events have hampered Plaintiff, not Defendant.

Defendant was not diligent in pursuing discovery or the items it complains of did not impede anything:

1. Defendant complains that there remains expert discovery to complete. Expert reports were due for both parties on September 4, 2023. That both parties' expert reports were due on the same date was known not only in the operative scheduling order entered on June 12, but also from every version of the scheduling order in this case—dating back to January 13, 2022, Doc. 28 (indicated both parties would file expert reports on the same date) and then again on November 28, 2022, Doc. 61 (same).

8

Yes, Plaintiff took a one-day extension until September 5 to serve its expert report—instead of serving the report on Labor Day (September 4). For the first time, the Thursday before the Monday expert report due date, Defendant insisted it should not have to serve any reports on September 4, but instead should receive an unspecified amount of time to serve a "rebuttal expert report." Plaintiff ultimately agreed to allow for a rebuttal report on September 19 if Plaintiff received a reply report on October 3, but insisted this should not be grounds for changing the scheduling order.

2. While Defendant represents it served LaSalle with a subpoena in February, it fails to mention that LaSalle asked for formal service of the subpoena, which did not occur until May (Plaintiff also subpoenaed LaSalle and was asked to make formal service, which it did promptly and without many months of delay). Further, filings by LaSalle show that from July 24-Sept 7, Defendant did not respond to conferral requests from LaSalle. (Doc. 13 of 7:23-mc-00003-ML, M.D.G.A.). Importantly, Defendant waited at least six months from the subpoena to serve a motion to compel, which was promptly resolved after its filing. (Doc. 2 of 7:23-mc-00003-ML, M.D.G.A.).

3. Defendant complains it has not yet been able to depose Warden Paulk, but Defendant did not serve a subpoena for that deposition until this month (on September 6).

4. The other deposition Defendant claims it needs to take is Dr. Ted Anderson. Defendant did not serve the subpoena until less than a week ago (on September 15).

5. Defendant complains it needs more documents from Irwin County Hospital, but did not serve that subpoena until a week ago (on September 14).

6. Defendant complains about DOJ documents, which it received in June and had for Dr. Amin's deposition on August 1, 2023.

7. Defendant complains that it may have to produce more documents in response to Plaintiff's recently filed motion to compel. This is Defendant's own fault for not complying with its discovery obligations from the start and its own withholding of discovery should not be a basis to alter the schedule.

If the Court is inclined to give an extension to Defendant to file its motion for summary judgment, Plaintiff respectfully requests an alteration to the proposal. Currently, all briefing on summary judgment would be completed before the Christmas and New Year's holidays. Under Defendant's proposed schedule, Plaintiff would have only 30 days to respond to Defendant's motion for summary judgment, for which they are asking for an additional five weeks to prepare, with the Christmas holiday falling in the midst of Plaintiff's response time. And Defendant is then requesting 19 days for its reply brief. Again, Plaintiff does not believe a change in the schedule is warranted, but if one is made and Defendant files its motion on December 12, Plaintiff requests 45 days to respond.

Responding briefly to Defendant's charges:

First, NBCU charges that Dr. Amin engaged in "expansive discovery tactics." Dr. Amin notes that Defendant agreed to the request for additional third-party depositions. All the third-party depositions that Plaintiff has taken (or will take) are of individuals that appear on Defendant's initial disclosures, are affiliated with organizations that appear on Defendant's initial disclosures, or communicated directly with NBCU employees about the broadcasts at issue in this case. The only exception to this statement is with regard to the subpoenas to Ms. Mukherjee and Ms. Counts. As discussed above, Plaintiff is attempting those depositions to determine the extent of a violation of the Local Rules of the District of South Carolina during a third-party deposition of Ms. Oldaker in that jurisdiction. During a lunch break during that deposition Ms. Counts, Ms. Mukherjee, and the witness all had lunch together for over one hour and NBCU's counsel previewed at least some of her deposition questions to the witness. (Ms. Oldaker's deposition transcript is designated confidential, but can be provided in camera as needed). Dr. Amin's counsel requested that Ms. Counts and Ms. Mukherjee accept service of subpoenas and confer further, but that offer was refused. Plaintiff has offered alternatives to a deposition to obtain the information needed to determine whether a motion for sanctions is warranted.

Second, Defendant charges that Plaintiff sought "documents and testimony from several other attorneys about their privileged relationships with ICDC detainees" or "often subpoena[ed] attorneys for third parties." Plaintiff only deposed attorneys who were alleged sources to Defendant or appeared on air. With regard to documents, Plaintiff did not seek privileged information, which was always able to be withheld for privilege, and sought documents from attorneys who were engaged in a media campaign relating to Dr. Amin and ICDC. Indeed, Plaintiff asked for a privilege log from third parties on only two occasions, both by agreement and Plaintiff agreed to pay for the time spent to prepare the privilege logs to limit the burden on third parties.

Finally, Plaintiff wishes to address the statement that Defendant may pursue a motion related to alleged alterations of documents. This is a serious charge. Defendant's local counsel raised one question on one occasion in the midst of a third-party deposition of a stray mark or indecipherable markings on a medical record. Plaintiff responded after the deposition to confirm that the records were as they were received by Plaintiff. No further action has been taken by Defendant since that time, which was in July. It appears that NBCU has decided to create issues at the last minute to justify its lack of readiness to comply with the operative scheduling order, which is being shared with the Court and Plaintiff for the first time at this late date.

Dated: September 21, 2023

| | |
|---|---|
| /s/ Stacey Godfrey Evans | /s/ Elizabeth A. McNamara |
| Stacey Godfrey Evans | Elizabeth A. McNamara |
| Georgia Bar No. 298555 | (admitted *pro hac vice*) |
| sevans@staceyevanslaw.com | Amanda B. Levine |
| Tiffany N. Watkins | (admitted *pro hac vice*) |
| Georgia Bar No. 228805 | Leena Charlton |
| twatkins@staceyevanslaw.com | (admitted *pro hac vice*) |
| John Amble Johnson | DAVIS WRIGHT TREMAINE LLP |
| Georgia Bar No. 229112 | 1251 Avenue of the Americas, 21st Floor |

ajohnson@staceyevanslaw.com
STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
(770) 779-9602 (phone)
(404) 393-2828 (fax)

/s/ Scott R. Grubman
Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com
CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

*Counsel for Plaintiff*

New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com
leenacharlton@dwt.com

/s/ Cynthia L. Counts
Cynthia L. Counts
Georgia Bar No. 190280
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
(404) 550-6233
cynthia.counts@fisherbroyles.com

*Counsel for Defendant*