# Exhibit B

# Charlton, Leena

| | |
|---|---|
| **From:** | Rouse, John T. <JRouse@mcglinchey.com> |
| **Sent:** | Friday, March 17, 2023 6:08 PM |
| **To:** | Levine, Amanda; McGlinchey, Deirdre C. |
| **Cc:** | McNamara, Elizabeth; Charlton, Leena; McGlinchey, Deirdre C. |
| **Subject:** | RE: Amin v NBCUniversal - SDGA, 21-00056 - Subpoena to LaSalle Southeast, LLC |

**[EXTERNAL]**

Thank you, Amanda.   Have a good weekend.   JR

**John T. Rouse**
Attorney at Law

Jackson T (769) 524-2329
Nashville T (615) 762-9040

bio | vCard | mcglinchey.com



Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York
Ohio  Rhode Island  Tennessee  Texas  Washington  Washington, DC

**From:** Levine, Amanda <AmandaLevine@dwt.com>
**Sent:** Friday, March 17, 2023 4:19 PM
**To:** Rouse, John T. <JRouse@mcglinchey.com>; McGlinchey, Deirdre C. <dmcglinchey@mcglinchey.com>
**Cc:** McNamara, Elizabeth <lizmcnamara@dwt.com>; Charlton, Leena <LeenaCharlton@dwt.com>; McGlinchey, Deirdre C. <dmcglinchey@mcglinchey.com>
**Subject:** RE: Amin v NBCUniversal - SDGA, 21-00056 - Subpoena to LaSalle Southeast, LLC

John,

Attached is the new subpoena to LaSalle Southeast, LLC.  We have also arranged for this to be served at the address you provided.

Thank you,
Amanda

**From:** Rouse, John T. <JRouse@mcglinchey.com>
**Sent:** Friday, March 17, 2023 11:16 AM
**To:** Levine, Amanda <AmandaLevine@dwt.com>; McGlinchey, Deirdre C. <dmcglinchey@mcglinchey.com>
**Cc:** McNamara, Elizabeth <lizmcnamara@dwt.com>; Charlton, Leena <LeenaCharlton@dwt.com>; McGlinchey, Deirdre C. <dmcglinchey@mcglinchey.com>
**Subject:** RE: Amin v NBCUniversal - SDGA, 21-00056 - Subpoena to LaSalle Southeast, LLC

**[EXTERNAL]**

Hi again, Amanda.   I am adding my partner, Deirdre McGlinchey, to this email chain.

1

You're assumption is incorrect because these are two separate entities.   LaSalle Southeast, LLC requires its own proper subpoena for your document requests.   To that end, we will get a letter out to Elizabeth with the response of LaSalle Corrections to your subpoena.

Please issue a new subpoena to LaSalle Southeast, LLC so that it may review and respond.  Once we have the subpoena, there may a need for additional time depending on who needs to weigh in on documents to be produced.

Thank you.  JR

**John T. Rouse**
Attorney at Law

Jackson T (769) 524-2329
Nashville T (615) 762-9040

**bio** | **vCard** | **mcglinchey.com**



Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York
Ohio  Rhode Island  Tennessee  Texas  Washington  Washington, DC

---

**From:** Levine, Amanda <AmandaLevine@dwt.com>
**Sent:** Thursday, March 16, 2023 6:15 PM
**To:** Rouse, John T. <JRouse@mcglinchey.com>
**Cc:** McNamara, Elizabeth <lizmcnamara@dwt.com>; Charlton, Leena <LeenaCharlton@dwt.com>
**Subject:** RE: Amin v NBCUniversal - SDGA, 21-00056 - Subpoena to LaSalle Southeast, LLC

Hi John,

Those were the dates on the original subpoena.  We understood that you were on notice of it despite the fact that it was served to LaSalle Corrections.  Please let us know if that's incorrect.  We're happy to work with you to accommodate a later return date as we understand you need to connect with ICE about some of the requests.

Thanks,
Amanda

---

**From:** Rouse, John T. <JRouse@mcglinchey.com>
**Sent:** Wednesday, March 15, 2023 6:32 PM
**To:** Levine, Amanda <AmandaLevine@dwt.com>
**Cc:** McNamara, Elizabeth <lizmcnamara@dwt.com>; Charlton, Leena <LeenaCharlton@dwt.com>
**Subject:** RE: Amin v NBCUniversal - SDGA, 21-00056 - Subpoena to LaSalle Southeast, LLC

**[EXTERNAL]**

Hello, Amanda.   I am not sure why this subpoena to LaSalle Southeast is dated February 21 or why the response deadline is March 24.

