# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DR. MAHENDRA AMIN, M.D.,

    Plaintiff,

v.

NBCUNIVERSAL MEDIA, LLC,

    Defendant.

CIVIL ACTION NO.: 5:21-cv-56

### PROTECTIVE ORDER

This matter is before the Court on the parties' Stipulated Protective Order. Doc. 42. Having fully considered the parties' Motion and for good cause shown, the Court **GRANTS** the parties' Motion, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this Protective Order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this Protective Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

It is further **ORDERED**:

I. **Purposes and Limitations**

The parties acknowledge that disclosure and discovery activity in this litigation is likely to include production of confidential, proprietary, private, protected health, and law enforcement sensitive information. Thus, the parties have stipulated to entry of this Order to prevent and limit disclosure of such information and documents that have been and may be exchanged and produced in this case. The parties further acknowledge that this Protective Order is an order of the Court pursuant to 5 U.S.C. §552a(b)(11) that allows for the disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974. The parties further acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. In addition, any applicable laws must be followed when a party seeks permission to file material under seal.

**Definitions**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

**(A)** **Party:** Any party to this action, including that party's counsel, consultants, and retained experts.

**(B)** **Non-Party:** Any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

**(C)** **Disclosure or Discovery Material:** All items and information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party subpoenas), or other requests for information in this action.

**(D)** **"CONFIDENTIAL" Information or Items:** The producing party may designate

any discovery material as "CONFIDENTIAL" under the terms of this Order if the party in good faith believes that such material contains: (a) information protected from disclosure by any state or federal law, rule, or regulation (including but not limited to the Privacy Act of 1974, 5 U.S.C. § 552a, 8 U.S.C §1367, 8 C.F.R. §236.6, 8 U.S.C. §1255a(c)(5), 8 C.F.R. §210.2(e), 8 C.F.R §208.6, 8 C.F.R§208.30, 8 C.F.R. §208.30, 8 C.F.R. § 244.16, 48 C.F.R. § 3052.204-71, and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and is defined at 45 C.F.R. § 160.103, ; (b) information that is proprietary, trade secret, or commercially or competitively sensitive information; (c) unpublished newsgathering information; or (d) information concerning individuals that is of a private or personal nature, including, but not limited to personally identifiable information such as name, date of birth, place of birth, immigration status, certain confidential immigration benefit information, citizenship, phone number, email addresses, residential address, medical and disability-related information, Alien Numbers (A #), photographs, and videos (e)investigatory information; (f) law enforcement sensitive information; ("LES") such as information that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions (i.e., non-public law enforcement information regarding government policies, methods, techniques, procedures, guidelines and intelligence), if such disclosure could reasonably be expected to risk circumvention of the law; or guidelines for law enforcement investigations or prosecutions if their disclosure could reasonably be expected to risk circumvention of the law; or (g) confidential and privileged federal agency information.

**(E)** **Receiving Party:** A party or non-party that receives disclosure or discovery material from a producing party.

3

    **(F)**     **Producing Party:** A party or non-party that produces disclosure or discovery material in this case.

    **(G)**     **Designating Party:** A party or non-party that designates disclosure or discovery material that it produces as "CONFIDENTIAL"

    **(H)**     **Protected Material:** Any disclosure or discovery material that is designated as "CONFIDENTIAL"

    **(I)**     **Expert:** A person who has been retained by a party or his/her/its counsel to serve as an expert witness or as a consultant in this action. This definition includes professional jury or trial consultants retained in connection with this litigation.

**II.**     **Scope**

    **(A)**     All protected material produced in discovery by parties or non-parties shall be used solely for the purposes of this litigation and not for any other purpose or function. The protections conferred by this Order cover not only protected material (as defined above), but also: (1) any information copied or extracted from protected material; (2) all copies, excerpts, summaries, or compilations of protected material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal protected material. The protections conferred by this Order apply with equal force to those responding to third-party discovery.

