# EXHIBIT B

| | |
|---|---|
| **From:** | Cynthia Counts <Cynthia.Counts@FisherBroyles.com> |
| **Sent:** | Thursday, August 24, 2023 4:43 PM |
| **To:** | Stacey Evans; Elora Mukherjee |
| **Cc:** | McNamara, Elizabeth; Levine, Amanda; Charlton, Leena; Scott R. Grubman; Amble Johnson |
| **Subject:** | RE: [External Sender]Amin/NBCU: Ms. Oldaker deposition |

[EXTERNAL]

Stacey,

I do not consent to the service of a deposition subpoena.  Indeed, a deposition of counsel in these circumstances lacks any basis in law or fact.

As an initial matter, the federal court in South Carolina already closed the case before it, demonstrating that it had no interest in hearing any possible sanctions motion relating to a deposition in a Georgia federal case with Georgia counsel.

Further, there would be no merit to a sanctions motion in any court, whatsoever.  Your accusations that I violated a local rule, are false and offensive.  As you well know, I sat in a public area in a small restaurant with limited seating during lunch.  As you told counsel, this was the only restaurant within walking distance, and you were also lunching there.  As you plainly saw, there were two other lawyers (who were representing the witness) at the table.

Contrary to your suggestions otherwise, that lunch was my sole interaction with the deponent.  Your insinuation that I coached a witness about her substantive testimony or interfered with the witness is specious.  And there was nothing improper in talking with counsel in a private side conversation (or otherwise) -- especially since the witness testified that she was not listening and the limited things she believes she overheard were about topics wholly unrelated to the witness's testimony.

After lunch, you took the opportunity to depose the witness about your perception that a local rule was somehow violated during the breaks.  She testified that nothing was discussed relating to her testimony or about anything relevant to the substantial truth of the allegedly defamatory statements in the libel action.  The local rule contemplates no remedy other than deposing the witness.  Having already done that, your demand for a deposition of counsel is particularly misguided.  Moreover, prior to serving a subpoena on opposing counsel, you have a duty to confer in good faith to resolve the dispute.

Although you have broadly accused me of sanctionable conduct, you have not explained why or identified specifically how.  I believe you have a duty to meet and confer regarding your concerns.  If you wish to confer, please let me know.  If you have specific caselaw providing authority for a counsel deposition under the circumstances here, then please provide it.  Otherwise, if you persist with your meritless demand for a deposition, you will leave me no choice but to seek protection from the Court.

Finally, since we don't anticipate that these depositions will proceed, there should be no concern that they would add to your total of allowed depositions.

Thank you.

Best,
Cynthia

---

**From:** Stacey Evans <sevans@staceyevanslaw.com>
**Sent:** Wednesday, August 16, 2023 10:19 AM
**To:** Cynthia Counts <Cynthia.Counts@FisherBroyles.com>; Elora Mukherjee <EMukherjee@law.columbia.edu>
**Cc:** McNamara, Elizabeth <lizmcnamara@dwt.com>; amandalevine@dwt.com; Charlton, Leena <LeenaCharlton@dwt.com>; Scott R. Grubman <SGrubman@cglawfirm.com>; Amble Johnson <ajohnson@staceyevanslaw.com>; Stacey Evans <sevans@staceyevanslaw.com>
**Subject:** [External Sender]Amin/NBCU: Ms. Oldaker deposition

**Cynthia and Elora**,

Good morning. As you know, Plaintiff has concerns that there were multiple violations of the D.S.C. Local Rules during Ms. Oldaker's deposition. Those concerns remain after receipt and review of the transcript of the deposition. Specifically, we are concerned that counsel for Defendant and counsel for the witness violated Local Rule 30.04(e) during the lunch break and during at least three smaller breaks during the deposition. Before we file a motion for sanctions, we want to exercise our right to explore the communications that occurred during those breaks with Ms. Counts and Ms. Mukherjee. I believe this can be accomplished via short remote depositions. I would like to work cooperative to arrange these depositions.

To that end, I ask that each of you let me know if you will accept service of a subpoena for your deposition and what dates/time you are available for same. I don't expect either of these depositions to be longer than one hour. I'm not committing to that time frame, but I'm sharing that expectation for scheduling purposes.

Further, **Liz**, I would appreciate you confirming that you will not seek to count these two depositions against our third party deposition counts in the NBCU case. I am still not convinced we will use all remaining third depositions, but I don't want to get to that point and have you argue these two count against what remains. Please confirm so that I can reach out to the Court for assistance if we disagree here.

Thank you, Stacey

_____

Stacey Godfrey Evans
STACEY EVANS LAW
4200 Northside Pkwy NW
Bldg One; Suite 200
Atlanta, GA 30327
770-779-9602
www.staceyevanslaw.com