# EXHIBIT D

| | |
|---|---|
| **From:** | Matthew Vogel <matt@nipnlg.org> |
| **Sent:** | Monday, October 2, 2023 10:03 AM |
| **To:** | Stacey Evans |
| **Cc:** | amber@nipnlg.org; Elora Mukherjee; McNamara, Elizabeth; Levine, Amanda; Cynthia Counts; Amble Johnson |
| **Subject:** | Re: Elora Mukherjee deposition |

[EXTERNAL]

Dear Stacey,

Thanks for your email. Just to recap, you had previously offered by email to accept a declaration from Elora that answered a list of eleven question which you provided. Then, on Tuesday, September 26, following another deposition in the case, you, me, and Cynthia Counts had a short conference regarding the deposition and possible sanctions motion. You reiterated your offer of a declaration and also offered to take a sworn oral statement, and to put whatever Elora and Cynthia decided to do under a protective order. You explained that you believe that Elora committed sanctionable conduct by violating the District of South Carolina local rules, but said that if your questions were answered satisfactorily, you would not seek sanctions against either Elora or Cynthia.  You reported your impression that, during Yanira Oldaker's deposition, when Cynthia started objecting to your questions, then Ms. Oldaker suddenly didn't remember anything, and, as you have already said and questioned Elora about, you believe Ms. Oldaker changed an answer because of something Elora said to her. You indicated that, if Elora does not submit a declaration or sworn statement and challenges the deposition with a motion to quash, then you would proceed with filing the sanctions motion.

I relayed all of this to my co-counsel and to Elora, and Elora has decided not to provide a declaration or sworn statement and to move forward with a motion to quash the deposition. Our position is, as we have said before, that, in an abundance of caution, Elora already put on the record what happened during any discussions that may have involved the substance of Ms. Oldaker's testimony, either affirmatively or under questioning from you.

Accordingly, we again ask that you withdraw the subpoena, for all of the reasons that we outlined in our last email on the subject (Sept. 22 email to Stacey Evans). If you do not, we will move forward with a motion to quash the deposition for those reasons. We will file the motion to quash as soon as possible, but because of the rapidly approaching date of the deposition, the only fifteen-day window between service of the subpoena and the deposition date, and because the negotiations around the deposition have been ongoing until now, we request that you postpone the deposition until after the motion to quash litigation has been resolved.

We would be happy to discuss this further if you have any questions.

Thank you,
Matt



**Matthew Vogel** | *he/him*
Supervising Attorney
National Immigration Project (NIPNLG)
Tel: (504) 264-3613
2201 Wisconsin Ave. NW, Suite 200
Washington, DC 20007
www.nipnlg.org | @nipnlg
*Based in New Orleans; admitted in Louisiana only.*

Give today | View our upcoming trainings | Become a member

WARNING: The information contained herein is intended only for the use of the intended recipient(s) and may contain information that is confidential or legally privileged. Interception, copying, accessing, disclosure, distribution, or use of this message or any attachments by any person other than an intended recipient is prohibited. If you are not the intended recipient, please immediately advise the sender by replying by email that this message has been inadvertently transmitted to you and destroy all electronic and paper copies in your possession or control.

On Sep 30, 2023, at 6:02 PM, Stacey Evans <sevans@staceyevanslaw.com> wrote:

Matthew,

I wanted to follow up and see if Elora would like to provide the declaration in lieu of further fighting about the deposition.

Thank you, Stacey

**From:** Stacey Evans <sevans@staceyevanslaw.com>
**Sent:** Friday, September 22, 2023 10:32 PM
**To:** Matthew Vogel <matt@nipnlg.org>
**Cc:** amber@nipnlg.org; Elora Mukherjee <emukherjee@law.columbia.edu>; McNamara, Elizabeth <lizmcnamara@dwt.com>; Amanda Levine <AmandaLevine@dwt.com>; Cynthia Counts <Cynthia.Counts@fisherbroyles.com>; Amble Johnson <ajohnson@staceyevanslaw.com>; Stacey Evans <sevans@staceyevanslaw.com>
**Subject:** RE: Elora Mukherjee deposition

Matthew,

Thank you for your email.

I'll briefly address the points in your email:
- Service is proper under the Federal Rules and Ms. Mukherjee clearly has notice of the subpoena.
- I've already agreed to limit the deposition to the lunch conversation that Ms. Mukherjee, Ms. Oldaker, and Ms. Counts participated in on July 27, 2023.  There can be no concern of privilege over this conversation because a third party to the attorney-client relationship (Ms. Counts) was present.
- There is no undue burden because I've already agreed to limit the deposition to the lunch conversation and to take it by Zoom.

Nevertheless, I appreciate your offer of the declaration.  All I want to know is what occurred during the lunch conversation and I believe that can be accomplished with a declaration signed by Ms. Mukherjee answering the following questions.  If she will agree to do so, I will withdraw the subpoena.

