# EXHIBIT E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**MAHENDRA AMIN**,

      Plaintiff,

v.

**NBCUNIVERSAL MEDIA, LLC**,

      Defendant.

Southern District of Georgia
Civil Action No.
5:21-cv-00056-LGW-BWC

Southern District of New York
Civil Action No. 1:23-mc-377

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO QUASH SUBPOENA FOR DEPOSITION
## OF ELORA MUKHERJEE AND TO STAY THE DEPOSITION
## PENDING OUTCOME OF THE MOTION TO QUASH

## INTRODUCTION

This action seeks to quash a subpoena issued by a lawyer seeking to depose opposing counsel under threat of sanctions. This litigation tactic is nothing short of intimidating, harassing, coercive, and threatening, and should be roundly rejected by this Court.

Several women were subjected to nonconsensual and/or medically unindicated gynecological procedures while they were held in immigration detention at Irwin County Detention Center in Ocilla, Georgia. Elora Mukherjee, a professor at Columbia Law School, has represented some of them for years. Some of those women filed a class action lawsuit against, *inter alia*, Mahendra Amin, the doctor who performed the procedures. After those women filed their lawsuit, Amin filed a defamation lawsuit against NBCUniversal, concerning media coverage of the allegations. As part of that lawsuit, Amin obtained non-party depositions under Rule 45 of a few of the women, including the named plaintiff in the class action lawsuit, Yanira Oldaker. Now, alleging *potential* misconduct during the lunch break in Ms. Oldaker's deposition, Amin's counsel, Stacey Evans, seeks to depose two of the three lawyers present at the lunch: Elora Mukherjee, one of the lawyers who represented Ms. Oldaker at the deposition, and Cynthia Counts, the lawyer who represented NBCUniversal at the deposition.

This deposition is a fishing expedition designed to intimidate, harass, and threaten Prof. Mukherjee into creating evidence for Ms. Evans to use against her. Ms. Evans has not actually sought sanctions for any conduct at the deposition and never sought judicial intervention during it. Prof. Mukherjee has already not only stated on the record at the deposition the non-privileged content and outcome of any conversations she had with her client during the deposition, but also answered questions *from Ms. Evans* about those conversations. This Court should not condone such vexatious, unprofessional, and unnecessary litigation tactics and should quash the subpoena.

1

## RELEVANT FACTUAL BACKGROUND

Elora Mukherjee ("Prof. Mukherjee") is the Jerome L. Greene Clinical Professor of Law at Columbia Law School in New York. Ex. 1, Declaration of Elora Mukherjee ("Mukherjee Decl.") ¶ 2. She is "[a] globally recognized advocate, practitioner, and voice for immigrants, asylum seekers, and unaccompanied migrant children." Columbia Law School, "Elora Mukherjee," https://www.law.columbia.edu/faculty/elora-mukherjee (last accessed Oct. 11, 2023).

Prof. Mukherjee is one of the lead litigation counsel for plaintiffs in a putative class action lawsuit pending in the Middle District of Georgia, *Oldaker v. Giles*, Case No. 7:20-cv-00224-WLS-MSH (M.D. Ga.) ("*Oldaker*"). The *Oldaker* complaint alleges that Mahendra Amin performed invasive, nonconsensual, and medically unnecessary procedures and surgeries against immigrant women detained at the Irwin County Detention Center in Georgia. *See* Ex. 3, Declaration of Amber Qureshi ("Qureshi Decl.") ¶ 3, Ex. A (Oldaker Second Amended Complaint). Amin is a defendant in the *Oldaker* action. *Id.* Discovery is stayed in *Oldaker* in part because of pending criminal investigations into the allegations of Amin's misconduct. Order, ECF Nos. 319 & 322, *Oldaker v. Giles*, Case No. 7:20-cv-00224-WLS-MSH (M.D. Ga. Aug. 11, 2023).

The subpoena at issue here arises under a different, but related, case. After the *Oldaker* lawsuit was filed, Amin filed a defamation action against NBCUniversal Media, LLC ("NBCU"), alleging that NBCU made defamatory statements about him regarding the events that are the subject of the *Oldaker* litigation in television broadcasts aired between September 15 and September 17, 2020. *See Amin v. NBCUniversal Media, LLC*, No. 5:21-CV-00056-LGW-BWC

2

(S.D. Ga.) ("*Amin v. NBCU*"). As part of that lawsuit, Amin has deposed as non-party witnesses several *Oldaker* plaintiffs – including lead plaintiff Yanira Yesenia Oldaker.

Ms. Oldaker was served with a subpoena under Federal Rule of Civil Procedure 45 for her non-party deposition in connection with the *Amin v. NBCU* matter on April 1, 2023. On April 13, 2023, Ms. Oldaker filed a Motion to Stay and to Quash the Deposition Subpoena or, In the Alternative, to Modify in the District of South Carolina, the district where the deposition was to take place. *See In re Yanira Oldaker Subpoena*, 3:23-mc-00251-MGL (D.S.C.). The court stayed the deposition of Ms. Oldaker pending conferral between the parties to resolve the matter without further court intervention. *Id.*, ECF Nos. 4, 8, 15. The parties in the Oldaker subpoena litigation reached an agreement for Ms. Oldaker's deposition, which included several guardrails for Ms. Oldaker's deposition–including that "the deposition of Ms. Oldaker will be marked confidential pursuant to the Protective Order." Qureshi Decl. ¶ 4, Ex. B (May 24, 2023 Joint Status Report).

