# EXHIBIT I

| | |
|---|---|
| **From:** | Stacey Evans <sevans@staceyevanslaw.com> |
| **Sent:** | Tuesday, October 24, 2023 8:59 AM |
| **To:** | Cynthia Counts |
| **Cc:** | McNamara, Elizabeth; Levine, Amanda; Matthew Vogel; Amber Qureshi; Stacey Evans |
| **Subject:** | RE: [External Sender]Draft Good Faith letter for Ms. Counts |

**[EXTERNAL]**

Cynthia,

Good morning.

I'm at a loss for what else you want – I've shared the basis for the discovery I'm seeking, I've shared the rule text, I've shared case law.

It was clear on our call with the judge last week that he wants us to pursue a "alternative discovery" to a deposition, which as you know I've offered (and the offer still stands) – if you provide a declaration answering the questions I posed, we will withdraw the subpoena.  And as I've said to you at least twice now, if there are particular personal areas of conversation you want to exclude, I'll work with you to do that.

Thank you, Stacey

**From:** Cynthia Counts <Cynthia.Counts@FisherBroyles.com>
**Sent:** Friday, October 20, 2023 11:11 AM
**To:** Stacey Evans <sevans@staceyevanslaw.com>
**Cc:** McNamara, Elizabeth <lizmcnamara@dwt.com>; Levine, Amanda <AmandaLevine@dwt.com>; Matthew Vogel <matt@nipnlg.org>; Amber Qureshi <amber@nipnlg.org>
**Subject:** FW: [External Sender]Draft Good Faith letter for Ms. Counts

EXTERNAL SENDER. Only open links and attachments from known senders. DO NOT provide your username or password.

Stacey,

I am sending you this email as a last good-faith attempt to resolve our discovery dispute concerning my deposition.  I have reviewed your October 5, 2023 email in which you allege that I engaged in possibly sanctionable conduct.  You provide no basis in law or fact for this conclusion and, accordingly, I ask that you withdraw your subpoena.  Should you refuse to do so, we will move for a protective order and seek attorneys' fees.

As I have represented numerous times before, during a lunch break in Ms. Oldaker's deposition, I sat with Ms. Oldaker and her counsel in a public restaurant—the very same restaurant that you announced you would be coming to with your local counsel—in full public view, for twenty to thirty minutes.  There is nothing improper or unusual about counsel (adverse or not) sitting together during lunch break.  And, despite your claim on the record during the deposition that a

South Carolina local rule precludes counsel from speaking to a witness about anything "other than the weather," in actuality, South Carolina Local Rule 30.04 merely states that counsel and witnesses should not have "private, 'off the record'" conferences concerning the substance of testimony at the deposition.  And it provides that, if such a conference occurs, deposing counsel can question the witness about the conference and counsel who participated in the conference shall state on the record the purpose and outcome of the conference.

Here, to the extent my conversation with Ms. Oldaker over lunch in a public restaurant constitutes a "private, 'off the record' conversation—something that we strongly dispute— everyone involved in the conversation confirmed that the conversation did not involve Ms. Oldaker's substantive testimony.  Further, you have already availed yourself of the remedies provided in the Local Rule.  You interrogated Ms. Oldaker about her communications with me, and her counsel permitted her to answer your questions without asserting privilege objections.  Ms. Oldaker consistently testified that I did not instruct her how to answer any questions.

Notably, as case law makes clear, taking the deposition of opposing counsel is a disfavored practice in this Court and courts around the country.  Such depositions are only permitted in rare circumstances where: "(1) there are no other means to obtain the information sought, (2) the attorney actually possesses relevant and non-privileged information, and (3) the information is crucial to the preparation of the case."  *In re Douglas Asphalt Co.*, 436 B.R. 246, 250 (S.D. Ga. June 10, 2010) (quoting *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986)).  As none of the required conditions is present here, you cannot meet your burden.

*First*, there is another means for you to obtain the information sought—*i.e.* asking Ms. Oldaker about our conversation—and you have already fully availed yourself of that opportunity during her deposition.  You also questioned Ms. Oldaker's counsel, Elora Mukherjee.  They both testified consistently that there was no witness coaching during the lunch.  *Second*, and similarly, I do not possess any relevant, non-privileged information different from what you already obtained from Ms. Oldaker and Ms. Mukherjee.  *Third*, any information that you can seek from me is in no way "crucial" to your preparation of this case.  My testimony would be irrelevant to the claims and defenses in this action.  And, to the extent you believe my testimony is relevant because I may have different recollection about the lunch conversation than Ms. Oldaker, I can assure you that I would only substantiate her claim that there was nothing substantive discussed during the lunch.  Further, the hope of developing possible evidence for impeaching a witness is not a compelling basis that would justify the extraordinary measure of taking the deposition of your opposing counsel.  Put simply, this is a side-show.

For these reasons, I request that you withdraw your subpoena.  Should you refuse to do so, I will reach out to Ms. Mixon to make clear that we are seeking a protective order.

Sincerely,
Cynthia