# EXHIBIT K

| | |
|---|---|
| **From:** | Stacey Evans <sevans@staceyevanslaw.com> |
| **Sent:** | Monday, November 27, 2023 9:16 PM |
| **To:** | McNamara, Elizabeth |
| **Cc:** | Amble Johnson; Levine, Amanda; Cynthia Counts; Charlton, Leena; Scott R. Grubman; Stacey Evans |
| **Subject:** | RE: Cynthia Counts Deposition |

[EXTERNAL]

Liz,

There are at least two differences between the testimony you sought from Mr. Grubman and what we seek from Ms. Counts.  First, you initially sought a deposition from Mr. Grubman in which you previewed your intent to ask him questions that would have directly implicated attorney client privileged communications and work product.  Here, Cynthia had lunch with a third-party witness she was about to depose and discussed at least some of the upcoming questions and answers with her (as Ms. Oldaker testified briefly before Ms. Counts made improper speaking objections and instructions to the witness that interfered with and prevented further testimony).  There is no chance to implicate attorney-client privileged information with the questions I've laid out for Ms. Counts.  And even if you make some claim of work product, which would be absurd in this situation where conversations like the one that took place are specifically prohibited by the Local Rules, there is certainly a basis for substantial need given the interference in Ms. Oldaker's testimony.

Second, after you abandoned your attempt to take Mr. Grubman's deposition, but wanted him to sign a pre-written declaration, you were seeking information from Mr. Grubman that could be gleaned from documents.  Here, however, what we seek from Ms. Counts can only be gotten from her as she interfered with Ms. Oldaker's testimony when I tried to gain the information from Ms. Oldaker.  And you rightfully withdrew your request for the declaration from Mr. Grubman, I assume, because you realized you were not asking us for any new information, but simply a recitation of what was already in emails that we produced involving Mr. Grubman (in addition to your attempt to get Mr. Grubman to parrot your gloss on other documents and legal positions, which was never proper).

Finally, I'll note that I appreciate you confirming that Ms. Counts will not be a witness in the case, but here that's not significant.  Ms. Oldaker *is* a relevant witness—per your own disclosures—and her credibility is directly relevant with regard to the allegations she made against Dr. Amin and claims about Dr. Amin's medical treatment and vis-a-vie her other medical experiences.  How Ms. Counts may have influenced her testimony at lunch (and there is good cause to believe she did based on the limited testimony gained from Ms. Oldaker before Ms. Counts improperly interfered in the deposition). It is that information that I sought to obtain from Ms. Oldaker that I was prevented from exploring because of Ms. Counts' improper speaking objections and instructions to Ms. Oldaker to only answer if she was sure that Ms. Counts had said the exact words from my questions.  Thus, the need to learn information about the lunch conversation from Ms. Counts that I was prevented from learning from Ms. Oldaker.

I'm not withdrawing the subpoena, but I make clear again that I offer the declaration option in lieu of the subpoena for deposition.  I can't stop you from filing a motion for protective order, but it seems like if Ms. Counts is so convinced that nothing improper happened at the lunch or that she didn't interfere with the testimony by discussing it with Ms. Oldaker at lunch, it would be much easier for her simply answer the questions.

Thanks, Stacey

**From:** McNamara, Elizabeth <lizmcnamara@dwt.com>
**Sent:** Monday, November 27, 2023 8:41 PM
**To:** Stacey Evans <sevans@staceyevanslaw.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Levine, Amanda <AmandaLevine@dwt.com>; Cynthia Counts <Cynthia.Counts@fisherbroyles.com>; Charlton, Leena <LeenaCharlton@dwt.com>
**Subject:** RE: Cynthia Counts Deposition

EXTERNAL SENDER. Only open links and attachments from known senders. DO NOT provide your username or password.

Stacey,

Seeking testimony (whether in writing or via a deposition) from an adverse counsel is not warranted.  When you raised the very same concerns regarding our seeking testimony from Scott Grubman – even though he had directly relevant information concerning contacts with other news organizations that published the exact same statements at issue in this action, among other issues, unlike Cynthia who has no information relevant to the challenged statements in this action – we withdrew our subpoena and did not press for his testimony.  Mr. Grubman represented that he would not be a witness in this action and you can be assured that Ms. Counts will not be a witness in this action.

Put simply, there is no basis for Ms. Counts testimony.  Accordingly, if you do not withdraw the subpoena, we are left with no option but to move for a protective order.

