**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D.,<br><br>                    Plaintiff,<br><br>    v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>                    Defendant. | Case No. 5:21-cv-00056-LGW-BWC<br><br>**MOTION TO FILE UNDER SEAL**<br>**AND MEMORANDUM IN SUPPORT** |

Cynthia Counts, counsel for Defendant NBCUniversal Media, LLC ("NBCU"), submits this Motion to Seal Exhibit A to the declaration of Elizabeth A. McNamara.  Exhibit A contains the transcript of a third-party deposition in this action.  Because Ms. Counts's interests in sealing the deposition transcript are far greater than the lower presumption of access in this context, the Court should grant the Motion.

## FACTUAL BACKGROUND

This defamation action stems from the publication of five MSNBC news reports, all of which reported on a publicly available whistleblower complaint made to federal government agencies.  The whistleblower complaint alleged that a doctor—first identified by third-party news organizations as Dr. Amin—was performing unnecessary and/or unconsented-to gynecological procedures on women detained at the Irwin County Detention Center ("ICDC").

The present action is not the only one in which Dr. Amin is embroiled.  In December 2020, numerous ICE detainees who were treated by Dr. Amin filed a putative class action lawsuit against him, as well as against the private corporation that managed ICDC, and various governmental agencies, alleging that they suffered "widespread and systematic abuse" by Dr. Amin.  *See Oldaker*

*v. Giles*, Case No. 20-cv-00224-WLS-MSH (M.D. Ga. 2020).  Due to a pending federal criminal investigation into Dr. Amin's treatment of ICDC detainees, discovery in *Oldaker* is currently stayed.

Because the *Oldaker* plaintiffs alleged that they suffered medical mistreatment by Dr. Amin, and because the present defamation action involves allegations about Dr. Amin's treatment of ICDC detainees, NBCU listed the *Oldaker* plaintiffs on its Rule 26 Initial Disclosures as individuals who may have discoverable information.  Consequently, Dr. Amin sought to depose most of the *Oldaker* plaintiffs, including, as is relevant to this Motion, lead plaintiff Yanira Yesenia Oldaker.  But, since discovery is stayed in *Oldaker*, the parties agreed to certain accommodations for Ms. Oldaker's deposition, including that the deposition transcript would be marked "Confidential" pursuant to the Protective Order in this action (Dkt. 42), and would be filed under seal.

Ms. Oldaker was deposed in this action on July 27, 2023.  Following the deposition, counsel for Dr. Amin, Stacey Evans, emailed counsel for Ms. Oldaker and NBCU claiming that she was concerned there were violations of a District of South Carolina Local Rule during Ms. Oldaker's deposition.[1]  As a result, she issued subpoenas to counsel for Ms. Oldaker and Ms. Counts.  Because the events during the deposition are relevant to Ms. Counts's motion for a protective order, she has filed the deposition transcript as a sealed exhibit in support of that Motion. Ms. Oldaker's counsel, who similarly filed a motion to quash her own deposition subpoena in the Southern District of New York, *see* Case No. 1:23-mc-377, did the same.

## ARGUMENT

While the right of public access is an essential component of our judicial system, *see*

---

[1] This issue is more fully discussed in NBCU's simultaneously filed motion for a protective order.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007), this right is not absolute and "may be overcome by a showing of good cause," *Beck v. Shinseki*, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014). "The good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* Factors that a court should consider in making this inquiry include "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or privacy concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246. Notably, "the Eleventh Circuit has drawn a distinction between discovery-related material, which is not strictly subject to the common-law right of access, and material filed with substantive pretrial motions, which generally is." *Baines v. City of Atlanta,* 2020 WL 10070278, at *1 (N.D. Ga. Sept. 23, 2020).

Here, Ms. Oldaker's deposition transcript is a discovery document unrelated to a pre-trial motion. Indeed, far from relating to the substance of this case, the motion to which the deposition transcript is attached is a motion for a protective order in response to a deposition subpoena issued to opposing counsel. The Court's decision on that motion will have no bearing on the merits of this action. Further, the sealing requested is limited to Ms. Oldaker's full deposition transcript. Portions of the transcript that contain material that is already in the public record—either because it is included in the *Oldaker* complaint or because it was quoted in the motion to quash filed by Ms. Oldaker's counsel in the Southern District of New York—are included without redaction in Ms. Counts's motion for a protective order.

At the same time, there are significant reasons for keeping the deposition transcript sealed.

Ms. Oldaker is a non-party to this action.  During her deposition, she discussed her personal medical history, including her treatment from Dr. Amin and other gynecologists, her immigration history, and the identities of other women detained at ICDC who were treated by Dr. Amin.  Ms. Oldaker has a privacy interest in keeping this information shielded from public view.

In addition, the deposition transcript, if unsealed, could harm Ms. Oldaker's interests in her putative class action lawsuit against Dr. Amin.  The parties agreed to accommodations for Ms. Oldaker's deposition precisely because discovery was still stayed in *Oldaker* pending the ongoing criminal investigation concerning Dr. Amin, and they wanted to avoid any prejudice that could occur from allowing Dr. Amin to depose Ms. Oldaker before Ms. Oldaker is permitted to conduct discovery.  Publicly filing Ms. Oldaker's deposition transcript would give all parties to that action insight into her deposition, to which they would not otherwise have access.

Finally, sealing Ms. Oldaker's deposition transcript would accord with the decision of the Southern District of New York, which maintained Ms. Oldaker's deposition transcript under seal. *See* 1: 23-mc-377, Dkt. 21 (granting motion to seal).  Counsel for Dr. Amin, counsel for NBCU, and counsel for Ms. Oldaker all agreed to the sealing in that case.

## CONCLUSION

For the foregoing reasons, Ms. Counts respectfully requests that the Court order that Exhibit A to the Declaration of Elizabeth McNamara in support of Ms. Counts's Motion for a Protective Order be placed under seal.

Dated: November 28, 2023

Respectfully submitted,

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara

4

(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com

Cynthia L. Counts
Georgia Bar No. 190290
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
(404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant NBCUniversal Media, LLC*
*and Defendant's Counsel Cynthia Counts*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 28th day of November, 2023, a true and correct copy

of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com

Amble Johnson
ajohnson@staceyevanslaw.com

Scott R. Grubman
sgrubman@cglawfirm.com

/s/ Elizabeth A. McNamara
Elizabeth A. McNamara
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com

*Attorneys for Defendant NBCUniversal Media, LLC
and Defendant's Counsel Cynthia Counts*