Declaration of

Elizabeth McNamara

Exhibit 144

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**YANIRA YESENIA OLDAKER, et al.,**

 **Petitioners-Plaintiffs,**

**v.**

**THOMAS GILES, et al.,**

 **Defendants.**

**Case No.: 7:20-cv-00224-WLS**

## STATUS REPORT ON STAY OF PROCEEDINGS [ECF No. 305] AND REQUEST FOR ADDITIONAL STAY OF DISCOVERY

On September 17, 2021, the Court granted Federal Defendants' motion for a 90-day stay of proceedings [ECF No. 105], up to and including September 24, 2021, and ordered Federal Defendants to file a status report indicating whether an additional stay was necessary [ECF No. 168]. On October 5, 2021, the Court granted Federal Defendants' request to extend the stay an additional 105 days to January 7, 2022 [ECF No. 172], and ordered Federal Defendants to submit a status report on that date, regarding the need for an extension of the stay [ECF No. 178]. On January 7, 2022, Federal Defendants filed a status report requesting a continued extension of the stay and on January 10, 2022, the Court granted Federal Defendants' request [ECF No. 179 & 180]. On February 1, 2022, the Court lifted the stay of the case but continued the stay of discovery until further order of the Court [ECF No. 187].

1

On March 30, 2023, Plaintiffs moved for an Order to Show Cause [ECF Nos. 277]. On April 20, 2023, the Court ordered Federal Defendants to file a response to Plaintiffs' Motion [ECF No. 292]. On April 26, 2023, Federal Defendants responded to Plaintiffs' Motion and indicated that "the stay of discovery should stay in place" [ECF No. 299 at 1]. The Court held a hearing on May 2, 2023, and on May 4, 2023, ordered the stay of discovery continued because of the ongoing criminal investigations [ECF No. 305 at 2]. The Court also ordered Federal Defendants to "file a statement on the record advising the Court whether the criminal and internal investigations are still ongoing and, to the extent Counsel is able, provide an estimate of when investigations will be concluded, or when discovery in this case will no longer potentially interfere with those investigations" [ECF No. 305 at 4-5].

On August 2, 2023, Federal Defendants filed a status report noting that the criminal investigation remains ongoing and asking the Court to continue the stay of discovery for an additional 90 days, at which time Federal Defendants would file another status report [ECF No. 318]. On August 10, 2023, Plaintiffs filed a response indicating that they did not oppose the stay "because the Court is still considering the briefing on Defendants' motions to dismiss . . . and in light of" the pending criminal investigation [ECF No. 317]. On August 10, 2023, Walkiria Mines and Djibril "William" Rabiou, Federal Defendants sued in their individual capacities, also filed a response indicating that they did not oppose the stay "in light of 'the

ongoing criminal and internal investigations,'" and "the pendency of the Defendants' motions to dismiss" [ECF No. 318]. On August 17, 2023, Defendants Mines and Rabiou subsequently filed their own motion to dismiss [ECF No. 323].[1]

On August 11, "for good cause shown," the Court granted Federal Defendants' motion to continue the stay of discovery for 90 days and ordered Federal Defendants to file a status report by October 31, 2023, explaining "the appropriateness of an extension of the discovery stay," if applicable [ECF No. 319, as amended by ECF No. 322].

As of October 23, 2023, United States Attorneys and other federal civil rights investigators continue to investigate the allegations in this lawsuit, to determine whether any criminal conduct, including criminal civil rights violations, occurred. Counsel for Federal Defendants have been informed that the criminal investigation remains ongoing. Because of the nature of such investigations, Counsel have been unable to obtain an estimate of when the investigation will end or when discovery in this case will no longer interfere with the investigation.

Whereas the investigations related to the claims of abuse in this case remain ongoing and the previously-asserted grounds to stay these proceedings remain relevant, Federal Defendants respectfully request that this Court continue the stay of

---

[1] There are currently 7 motions to dismiss Plaintiffs' Second Amended Complaint pending [ECF Nos. 227, 231, 232, 233, 234, 242, 323].

3

proceedings for an additional 90 days, up to and including January 29, 2024, at which time Federal Defendants will file a status report indicating whether additional time is needed.

