UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | Case No. 5:21-cv-00056-LGW-BWC <br><br> **MOTION TO FILE UNDER SEAL AND MEMORANDUM IN SUPPORT** |

Defendant NBCUniversal Media, LLC ("NBCU") respectfully submits this motion to seal portions of its Motion for Summary Judgment and Motion to Exclude The Expert Opinion of Dr. Elbridge Bills.

## FACTUAL BACKGROUND

This defamation action stems from the publication of certain MSNBC news reports, all of which reported on a publicly available whistleblower complaint made to federal government agencies. The whistleblower complaint alleged that a doctor—first identified by third-party news organizations as Plaintiff, Dr. Mahendra Amin ("Dr. Amin")—was performing unnecessary and/or unconsented-to gynecological procedures on women detained at the Irwin County Detention Center ("ICDC").

In discovery, the parties received documents from third-parties, including sensitive medical records and government documents, which qualify as "Confidential" under the Protective Order in this case. *See* Dkt. 42. In addition, Dr. Amin has produced certain documents, including medical records, pursuant to the Protective Order. (Together, documents produced by third parties and parties in this action marked "Confidential" are hereafter identified as the "Confidential

Materials.")

Because the Confidential Materials are relevant and essential to both NBCU's concurrently filed Motion for Summary Judgment and Motion to Exclude Expert Testimony, the Confidential Materials have been included in support of Defendant's Motions. NBCU has publicly filed its Motions, redacting only what is necessary to maintain confidentiality. The accompanying exhibits have similarly been filed publicly to the extent possible. Some exhibits, however, contain personal information deemed Confidential by Dr. Amin or third-parties to this action, and NBCU accordingly moves to file them under seal. These documents include:

**Documents Pertaining to NBCU's Motion for Summary Judgment**

- Unredacted version of NBCU's Motion for Summary Judgment;
- Unredacted version of NBCU's Statement of Material Facts pursuant to Southern District of Georgia Local Rule 56.1;
- McNamara Declaration Exhibits 3, 10, 19, 36-37, 50-52, 62-65, 67, 72-78, 84-86, 105, 108, 111-126, 130, 132, 133, 138-142, 145-148.

**Documents Pertaining to NBCU's Motion to Exclude Dr. Eldridge Bills**

- Unredacted version of NBCU's Motion to Exclude Dr. Elbridge Bills
- McNamara Declaration Exhibits 4, 7, 8, 9-11, 12

For the following reasons, good cause requires that these documents be filed under seal.

## ARGUMENT

While the right of public access is an essential component of our judicial system, *see Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007), this right is not absolute and "may be overcome by a showing of good cause," *Beck v. Shinseki*, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014); *Hodges v. Chatham Cnty.*, 2023 WL 2541123, at *1 (S.D. Ga. Mar. 16, 2023).

"A good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* Factors that a court should consider in making this inquiry include:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Here, there are significant reasons for keeping the Confidential Materials sealed. First, many of the documents are the medical records of plaintiffs in *Oldaker v. Giles*, a putative class action lawsuit against Dr. Amin. The *Oldaker* plaintiffs have a significant privacy interest in the Confidential Materials, especially in their medical records and deposition testimony, which are used in and relevant to both Motions here. During their depositions, the *Oldaker* plaintiffs discussed their personal medical history, including their treatment from Dr. Amin and other gynecologists, their immigration history and status, and the identities of other women detained at ICDC who were treated by Dr. Amin. The *Oldaker* plaintiffs (and other patients whose records were produced) have an obvious privacy interest in keeping this information shielded from public view. For many of the women, these records and their testimony recount moments they consider traumatizing and invasive.

Dr. Amin has produced confidential patient medical records as well. And "[t]hese sensitivities about medical records are not likely to dissipate at the conclusion of this litigation." *Prospero v. Prescott*, 2022 WL 19837318, at *2 (S.D. Ga. July 15, 2022) (permanently sealing "embarrassing" and "stigmatizing" medical records). The experts' reliance on the detainees' medical records warrants sealing of those portions of the Motion to Exclude as well. *See*

3

*Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, 2015 WL 149984, at *5 (N.D. Ga. Jan. 12, 2015) (granting motion to seal select pages of expert report and accompanying exhibit that contained confidential information).

In addition, the deposition transcripts, if unsealed, could harm *Oldaker* plaintiffs' interests in their putative class action lawsuit against Dr. Amin. The parties agreed to accommodations for these depositions precisely because discovery was still stayed in *Oldaker* pending the ongoing criminal investigation concerning Dr. Amin and others, and they wanted to avoid any prejudice that could occur from allowing Dr. Amin to depose the plaintiffs before the plaintiffs are permitted to conduct discovery. Publicly filing their deposition transcripts would give all parties to that action insight into the depositions, to which they would not otherwise have access.

Indeed, sealing these deposition transcripts and medical records accords with the parties' private agreements—counsel for Dr. Amin, counsel for NBCU, and counsel for the *Oldaker* plaintiffs all agreed to sealing the deposition testimony. And the patient medical records were all produced pursuant to the Protective Order in this Action.

Further, several other third parties produced documents in this Action pursuant to the Protective Order, many of which contain medical records or personal information for ICDC detainees or internal discussions of ongoing investigations. For example, LaSalle—the private company that ran ICDC in September 2020—produced a number of documents, some of which are included in this Motion. These documents include potentially sensitive information, including medical records and complaints of detainees, internal communications concerning ongoing investigations, and law enforcement policies and practices regarding the management of ICDC in particular and detention facilities in general. LaSalle produced its records subject to the Protective Order and maintains that many of its documents are Federal property pursuant to an agreement

4

with the government. *See Amin v. NBCU*, Case No. 7:23-mc-00003-HL (M.D. Ga.), Dkt. 9 ¶3 (Non-Party LaSalle Southeast LLC's Response to Def.'s Mot. to Compel). Allowing these documents to be filed under seal simply maintains the private agreement between the parties. *United States v. Anderson,* 799 F.2d 1438, 1440 (11th Cir. 1986) (upholding motion to seal document because the Government "voluntarily agreed to provide the information on the condition that the defendants not reveal the notice's contents to the public or to the press"); *United States ex rel. Locklear v. Medixx Transp., LLC*, 2018 WL 3419272, at *2 (S.D. Ga. July 13, 2018) (granting government motion to maintain seal where the documents "reveal its process for investigating" certain cases).

## CONCLUSION

For the foregoing reasons, NBCU respectfully requests that the Court order that the Confidential Materials be placed under seal.

Dated: December 19, 2023

                      */s/ Elizabeth A. McNamara*
                      Elizabeth A. McNamara
                      (admitted *pro hac vice*)
                      DAVIS WRIGHT TREMAINE LLP
                      1251 Avenue of the Americas, 21st Floor
                      New York, NY 10020-1104
                      Tel: (212) 489-8230
                      lizmcnamara@dwt.com

                      Cynthia L. Counts
                      Georgia Bar No. 190290
                      FISHERBROYLES, LLP
                      945 East Paces Ferry Rd. NE, Suite 2000
                      Atlanta, GA 30326
                      (404) 550-6233
                      cynthia.counts@fisherbroyles.com

                      *Attorneys for Defendant NBCUniversal Media, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 19th of December, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com

Amble Johnson
ajohnson@staceyevanslaw.com

Scott R. Grubman
sgrubman@cglawfirm.com

                                               */s/ Elizabeth A. McNamara*
                                               Elizabeth A. McNamara
                                               (admitted *pro hac vice*)
                                               DAVIS WRIGHT TREMAINE LLP
                                               1251 Avenue of the Americas, 21st Floor
                                               New York, NY 10020-1104
                                               Tel: (212) 489-8230
                                               lizmcnamara@dwt.com

                                               *Attorneys for Defendant NBCUniversal Media, LLC*