# Exhibit Z



# U.S. DEPARTMENT OF HOMELAND SECURITY
# OFFICE OF INSPECTOR GENERAL

OIG-24-16

January 23, 2024

**FINAL REPORT**

# ICE Major Surgeries Were Not Always Properly Reviewed and Approved for Medical Necessity



NBCU005294

# OFFICE OF INSPECTOR GENERAL

U.S. Department of Homeland Security

Washington, DC 20528 | www.oig.dhs.gov

January 23, 2024

| | |
|---|---|
| MEMORANDUM FOR: | Patrick J. Lechleitner<br>Deputy Director and Senior Official Performing the<br>Duties of the Director<br>U.S. Immigration and Customs Enforcement |
| FROM: | Joseph V. Cuffari, Ph.D.<br>Inspector General<br><br>Digitally signed by JOSEPH V CUFFARI<br>Date: 2024.01.23 18:20:51 -05'00' |
| SUBJECT: | *ICE Major Surgeries Were Not Always Properly Reviewed and Approved for Medical Necessity* |

Attached for your action is our final report, *ICE Major Surgeries Were Not Always Properly Reviewed and Approved for Medical Necessity*.  We incorporated the formal comments provided by your office.

The report contains one recommendation aimed at improving ICE's process for approving major surgical procedures for non-citizens in ICE custody.  Your office concurred with our recommendation.

Based on information provided in your response to the draft report, we consider the recommendation open and resolved.  Once your office has fully implemented the recommendation, please submit a formal closeout letter to us within 30 days so that we may close the recommendation.  The memorandum should be accompanied by evidence of completion of agreed-upon corrective actions.  Please send your response or closure request to OIGAuditsFollowup@oig.dhs.gov.

Consistent with our responsibility under the *Inspector General Act*, we will provide copies of our report to congressional committees with oversight and appropriation responsibility over the Department of Homeland Security.  We will post the report on our website for public dissemination.

Please contact me with any questions, or your staff may contact Kristen Bernard, Deputy Inspector General for Audits, at (202) 981-6000.

Attachment

*OIG Project No. 22-019-AUD-ICE*

NBCU005295

# DHS OIG HIGHLIGHTS
*ICE Major Surgeries Were Not Always Properly Reviewed and Approved for Medical Necessity*

January 23, 2024

## Why We Did This Audit

ICE's IHSC provides direct and indirect health care services to detained non-citizens, including by approving major surgical procedures (those requiring up to a 90-day post-operative recovery period) after deeming them medically necessary. We conducted this audit to determine the extent to which ICE properly processes and authorizes surgical procedures for detained non-citizens.

## What We Recommend

We made one recommendation to improve IHSC's management of detained non-citizens' medical care.

**For Further Information:**
Contact our Office of Public Affairs at (202) 981-6000, or email us at:
DHS-OIG.OfficePublicAffairs@oig.dhs.gov.

## What We Found

In fiscal years 2019 through 2021, U.S. Immigration and Customs Enforcement's (ICE) Health Service Corps (IHSC) did not always properly process and authorize major surgical procedures for non-citizens in ICE custody. Per IHSC's process, only designated Regional Clinical Directors (RCD) or Clinical Directors (CD) are qualified to review authorizations for medical necessity and approve major surgical procedures performed by off-site providers.

We determined 72 of 227 major surgeries included in our statistical sample were not reviewed or approved by a RCD or CD, but instead were reviewed and approved by IHSC personnel such as nurses or nurse practitioners. This occurred because IHSC guidance was vague and did not include clearly defined requirements for approving major surgical procedures in IHSC's eClinicalWorks (eCW). Based on our universe of 553 major surgical procedures, we can infer with 95 percent confidence that between 137 and 214 major surgical procedures were not approved by the required IHSC RCDs or CDs in eCW from FYs 2019 through 2021. As a result, IHSC does not have assurance that all major surgeries conducted FY 2019 through FY 2021 were medically necessary.

Further, we contracted with an obstetrician/gynecologist (OB/GYN) to determine whether the documentation of medical necessity for major surgeries was adequate. In our judgmental sample, we limited our review to hysterectomies. Our contracted OB/GYN concluded that for two of six hysterectomies performed, the detained non-citizens' IHSC medical files did not include documentation to support a conclusion that a hysterectomy was medically necessary.

## ICE Response

ICE concurred with the report recommendation.



# OFFICE OF INSPECTOR GENERAL
U.S. Department of Homeland Security

## Background

U.S. Immigration and Customs Enforcement's (ICE) Health Service Corps (IHSC) is the entity within ICE responsible for providing direct and indirect health care to detained non-citizens in ICE custody. IHSC medical staff administers health care at ICE facilities and oversees the care of detained non-citizens at contracted (non-IHSC) facilities. Contract facilities are owned or managed by state or local governments and private companies in accordance with applicable detention standards. In fiscal year 2021, IHSC oversaw the medical care of approximately 88,000 detained non-citizens at 21 ICE facilities and monitored compliance with detention standards for more than 169,000 detained non-citizens at 150 non-IHSC staffed facilities.

IHSC and non-IHSC medical staff provide detained non-citizens with on-site medical, dental, mental, and emergency care. IHSC also provides access to off-site medical providers when on-site detention facility medical staff cannot provide the necessary services, including surgical procedures. IHSC categorizes surgical procedures as either minor or major surgeries based on the duration of post-operative care, as defined by the U.S. Department of Health and Human Services Centers for Medicare and Medicaid Services (CMS).[1] Minor surgeries are procedures that have less than an 11-day post-operative period, such as biopsies, skin grafts, and colonoscopies. Major surgeries are procedures that have post-operative periods as long as 90 days, such as knee surgeries, spinal surgeries, or hernia repairs. From FYs 2019 through 2021, IHSC authorized 1,237 surgical procedures, of which 628 were classified as minor surgeries and 609 as major surgeries.

When IHSC and non-IHSC detention facility medical staff determine the need for off-site care, an authorization referral is created. If the off-site medical provider recommends a surgical procedure, the detention facility medical staff will initiate a separate surgical authorization for approval of the surgery. Only IHSC physicians designated as Regional Clinical Directors (RCD) and Clinical Directors (CD) review authorizations for major surgical procedures to ensure medical necessity and approve these surgeries to be performed on detained non-citizens.[2] ICE uses eClinicalWorks (eCW) to maintain detained non-citizens' medical records and approve or deny off-site care requests including surgical procedures. To evaluate IHSC's authorization process for surgical procedures in FYs 2019-2021, we focused our audit on the universe of 553[3] approved major surgeries and derived a sample size of 227 surgeries that would provide statistically significant results.

---

[1] IHSC follows CMS guidelines for medical record review and payment.
[2] Emergency room visits or acute injuries (detached retinas or bone fractures) do not require approval of a Regional Clinical Director or Clinical Director due to the urgent need for medical treatment.
[3] We excluded 56 of the 609 major surgeries (leaving 553) associated with the Irwin County Detention Center due to referrals to our Office of Investigations resulting from a whistleblower complaint.

NBCU005297



**OFFICE OF INSPECTOR GENERAL**

U.S. Department of Homeland Security

We conducted this audit to determine the extent to which ICE properly processes and authorizes surgical procedures for detained non-citizens.

## Results of Audit

### ICE's Process of Approving Major Surgeries Did Not Always Ensure Review of Medical Necessity

In FYs 2019 through 2021, IHSC did not always properly process and authorize major surgical procedures for non-citizens in ICE custody.  According to the *IHSC Medical Claims Process Overview*, an IHSC RCD or CD must approve all requests for off-site surgical procedures.  Further, according to the *IHSC Scope of Covered Services: Health Care for People in ICE Detention*, an IHSC RCD or CD reviews authorizations for medical necessity and approves them in advance of major surgical procedures performed by off-site providers.  The review of medical necessity provides justification for the major surgeries as reasonable, necessary, and/or appropriately consistent with medical standards of care in the United States.

However, in a statistical sample of 227[4] cases, we found that 72 major surgeries (or 32 percent) were reviewed and approved by IHSC personnel other than RCDs or CDs, such as nurses or nurse practitioners.  IHSC requires RCDs and CDs to have a specific level of training and expertise, including a medical degree or equivalent and at least 3 years of medical training leading to board eligibility or certification that distinguishes them from other medical practitioners.

IHSC was not able to provide supporting documentation in eCW to demonstrate that RCDs or CDs reviewed and approved 72 of the 227 major surgeries in our sample.  According to an IHSC official, if an approval is not documented, the approval did not officially take place.  Moreover, without this documentation, IHSC cannot demonstrate these major surgeries were medically necessary.

Major surgeries were not always properly reviewed and approved by qualified medical professionals because IHSC guidance was vague and did not include clearly defined requirements for approving major surgical procedures in eCW.  Specifically, the flowchart IHSC developed to depict the process did not include any narrative or further guidance.  This led to approvals being granted via email, or even verbally according to an IHSC official, and not in eCW. Once we alerted IHSC officials of this issue, they began taking corrective action.  In December 2022, IHSC issued a policy to improve the surgical approval process that required all surgical procedures be reviewed and approved by RCDs and CDs in eCW.

---

[4] Of the 227 major surgeries, 9 were emergency room visits or the care of acute injuries and did not require a prior approval by a RCD or CD.  The remaining 146 major surgical procedures were properly approved.

NBCU005298



**OFFICE OF INSPECTOR GENERAL**
U.S. Department of Homeland Security

Based on our universe of 553 major surgical procedures, we can infer with 95 percent confidence that between 137 and 214 major surgical procedures were not approved by the required IHSC RCDs or CDs in eCW from FYs 2019 through 2021.  As a result, IHSC did not have assurance that these surgeries were medically necessary.

**Medical Necessity Not Adequately Documented for Two Major Surgeries Reviewed**

To determine whether the documentation of medical necessity for major surgeries was adequate, we selected a judgmental sample of major surgeries performed during our audit timeframe of FYs 2019 to 2021.  In planning for this work, we recognized the need for consultation by a medical professional with the requisite qualifications for evaluating medical documentation for the specific types of surgery chosen for review.  As a result, we limited our review to one medical field – obstetrics/gynecology (OB/GYN).  Our review included six of the seven hysterectomies[5] conducted during FYs 2019 through 2021.

Our contracted OB/GYN concluded that for two of six hysterectomies performed, the detained non-citizens' IHSC medical files did not demonstrate that a hysterectomy was the most appropriate course of treatment and was medically necessary.  IHSC officials agreed that their medical files did not contain the necessary documentation to demonstrate the medical necessity of these two hysterectomies.  Additionally, our review of documentation was not based on a statistical sample.  Therefore, our conclusions are limited to these six surgeries and cannot be extrapolated to the population of major surgeries.

## Recommendation

**Recommendation 1**: We recommend the Acting Director of U.S. Immigration and Customs Enforcement's Health Services Corps develop and implement a policy requiring Regional Clinical Directors and Clinical Directors to document their review and approval of major surgical procedures in IHSC's electronic health records system to ensure medically necessary and appropriately documented medical care for detained non-citizens.

## Management Comments and Office of Inspector General Analysis

ICE provided management comments on a draft of this report.  We included the comments in their entirety in Appendix B.  ICE concurred with our report recommendation.  A summary of ICE's response and our analysis follows.

**ICE Response to the Recommendation**: Concur.  IHSC currently follows policies that require Regional Clinical Directors and Clinical Directors to document their review and approval of major

---

[5] We did not review one case from Irwin County Detention Center due to referrals to our Office of Investigations resulting from a whistleblower complaint.

NBCU005299

**OFFICE OF INSPECTOR GENERAL**

*U.S. Department of Homeland Security*

surgical procedures in IHSC's electronic health records system. Specifically, planned major surgical procedures already require prior authorization review and approval documentation by either a Clinical Director, Regional Clinical Director, or their designee pursuant to the following directives all published on December 19, 2022:

1. IHSC Directive 01-36, "Medical Claims;"
2. IHSC 01-36 G-02, "Medical Payment Authorization Request (MedPAR) Guide for IHSC Managed Facilities;" and
3. IHSC 01-36 G-03, "MedPAR Guide for Non-IHSC Managed Facilities."

IHSC provided the OIG copies of this guidance on November 15, 2023, and requests the OIG consider the recommendation resolved and closed, as implemented.

**OIG Analysis**: ICE's actions are responsive to the recommendation, which will remain open and resolved until ICE provides clarifying documentation on IHSC's medical qualification requirements for designee's authorized to approve major surgical procedures.

NBCU005300



**OFFICE OF INSPECTOR GENERAL**

U.S. Department of Homeland Security

## Appendix A:
## Objective, Scope, and Methodology

The Department of Homeland Security Office of Inspector General was established by the *Homeland Security Act of 2002* (Pub. L. No. 107–296) by amendment to the *Inspector General Act of 1978*.

Our audit objective was to determine the extent to which ICE properly processes and authorizes surgical procedures for detained non-citizens. To achieve our objective, we reviewed Federal laws, regulations, requirements, and program policies associated with IHSC's processes to authorize surgical procedures for detained non-citizens. We also reviewed and analyzed prior audits and reports, testimonies, and congressional hearings related to the audit objective.

We conducted interviews with key officials from the IHSC Clinical Services Division, Health Care Compliance Division, Health Plan Management Unit, Health Information Technology Unit, Medical Case Management Unit, and Resource Management Unit. This included interviews with IHSC officials responsible for authorizing detained non-citizens' surgical procedures such as Field Medical Coordinators, Regional Clinical Directors, and Clinical Directors. Additionally, we identified Federal requirements regarding management's responsibility for internal control and managing the risks for fraud and further analyzed the design of controls and operations related to IHSC's surgical authorization activities from FYs 2019 through 2021.

Because IHSC does not have a repository of surgical procedure data, we combined data on authorizations, medical billing, and payment claims to derive our universe of surgical procedures. The IHSC surgical procedure universe included only authorizations with matches to medical claims that were within the American Medical Association's (AMA)[6] defined range of surgical procedures. This included common procedure terminology (CPT) codes from CPT 10004 through CPT 69900. We filtered the data using the post-operative recovery period "notes" data field to depict surgical procedures during FYs 2019 through 2021. This resulted in 1,237 surgical procedures in the following three categories:

- Zero-Day Surgeries (Minor Procedures): authorizations that contain zero-day post-operative surgery period language (480).
- 10-Day Surgeries (Minor Procedures): authorizations that contain 10-day post-operative surgery period language (148).
- 90-Day Surgeries (Major Procedures): authorizations that contain 90-day post-operative surgery period language (609).

---

[6] The AMA is the nation's largest professional association of physicians whose mission is to promote the art and science of medicine and the betterment of public health. The AMA defines surgery as being performed for the purpose of structurally altering the human body by the incision or destruction of tissues and is part of the practice of medicine.

NBCU005301

**OFFICE OF INSPECTOR GENERAL**
U.S. Department of Homeland Security

- 90 Day Surgeries (Major Procedures) Excluding Irwin County Detention Center: subset of the 90-day post-operative surgeries that excludes 56 authorizations containing records associated with Irwin County Detention Center (553).

We limited our review to major procedures during FYs 2019 through 2021 because these surgical procedures are more invasive and require a longer recovery period, while minor surgeries with 0 or 10-day post operative periods are less invasive procedures, which can be performed in a doctor's office or outpatient clinic. Additionally, these surgical procedures require medical review and approval of the authorizations, whereas the other categories do not have this requirement. As such, our universe of major surgeries consisted of 609 authorizations that contain 90-day post-operative surgical periods. However, due to referrals made to our Office of Investigations resulting from a whistleblower complaint, we did not include authorizations from the Irwin County Detention Center. Our audit focused on 553 major surgical procedures that excluded this detention center.

To assess data completeness, we verified that the eCW fields we considered essential were not blank and contained values. Specifically, we verified that all 553 surgical procedures (or 100 percent) in our universe had entries for the detained non-citizen's name, date of birth, authorization number, authorization date, authorizing IHSC official, date of procedure, provider name, billing CPT code, billing amount, payment amount, date of payment, and the notes tab.

To assess data accuracy, we compared IHSC's surgical authorization data to medical billing data. This comparison allowed us to confirm the surgical procedures were authorized by IHSC, performed by an off-site medical surgeon, and approved for payment. We compared the unique identifier fields of the authorization number, detained non-citizen's alien number, and detained non-citizen's date of birth from both data sets. We verified that all 553 surgical procedures (or 100 percent) in our universe had matching authorization numbers, alien numbers, and dates of birth between IHSC eCW data and medical billing data.

Our assessment determined the data was sufficiently complete and accurate for auditing purposes. As such, we determined the data was sufficiently reliable to support the findings, recommendations, and conclusions in the report.

We also evaluated IHSC's authorization processes and activities for major surgical procedures in IHSC and non-IHSC facilities using a statistical sample. Using a 95 percent confidence level and 5 percent margin of error, we determined that a simple random sample of 227 approved major surgical procedures was appropriate.

For each sampled surgical procedure, we assessed the detained non-citizen's surgical authorization process for compliance with applicable IHSC approval standards. We also requested that IHSC provide support for major surgery approval decisions for each sampled surgical procedure that did not have the qualified medical professional's approval in IHSC's eCW.

**OFFICE OF INSPECTOR GENERAL**
U.S. Department of Homeland Security

Based on our sample, 72 of 227 major surgeries (or 32 percent) were not approved by the designated IHSC Regional Clinical Directors or Clinical Directors.

Using the 32 percent of major surgeries not properly reviewed and approved by qualified medical professionals in our sample, we estimate with 95 percent confidence that between 24.8 to 38.6 percent of the population of cases for 90-day surgical procedures did not have documentation showing approval by the correct official.  We infer that between 137 and 214 of the total population of 553 major surgeries in FYs 2019 through 2021 were not properly reviewed and approved by the designated IHSC Regional Clinical Directors or Clinical Directors.

To further assess whether the documentation of medical necessity for major surgeries was adequate, we judgmentally selected six major surgeries performed during our audit timeframe of FY 2019 to 2021.  We limited our review to hysterectomies, due to the need for consultation by a medical professional with the requisite qualifications for each specific type of surgery.  We requested all hysterectomy medical files from IHSC for review.  IHSC's data identified seven hysterectomy surgical procedures during this period.  We did not include the seventh case pertaining to Irwin County Detention Center in our separate review, due to a whistleblower complaint, which was referred to our Office of Investigations.

We contracted with an independent medical physician to conduct the review of medical files, whose credentials include Doctor of Medicine and Doctor of Philosophy.  We reviewed credentials and verified the physician's medical license was in good standing.  The contracted physician has approximately 10 years of specialized OB/GYN experience and is a medical anthropologist who has worked extensively on reproductive health issues affecting incarcerated women.  We consider this physician qualified to assess the documentation in IHSC's medical files for medical necessity of the procedures.

In planning and performing our audit, we identified the internal control components and underlying internal control principles that were significant to the audit objective.  We reviewed ICE's surgical procedure authorization and approval process and its related control activities.  We identified internal control deficiencies that could adversely affect the approval of surgical procedures.  However, because we limited our review to these internal control components and underlying principles, it may not have disclosed all internal control deficiencies that may have existed at the time of our audit.

We conducted this audit from February 2022 through August 2023 pursuant to the *Inspector General Act of 1978*, 5 U.S.C. §§ 401–424, and according to generally accepted government auditing standards.  Those standards require that we plan and perform the audit to obtain sufficient, appropriate evidence to provide a reasonable basis for our findings and conclusions based on our audit objectives.  We believe that the evidence obtained provides a reasonable basis for our findings and conclusions based on our audit objectives.

NBCU005303

**OFFICE OF INSPECTOR GENERAL**

*U.S. Department of Homeland Security*

## DHS OIG's Access to DHS Information

As part of this audit, we requested access to all IHSC's electronic health records systems containing authorizations and medical billing data for off-site visits for detained non-citizens. We requested direct access to the data, however, IHSC officials initially denied the request without providing a reason for the denial, consistent with the law.  IHSC subsequently offered to extract any subset of data that we had requested through eCW.  To ensure a timely report, we accepted the subset of data for detained non-citizens who were authorized to visit off-site medical providers and the subset of data on medical billings for these visits from FYs 2019 through 2021.  DHS' denial of our initial request for access and subsequently providing two data subsets added more than 100 days to the timeline of this audit.

In ICE's written comments to the draft of this report, ICE disputed the fact that it "denied" OIG access, and the timeframes for providing data extracts necessary to conduct the audit.  We considered ICE's comments, but documentation supports our determination that DHS delayed and denied our access to information that we requested and to which we are entitled to receive.

**OFFICE OF INSPECTOR GENERAL**
U.S. Department of Homeland Security

# Appendix B:
# ICE Comments on the Draft Report

Office of the Chief Financial Officer

U.S. Department of Homeland Security
500 12th Street, SW
Washington, D.C. 20536



December 19, 2023

MEMORANDUM FOR: Joseph V. Cuffari, Ph.D.
Inspector General

FROM: Jennifer Cleary
Chief Financial Officer and
Senior Component Accountable Official
U.S. Immigration and Customs Enforcement

JENNIFER S CLEARY STANNARD
Digitally signed by JENNIFER S CLEARY STANNARD
Date: 2023.12.19 09:57:38 -05'00'

SUBJECT: Management Response to Draft Report: "ICE Major Surgeries Were Not Always Properly Reviewed and Approved for Medical Necessity"
(Project No. 22-019-AUD-ICE)

Thank you for the opportunity to comment on this draft report. U.S. Immigration and Customs Enforcement (ICE) appreciates the work of the Office of Inspector General (OIG) in planning and conducting its review and issuing this report.

ICE leadership is pleased to note OIG's recognition that the ICE Health Service Corps (IHSC) and non-IHSC medical staff provides detained non-citizens with on-site medical, dental, mental, and emergency care. OIG also noted that IHSC provides access to off-site medical providers when onsite detention facility medical staff cannot provide the necessary services, including surgical procedures.

However, IHSC disagrees with OIG's characterization that ICE "denied" OIG access to all IHSC's electronic health records systems containing authorizations and medical billing data for off-site visits for detained non-citizens, or that there was a delay of "100 days to the timeline of this audit." ICE is fully committed to cooperating with the OIG's requests for information. ICE notified OIG, and the OIG team acknowledged, that IHSC does not have a record system dedicated solely to surgical procedure data. The system that holds this data also includes an abundance of other highly sensitive medical information unrelated to the scope and objectives of this audit. Although ICE did not give OIG wholesale direct access to this system, IHSC did provide the OIG all requested data fields that IHSC had which were within the scope and objectives of the audit. This

www.ice.gov

NBCU005305

balanced approach provided the best alternative for OIG to access data pertinent to the audit without potentially leaving sensitive information vulnerable to misappropriation and loss.

ICE strives to ensure detained noncitizens are housed in a safe, secure, and humane manner, and have access to medical care through a variety of mechanisms, including medical care provided directly by ICE, through its contracted service providers, or by local community providers. ICE remains committed to ensuring effective oversight for authorizing major surgical procedures for noncitizens in ICE custody, which is critical for maintaining good health, preventing diseases, and treating illnesses.

The draft report contained one recommendation, with which ICE concurs. Enclosed find our detailed response to the recommendation. ICE previously submitted technical comments addressing several accuracy, contextual and other issues under a separate cover for OIG's consideration.

Again, thank you for the opportunity to review and comment on this draft report. Please feel free to contact me if you have any questions.

Enclosure

2

NBCU005306

**OFFICE OF INSPECTOR GENERAL**
*U.S. Department of Homeland Security*

## Enclosure: Management Response for Recommendation Contained in 22-019-AUD-ICE

<u>OIG recommended the Acting Director of IHSC:</u>

**Recommendation 1:** Develop and implement a policy requiring Regional Clinical Directors and Clinical Directors to document their review and approval of major surgical procedures in IHSC's electronic health records system to ensure medically necessary and appropriately documented medical care for detained non-citizens.

**Response:** Concur. IHSC currently follows policies that require Regional Clinical Directors and Clinical Directors to document their review and approval of major surgical procedures in IHSC's electronic health records system. Specifically, planned major surgical procedures already require prior authorization review and approval documentation by either a Clinical Director, Regional Clinical Director, or their designee pursuant to the following directives all published on December 19, 2022:

1. IHSC Directive 01-36, "Medical Claims;"
2. IHSC 01-36 G-02, "Medical Payment Authorization Request (MedPAR) Guide for IHSC Managed Facilities;" and
3. IHSC 01-36 G-03, "MedPAR Guide for Non-IHSC Managed Facilities."

IHSC provided the OIG copies of this guidance on November 15, 2023, and requests the OIG consider the recommendation resolved and closed, as implemented.

3

NBCU005307

## Appendix C:
## Report Distribution

**Department of Homeland Security**

Secretary
Deputy Secretary
Chief of Staff
Deputy Chiefs of Staff
General Counsel
Executive Secretary
Director, Government Accountability Office/OIG Liaison Office
Under Secretary, Office of Strategy, Policy, and Plans
Assistant Secretary for Office of Public Affairs
Assistant Secretary for Office of Legislative Affairs
ICE Component Liaison

**Office of Management and Budget**

Chief, Homeland Security Branch
DHS OIG Budget Examiner

**Congress**

Congressional Oversight and Appropriations Committees

NBCU005308

## Additional Information

To view this and any other DHS OIG reports, Please visit our website: www.oig.dhs.gov

For further information or questions, please contact the DHS OIG Office of Public Affairs via email: DHS-OIG.OfficePublicAffairs@oig.dhs.gov



## DHS OIG Hotline

To report fraud, waste, abuse, or criminal misconduct involving U.S. Department of Homeland Security programs, personnel, and funds, please visit: www.oig.dhs.gov/hotline

If you cannot access our website, please contact the hotline by phone or mail:

Call: 1-800-323-8603

U.S. Mail:
Department of Homeland Security
Office of Inspector General, Mail Stop 0305
Attention: Hotline
245 Murray Drive SW
Washington, DC 20528-0305

NBCU005309