IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 5:21-CV-00056-LGW-BWC |

**PLAINTIFF'S MOTION TO SEAL**

Pursuant to S.D. Ga. L.R. 79.7, Plaintiff Dr. Mahendra Amin, M.D. ("Plaintiff" or "Dr. Amin") herein files this Motion to Seal various documents and exhibits related to his Plaintiff's Response to Defendant's Motion Summary Judgment and Statement Controverting Defendant's Statement of Material Facts. Dr. Amin respectfully shows as follows:

**I.     INTRODUCTION**

Dr. Amin is a doctor who provided gynecological medical services to patients detained by the United States Immigration and Customs Enforcement (ICE) at the Irwin County Detention Center (ICDC). Dr. Amin brings this suit against Defendant NBCUniversal, LLC ("Defendant" or "NBCUniversal"), alleging that it defamed him by publishing statements that he performed mass hysterectomies and unconsented-to and abusive medical procedures. For example, NBCUniversal stated on air that Dr. Amin performed "mass hysterectomies" on ICE detainees; that Dr. Amin is referred to as the "uterus collector[;]" and that he was "doing very unnecessary procedures" including "unauthorized hysterectomies." (Dkt. No. 49). Several other similar on-air

statements made about Dr. Amin—indeed a vast majority of the challenged statements—survived Rule 12(c) dismissal. (ECF No. 59 at 66-67).

Contemporaneously with this motion, Dr. Amin has filed a Response to the Defendant's Motion for Summary Judgment. The motions and certain transcripts and exhibits thereto naturally include or involve discussions regarding highly sensitive personal health information (PHI) of witnesses, including patient names and their dates of birth, medical conditions, diagnoses, and procedures, among other medical information, and personally identifiable information deemed "CONFIDENTIAL" under the protective order governing this case (Dkt. No. 42, 107). Further, some of the documents contain confidentiality designations made by NBCUniversal pursuant to newsgathering confidentiality, upon which Dr. Amin takes no position but has not publicly filed such information.

In recognition of the right of access to judicial records, Dr. Amin has publicly filed redacted versions of those filings, and he has attached every supporting exhibit thereto from the case record which does not discuss or include personal health information or other sensitive personal or confidential information. However, certain arguments, statements, and materials contain information deemed "CONFIDENTIAL" which cannot be publicly filed without causing or risking injury to the personal privacy of various individuals. Accordingly, Dr. Amin moves to file under seal the following documents:

**<u>Documents Pertaining to Plaintiff's Response to Defendant's Motion for Summary Judgment</u>**

1. Unredacted version of Plaintiff's Response to Defendant's Motion for Summary Judgment;

2. Unredacted version of Plaintiff's Statement of Material Facts pursuant to S.D. Ga. L.R. 56.1;

3.     Ex. B, Portion of Deposition of Dawn Wooten;

4.     Ex. D, Portion of Deposition of Christopher Scholl;

5.     Ex. E, Email of Andrew Free;

6.     Ex. F, Portion of Deposition of Julia Ainsley;

7.     Ex. M. Portion of Deposition of David Paulk;

8.     Ex. N, Email of Julia Ainsley (September 18, 2020);

9.     Ex. O, Email of Julia Ainsley (October 14, 2020);

10.     Ex. R, Email Thread 3;

11.     Ex. X, Article in NewsConnect;

12.     Ex. EE, Portion of Deposition of Rachel Maddow;

13.     Ex. HH, Shamis Emails 1;

14.     Ex. II, Shamis Emails 2;

15.     Ex. JJ, Shamis Texts;

16.     Ex. KK, audio recording of the phone meeting "Standards Call," produced by NBCUniversal, the transcript of which NBCUniversal filed at Doc. 132-15, Price Decl. Ex. 15.

17.     Ex. LL, signed medical consent forms of "PB";

18.     Ex. MM, signed medical consent forms of "MCR;

19.     Ex. NN, signed medical consent form of YRJ;

20.     Ex. OO, Portion of Deposition of "BPR";

21.     Ex. PP, Portion of Deposition of "LW";

22.     Ex. QQ, Portion of Deposition of "MCR";

23.     Ex. RR, Portion of Deposition of "YYO";

24.     Ex. SS, Portion of Deposition of "YRJ"; and

25. Ex. TT, Portion of Deposition of Dr. Lauren Hamilton

For the reasons explained below, Dr. Amin submits that good cause exists for the Court to grant this Motion to Seal and accept the above-listed documents for filing under seal only.

## II.   MOTION TO SEAL STANDARD

The right of access to judicial records pursuant to common law is well-established. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right extends to the inspection and the copying of court records and documents. *Id*. The right to access, however, is not absolute. *See Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The right of public access to judicial records "may be overcome by a showing of good cause." *Beck v. Shinseki*, Case No. CV 113-126, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014) (citation omitted). When deciding whether to grant a party's motion to seal, courts balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005) (citations omitted). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon*, 435 U.S. at 598). This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal.

### III.    ARGUMENT

In order to ensure the public's right of access to judicial records to the greatest extent possible, Dr. Amin has filed lightly redacted versions of his filings as well as all exhibits thereto which do not discuss or include sensitive personal information or medical records or, where possible, with such information redacted. However, some parts of these documents necessarily discuss highly personal medical information. Relatedly, the medical expert reports and depositions attached to Dr. Amin's motions intimately discuss various patient records and are subject to the operative protective order governing the parties' confidentiality in this action, and depositions are automatically designed Confidential until the time has run which, in certain cases for third party depositions, has not run yet. Accordingly, Dr. Amin submits that good cause exists to file unredacted versions of his motions as well as certain medical record and deposition exhibits under seal. *See McKenzie v. Staten*, 6:17-CV-83, 2020 WL 5638621, at *6 (S.D. Ga. Sept. 3, 2020) (granting motion to seal medical records), *report and recommendation adopted*, 6:17-CV-83, 2020 WL 5637085 (S.D. Ga. Sept. 21, 2020).

Pursuant to L.R. 79.7(d), Dr. Amin informs the Court that he only moves to seal the contents of certain filings and not the name of the movant (himself) or the name or description of any document. Pursuant to L.R. 79.7(e), Dr. Amin submits that unredacted discussions about medical information, personal identifying information, medical records, and depositions should be sealed permanently because such information will remain sensitive to the patients and third parties involved even after the conclusion of this case.

Dr Amin respectfully submits that the documents listed above which he contends should be sealed are not overly broad: indeed, Dr. Amin has a strong interest in publicly filing the vast majority of the record and arguments submitted in support of his motions in this defamation case.

However, certain discussions and records pertaining to patient personal identifying information, medical records, and information designed Confidential should be sealed in order to protect patients' and third parties' privacy interests and to comply with the protective order governing this case. Indeed, the Court has previously granted the parties' motions to seal certain documents, finding that the documents were due to be sealed.  Docs. 146, 147, 148.  For these reasons, Dr. Amin's motion to seal should be granted.

Respectfully submitted this 2nd day of February, 2024.

| | |
|---|---|
| **STACEY EVANS LAW** | **CHILIVIS GRUBMAN DALBEY & WARNER LLP** |
| */s/ Stacey G. Evans* <br> Stacey G. Evans <br> Georgia Bar No. 298555 <br> Tiffany Watkins <br> Georgia Bar No. 228805 <br> John Amble Johnson <br> Georgia Bar No. 229112 <br> 4200 Northside Parkway NW <br> Building One, Ste 200 <br> Atlanta, Georgia 30327 <br> Telephone: 770-779-9602 <br> Facsimile: 404-393-2828 <br> sevans@staceyevanslaw.com <br> twatkins@staceyevanslaw.com <br> ajohnson@staceyevanslaw.com | Scott R. Grubman <br> Georgia Bar No. 317011 <br> sgrubman@cglawfirm.com <br> 1834 Independence Square <br> Atlanta, GA 30338 <br> (404) 233-4171 (phone) <br> (404) 261-2842 (fax) <br><br> *Counsel for Plaintiff* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO SEAL** will be served upon all attorneys in this matter by filing with the Court's CM/ECF system.

    This 2nd day of February 2024.

                                              */s/ Stacey G. Evans*
                                              Stacey G. Evans