Could you please explain the dates here?

Thank you.  JR

**John T. Rouse**
Attorney at Law

Jackson T (769) 524-2329
Nashville T (615) 762-9040

**bio** | **vCard** | **mcglinchey.com**



Alabama  California  Florida  Louisiana  Massachusetts  Mississippi  New York
Ohio  Rhode Island  Tennessee  Texas  Washington  Washington, DC

**From:** Levine, Amanda <AmandaLevine@dwt.com>
**Sent:** Wednesday, March 15, 2023 5:27 PM
**To:** Rouse, John T. <JRouse@mcglinchey.com>
**Cc:** McNamara, Elizabeth <lizmcnamara@dwt.com>; Charlton, Leena <LeenaCharlton@dwt.com>
**Subject:** Amin v NBCUniversal - SDGA, 21-00056 - Subpoena to LaSalle Southeast, LLC

Mr. Rouse,

My colleague, Liz McNamara, forwarded me your email concerning the subpoena to LaSalle Southeast, LLC.  We will be re-serving the subpoena at the address you provided.  Attached here is a courtesy copy of the corrected subpoena.  I have also attached a copy of the protective order in our case.  Please let me know if you need any additional information.

Thanks,
Amanda


**Amanda Levine** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4061 | Fax: (212) 489-8340
Email: amandalevine@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

www.mcglinchey.com | www.CafaLawBlog.com

McGlinchey Stafford, PLLC in Alabama, Florida, Louisiana, Massachusetts, Mississippi, New York, Ohio, Tennessee, Texas, and Washington DC and McGlinchey Stafford, LLP in California.

Confidentiality Statement: This email may contain attorney-client privileged, work product-protected, and/or confidential information. It is for the sole use of the intended recipient(s). If you have received this transmission in error, immediately notify us by telephone at 504-586-1200 and return the original message to us at McGlinchey Stafford, 12th Floor, 601 Poydras Street, New Orleans, LA, 70130 via the United States Postal Service.

We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

See McGlinchey Stafford Disclaimer/Privacy Policy https://www.mcglinchey.com/disclaimer/

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., *Plaintiff* | ) ) ) |
| v. | )  Civil Action No. 5:21-cv-00056-LGW-BWC |
| NBCUNIVERSAL MEDIA, LLC, *Defendant* | ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: LaSalle Southeast, LLC, c/o National Registered Agents, Inc. at 289 S. Culver Street, Lawrenceville, GA 30046-4805

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit A.

| Place: Via mail: Elizabeth McNamara, Davis Wright Tremaine LLP, 1251 Avenue of the Americas, 21st Floor, New York, New York 10020; or lizmcnamara@dwt.com | Date and Time: 03/31/2023 11:59 PM |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/17/2023

*CLERK OF COURT*

OR

_____                    /s/ Elizabeth A. M_____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NBCUniversal Media LLC , who issues or requests this subpoena, are:
Elizabeth McNamara, 1251 Avenue of the Americas, 21st Floor, New York, New York, 10020; lizmcnamara@dwt.com; 212-489-8230

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 5:21-cv-00056-LGW-BWC   Document 103-4   Filed 09/28/23   Page 6 of 15

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:21-cv-00056-LGW-BWC

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:21-cv-00056-LGW-BWC   Document 103-4   Filed 09/28/23   Page 7 of 15

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

DR. MAHENDRA AMIN, M.D.,

    Plaintiff,

v.

NBCUNIVERSAL MEDIA, LLC,

    Defendant.

Case No. 5:21-cv-00056-LGW-BWC

**EXHIBIT A TO DEFENDANT NBCUNIVERSAL'S SUBPOENA TO LASALLE CORRECTIONS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant NBCUniversal Media, LLC ("Defendant") hereby requests that LaSalle Southeast, LLC d/b/a LaSalle Corrections ("LaSalle") produce true and correct copies of the following documents for inspection and copying within thirty (30) days of service hereof.

**DEFINITIONS**

1. **Any/All.** The terms "any" or "all" shall be construed as "any and all."

2. **And/Or.** The terms "and" and "or" also have the meaning "and/or."

3. **Communication.** The term "Communication" includes any type of correspondence (*e.g.*, letters, electronic mail, instant messages, text messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting or telephone conversation, as well as every kind of written or graphic communication.

4. **Defendant.** The term "Defendant" means NBCU including without limitation its agents, attorneys, employees, and representatives.

5. **Document.** The term "Document" means any and every kind of printed, typed, recorded, written, graphic or photographic matter (including audiotape and/or videotape recordings), however printed, produced, reproduced, coded, or stored (including in electronic or digitized form), of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, and drafts, regardless of their author or origin, however denominated. A draft or non-identical copy is a separate Document for purposes of these requests.

6. **Relevant Period.** The Relevant Period of time is January 1, 2014 through the present. Unless a different period is specified, all of the below Requests refer to the Relevant Period.

7. **Dr. Mahendra Amin.** The terms "Dr. Amin" and "Dr. Mahendra Amin" mean Plaintiff Mahendra Amin and any agents, attorneys, representatives, or other persons or entities acting for on behalf of Plaintiff or in concert with Plaintiff, including but not limited to, MGA Health Management, Inc. When Documents are requested, such requests include information or materials in the possession, custody, or control of his agents, attorneys, representatives, employees, or other persons acting on his behalf.

8. **Gynecological Procedures**. The term "Gynecological Procedures" means any medical procedure performed on the female reproductive system, including but not limited to, hysterectomy, D&C, laparoscopy, removal of ovaries or fallopian tubes, cyst removal, and tissue sampling.

9. **DOJ.** The term "DOJ" refers to the Department of Justice.

10. **DHS**. The term "DHS" refers to the Department of Homeland Security.

11. **ICE**. The term "ICE" refers to Immigrations and Customs Enforcement.

12. **ICDC**. The term "ICDC" refers to the Irwin County Detention Center.

13. **HHS**. The term "HHS" refers to the Department of Health and Human Service

14. **LaSalle**. The term "LaSalle" refers to LaSalle Corrections.

15. **Person.** The term "Person" means all individuals and entities.

16. **Statement.** The term "Statement" means any written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, electronic, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

17. **This Action** and **This Litigation.** The terms "This Action" and "This Litigation" mean the action captioned on the first page of these requests for production.

18. **Whistleblower Complaint**. The term "Whistleblower Complaint" refers to the complaint filed by Project South on behalf of Dawn Wooten and others, dated September 14, 2020 available at https://projectsouth.org/wp-content/uploads/2020/09/OIG-ICDC-Complaint-1.pdf.

## INSTRUCTIONS

1. Documents and Communications shall be produced according to the specifications set forth herein and as required by Rule 45 of the Federal Rules of Civil Procedure. Any deviations from or questions relating to this instruction shall be discussed and agreed to in advance of production.

2. Throughout these requests, the singular shall include the plural and the plural shall include the singular.

3. The following terms should be read as if they were synonymous, and each should be taken to include the meaning of all of the others: relating to, relating in any manner to, concerning, referring to, alluding to, responding to, in connection with, connected with, with

3

respect to, commenting on, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing, establishing, supporting, refuting, or constituting.

4. These Requests call for the production of all responsive Documents and Communications in LaSalle's possession, custody, or control without regard to the physical location of the Documents and Communications, and without regard to whether they were prepared by or for LaSalle.

5. All Documents and Communications produced pursuant to these Requests are to be organized in the manner in which they are kept in the usual course of business.

6. Electronically stored information (ESI) shall be produced in reasonably useable form, including specifically any ability to search or perform calculations with the information in the form it is maintained.

7. Information responsive to these requests should be produced electronically to Defendant via email or file-transfer link. If any Documents cannot be produced electronically, please notify Defendant promptly.

8. If you contend that it would be unreasonably burdensome to produce all the Documents called for in response to any Request, you should:

    (a) produce all Documents that are available without unreasonable burden; and

    (b) describe with particularity the reasons why production of the remaining Documents would be unreasonably burdensome.

9. In the event that any responsive Document cannot be produced in its entirety, you are requested to produce the Document to the fullest extent possible, specifying the reasons for your inability to produce the remainder and describing to the fullest extent possible the contents of the portion not produced.

10. With respect to your responses to the following requests, if any Document or any portion of any Document is withheld because of a claim of privilege, please state the basis for your claim of privilege with respect to such Document or portion of any Document and the specific ground(s) on which the claim of privilege rests, and including, with respect to Documents: the date appearing on the Document, or if no date appears, the date on which the Document was prepared; the name of the person(s) to whom the Document was addressed; the name of each person, other than addressee(s), to whom the Document, or a copy thereof, was sent or with whom the Document was discussed; the name of the person(s) who signed the Document, or if not signed, the name of the person(s) who prepared it; the name of each person making any contribution to the authorship of the Document; and the general nature or description of the Document and the number of pages of which it consists.

11. In the event that any Documents or things that would have been responsive to these requests have been destroyed, discarded or lost, please identify each such Document or thing, including: the nature of the Document or thing; the author(s) and addressee(s) of any Document; any indicated or blind copies of any Document; the Document's subject matter, number of pages and attachments or appendices; all persons to whom the Document was distributed or persons who have seen the thing; the date of destruction, discard or loss; and, if destroyed or discarded, the reasons therefore and the identity of the person(s) authorizing or carrying out any such destruction or discard.

12. If no Documents or Communications exist that are responsive to a request, please state so in responding to the request.

## **REQUESTS**

1. All Documents and Communications that you have concerning any and all complaints, whether formal or informal, concerning Dr. Amin's medical care.

2. All written findings of any investigation into Dr. Amin related to his medical treatment of ICDC detainees.

3. All Documents relied upon or created in any investigation of Dr. Amin, including witness interview notes.

4. All Documents and Communications—including but not limited to Communications with ICDC, Dr. Amin, Scott Grubman, or any news entity—concerning the allegations of Dr. Amin's treatment of ICDC detainees reported in the Whistleblower Complaint.

5. All contracts entered into with Dr. Amin (or a related entity associated with Dr. Amin), including any agreement governing Dr. Amin's authority and/or responsibilities in treating ICDC detainees.

6. All Documents and Communications related to the termination of Dr. Amin's relationship with ICDC and/or LaSalle.

7. All contracts regarding LaSalle's management of ICDC, including its policies for the medical treatment of detainees.

8. All Communications with any federal or state government agency concerning Dr. Amin, including but not limited to DHS, HHS, ICE, DOJ, the Senate, the FBI, and the Georgia Composite Medical Board.

9. All medical records and other Documents provided in response to any subpoenas issued by the Senate Permanent Subcommittee on Investigations,[1] DOJ, HHS, or any other governmental entity related to their investigations into Dr. Amin.

10. All transport records for all detainee visits to Dr. Amin, including the names of any employees that accompanied detainees on these visits.

11. Documents sufficient to show the number of referrals from ICDC to Dr. Amin.

12. Documents sufficient to show the number of referrals from each ICE facility in the United States to any obstetrician-gynecologist.

---

[1] *See* U.S. Senate Permanent Subcommittee on Investigations – Committee on Homeland Security and Governmental Affairs, Staff Report on Medical Mistreatment of Women in ICE Detention, November 15, 2022, available at https://www.hsgac.senate.gov/wp-content/uploads/imo/media/doc/2022-11-15%20PSI%20Staff%20Report%20-%20Medical%20Mistreatment%20of%20Women%20in%20ICE%20Detention.pdf (referencing records from LaSalle on Page 16).

## **CERTIFICATE OF SERVICE**

I certify that on this day, I arranged for service of the foregoing DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION via personal service as follows:

LaSalle Southeast, LLC
c/o National Registered Agents, Inc.
289 S. Culver Street,
Lawrenceville, GA, 30046-4805

And I further certify that I served the foregoing via e-mail to the Parties, as follows, before serving on the entity to whom it is directed:

Stacey Evans Law
sevans@staceyevanlaw.com
twatkins@staceyevanslaw.com
4200 Northside Parkway NW
Bldg One, Suite 200
Atlanta GA 30326

Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com
CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338

This 17th day of March 2023.

*Amanda B. Levine*
Amanda B. Levine
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
amandalevine@dwt.com

*Attorneys for Defendant*