    **(B)**     The protections conferred by this Order do not cover the following:

(1) any information that is in the public domain at the time of disclosure to a receiving party or that becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including by becoming part of the public record through trial, hearings in this action, or otherwise (in compliance with this Order);

(2) any information which is not designated as "CONFIDENTIAL" under

the terms of this Order; or

>  (3) any information that the parties and non-parties agree, or the Court rules, is in the public domain or de-designates as "CONFIDENTIAL"
>
>  The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of protected material (or references to protected material) as evidence at trial, during a hearing or similar proceeding in this action, or as part of the record on appeal, provided that either party may seek an appropriate Court order to protect protected material.

**(C)** This Order shall apply to all information, documents, and things subject to discovery in this action, including without limitation, testimony adduced at depositions upon oral examination pursuant to Federal Rule of Civil Procedure 30, depositions upon written questions pursuant to Federal Rule of Civil Procedure 31, answers to interrogatories pursuant to Federal Rule of Civil Procedure 33, documents produced pursuant to Federal Rule of Civil Procedure 34, information obtained from inspection of premises or things pursuant to Federal Rule of Civil Procedure 34, and answers to requests for admission pursuant to Federal Rule of Civil Procedure 36.

**(D)** Information produced by any party as part of discovery in this litigation may be designated by such party as "CONFIDENTIAL" only under the terms of this Order. Blanket designation of documents or information as "CONFIDENTIAL" en masse or without regard to the specific contents of each document or piece of information is prohibited. Upon reasonable request, a producing party or non-party shall produce, if possible, a redacted version of document that has been designated as "CONFIDENTIAL."

**III.    Duration**

This Order shall apply from the time it is entered and shall survive the termination of this

litigation. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

IV. **Disclosure or Discovery Material That May Be Designated "CONFIDENTIAL"** A designating party may designate as "CONFIDENTIAL" all disclosure or discovery material the designating party in good faith believes contains: (i) information protected from disclosure by any state or federal law, rule, or regulation (such as HIPAA); (ii) information of a proprietary, trade secret, or commercially or competitively sensitive nature; (iii) unpublished newsgathering information; or (iv) information concerning an individual or individuals that is of a private or personal nature, including financial information such as income, assets, liabilities, tax returns, and tax forms

V. **Procedure for Designating Disclosure or Discovery Information As "CONFIDENTIAL"**

For testimony given in deposition or in other pre-trial proceedings: testimony transcripts, testimony exhibits, and video recordings shall be treated as "CONFIDENTIAL" for 30 days after receipt of the final transcript to allow time for appropriate designation of "CONFIDENTIAL" The designating party shall designate and specify any portions of the testimony that are appropriately designated for protection within the 30 days by specifying in writing to all parties the page and line number of the testimony transcript and portions of testimony exhibits to be designated as "CONFIDENTIAL" Designation of a page and line number of a testimony transcript as "CONFIDENTIAL" shall also designate any corresponding testimony on video recording in the same manner. Only those portions of the testimony that are appropriately

6

designated for protection within the 30 days shall be covered by provisions of this Order. An agreement by the designating party to remove a designation of "CONFIDENTIAL" from any portion of a testimony transcript shall have the same effect on any corresponding video recording of that testimony. As discussed above, the blanket designation of material as "CONFIDENTIAL" is not permitted, including for testimony and corresponding transcripts.

Protected material contained in any affidavit, brief, memorandum, or other paper filed with the Court may be designated as "CONFIDENTIAL" by indicating on the face of such documents that one or more parties consider them to contain protected material by conspicuously affixing a legend in the form of "CONFIDENTIAL" Such information, if filed, shall be filed in accordance with the procedures set forth in this Order, as well as the Federal Rules of Civil Procedure, the Local Rules, Rule 26 Instruction Order, doc. 2, and the instructions of this Court regarding sealed documents. Documents produced in discovery that contain protected material shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL"

**VI.     Limitation on Disclosure of Information Designated "CONFIDENTIAL"**

    **(A)     Persons to Whom "CONFIDENTIAL" Information May Be Disclosed:**

Unless otherwise ordered by the court or permitted in writing by the designating party, protected material designated as "CONFIDENTIAL" or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    **(1)**     The parties;

    **(2)**     The parties' outside counsel for this case, as well as regular and temporary employees of such counsel to whom it is necessary to disclose the information or material for purposes of this litigation;

    **(3)**     for a corporate party, in-house attorneys for the party, as well as regular and temporary employees of such in-house attorneys to whom it is

necessary to disclose the information or material for the purposes of this litigation;

**(4)** any person who is listed on the designated document as an author or recipient of the document;

**(5)** with respect to (a) documents where the author or recipient is an entity and (b) documents that are executed or authorized by an entity, any employee or representative of that entity who was involved in the drafting, negotiation, review, or execution of the document;

**(6)** outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, advisors, or consultants shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business. Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action;

**(7)** deposition and official court reporters and their support personnel employed in connection with this action;

**(8)** graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action;

**(9)** non-technical jury or trial consulting services retained by counsel for a party;

**(10)** during their depositions, witnesses in the action to whom disclosure is reasonably necessary;

**(11)** a duly appointed arbitrator, mediator, or other alternative dispute resolution professional and his/her personnel;

8

   **(12)** the Court and its personnel; and

   **(13)** any other person only upon order of the Court or upon prior written consent of the party producing the information or material.

Before any person listed above in Paragraph VII(A)(5)–(11) is shown any document or information that has been designated "CONFIDENTIAL" such person shall be given a copy of this Order and agree in writing, in the form of the Acknowledgement and Agreement attached hereto as Exhibit A, to be bound by its terms. The original and each Acknowledgement and Agreement shall be maintained by counsel. Any counsel may require another counsel to provide a copy of the Acknowledgement and Agreement signed by a witness at a deposition before the witness is deposed regarding any information designated "CONFIDENTIAL"

**VII.** **Filing of Information Designated "CONFIDENTIAL"**

  If a filing party or non-party has a good faith reason to file with the Court papers that contain or reveal information that another party or non-party has designated as "CONFIDENTIAL" or then no later than three days before the party intends to file such material with the Court, it may indicate its intention to do so by entry of a "notice" on the CM/ECF docket. This notice shall be in the form of a "Notice of Intent to File Information Subject to Protective Order," which shall be electronically filed with the Clerk and served on all parties, including any third parties, to the extent they are the producing party with respect to such materials. The notice shall identify the information designated as "CONFIDENTIAL" orby Bates range or, for testimony, witness' name and either the transcript page and line numbers or the exhibit number with a corresponding Bates number. The Notice shall not, however, contain any protected material. In response to the Notice, the designating party shall undertake the following steps within two days: (i) inform the party filing the Notice, in writing, which items of protected material identified in the Notice, if any, can be filed publicly without redaction; and (ii) for the protected material identified in the Notice, if any, that can be publicly filed in redacted form, prepare redacted copies and provide those to the party filing the Notice. Failure

9

of a designating party to comply with this paragraph will result in the abandonment of the designations for the produced material identified in the Notice, thus allowing said material to be publicly filed.

Otherwise, if a party or non-party seeks to file with the Court papers that contain or reveal information that has been designated "CONFIDENTIAL" then the filing party or non-party shall file a motion to seal in accordance with the Federal Rules of Civil Procedure, the Local Rules, Rule 26 Instruction Order, doc. 2, and the instructions of this Court with respect to the information the filing party designates as "CONFIDENTIAL"

The use of disclosure or discovery material designated "CONFIDENTIAL" or as evidence at the trial or in hearings in this case shall be subject to such protection as the Court shall determine at the time. No party hereto waives any right it may have to object on any ground to the admission in evidence at the trial of this action of any information designated "CONFIDENTIAL" or

**VIII. Challenging Another Party's or Non-Party's Confidentiality Designation**

The designation of material as "CONFIDENTIAL" does not create any presumption that the material so designated is in fact deserving of such protection. The acceptance by a party of disclosure or discovery material designated "CONFIDENTIAL" or hereunder shall **not** constitute a concession the disclosure or discovery material is properly designated. Any party may challenge a designation of confidentiality at any time. If a party disagrees with the designation of any disclosure or discovery material as "CONFIDENTIAL" or such party shall give written notice to the designating party. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request an order removing the designation from the Court no sooner than 10 days following the service of a written notice of disagreement. Notwithstanding the foregoing, in any proceeding challenging a designation, the designating party bears the burden of persuasion demonstrating the designation of "CONFIDENTIAL" or "is deserving under this Order. Until there

10

is a determination by the Court, the disclosure or discovery material at issue shall continue to be treated as "CONFIDENTIAL" as designated, and subject to the terms of this Order. Any failure to object to any disclosure or discovery material being designated as "CONFIDENTIALshall not be construed as an admission by any non-designating party that the material is appropriately designated as "CONFIDENTIAL" or

## IX. Inadvertent Production

The inadvertent or unintentional production of any disclosure or discovery material qualifying for designation as "CONFIDENTIAL" without labeling or other designation as such in accordance with the terms of this Order shall not be deemed a waiver or an impairment of any claim the disclosure or discovery material is "CONFIDENTIAL." The producing party may request the disclosure or discovery material previously produced without such designation be deemed as "CONFIDENTIAL" or" by giving written notice. The receiving party shall treat the disclosure or discovery material accordingly upon receiving such written notice. For purposes of this Order, inadvertent production refers to circumstances where the producing party took reasonable precautions but an error was made in the production of the disclosure or discovery material.

The inadvertent or unintentional production of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the attorney work-product doctrine. If the receiving party so requests, the producing party shall provide a privilege log with respect to the inadvertently disclosed information. Except as specifically provided herein, nothing contained in this paragraph shall alter any attorney's responsibilities under law or codes of ethics that apply when an attorney becomes aware of inadvertently produced or privileged disclosure or discovery material.

## XII. Disclosure in Violation of Order

If any disclosure or discovery material designated "CONFIDENTIAL" or is disclosed to

any person in violation of this Order, the party or non-party responsible for such disclosure must immediately inform the designating party of such disclosure or discovery material of all facts pertinent to the disclosure, and without prejudice to the rights and remedies of the designating party, make reasonable efforts to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information so designated.

**XIII.   Requests for Protected Material in Other Actions**

If any party receives a subpoena, document request, or similar demand or legal process from a person or government entity not a party to this litigation ("subpoenaed party") that calls for the disclosure or production of disclosure or discovery material designated "CONFIDENTIAL" by another party, the subpoenaed party shall promptly inform the designating party in writing of the subpoena or request.  The designating party shall be responsible for asserting his/her/its own objections to the subpoena, document request, or similar demand in the relevant proceeding and providing the subpoenaed party notice of that objection within 14 days.  If the designating party fails to assert an objection and provide notice to the subpoenaed party within that timeframe, the subpoenaed party shall be permitted to produce the relevant disclosure or discovery material in compliance with the subpoena, document request, or similar demand or legal process.  Nothing in this Order shall be construed as precluding production of protected material covered by this Order in response to a lawful Court order.

**XIV.   Enforcement of Order**

Each party or person bound by this Order, including all those who have executed Exhibit A, agrees the United States District Court for the Southern District of Georgia has jurisdiction to enforce the terms of this Order and that such jurisdiction continues beyond the date this matter is concluded.  The United States District Court for the Southern District of Georgia shall retain jurisdiction over all parties and persons who have received information or material designated as "CONFIDENTIAL" for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to

compel compliance and impose sanctions as the Court shall determine. Should a dispute materialize concerning whether a person was improperly provided protected material, the party in possession of Exhibit A for that person shall provide it to the complaining party upon five business days' written notice.

### XV. No Waiver of Privilege or Other Objections

Nothing in this Order shall be construed as requiring disclosure of documents, information, or any other materials designated "CONFIDENTIAL" that counsel for a party contends are protected by any privilege, including but not limited to the attorney-client privilege, the attorney work-product protection, the reporter's privilege, or other legal objection, including but not limited to relevancy or that the designated items are otherwise beyond the scope of permissible discovery. The parties hereto specifically reserve the right to raise all appropriate objections to any request for testimony, documents, or other evidence or the admissibility thereof.

By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, whether it is addressed in this Order. The parties agree they shall not use this Order to support a waiver argument in any discovery motion or to argue that any party waived its objections to produce any particular documents or information.

### XVI. Storage of Protected Material

Protected material must be stored and maintained by a receiving party in a secure manner than ensures that access is limited to the persons authorized under this Order. Nothing in this Order shall be deemed to restrict in any way any producing party's use of its own protected material.

### XVII. Survival of Order–Return of Documents

This Order shall survive the termination of this litigation. After the termination of this litigation, this Court shall retain jurisdiction to enforce this Order. Within 60 days of final termination of this action, including any appeal, protected material, including all copies, abstracts, summaries, and excerpts thereof (but not including deposition transcripts, copies of

any papers filed with the Court, and trial preparation material) shall either be returned to the producing party, made available for retrieval by the producing party, or destroyed by counsel for the receiving party and certified as such to the producing party; except that there shall be no obligation to return or destroy materials that are contained in emails, backup tapes, and electronic formats that are not reasonably assessable, even if those materials have been specifically labeled as "CONFIDENTIAL" Additionally, counsel for a party may retain one copy of the pleadings, correspondence, deposition transcripts and exhibits thereto, any trial or hearing testimony and exhibits thereto, and attorneys' notes or memoranda relating to this action, subject to the other terms of this Order.

**XVIII. Storage of Protected Material**

This Protective Order and its requirements for the treatment of disclosure or discovery material designated "CONFIDENTIAL" incorporate the requirements of, and shall be construed so as to comply with, 45 C.F.R. § 164.512(e)(1)(v) so as to constitute a qualified protective order under that section. Notwithstanding any conflicting provision in this Protective Order, any disclosure or discovery material that qualifies as "protected health information" under 45 C.F.R. §160.103 may not be used or disclosed for any purpose other than this litigation, including all appeals, rehearings, remands, trials, or reviews of this action and must be returned to the relevant "covered entity" (as defined by 45 C.F.R. § 160.103) or destroyed (including all copies made) at the end of the litigation or proceeding.

**XIX. Modification—Further Agreements**

Any party may seek modification of this Order upon written notice. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Each party expressly acknowledges such modifications may be necessary.

**SO ORDERED**, this ___ day of September, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# EXHIBIT A

### Acknowledgement and Agreement

I, _____, declare that:

I have been given a copy of and have read the Protective Order entered in the case entitled <u>Dr. Mahendra Amin, M.D. v. NBCUniversal Media, LLC</u>, Case No. 5:21-CV-00056, currently pending in the United States District Court of the Southern District of Georgia. I agree to abide by the Protective Order and not to reveal or otherwise communicate to anyone or utilize any of the information designated "CONFIDENTIAL" or that is disclosed to me except in accordance with the terms of the Protective Order. I acknowledge that any violation of the Protective Order may be punishable as contempt of the Court or through monetary sanctions ordered by the Court, or both, and agree to submit to the jurisdiction of the United States District Court of the Southern District of Georgia for all matters relative to such Protective Order.

SIGNED: _____

PRINTED NAME: _____

DATED: _____