2

Questions:
1. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee discuss any questions Ms. Counts was planning to ask Ms. Oldaker?
2. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about prior pap smears with other doctors?
3. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about prior transvaginal ultrasounds with other doctors?
4. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about literature or pamphlets available at other doctors' offices she had visited?
5. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker whether other doctors had given her pamphlets during her visits?
6. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee show Ms. Oldaker any medical records?
7. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts was going to ask Ms. Oldaker about a sonogram picture?
8. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee suggest that Ms. Oldaker should have, must have, or maybe did hear more information about women at ICDC having hysterectomies than Ms. Oldaker shared in response to Dr. Amin's counsel's questioning?
9. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee suggest to Ms. Oldaker what her answers to any questions should be, and if so, what?
10. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee state how they would answer any questions if they were Ms. Oldaker, and if so, what?
11. What was said during lunch on July 27, 2023 (inclusive of all present)?

Thank you, Stacey

---

**From:** Matthew Vogel <matt@nipnlg.org>
**Sent:** Friday, September 22, 2023 5:37 PM
**To:** Stacey Evans <sevans@staceyevanslaw.com>
**Cc:** amber@nipnlg.org; Elora Mukherjee <emukherjee@law.columbia.edu>; McNamara, Elizabeth <lizmcnamara@dwt.com>; Amanda Levine <AmandaLevine@dwt.com>; Cynthia Counts <Cynthia.Counts@fisherbroyles.com>
**Subject:** Elora Mukherjee deposition

EXTERNAL SENDER. Only open links and attachments from known senders. DO NOT provide your username or password.

Dear Stacey,

We understand that your process server recently served a subpoena for a deposition of Elora Mukherjee on October 4 on somebody at her clinic. We write to ask that you withdraw this subpoena and stop seeking to depose Elora or else we will have to seek protection from the court.

As we have previously stated, Elora has already provided on the record at the deposition both the purpose and the outcome of any off-the-record conversations she had with Ms. Oldaker which may have had to do with the substance of the testimony at that deposition. *See* Oldaker Depo. Tr. at 118:3-120:16, 122:5-123:8. You had previously stated that "Elora did not note the contents of the lunch meeting on the record." Email from Stacey Evans, Aug. 28, 2023 at 3:26:56. However, Elora directly addressed the lunch meeting on the record, saying that they discussed the number of preparatory sessions they had with Ms. Oldaker, Oldaker Depo. Tr. at 119:18-25, and noted the contents of conversations with Ms.

3

Oldaker during the breaks including lunch, *id.* at 118:9-120:11. We simply do not see what else Elora could relevantly testify to.

Accordingly, we do not believe that this deposition is proper. First, we do not believe there has been proper service upon Elora, nor do we believe that the subpoena that was served complies with the requirements of Rule 45. Second, as we have stated, we do not believe that further testimony from Elora is relevant. Relatedly, it is important to remember that Ms. Oldaker is Elora's client, and Elora will not testify to any privileged, work product, or otherwise protected communications with her client.

Third, and perhaps most importantly, this deposition would constitute an undue burden on a non-party to the defamation litigation - and not just a non-party, but counsel for a non-party witness who is suing your client in a separate civil rights action. Not only is deposing counsel disfavored, Elora's teaching duties will have her traveling out of the country all week next week, leaving her little opportunity to prepare for a deposition that was scheduled so soon as to leave only just barely enough time even to challenge it in court. Further, you already had the opportunity to - and, in fact, did - question Ms. Oldaker during the deposition regarding any possible witness coaching, as would have been proper and as is contemplated under the District of South Carolina local rules. *See* Oldaker Depo. Tr. at 125:5-20. At no point did you interrupt the deposition to seek relief from the Court because of anything improper. In fact, not only did you question Ms. Oldaker regarding any possible witness coaching, you also questioned Elora at the deposition about whether she suggested that Ms. Oldaker change one of her answers, and Elora directly answered that she did not. *See*, *e.g.*, Oldaker Depo. Tr. at 120:12-16. Elora has placed on the record the purpose and outcome of any off-the-record conversations she may have had with her client during the deposition that related to the substance of the testimony at the deposition, and both she and Ms. Oldaker also answered questions from you regarding those conversations. You had the opportunity to question them and you did; further questioning at a deposition is unwarranted and improper.

Elora simply has nothing else to relate regarding her conversations with her client. If there is nevertheless information that you believe Elora could provide, perhaps she could provide a declaration.

Thank you,
Matt

<image001.jpg>   **Matthew Vogel** | *he/him*
Supervising Attorney
National Immigration Project (NIPNLG)
Tel: (504) 264-3613
2201 Wisconsin Ave. NW, Suite 200
Washington, DC 20007
www.nipnlg.org | @nipnlg
*Based in New Orleans; admitted in Louisiana only.*

Give today | View our upcoming trainings | Become a member

WARNING: The information contained herein is intended only for the use of the intended recipient(s) and may contain information that is confidential or legally privileged. Interception, copying, accessing, disclosure, distribution, or use of this message or any attachments by any person other than an intended recipient is prohibited. If you are not the intended recipient, please immediately advise the sender by replying by email that this message has been inadvertently transmitted to you and destroy all electronic and paper copies in your possession or control.