Ms. Oldaker's deposition took place in Columbia, South Carolina on July 27, 2023. Prof. Mukherjee and Fatma Marouf, Professor of Law and Director of the Immigrant Rights Clinic at Texas A&M University School of Law, represented Ms. Oldaker. Stacey Evans ("Ms. Evans") represented Amin and Cynthia Counts ("Ms. Counts") represented NBCU. Right before stopping the deposition for lunch, Ms. Evans stated that she had concluded her questioning of Ms. Oldaker and indicated that she may have other questions after counsel for NBCU was finished with her questioning. Qureshi Decl. ¶ 5, Ex. C (Oldaker Depo. Tr.) at 109:9-12.[1]

---

[1] Because the deposition transcript is marked confidential under the terms of the *Amin v. NBCU* protective order, undersigned counsel have concurrently moved to file the deposition transcript as an exhibit under seal.

After the lunch break, however, Ms. Evans noted that she did have questions for Ms. Oldaker. *Id*. at 113:25-114:2. Ms. Evans proceeded to question Ms. Oldaker about her conversations with Prof. Mukherjee, Fatma Marouf, and Ms. Counts during the breaks in the deposition, including the lunch break. *Id*. at 114:4-117:5. Ms. Oldaker stated that her counsel and Ms. Counts did not discuss or suggest what her answers to any questions should be. *Id*. at 116:3-23. Ms. Evans then noted the content of the District of South Carolina Local Rule 30.04(E)-(G), which states as follows:

> 30.04: Conduct During Depositions.
> (E) Counsel and witnesses shall not engage in private, "off the record" conferences during depositions or during breaks or recesses regarding the substance of the testimony at the deposition, except for the purpose of deciding whether to assert a privilege or to make an objection or to move for a protective order.
> (F) Any conferences that occur pursuant to, or in violation of, Local Civ. Rule 30.04(E) (D.S.C.) are proper subjects for inquiry by deposing counsel to ascertain whether there has been any witness coaching and, if so, to what extent and nature.
> (G) Any conferences that occur pursuant to, or in violation of, Local Civ. Rule 30.04(E) (D.S.C.) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall be noted on the record.

District of South Carolina Local Rule 30.04; Qureshi Decl. ¶ 5, Ex. C (Oldaker Depo. Tr.) at 117:6-118:2. Ms. Evans asked Prof. Mukherjee to note on the record the content of any conversations she had with Ms. Oldaker during the breaks. *Id*. at 118:3-8. Prof. Mukherjee provided on the record at the deposition both the purpose and the outcome of any off-the-record conversations she had with Ms. Oldaker which may have had to do with the substance of the testimony at that deposition. *See id*. at 118:3-120:16, 122:5-123:8. Prof. Mukherjee directly addressed the lunch meeting on the record, stating that they discussed the number of preparatory sessions they had with Ms. Oldaker, *id*. at 119:18-25, and noted the contents of conversations with Ms. Oldaker during the breaks including lunch, *id*. at 118:9-120:11.

4

Towards the end of a grueling deposition in which Ms. Oldaker was forced to recount horrific memories of her experiences with Amin and after Ms. Counts was finished with her examination, Ms. Evans again pressed Ms. Oldaker on what she discussed with Ms. Counts during the breaks. *Id*. at 220:1-228-3. After Ms. Evans was done, Ms. Counts then began questioning Ms. Oldaker to clarify again for the record that she was not coached by Ms. Counts or her counsel. *Id*. at 228:16-229:2. Ms. Evans interrupted the testimony calling Ms. Oldaker a liar, *id*. at 229:5-6, and then had an unnecessary argument with Ms. Counts in the middle of the third party deposition. *Id*. at 231:9-13. Ms. Evans also accosted Prof. Mukherjee, stating that she should not be teaching law students. *Id*. at 230:9-10. During this exchange, Ms. Oldaker repeatedly asked counsel if she may be excused. *Id*. at 231:9-13. At no point during the deposition did Ms. Evans stop the deposition or seek relief from the District of South Carolina – which, at the time, had a pending open matter regarding this deposition.

On August 4, 2023, counsel for Amin filed a Joint Status Report in the Oldaker subpoena matter in the District of South Carolina. In the Joint Status Report, counsel for Amin represented to the court that:

> Counsel for Dr. Amin is considering moving for sanctions to address off-the-record conferences that occurred between Ms. Oldaker, her counsel, and counsel for NBCUniversal during the deposition. Counsel for Dr. Amin will promptly decide whether to file a motion for sanctions after receipt and review of the transcript of Ms. Oldaker's deposition. Counsel for Dr. Amin seeks the Court's guidance on whether any such motion should be filed in this matter or in a new miscellaneous matter to be filed with the Court. Counsel for Ms. Oldaker will oppose any motion seeking sanctions against them.

> If the Court wishes to hear a potential motion for sanctions in the present case, Dr. Amin will provide a Status Report to the Court within seven (7) days of receipt of the Oldaker deposition transcript stating whether he will move for sanctions. If the Court does not wish to hear a potential motion for sanctions in this matter, the parties jointly request dismissal and closure of the case, with leave for Dr. Amin to file a motion for sanctions in another matter.

Qureshi Decl. ¶ 6, Ex. D (August 4, 2023 Joint Status Report). The same day the Joint Status Report was filed, the District of South Carolina issued a text order stating that: "Pursuant to the parties' status report, Petitioner Yanira Oldaker's motion to quash is DEEMED AS MOOT. The Clerk's Office is directed to close this case. IT IS SO ORDERED." Order, ECF No. 24, *In re Yanira Oldaker Subpoena*, 3:23-mc-00251-MGL (D.S.C., Aug. 4, 2023).

On August 16, Ms. Evans emailed Ms. Counts and Prof. Mukherjee noting that "Plaintiff has concerns that there were multiple violations of the D.S.C. Local Rules during Ms. Oldaker's deposition. . . Before we file a motion for sanctions, we want to exercise our right to explore the communications that occurred during those breaks with Ms. Counts and Prof. Mukherjee. I believe this can be accomplished via short remote depositions." Qureshi Decl. ¶ 7, Ex. E (August Email Correspondence). Counsel for Prof. Mukherjee noted their objections to any deposition of Prof. Mukherjee, stating that Ms. Evans "already had the opportunity to inquire about any off-the-record conversations [Prof. Mukherjee] may have had with Ms. Oldaker. [Prof. Mukherjee] very clearly and thoroughly stated as much on the record. The Rule does not contemplate, and you have not cited a single case where, the deposing attorney was allowed to depose counsel for the witness after the deposition. Thus, the requirements of the Local Rule are met and a deposition is wholly inappropriate in these circumstances." *Id*. Counsel for Amin responded that Prof. Mukherjee "did *not* note the contents of the lunch meeting on the record," even though Prof. Mukherjee did in fact do so.

On September 19, 2023, a process server served a subpoena for a non-party deposition under Rule 45 of Prof. Mukherjee in the *Amin v. NBCU* litigation on Ms. Brenda Eberhart, an employee of Morningside Heights Legal Services, Inc., which is a non-profit law firm housed at Columbia Law School and which contains Columbia Law School's clinics, including the

Immigrants' Rights Clinic, which Prof. Mukherjee directs. Ex. 2, Declaration of Brenda J.

Eberhart ("Eberhart Decl.") ¶¶ 2-5, Ex. A (Subpoena); Mukherjee Decl. ¶¶ 2-7; Columbia Law

School, "Clinics," https://www.law.columbia.edu/academics/experiential/clinics (last accessed

Oct. 11, 2023); "Elora Mukherjee," https://www.law.columbia.edu/faculty/elora-mukherjee (last

accessed Oct. 11, 2023). The subpoena was not served personally on Prof. Mukherjee, nor was it

mailed to her, and it was not served with any check for attendance fees or mileage. Eberhart

Decl. ¶¶ 3-6; Mukherjee Decl. ¶¶ 7-9. The subpoena directed that the place of the deposition was

to be "via Zoom Meeting" (providing an internet link, meeting identification number, and

passcode) and that it was to begin at 9:00 a.m. on October 4, 2023, only fifteen days later. It was

signed and issued by Ms. Evans. Eberhart Decl. ¶ 8, Ex. A (Subpoena).

Thereafter, on September 22, 2023, undersigned counsel contacted Ms. Evans via email

to request that Ms. Evans withdraw the subpoena and outlining the reasons why it should be

withdrawn. Alternatively, counsel offered to submit a declaration from Prof. Mukherjee. Qureshi

Decl. ¶ 8, Ex. F (September & October Email Correspondence). In response, later, on September

22, Ms. Evans allowed that a declaration would suffice, provided that it answered eleven

questions she included in that email:

1. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee discuss any questions Ms. Counts was planning to ask Ms. Oldaker?
2. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about prior pap smears with other doctors?
3. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about prior transvaginal ultrasounds with other doctors?
4. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about literature or pamphlets available at other doctors' offices she had visited?
5. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker whether other doctors had given her pamphlets during her visits?

6.  During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee show Ms. Oldaker any medical records?

7.  During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts was going to ask Ms. Oldaker about a sonogram picture?

8.  During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee suggest that Ms. Oldaker should have, must have, or maybe did hear more information about women at ICDC having hysterectomies than Ms. Oldaker shared in response to Dr. Amin's counsel's questioning?

9.  During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee suggest to Ms. Oldaker what her answers to any questions should be, and if so, what?

10. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee state how they would answer any questions if they were Ms. Oldaker, and if so, what?

11. What was said during lunch on July 27, 2023 (inclusive of all present)?

*Id.*

On September 26, after a deposition in the *Amin v. NBCU* case of another non-party witness who has also made serious allegations against Amin, Ms. Evans, Ms. Counts, and undersigned counsel Mr. Vogel met briefly to discuss the deposition and declaration, and the possible sanctions motion against Prof. Mukherjee. Ms. Evans reiterated her offer of a declaration and also offered to take a sworn oral statement, and to put the testimony under a protective order. Ms. Evans explained that she believes that Prof. Mukherjee committed sanctionable conduct by violating the District of South Carolina local rules and that Ms. Oldaker changed an answer because Prof. Mukherjee suggested that she should. But, Ms. Evans said that if her questions were answered to her satisfaction, she would not seek sanctions against either Prof. Mukherjee or Ms. Counts. Ms. Evans also indicated that, if Prof. Mukherjee did not submit a declaration or sworn statement and proceeded to challenge the subpoena with a motion to quash, then Ms. Evans would proceed with filing the sanctions motion. *Id.*

On October 1, 2023, on behalf of Prof. Mukherjee, undersigned counsel rejected the declaration and sworn statement options and again asked Ms. Evans to withdraw the subpoena

for all the reasons outlined in their September 22 email to Ms. Evans, reiterating that "in an abundance of caution, [Prof. Mukherjee] already put on the record what happened during any discussions that may have involved the substance of Ms. Oldaker's testimony, either affirmatively or under questioning from [Ms. Evans]." Undersigned counsel informed Ms. Evans that if she did not withdraw the subpoena they would proceed to seek to quash it. Because of the rapidly approaching date of the deposition, undersigned counsel requested that Ms. Evans delay the deposition until after the motion to quash litigation was resolved. *Id.*

On October 2, 2023, Ms. Evans offered to postpone the deposition to November 1, 2023, in order "to allow for time for further conferral/your anticipated motion." *Id.* Undersigned counsel accepted that offer on October 2[2] and indicated a willingness to consider further possible ways to resolve the matter without coming before this Court. *Id.* Ms. Evans responded that her previous offer of a declaration stands, claimed once again that Prof. Mukherjee had not previously addressed any lunch meeting, and said she would consider narrowing the questions. *Id.* Undersigned counsel responded that they could see no way to meaningfully narrow the questions that would address their concerns, repeated their previous statement that Prof. Mukherjee had indeed already addressed her conversations at any lunch meeting on the record, *see supra*, at pp. 4-6, and advised that they would be filing a motion to quash. Qureshi Decl. ¶ 8, Ex. F (September & October Email Correspondence). Ms. Evans responded, indicating that she was interested in investigating any lunchtime discussion between Ms. Oldaker, and Ms. Counts, the lawyer for NBCUniversal at the deposition. *Id.* This motion followed.

---

[2] Ms. Evans has not reissued the subpoena, but because the parties agreed to postpone it until November 1, 2023, undersigned counsel is proceeding with that date as the operative date of the subpoenaed deposition.

9

## LEGAL STANDARD

"Rule 45 permits a party to command a non-party to produce documents and provide deposition testimony." *City of Almaty v. Sater*, No. 19 Civ. 2645 (AJN) (KHP), 2022 WL 769213, at *2 (S.D.N.Y. Feb. 24, 2022). Under the Rule, the court "must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c) . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). A court may also limit discovery "for good cause shown" and "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). "The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (S.D.N.Y. 2003) (citing *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992)). Ultimately, the decision to quash a subpoena is entrusted to the sound discretion of the Court. *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000).

While Rule 45 allows for the depositions of non-parties, "depositions of opposing counsel are disfavored." *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991) (citing *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986)). Within the Second Circuit, when determining whether to allow discovery from adversary counsel, courts generally apply the factors contained in the Second Circuit's opinion in *In re Friedman*, 350 F.3d 65 (2d Cir. 2003).[3] Those factors include: "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation,

---

[3] Although the Second Circuit's opinion is dicta, *see In re Friedman*, 350 F.3d at 72, n.4,"[c]ourts within this Circuit rely on the language of *Friedman* when ruling on the appropriateness of ordering a deposition of opposing counsel." *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 07 Civ. 7983 (DAB)(HBP), 2016 WL 3042733, at *9 (S.D.N.Y. May 24, 2016) (collecting cases).

the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id*. at 72. These factors allow the court to "strike a balance between the legitimate need for information in discovery and the danger of allowing gamesmanship to sidetrack litigation." *Lee v. Kucker & Bruh*, LLP, No. 12 CIV. 4662 BSJ JCF, 2013 WL 680929, at *2 (S.D.N.Y. Feb. 25, 2013). "If the discovery can be obtained from other sources thus eliminating the need to obtain it from the lawyer herself, and if the discovery is of marginal relevance, the case for permitting it is weakened." *Varbero v. Belesis*, No. 20-CV-2538 (LJL), 2020 WL 7043503, at *2 (S.D.N.Y. Dec. 1, 2020).

## ARGUMENT

### I.    Subpoena Is Invalid Under Federal Rule of Civil Procedure 45.

This Court must quash the subpoena because it fails to comply with Federal Rule of Civil Procedure 45. First, the subpoena was not accompanied by "fees for 1 day's attendance" as required by Fed. R. Civ. P. 45(b)(1). "'This requirement is strictly enforced,' and 'courts in this [d]istrict as well as this [c]ircuit have deemed subpoenas invalid and granted motions to quash where a party failed to tender a witness fee with service of the subpoena.'" *Angelo, Gordon & Co., L.P. v. MTE Holdings*, LLC, No. 20 MISC. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020) (citing *KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, No. 19 Civ. 2918, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020))." Because Amin failed to provide witness fees, the subpoena should be quashed. Eberhart Decl. ¶ 6; Mukherjee Decl. ¶ 8.

Second, the subpoena lists the place of compliance as "via Zoom meeting" with a link to a video conference. Under Rule 45(c), the subpoena must state a place of compliance. Under the Rule, compliance with a deposition subpoena "may be required within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person.

11

While a Rule 43(a) order authorizes testimony from a remote location, the witness can be commanded to testify only from a place described in Rule 45(c)(1)." *Rochester Drug Coop., Inc. v. Campanelli*, No. 23 MISC. 89 (KPF), 2023 WL 2945879, at *2 (S.D.N.Y. Apr. 14, 2023). Thus, requiring that the deposition place be "via Zoom Meeting," as was done here, is improper, as a videoconference is a means of deposition, not a place. Eberhart Decl. ¶ 8, Ex. A (Subpoena); *see Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21CV1197-W-MDD, 2022 WL 2820667, at *7 (S.D. Cal. July 18, 2022) ("'ZOOM VIDEO CONFERENCE,' however, is not a place."); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017) ("an email address does not qualify as a location or place where compliance is required under Rule 45"); *Russell v. Maman*, No. 18-CV-06691-RS (AGT), 2021 WL 3212646 (N.D. Cal. July 29, 2021) (denying a motion to compel compliance where the subpoena listed the place of compliance as "via Zoom"); *Frobe v. UPMC St. Margaret*, No. 2:20-CV-00957-CRE, 2021 WL 9628848, at *2 (W.D. Pa. July 13, 2021) ("'Zoom Videoconferencing' is not a 'place;' rather, it is a method of taking the deposition").

Third and finally, the subpoena was not personally served on Prof. Mukherjee. Courts within the Second Circuit have traditionally interpreted Rule 45(b)(1) as requiring personal service for non-party witnesses. *Agran v. City of New York*, 1997 WL 107452, at *1 (S.D.N.Y. 1997) (noting that "the weight of authority is that a subpoena . . . must be served personally" and "the Court is without authority to sanction an alternative form of service"); *see Conanicut Investment Co. v. Coopers & Lybrand*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989) ("Nowhere in Rule 45 is the Court given discretion to permit alternate service in troublesome cases."); 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2454 (3d ed., Apr. 2023 update) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. . .

12

. In recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service."). Although district courts have recently allowed alternative forms of service under Rule 45, "[c]ourts that follow the recent trend do not give serving parties carte blanche. These courts typically require the serving party to seek leave to serve by alternative means and to demonstrate a prior diligent attempt to personally serve." *Kenyon v. Simon & Schuster, Inc.*, No. 16 MISC. 327 (P1), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016). Here, the process server served the subpoena on Ms. Brenda Eberhart, the Associate Director of the Morningside Heights Legal Services, Inc., the nonprofit clinical law firm where Prof. Mukherjee works. Eberhart Decl. ¶ 2; Mukherjee Decl. ¶¶ 5-6. In addition to personal delivery to the person to be served, New York law permits substitute service at "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" as long as a copy is also mailed to the defendant's residence or place of business. N.Y. C.P.L.R. 308(1)-(2). Prof. Mukherjee was not served personally, and Amin has not sought leave to serve by alternative means. Nor was Prof. Mukherjee mailed a copy of the subpoena as is required to effectuate service under New York's law on substitute service. Mukherjee Decl. ¶ 9. Therefore, this Court should quash the subpoena for failure to properly serve Prof. Mukherjee.

## II.    The Subpoena Should Be Quashed Under the *Friedman* Factors.

Under the Second Circuit's opinion in *In re Friedman*, courts consider the following factors when determining whether to allow the deposition of adversary counsel:[4] (1) "the need to

---

[4] Although Prof. Mukherjee is not "opposing counsel" against Amin in the defamation matter, she is his opposing counsel in the *Oldaker* action, undoubtedly making her Amin's adversary. In addition, because the truth and credibility of Ms. Oldaker's serious allegations against Amin are central to both *Oldaker* and *Amin v. NBCU*, Prof. Mukherjee, as Ms. Oldaker's counsel for the *Amin v. NBCU* non-party deposition, was also Amin's adversary directly for that deposition. That is sufficient for the Court to consider the *Friedman* factors in this context. *Doe v. Town of Greenwich*, No. 3:18CV01322(KAD), 2020 WL

depose the lawyer;" (2) "the lawyer's role in connection with the matter on which discovery is

sought and in relation to the pending litigation;" (3) "the risk of encountering privilege and

work-product issues;" and (4) "the extent of discovery already conducted." 350 F.3d 65, 72 (2d

Cir. 2003). In this case, all of the *Friedman* factors favor quashing the subpoena. *See Gragg v.*

*Int'l Mgmt. Grp.*, No. CIVA5:03CV0904NPMDEP, 2007 WL 1074894, at \*10 (N.D.N.Y. Apr.

5, 2007) (finding that allowing a deposition of an attorney accused by plaintiff's counsel of

withholding documents would "open the door to the sort of mischief that the courts in *Shelton*

and *In re: Friedman* sought to avoid.").

First, there is no need whatsoever to depose Prof. Mukherjee, as she has already been

questioned by Ms. Evans about her conduct at the deposition. Ms. Evans has stated that the

central issue here is essentially whether Prof. Mukherjee and/or Ms. Counts engaged in witness

coaching during breaks at Ms. Oldaker's deposition. With this deposition, what Ms. Evans wants

is a second bite at the apple. Ms. Evans has already had the opportunity to - and, in fact, did -

question Ms. Oldaker during the deposition regarding any possible witness coaching, as would

have been proper and as is contemplated under the District of South Carolina local rules. *See*

Qureshi Decl. ¶ 5, Ex. C (Oldaker Depo. Tr.) at 114:4-116:23, 125:5-20, 220:1-226:6, 226:17-

227:25, 228:12-229:2125:5-20; *See Doe v. Town of Greenwich*, No. 3:18CV01322(KAD), 2020

WL 2374867, at \*5 (D. Conn. Jan. 10, 2020) ("Where the information sought from the attorney

can be provided by non-attorney witnesses, that weighs against permitting the deposition of an

attorney."). At no point did Ms. Evans interrupt the deposition to seek relief from the court

because of anything improper. In fact, not only did Ms. Evans question Ms. Oldaker regarding

any possible witness coaching, Ms. Evans also questioned Prof. Mukherjee at the deposition

---

2374867, at \*3 (D. Conn. Jan. 10, 2020) (applying the Second Circuit's *Friedman* factors where attorney
sought to be deposed was not "opposing counsel" in the litigation but an "adversary.")

about whether she suggested that Ms. Oldaker change one of her answers, and Prof. Mukherjee directly answered that she did not. *See*, *e.g.*, Qureshi Decl. ¶ 5, Ex. C (Oldaker Depo. Tr.) at 120:12-16. At the deposition, Prof. Mukherjee placed on the record the purpose and outcome of any off-the-record conversations she may have had with her client Ms. Oldaker during the deposition that related to the substance of the testimony at the deposition, and both Prof. Mukherjee and Ms. Oldaker also answered questions from Ms. Evans regarding those conversations. Ms. Evans had the opportunity to question them and did; further questioning at a deposition is not only unwarranted and improper, it is unnecessary. *See Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01 CIV.3578(RWS), 2004 WL 1627170, at *5 (S.D.N.Y. July 21, 2004) ("As [defendant] has not specified particular subjects not already covered by the prior discovery and has not indicated why the information has not been or cannot be obtained through means other than [plaintiff's counsel's] testimony, it has not established the need for [plaintiff's counsel's] deposition....").

To the extent that Ms. Evans is seeking testimony from Prof. Mukherjee only as to any conversations Ms. Counts may have had with Ms. Oldaker during the lunch break, Prof. Mukherjee's is equally unnecessary. Ms. Evans already questioned Ms. Oldaker at length at the deposition about any conversations she may have had with Ms. Counts and Ms. Evans already questioned Prof. Mukherjee about the lunch conversation as well. *See*, *e.g.*, Qureshi Decl. ¶ 5, Ex. C (Oldaker Depo. Tr.) at 114:4-116:23, 120:12-16, 125:5-9, 220:1-226:6, 226:17-227:25, 228:12-229:2.

With respect to the second factor, any testimony Prof. Mukherjee may offer on the contents of her communication with her client during breaks in the deposition has no relation to the claims or defenses in the pending *Amin v NBCU* defamation matter in the Southern District

15

of Georgia, and there is no other "pending litigation" to which it could relate. *See In re Chevron Corp.*, 749 F. Supp. 2d 141, 163 (S.D.N.Y.), *aff'd sub nom. Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010) (the second *Friedman* factor "goes at least in part to whether the lawyer is likely to have first-hand evidence that is important to the resolution of the lawsuit"). The subpoena served on Prof. Mukherjee was issued out of the Southern District of Georgia in connection with *Amin v. NBCU.* The only purpose counsel for Amin has indicated to depose Prof. Mukherjee is to determine whether to bring sanctions motions against Prof. Mukherjee and/or Ms. Counts in relation to Ms. Oldaker's deposition. It is undisputed that Ms. Evans does not seek Prof. Mukherjee's testimony in relation to the claims or defenses directly at issue in *Amin v. NBCU. See New York Indep. Contractors All., Inc. v. Highway, Rd. & St. Const. Laborers Loc. Union 1010 of Dist. Council of Pavers & Rd. Builders of Laborer's Int'l Union of N. Am.*, No. 07-CV-1830 ERK/VVP, 2008 WL 5068870, at *6 (E.D.N.Y. Nov. 24, 2008) ("A subpoena seeking to depose opposing counsel should be quashed when the attorney's role is limited to legal representation."). Rather, if a deposition of Prof. Mukherjee is relevant to *any* proceedings at all (which Prof. Mukherjee does not concede it is), it would be to sanctions proceedings in the District of South Carolina where the Oldaker deposition was subpoenaed, and whose Local Rules Ms. Evans has claimed Prof. Mukherjee violated. Although she has repeatedly threatened a sanctions motion, Ms. Evans has not filed any such sanctions motion since the deposition took place almost three months ago. Moreover, counsel for Amin already requested that the District of South Carolina hear a motion for sanctions, which it declined to do. *See*, *supra*, at pp. 5-6.

Indeed, that there is no pending sanctions motion is highly illustrative of the fishing expedition nature of this subpoena. It is not the case that Ms. Evans sought sanctions and then

requested the deposition in order to further develop the evidence, for example. Rather, Ms. Evans has stated that she will only seek sanctions if she finds the information revealed at the deposition to be unsatisfactory. Qureshi Decl. ¶ 8, Ex. F (September & October Email Correspondence). The deposition thus becomes a highly threatening, coercive, and intimidating tool used to try to force Prof. Mukherjee to develop evidence against herself and/or Ms. Counts. It is all the more abusive because undertaking the deposition will not necessarily prevent sanctions proceedings; Ms. Evans has stated that she will seek sanctions if she does not find the deposition testimony to be to her satisfaction. *Id.* Further, Ms. Evans has also stated that she believes that the Oldaker deposition transcript plainly reveals that Prof. Mukherjee has violated the District of South Carolina local rules, therefore committing sanctionable conduct. *Id.* If that is the case, then the need for additional testimony from Prof. Mukherjee is absolutely unclear.

Third, the risk of impinging upon the attorney-client privilege and work product protection is substantial in this case. Prof. Mukherjee has already stated on the record during the deposition the content of any conversation she had with Ms. Oldaker during the breaks that may have been related to her testimony. Because Prof. Mukherjee is opposing litigation counsel in a civil rights case against Amin, a case which revolves, like the *Amin v. NBCU* case from which this deposition arose, the truth and credibility of, in part, Ms. Oldaker's serious allegations against Amin, the risk of privilege and/or work product protection issues coming up in any deposition of Prof. Mukherjee is substantial - even if the focus of the questioning is any conversation between Ms. Counts and Ms. Oldaker, as Ms. Oldaker is Prof. Mukherjee's client.[5]

---

[5] Regardless of how much any deposition questioning delves into attorney-client or work product protected communications, it is highly possible that the deposition questioning would concern confidential information within the meaning of N.Y. Rule of Professional Conduct 1.6. That Rule defines "confidential information" as "information gained during or relating to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential."

Even if Ms. Evans limits her questioning to nonprivileged information, that risk is "not negligible" and at best, this factor is neutral. *Resqnet.Com, Inc.*, 2004 WL 1627170, at *6.

Finally, the fourth *Friedman* factor–the extent to which discovery has already been conducted–weighs in favor of Prof. Mukherjee. Discovery in the *Amin v. NBCU* litigation has been ongoing for nearly a year and the discovery period ends on November 17, 2023. Third Amended Scheduling Order, ECF No. 105, *Amin v. NBCUniversal Media, LLC*, No. 5:21-CV-00056-LGW-BWC (S.D. Ga. Oct. 2, 2023). To the extent that there needs to be discovery on this matter, a substantial amount has already been conducted regarding Prof. Mukherjee's interactions with her client. Ms. Evans has already questioned Prof. Mukherjee and the witness about their conversations during the lunch and all deposition breaks. Instead of evading the question or refusing to answer, Prof. Mukherjee directly answered and was forthcoming about what was discussed, and the same is true of Ms. Oldaker. *See*, *supra*, at pp. 4-6. Ms. Evans has not suggested otherwise, either at the deposition, or since. Moreover, in addition to answering Amin's counsel's questions, Prof. Mukherjee herself described the outcome and substance of the interactions for the record. *Id*. *If* a sanctions motion is filed, and *if* the court hearing that motion is in need of further testimony, it would be well within its power to order such testimony; at this juncture, no legitimate purpose would be served by obtaining duplicative information from Prof. Mukherjee from this deposition.

Therefore, this Court should quash the deposition subpoena.

---

N.Y. R. Prof. Cond. 1.6. In observing this Rule, Prof. Mukherjee may only disclose such "confidential information" under very specific, carefully circumscribed conditions, none of which are applicable here. *See id.*

### III.    Prof. Mukherjee Should Be Awarded Attorneys' Fees & Costs.

Counsel for Amin has acted "vexatiously" and multiplied the proceedings, which warrants sanctions under 28 U.S.C. § 1927. *See N. Am. Foreign Trading Corp. v. Zale Corp.*, 83 F.R.D. 293, 297 (S.D.N.Y. 1979) (awarding attorneys' fees, expenses, and costs under 28 U.S.C. § 1927 where counsel's actions resulted in "an unreasonable and vexatious expansion of the costs."). During the deposition itself, counsel used intemperate language when addressing the witness, Prof. Mukherjee, and counsel for NBCUniversal – including calling the witness a liar and stating that Prof. Mukherjee should not be teaching law students. *See* Qureshi Decl. ¶ 5, Ex. C (Oldaker Depo. Tr.) at 229:5-6, 230-9-10. Counsel for Amin already had ample opportunity to question Ms. Oldaker about her conversation with Prof. Mukherjee during the deposition. *See*, *supra*, at pp. 4-6. Out of an abundance of caution, pursuant to the District of South Carolina local rule, Prof. Mukherjee already noted the purpose and outcome of her conversations with Ms. Oldaker during the deposition breaks. *See, supra*, at pp. 4-6. After the District of South Carolina already indicated that it does not wish to hear any motion for sanctions related to this deposition, counsel for Amin now seeks a deposition of Prof. Mukherjee, his opposing counsel in the *Oldaker* action, under threat of filing a motion for sanctions against her. Ms. Evans' conduct has not only needlessly multiplied proceedings, but borders on harassment, coercion, and intimidation of Prof. Mukherjee.

In addition, Rule 45(d)(1) provides that, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." This subpoena never

19

should have been issued or should have been withdrawn. Twice undersigned counsel asked that the subpoena be withdrawn and provided reasons. *See* Qureshi Decl. ¶ 8, Ex. F (September & October Email Correspondence). By requiring undersigned counsel to come before this Court to quash this subpoena, Ms. Evans has failed in her duty to "avoid imposing undue burden or expense" on Prof. Mukherjee. "Sanctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 CIV.1382 RWS, 2003 WL 23018833, at *9 (S.D.N.Y. Dec. 23, 2003). Accordingly, this Court "must enforce this duty and impose an appropriate sanction," which, in this case, is "reasonable attorney's fees."

## IV. This Court Should Stay Prof. Mukherjee's Deposition Pending Outcome Of This Motion.

Prof. Mukherjee's deposition is currently scheduled for November 1, 2023. A stay of this date is warranted during the pendency of the instant Motion in order to allow for full briefing, any necessary argument, and time for the Court to make its determination as to this Motion.

## CONCLUSION

For all of the reasons stated above, and for any others that may appear to the Court, Prof. Mukherjee respectfully requests that the Court stay her deposition pending its resolution of this Motion, quash the subpoena, and award her costs and attorney's fees and any further relief that the Court deems just and proper.

New York, NY
October 12, 2023

Respectfully submitted,

*/s/ Victoria Neilson*
Victoria Neilson[†]
NY Bar No. 2689792
Amber Qureshi[*]
DC Bar No. 90001046

20

Matthew S. Vogel‡
Louisiana Bar No. 35363
NATIONAL IMMIGRATION PROJECT
OF THE NATIONAL LAWYERS GUILD
2201 Wisconsin Ave NW, Suite 200
Washington, DC 20007
(202) 742-4447
victoria@nipnlg.org
amber@nipnlg.org
matt@nipnlg.org

\* *Pro hac vice* admission motion forthcoming
† Not admitted in D.C.; working remotely from and admitted in New York only
‡ Not admitted in D.C.; working remotely from and admitted in Louisiana only

*Counsel for Elora Mukherjee*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on this date, I uploaded the foregoing, along with all attachments thereto, to this Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all counsel of record who have entered an appearance through CM/ECF.

I further certify that I served by electronic mail copies of the foregoing on the following counsel of record in *Amin v. NBCUniversal Media, LLC*, Case No. 5:21-CV-00056-LGW-BWC (S.D. Ga.):

Stacey Godfrey Evans
sevans@staceyevanslaw.com
Tiffany N. Watkins
twatkins@staceyevanslaw.com
John Amble Johnson
ajohnson@staceyevanslaw.com
STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
Tel: (770) 779-9602

Scott R. Grubman
sgrubman@cglawfirm.com
CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
Tel: (404) 233-4171

*Counsel for Mahendra Amin*

Elizabeth A. McNamara
lizmcnamara@dwt.com
Amanda B. Levine
amandalevine@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230

Cynthia L. Counts
cynthia.counts@fisherbroyles.com
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
Tel: (404) 550-6233

Robert Bates Lovett
blovett@savannahga.gov
Fisher Broyles, LLP
2 East Bryan Street, Suite 436
Savannah, GA 31401
Tel: (912) 335-4467

*Counsel for NBCUniversal Media, LLC*

Dated: October 12, 2023

Respectfully submitted,

*/s/ Victoria Neilson*
Victoria Neilson
NY Bar No. 2689792