Thanks, Liz


**Elizabeth McNamara**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6437   **C** 917.952.7901   **E** lizmcnamara@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
DWT.COM

**From:** Stacey Evans <sevans@staceyevanslaw.com>
**Sent:** Monday, November 27, 2023 8:04 PM
**To:** McNamara, Elizabeth <lizmcnamara@dwt.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Levine, Amanda <AmandaLevine@dwt.com>; Cynthia Counts <Cynthia.Counts@fisherbroyles.com>; Charlton, Leena <LeenaCharlton@dwt.com>
**Subject:** RE: Cynthia Counts Deposition

[EXTERNAL]

It is literally what the judge encouraged us to consider, and you have offered nothing as a return compromise suggestion.

**From:** McNamara, Elizabeth <lizmcnamara@dwt.com>
**Sent:** Monday, November 27, 2023 7:49 PM
**To:** Stacey Evans <sevans@staceyevanslaw.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Levine, Amanda <AmandaLevine@dwt.com>; Cynthia Counts <Cynthia.Counts@fisherbroyles.com>; Charlton, Leena <LeenaCharlton@dwt.com>
**Subject:** RE: Cynthia Counts Deposition

EXTERNAL SENDER. Only open links and attachments from known senders. DO NOT provide your username or password.

Thanks, Stacey.  As Cynthia has previously indicated, agreeing to a series of questions amounts to a written deposition.  We respectfully decline.  We will proceed with the motion.  Liz

**Elizabeth McNamara**
**Partner,** Davis Wright Tremaine LLP

**P** 212.603.6437  **C** 917.952.7901  **E** lizmcnamara@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

**From:** Stacey Evans <sevans@staceyevanslaw.com>
**Sent:** Monday, November 27, 2023 4:55 PM
**To:** McNamara, Elizabeth <lizmcnamara@dwt.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Levine, Amanda <AmandaLevine@dwt.com>; Cynthia Counts <Cynthia.Counts@fisherbroyles.com>; Charlton, Leena <LeenaCharlton@dwt.com>; Stacey Evans <sevans@staceyevanslaw.com>
**Subject:** RE: Cynthia Counts Deposition

[EXTERNAL]

I continue to offer the option of a declaration answering the below questions (and I also continue to offer to leave off #11 in the interest of a compromise).  So far that offer has been rejected, despite the Court telling us that he encouraged us to work together on alternative discovery and specifically suggested written interrogatories.

1. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee discuss any questions Ms. Counts was planning to ask Ms. Oldaker?

2. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about prior pap smears with other doctors?

3. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about prior transvaginal ultrasounds with other doctors?

4. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker about literature or pamphlets available at other doctors' offices she had visited?

5. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts would ask Ms. Oldaker whether other doctors had given her pamphlets during her visits?

6. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee show Ms. Oldaker any medical records?

7. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee say that Ms. Counts was going to ask Ms. Oldaker about a sonogram picture?

8. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee suggest that Ms. Oldaker should have, must have, or maybe did hear more information about

3

    women at ICDC having hysterectomies than Ms. Oldaker shared in response to Dr. Amin's counsel's questioning?

9. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee suggest to Ms. Oldaker what her answers to any questions should be, and if so, what?

10. During lunch on July 27, 2023, did Ms. Counts or Ms. Mukherjee state how they would answer any questions if they were Ms. Oldaker, and if so, what?

11. What was said during lunch on July 27, 2023 (inclusive of all present)?

---

**From:** McNamara, Elizabeth <lizmcnamara@dwt.com>
**Sent:** Monday, November 27, 2023 2:18 PM
**To:** Stacey Evans <sevans@staceyevanslaw.com>
**Cc:** Amble Johnson <ajohnson@staceyevanslaw.com>; Levine, Amanda <AmandaLevine@dwt.com>; Cynthia Counts <Cynthia.Counts@fisherbroyles.com>; Charlton, Leena <LeenaCharlton@dwt.com>
**Subject:** Cynthia Counts Deposition

EXTERNAL SENDER. Only open links and attachments from known senders. DO NOT provide your username or password.

Hi Stacey,

Are you still looking to take Cynthia's deposition? If so, we want to get our motion for protective order on file, so please let us know either way.

Thanks, Liz



**Elizabeth McNamara**
**Partner |** Davis Wright Tremaine LLP

**P** 212.603.6437  **C** 917.952.7901  **E** lizmcnamara@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

**DWT.COM**

4