Federal Defendants request a continued stay of discovery because the reasons for a stay remain valid. As this Court held previously, "the Federal Defendants' reasons for requesting an extension of the stay are compelling: the claims in this case and the ongoing criminal investigation concern the same alleged violations [and] the evidence being gathered in the investigation will likely overlap with the discovery that will be sought in this case" [ECF No. 179 at 2]. The Court is within its discretion to continue the stay of discovery to the extent it could interfere with ongoing investigations, *see* Fed. R. Civ. P. 26(c).

Additionally, Federal Defendants have not changed their position that Plaintiffs remain out of ICE custody and under no threat of imminent removal. ICE maintains that it continues to have no present intention of removing Plaintiffs with final orders of removal, absent substantially adverse conduct by the Plaintiffs [Exhibit 1, Declaration of Nikita Baker, October 31, 2023, at ¶¶ 6, 7].

Federal Defendants therefore respectfully request that the Court extend the stay of proceedings for an additional 90 days, up to and including January 29, 2024. Federal Defendants will file a status report at that time, updating the Court on the status of the investigations and the need for an extension of the stay of proceedings

at that time.

Date: October 31, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General
Civil Division

JEFFREY S. ROBINS
Deputy Director
Office of Immigration Litigation

*/s/ James J. Walker*
JAMES J. WALKER
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4468
Fax: (202) 305-7000
Email: james.walker3@usdoj.gov

Respectfully submitted,

JASON R. COODY
United States Attorney

MARIE A. MOYLE
Assistant United States Attorney
Florida Bar No. 1003498
111 N. Adams Street, 4th Floor
Tallahassee, FL 32301
Telephone: 850-942-8430
Fax: 850-942-8466
Email: marie.moyle@usdoj.gov
Special AUSA Acting Under
Authority
Conferred by 28 U.S.C. § 515

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Status Report has been

furnished via CM/ECF to all interested parties, this 31st day of October, 2023.


*/s/ James J. Walker*
JAMES J. WALKER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**YANIRA YESENIA OLDAKER, et al.,**

    **Plaintiffs,**

**v.**

**THOMAS GILES, et al.,**

    **Defendants.**

**Case No.: 7:20-cv-00224-WLS**

## **DECLARATION**

Pursuant to 28 U.S.C. § 1746, I, Nikita Baker, do hereby declare:

1. I am employed by the United Stated Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations, Headquarters, and currently serve as Unit Chief. I have held this position since April 2018. The Field Operations Division provides guidance on policy and procedures, facilitating coordination to ERO's national field offices and headquarters. Field Operations manages programs and initiatives to identify, arrest, prosecute and remove priority noncitizens. In my current position, I manage ERO personnel and provide oversight over all of ERO's operations in ERO Field Offices in the southeast region of the country.

2. I began my career with the U.S. Government as an Immigration Enforcement Agent with ICE in Fairfax, Viriginia in 2006. I advanced through a variety of positions including Deportation Officer, Acting Supervisory Detention and Deportation Officer, Acting Chief of Staff for Assistant Director of Field Operations, Acting Unit Chief, and Acting Deputy Assistant Director for Eastern operations.

3. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information portals maintained and relied upon by DHS in the regular course of business.

**EXHIBIT 1**

4. ICE is charged with removing noncitizens who lack lawful immigration status in the
United States. Detention is an important and necessary part of immigration enforcement.
ICE detains people to secure their presence both for immigration proceedings and their
removal, with a special focus on those who represent a risk to public safety, or for whom
detention is mandatory by law.

5. In preparation for submitting this declaration, I reviewed information about the Plaintiffs
in ICE databases, including but not limited to the following: 1) the date(s) removal
proceedings began; 2) the current posture of the Plaintiffs' removal proceedings; and 3)
the current detention statuses of the Plaintiffs.

6. I have confirmed that all of the Plaintiffs remain out of ICE custody.

7. ICE does not have any present intention of removing Plaintiffs, with final orders of
removal, absent substantially adverse conduct by the Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct to the best of my
knowledge and belief, this October 31, 2023, at Washington, District of Columbia.

Nikita Baker,
Unit Chief for Field Operations Division
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement