Declaration of Elizabeth A. McNamara

In Opposition to Plaintiff's Motion for

Partial Summary Judgment

# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

YANIRA YESENIA OLDAKER, *et al.*,

     Petitioners-Plaintiffs,

v.

THOMAS P. GILES, *et al.*,

     Respondents-Defendants.

CASE NO.: 7:20-CV-00224 (WLS)

---

### DEFENDANT DR. MAHENDRA AMIN, M.D.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION (Doc. 277) and SUPPLEMENT (Doc. 281)

Defendant Dr. Mahendra Amin, M.D. responds in opposition to Plaintiffs' Motion (Doc. 277) and Supplement (Doc. 281) ("Supp."). Plaintiffs' Motion lacks any merit. In short, Plaintiffs accuse Dr. Amin of violating a stay of discovery in ***this case*** by pursuing discovery in ***another case***, a defamation case pending in the Southern District of Georgia ("*NBCUniversal* case").

Plaintiffs' motion is frivolous for various reasons; (1) the defense listed the *Oldaker* Plaintiffs as relevant witnesses in the *NBCUniversal* case; (2) *Oldaker* Plaintiffs' testimony as detainees who received medical treatment and made allegations against Dr. Amin is otherwise discoverable in the defamation case because it is highly relevant on the issue of falsity of claims regarding Dr. Amin's medical treatment of detainees, which is an element of defamation on which Dr. Amin bears the burden of proof, as well as other issues Dr. Amin must prove; and (3) the court in the defamation case expressly rejected a request for a discovery stay because of a stay in this action and entered a scheduling order under which discovery ends in less than four months.

Dr. Amin understands that discovery in this case is stayed. He has not attempted any discovery efforts here. Thus, he could not be in violation of this Court's February 1, 2022 Order in this case ("Order Staying Discovery in *Oldaker*"), which only applies to this case—not others

and explicitly says as much: "Discovery **in this case** remains STAYED." Doc. 277 at p. 3 (emphasis supplied). It goes without saying that this Court did not—and could not—stay discovery in a case pending before another court.

Plaintiffs' Motion hurls baseless accusations about Dr. Amin and his counsel's motives without any evidence whatsoever.[1] Plaintiffs further assert outrageous claims that their testimony is not discoverable in a defamation case where Dr. Amin is accused of misconduct in Plaintiffs' medical treatment. Dr. Amin bears the burden to prove he did not engage in misconduct while treating detainees—especially when those very detainees are listed by the defense in the *NBCUniversal* case as relevant witnesses. Accordingly, the testimony sought is clearly relevant in the defamation case.

For these reasons, discussed in more detail below, Dr. Amin respectfully requests that this Court deny Plaintiffs' Motion and grant leave to file a motion for his attorneys' fees and costs in responding to this Motion. *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

Dr. Amin has simultaneously filed his Emergency Motion for Hearing and Consideration of the Motion. Dr. Amin requests expedited consideration of this Motion because the discovery period in the *NBCUniversal* case is set to end in less than four months, one district court has already

---

[1] In contrast, Magistrate Judge Anand concluded that he saw no evidence of such bad faith and indeed was "sympathetic to [Dr. Amin's counsel's] statement, this is a witness identified by my opponent, I have no choice but to depose this person." Doc. 281-2 at 46; *see id.* ("Again, and I'm not suggesting that's a tactical choice here."); *id.* ("I mean, and I'm not necessarily suggesting this is the intention.").

entered an order that appears to misunderstand the reaches of the stay in this case, at least one other district court has a motion to quash pending for consideration that implicates this Court's stay, and two other district are is likely to soon have motions to quash pending that will implicate this Court's stay. Thus, in the interests of judicial economy, Dr. Amin seeks clarification on whether his pursuit of discovery in another case is a violation of a discovery stay in this case. If the Court decides it is not (as Dr. Amin contends it should), then the motions to quash that are considered, pending, and contemplated in other district courts should become moot, or at least much better informed.

## FACTUAL BACKGROUND

### 1. Dr. Amin is the Plaintiff in a defamation action against NBCUniversal concerning whether he performed unnecessary and unconsented-to medical procedures on detainees at ICDC

In *Amin v. NBCUniversal Media, LLC*, Dr. Amin is the plaintiff and alleges that NBCUniversal defamed him. 5:21-CV-56, 2022 WL 16964770, at *1, 4-5 (S.D. Ga. Nov. 16, 2022). Dr. Amin largely prevailed against NBCUniversal's motion for judgment on the pleadings—***winning on 27 of 38 challenged statements***--and he is now in discovery, seeking factual evidence to prove his allegations. *See generally id*. Because he alleges defamation under Georgia law, Dr. Amin must prove that NBCUniversal's allegedly defamatory statements—the gist of which is that he conducted unnecessary and unconsented-to medical procedures on detainees at the Irwin County Detention Center ("ICDC"), including, but not limited to, large numbers of hysterectomies—were false. *Mathis v. Cannon*, 573 S.E.2d 376, 380 (Ga. 2002). As Plaintiff in the *NBCUniversal* case, Dr. Amin bears the burden on falsity. *Id*.

### 2. The testimony of the *Oldaker* Plaintiffs is discoverable in the *NBCUniversal* case

NBCUniversal specifically named the "Plaintiffs in *Oldaker*" as "parties with discoverable

information" relating to the *NBCUniversal* case. In response to an interrogatory asking that NBCUniversal "identify all persons who have, or who you believe may have, personal knowledge or discoverable information relating to any of Dr. Amin's allegations in the Complaint or your defenses in this litigation," NBCUniversal not only listed "detainees from [ICDC] who received medical care from Dr. Amin," but also specifically "Plaintiffs in *Oldaker v. Giles* (Case No. 7:20-cv-00224-WLS). Ex. 1, Excerpt from NBCUniversal's Written Discovery Responses to First Interrogatories in the *NBCUniversal* case. NBCUniversal also listed the *Oldaker* Plaintiffs as "likely to have discoverable information that Defendant may use to support its claims and defenses" in its Initial Disclosures. Ex. 2, Excerpt from NBCUniversal's Rule 26(a) Initial Disclosure Statement in the *NBCUniversal* case. NBCUniversal stated that these witnesses have knowledge of the "substantial truth of the allegedly defamatory publications." *Id.* at 3.

NBCUniversal admits that its counsel had communications with the *Oldaker* Plaintiffs' counsel that are covered by common interest and joint defense privileges with the Plaintiffs' counsel. Ex. 3, Excerpt from NBCUniversal's Written Discovery Responses to Second Interrogatories, at 2. Thus, it cannot be reasonably disputed that Plaintiffs have discoverable information in the *NBCUniversal* case for which Dr. Amin is entitled.

### 3. Subpoenas to *Oldaker* Plaintiffs

In order to prevail in the *NBCUniversal* defamation case, Dr. Amin must prove that the underlying claim in the defamatory statements at issue in the *NBCUniversal* case were false; that is, that Dr. Amin did not perform unnecessary and unconsented-to procedures on detainees, including hysterectomies. *Mathis*, 573 S.E.2d at 380. Because the Plaintiffs are known detainees who allege misconduct against Dr. Amin—and because *NBCUniversal* listed Plaintiffs as possible witnesses to support its defenses in the *NBCUniversal* case—in an effort reasonably calculated to lead to

admissible evidence in the *NBCUniversal* case, Dr. Amin subpoenaed certain Plaintiffs to appear for depositions. *See* Doc. 277-8 (Mbeti Ndonga Subpoena); Motion at 6 (referring to Luz Walker Subpoena); and Supp. at 5 (referring to Yanira Yesenia Oldaker Subpoena).

Dr. Amin's lead counsel in the *NBCUniversal* case, Stacey Evans, notified Plaintiffs' counsel as early as April 2022 that he wanted to depose the Plaintiffs in his defamation case—not because they were plaintiffs in this case, but because they were detainees whose testimony is relevant to the issue of falsity in the defamation case, namely whether Dr. Amin mistreated detainees in his medical treatment of them. *See* Ex. 4, Declaration of Stacey Evans ("Evans Decl."). Ms. Evans attempted to work with the Plaintiffs' counsel for months to secure testimony. See Exs. 5-7 (e-mail communications between Ms. Evans and *Oldaker* Plaintiffs' counsel, showing an attempt to get the *Oldaker* Plaintiffs' counsel to accept service of subpoenas, cooperatively set depositions dates and consider alternatives to depositions in the first instance). Ms. Evans communicated with the Plaintiffs' counsel for about a year, and not once in those conferral communications did Plaintiffs' counsel assert that Dr. Amin's third-party discovery efforts in the *NBCUniversal* case would be in violation of any stay in this case. *See id*.

### 4. Motions to Quash

After serving subpoenas to certain of the *Oldaker* Plaintiffs, each subpoenaed party has moved (or stated an intention to move) to quash in three different district courts. *See* Motion at 6; Supp. at 5.[2] Ms. Ndonga's motion to quash was heard by Magistrate Judge Anand in the Northern District of Georgia on March 31, 2023. Magistrate Judge Anand, who Plaintiffs cite to extensively in their Supplemental Brief for other reasons, agrees with Dr. Amin that the testimony of the *Oldaker*

---

[2] In addition to moving to quash the subpoenas, Plaintiffs filed the instant Motion on March 30, 2023, and Plaintiffs filed their Supplement to Their Motion on April 4, 2023 (Doc. 281).

Plaintiffs *is*, in fact, discoverable in the *NBCUniversal* case, and that Dr. Amin is entitled to take their

depositions in that case, and accordingly Magistrate Judge Anand specifically declined to quash the

subpoena for the one *Oldaker* Plaintiffs that was before him:

> I do think Dr. Amin is entitled to take the deposition if by virtue of nothing else NBC[Universal] has identified Ms. Ndonga as a witness they intend to rely on with knowledge of the case.
>
> I mean, the whole purpose of Rule 26(1) is for the parties to identify their—their potential witnesses before discovery even starts so that the other side can get the discovery, including deposing those witnesses to know what they have to say, so there's no surprise or ambush at trial. That's the entire purpose of Rule 26(1).
>
> And I think Ms. Evans is right that having been told that these folks are witnesses for NBC[Universal] in their defense, she'd be hard pressed not to depose them to see what they have, because if she doesn't do that and then they file summary judgment declarations or testify at trial, shame on her for not having taken the steps necessary to get that discovery.
>
> So a Rule 26(1) disclosure identifying Ms. Ndonga as a witness, a potential witness, is I think enough to entitle Dr. Amin to seek the deposition or to take the deposition at some point.
>
> …
>
> So, I mean, I'm not going to quash the subpoena, because I don't think there is legal deficiency in the deposition itself.

Doc. 281-2 at 42-44.

Magistrate Judge Anand imposed a stay of sixty (60) days on the subpoena based in large part

upon his reading of this Court's Order Staying Discovery in *Oldaker*, assuming that a deposition of a

plaintiff in this case would impede that Order. *See* Doc. 281-2 at 44-45. Dr. Amin submits that

Magistrate Judge Anand misread this Court's Order staying Discovery in *Oldaker*. Magistrate Judge

Anand concluded this Court's Order staying Discovery in *Oldaker* "talks expressly about the fact that

this is—there's an ongoing federal investigation, or multiple investigations, including criminal

investigations and it could prejudice or disrupt, interfere with that investigation or those investigations

for discovery to be going forward at this time with regard to the *Oldaker* plaintiffs," and therefore "I

have a district judge who's made a finding that for the interest of justice and the integrity of a

governmental investigation, that this discovery needs to be stayed." *Id*. at 44-45. But it appears to Dr. Amin that what this Court did was ***discuss*** the fact of ongoing investigations, while expressly ruling that such fact did ***not*** separately merit a stay "in the interests of justice." *See* Doc. 187 at 2 ("Nonetheless, while these reasons *may* warrant ***a temporary delay*** in discovery [which had already occurred to date], they do not warrant 'special circumstances' requiring that this case be stayed in its entirety 'in the interests of justice.'") (emphasis supplied).

The continued stay was sought by the Federal Defendants, who only asked for a continued stay because of ongoing federal investigations of ninety (90) days, through April 7, 2022. Doc. 179 at 3. Notably, *Plaintiffs* actually opposed any stay of discovery. *See* Doc. 183. While Dr. Amin did not oppose lifting the stay of the case, he did request that the stay of discovery in this case continue until resolution of dispositive motions, as typically occurs and, indeed, occurred in the *NBCUniversal* case. Doc. 185 at 2. After discussing the pending dispositive motions, the Court lifted the stay of the case, but maintained the stay of discovery pending "further order of the Court." Doc. 187 at 3.

Dr. Amin has moved Magistrate Judge Anand to reconsider his order staying the subpoena. *NBCUniversal* case. *Amin v. NBCUniversal Media, LLC*, Case No. 1:23-cv-01373-LMM-JSA (N.D. Ga. Apr. 6, 2023), ECF 11.

**5. The only discovery orders relevant to the subpoenas that Dr. Amin served are the ones in the *NBCUniversal* case**

Unlike the Plaintiffs' claims, Dr. Amin's Complaint against NBCUniversal has already survived the pleadings stage, and accordingly the case is in discovery ***now***. The *NBCUniversal* court granted in part and denied in part NBCUniversal's motion for judgment on the pleadings, ruling that Dr. Amin stated claims against NBCUniversal for defamation pursuant to Georgia law on ***27 out of 38 challenged statements***. *Amin v. NBCUniversal Media, LLC*, 5:21-CV-56, 2022 WL 16964770, at

*21 (S.D. Ga. Nov. 16, 2022).

The court in the *NBCUniversal* case specifically rejected a request to stay discovery because of any ongoing government investigations, and in doing so, that court acknowledged the existence of this case and the stay here:

> Government investigations into ICDC have been ongoing since September 2020, **and a separate case in the Middle District of Georgia involving overlapping issues has been pending since December 2020**. …
> …
> Defendant [NBCUniversal] also argues any discovery efforts would be fruitless while the government investigations were ongoing and it would be prejudiced if it were required to proceed without being able to obtain records from those investigations. **Defendant highlights the stay of discovery in a related case in the Middle District of Georgia, Oldaker v. Giles, 20-cv-224 (M.D. Ga. 2020), ECF No. 187, as justification for a stay until the conclusion of government investigations.** Plaintiff argues the Oldaker stay has no bearing on the stay in this case, since Defendant is not involved in the Oldaker litigation and the outcome of those investigations is not dispositive of the issues in this case. **Indeed, Defendant has not shown discovery should be stayed until all government investigations are concluded. Defendant's generalized concerns about how government investigations might impeded discovery in this case are not enough.** Accordingly, I GRANT Defendant's Motion to Stay pending resolution of Defendant's motion for judgment on the pleadings [this stay has since lifted given that the dispositive motion was largely denied] but DENY Defendant's request to stay the discovery pending resolution of all government investigations. If Defendant believes the stay should continue after a ruling on its motion for judgment on the pleadings, Defendant may renew its request but, in doing so, must demonstrate with specificity the need for a continued stay.[3]

Order, *Amin v. NBCUniversal Media, LLC*, 5:21-CV-56, (S.D. Ga. Apr. 19, 2022), ECF 43, 4-6 (emphasis supplied) ("*NBCUniversal* case").

---

[3] No additional request for a stay has been filed in the *NBCUniversal* case in the nearly one year since this order in *NBCUniversal* was entered or the months since the stay pending resolution of the motion for judgment on the pleadings was lifted.

The Court in the *NBCUniversal* case has also entered a Scheduling Order, under which the discovery period ends on July 31, 2023. *NBCUniversal* case, Doc. 61.

**6.  NBCUniversal's subpoena to LaSalle**

NBCUniversal served a subpoena on LaSalle Southeast, LLC ("LaSalle"), one of the multiple defendants in this action.  LaSalle moved to quash that subpoena in the Southern District of Georgia.  *See NBCUniversal* case, Doc. 66.  On April 4, 2023, Magistrate Judge Cheesbro denied the motion for lack of jurisdiction.  *NBCUniversal* case, Doc. 67.  It is true that any initial motion to quash a subpoena must be filed where the subpoena would execute.  Fed. R. Civ. P. 45(d)(2)(B)(i).  That court, could, as Magistrate Judge Anand acknowledged, transfer that motion to the Southern District of Georgia, however.  Fed. R. Civ. P. 45(f); Doc. 281-1 at 3.  LaSalle partly bases its motion to quash on the discovery stay in this case as well. *NBCUniversal* case, Doc. 66 at 7-8.  Presumably, LaSalle will now file its motion to quash in the Southern District of New York, where jurisdiction is proper for such motion.

**ARGUMENT**

**I.      There is no violation of the discovery stay in this case.**

The Court's stay of discovery applies to this case, and this case only.  Dr. Amin has not served or attempted to serve any subpoenas for deposition (or any other discovery) in this case. Plaintiffs do not claim otherwise.

Instead, Plaintiffs claim that because Dr. Amin served subpoenas for depositions of third parties in the *NBCUniversal* case who happen to also be plaintiffs in this case, he has violated this Court's stay of discovery and is worthy of a contempt order.  Plaintiffs make this claim even though there is no stay of discovery in that case and, indeed, the Court in the *NBCUniversal* case has denied a stay of discovery on the same grounds that Plaintiffs claim influenced the stay of

discovery in this case (*i.e.*, government investigations), and while acknowledging the stay in this case. *See NBCUniversal* case, Doc. 43 at 4-6 ("I...DENY Defendant's request to stay the discovery pending resolution of all government investigations."). This case involves much broader allegations of governmental misconduct in the general treatment of detainees, including COVID-19 protections, and is brought against government agencies themselves. Thus, it makes sense that the Court has, in the past, stayed the proceedings here because of ongoing government investigations. But the *NBCUniversal* case is much narrower than this case—it involves allegations of false statements about Dr. Amin's alleged treatment of detainees off-site from ICDC. As such, it is not surprising that the court in the *NBCUniversal* case denied a request from NBCUniversal to stay discovery there because of ongoing government investigations, while acknowledging the existence of this case and its stay.

The court in *NBCUniversal* also entered a Scheduling Order setting clear deadlines for the completion of discovery. *NBCUniversal* case, Doc. 61. Thus, the dictate from the court with authority over discovery in the *NBCUniversal* case has explicitly refused to stay discovery for ongoing investigations and has ordered the parties to proceed expeditiously with civil discovery, despite any ongoing government investigations or this litigation. *See id.* This directive, coupled with Dr. Amin's burden to prove falsity, NBCUniversal's knowledge of detainee allegations, and NBCUniversal's explicit listing of detainees, including specifically Plaintiffs here, as relevant witnesses, leaves Dr. Amin with no choice but to pursue discovery of detainees' testimony. Indeed, Magistrate Judge Anand acknowledged as much:

> And I think Ms. Evans is right that having been told that these folks are witnesses for NBC[Universal] in their defense, she'd be hard pressed not to depose them to see what they have, because if she doesn't do that and then they file summary judgment declarations or testify at trial, shame on her for not having taken the steps necessary to get that discovery.

Doc. 281-2 at 43.

With no basis in fact and contrary to the evidence in the *NBCUniversal* case, Plaintiffs claim that Dr. Amin's efforts to conduct discovery in the *NBCUniversal* case "are poorly disguised attempts to seek discovery in this case." Motion at 8. This allegation is unsupported, patently false, and sanctionable.

Plaintiffs claim "there is no rational connection between Plaintiffs' potential testimony and the remaining issues in that action." Motion at 8. But the subpoenas to obtain testimony of the Plaintiffs, all of whom are, or were, detainees who allege mistreatment by Dr. Amin, are plainly and reasonably calculated to lead to the discovery of admissible evidence in Dr. Amin's defamation case against NBCUniversal. Both parties in the *NBCUniversal* case agree as NBCUniversal listed the *Oldaker* Plaintiffs, specifically, as relevant witnesses. Exs. 1-2 (including *Oldaker* Plaintiffs specifically, in addition to detainees, as potential witnesses on the issue of "substantial truth of the allegedly defamatory publications"). In fact, the testimony of the Plaintiffs is so relevant and related to the issues in the *NBCUniversal* case that NBCUniversal's counsel claims communications with Plaintiffs' counsel are subject to "joint defense and common interest privileges." *See* Ex. 3. Thus, it is certain NBCUniversal's counsel and Plaintiffs' counsel each believe what Plaintiffs claim in this case is relevant to the *NBCUniversal* case. NBCUniversal thus reasonably has access to Plaintiffs and could obtain testimony from them. Dr. Amin is similarly entitled.

Several of the statements at issue in *NBCUniversal*—which, again, has survived a dispositive motion on the pleadings and accordingly is in discovery—accused Dr. Amin of being "overly harsh" with patients, "doing very unnecessary procedures and not what you would need in a short-term detention situation," "full or partial hysterectomies or other procedures for which no medical

indication existed," "unnecessary procedures," "without [patients] consenting to it," "like they're experimenting with our bodies," "left her with bruising," and "medical procedures performed on immigrant women without—many without consent at an ICE detention facility in Georgia." *See generally NBCUniversal* case, Docs. 24-1; 59.

Plaintiffs are correct that several of the statements at issue in the *NBCUniversal* case relate to allegations that Dr. Amin conducted "mass hysterectomies" and was a "uterus collector." Plaintiffs are wrong, however, that this somehow makes them irrelevant witnesses because they do not claim that Dr. Amin conducted hysterectomies on them. That fact is *highly* relevant, and Dr. Amin is entitled to obtain that testimony under oath and probe whether anyone (including, the self-titled "whistleblower" ICDC nurse Dawn Wooten or anyone from the media) asked Plaintiffs to make such claims. In other words, the absence of their claims of having hysterectomies conducted on them by Dr. Amin is itself extremely relevant or, at the very least, reasonably calculated to lead to the discovery of admissible evidence.

Notably, Dr. Amin notified Plaintiffs' counsel as early as April of last year that he wanted to depose the Plaintiffs in his defamation case—not because they were plaintiffs in this case, but because they were detainees whose testimony is relevant to the issue of falsity in the defamation case, namely whether Dr. Amin mistreated detainees in his medical treatment of them. *See* Ex. 4 (Evans Decl.). Dr. Amin's counsel communicated with the Plaintiffs' counsel for about a year. *See* Exs. 5-7.

Dr. Amin will not belabor the extensive back-and-forth between Ms. Evans and the Plaintiffs' counsel here, except to bring to the Court's attention one very important fact: Never in the year of communications that spanned at least *nineteen* (19) e-mails and three telephone calls prior to Dr. Amin issuing the subpoenas, did Plaintiffs' counsel ever claim that Dr. Amin's attempt

to depose Plaintiffs in the *NBCUniversal* case would violate Order Staying Discovery in *Oldaker*. Exs. 5-7. Not once. *Id.* Yet despite that glaring omission from any of counsel's conferral communications, Dr. Amin is forced to answer here to a spurious charge that he has somehow purposely violated the Order Staying Discovery in *Oldaker*.

Further, Dr. Amin is also forced to defend efforts to quash his subpoenas in multiple other district courts allegedly based on the Order Staying Discovery in *Oldaker* that was, again, never raised to Dr. Amin in the months of conferrals regarding detainee depositions. Dr. Amin is forced to defend against claims of disobeying the Order Staying Discovery in *Oldaker* while simply trying to comply with orders and dictates of the court in the *NBCUniversal* case. In other words, according to Plaintiffs, Dr. Amin must ignore the orders of the court in the case wherein he seeks discovery because of an order of this Court. The law does not require such an unjust result.

Plaintiffs continuously refer to Dr. Amin's defamation case against NBCUniversal as "ancillary" or "extraneous." It is nothing of the sort. Dr. Amin has stated claims for defamation against NBCU. Indeed, the Southern District of Georgia has held that he has stated valid claims after consideration of a motion for judgment on the pleadings to throw out those claims as a matter of law. Again, efforts to argue that Dr. Amin's defamation claims were not valid were ***rejected***. It is disingenuous—at best—for the Plaintiffs to demean Dr. Amin's defamation case given this history.

Plaintiffs' claim that Dr. Amin's right to seek discovery in a separate defamation case somehow violates a stay in this case is illogical and unsupported by the law. In addition, to the extent Plaintiffs claim it may be an undue burden on them to be deposed in the *NBCUniversal* case and in this case, such a concern is pure speculation at this point. As everyone agrees, discovery in this case is stayed and dispositive motions are pending. Even if some of the motions are denied,

there are many reasons why depositions of Plaintiffs here may never occur. But if that time comes, Plaintiffs could certainly attempt to seek relief from this Court at that time. At this point, however, Dr. Amin is being asked to wait for discovery in a case where he has already met his burden to show he has a viable claim while Plaintiffs' claims have not yet met that hurdle. In other words, Dr. Amin is being asked to wait for something that may not even occur before the close of discovery in his case—or in less than four months.

## II.     Plaintiffs fail to meet the standard for a finding of contempt

A finding of civil contempt requires "clear and convincing proof" that "(1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous, and (3) the alleged violator had the ability to comply with the order." *McGregor v. Chierco*, 206 F.3d 1378, 1383 (11th Cir. 2000) (quotation marks omitted). While the Court's Order Staying Discovery in *Oldaker* is valid and lawful for this case, if applied to the *NBCUniversal* case, it conflicts with orders of the court in *NBCUniversal* and cannot control that case. *Compare* Doc. 187, *with NBCUniversal* case, Doc. 43 (order denying request to stay discovery); *NBCUniversal* case, Doc. 61 (order setting discovery deadlines, including the close of discovery on July 31, 2023). And nowhere in this Court's Order Staying Discovery in *Oldaker* does it claim to control discovery in any other case. Indeed, it specifically orders that "[d]iscovery **in this case** remains STAYED." Doc. 187 (emphasis supplied). Thus, any claim that it does, could not meet the requirement for "clear and convincing proof" that the "allegedly violated order" was "clear, definite and unambiguous."

Plaintiffs cite to four cases to allegedly support the statement that "[t]he Court should not condone Defendant Amin's blatant disregard for the Court's authority and his abuse of the litigation process." Motion at 9. None of the cases involve a party's actions in separate litigation

somehow violating another court's order. None of the cases are from this Circuit, but rather Puerto Rico, New Mexico, California, and the Fourth Circuit. And Plaintiffs do not include a discussion of any of the cases, but rather includes parentheticals with irrelevant points. A brief review shows the irrelevance of these cases and the complete lack of support for Plaintiffs' dishonest attacks on Dr. Amin and his counsel.

First, in *Toyos v. W. Auto of Puerto Rico*, 16 F. Supp. 2d 163 (D.P.R. 1988), the court denied a motion to dismiss rather than postponing it because the adverse party's counsel was withdrawing. There, the court found the attorney's withdrawal was staged to create a "technicality" to avoid an adverse ruling. *Id*. at 164. Specifically, that case involved a party's attempt to claim that his counsel was seeking to withdraw because the party "no longer trusted him" to avoid a ruling on a pending motion when it was known that the counsel was still representing him in another matter. *Id*. In effect, the court in *Toyos* found that a party was lying because he did, in fact, still trust his counsel and there was no reason for a withdrawal. Nothing of the sort exists here.

Here, Dr. Amin seeks the deposition testimony of Plaintiffs because they are listed as relevant witnesses by the defense in the *NBCUniversal* case, and their testimony is discoverable because it is highly relevant on the issue of falsity, for which Dr. Amin bears the burden of proof. No one denies the former. And other than rank speculation that is not supported by law or evidence, no one has denied the latter. Indeed, Magistrate Judge Anand agrees that Dr. Amin is entitled to depose the Plaintiffs, even if he is misguided regarding whether such testimony should be delayed. Doc. 281-2 at 42-44.

Second, Plaintiffs cite *Lowe v. New Mexico ex rel. King*, Case No. 10-315, 2011 WL 13286156 (D.N.M. Jan. 3, 2011). There, the court found that an open records act request to the

defendant's office violated a discovery stay that was specifically issued to "free Defendant from the concerns of litigation, including avoidance of disruptive discovery" pending resolution of a motion on a sovereign immunity issue. *Id*. at *2. Unlike here, in *Lowe*, there was one piece of litigation and the information sought through public records was directed to the very defendant that the plaintiff sued in the litigation and who the court was attempting to protect in the discovery stay order. Notably, the discovery stay here was not to protect Plaintiffs from discovery; Plaintiffs did not ask for a stay of discovery, they opposed it (and continue to do so), and the Federal Defendants (not Dr. Amin) requested the stay so they could focus on ongoing government investigations. Unlike here, in *Lowe*, there was no claim for any need for the information sought through the open records request other than the litigation at bar, and there was no separate proceeding subject to different timelines to complete discovery. *See generally id*.

Third, Plaintiffs cite to *In re Grand Jury Subpoena*, 175 F.3d 332 (4th Cir. 1999). That case involved allegations of improper collusion between government civil and criminal lawyers to specifically circumvent a discovery stay in the civil case, including that the attorneys were not properly walled off from each other and talked on the day the civil case was stayed, and that the records sought "were identical to those sought in the earlier civil subpoena" before the stay. *Id*. at 337-38. There is no allegation here that Dr. Amin attempted discovery in this case, was denied, and then attempted the same discovery in the other case. And certainly, there is no evidence of misconduct.

Fourth, and most puzzling, Plaintiffs cite to *In re Application of Mireskandari*, Case No. CV 12-10310, 2013 WL 12085135 (C.D. Cal. Jan. 7, 2013). There, the petitioner was seeking discovery in the United States to assist in a foreign case pending in the United Kingdom. *Id*. at *1. The court there found that what the party was seeking in the United States for use in the United

Kingdom case would not be allowed in the United Kingdom case. *Id.* The case is completely inapposite because everything related to the same case, not to mention the foreign tribunal distinction.

It cannot be ignored that the very case wherein Dr. Amin seeks discovery declined to stay discovery for the very reasons that are claimed here. *See NBCUniversal* case, Doc. 43. Dr. Amin is bound by that order as much as anything else and must abide by it. Given the NBCUniversal court has jurisdiction over the case wherein Dr. Amin is seeking discovery and this Court does not, it stands to reason that Dr. Amin would abide by the Scheduling Order there.

### III. Dr. Amin has not otherwise acted improperly in pursuing discovery in the *NBCUniversal* case

Plaintiffs' Supplemental Brief does not appear to seek any specific, additional relief and does not cite any caselaw supporting any claim for relief based on the additional allegations stated therein.

First, Plaintiffs informed the Court that Magistrate Judge Anand (N.D.Ga.) attempted to interpret and uphold this Court's Order Staying Discovery in *Oldaker* in a case not pending there. Plaintiffs further claimed that based on Magistrate Judge Anand's interpretation of this Court's Order Staying Discovery in *Oldaker*, then Dr. Amin's counsel is misrepresenting this Court's Order Staying Discovery in *Oldaker*. It is unclear why Plaintiffs think another court's interpretation of this Court's order will be helpful to ***this Court*** in knowing what it intended when it issued the Order Staying Discovery in *Oldaker*. The Court here knows all the reasons why it stayed discovery. Dr. Amin maintains that Court's Order Staying Discovery in *Oldaker* is irrelevant to his ability to maintain discovery in the *NBCUniversal* case—where the court there declined to stay any discovery because of government investigations.

Nevertheless, Dr. Amin's argument of the motivation or limits of the stay were not "misrepresentations" as Plaintiffs claim. Supp. at 4. Given that Magistrate Judge Anand (N.D.Ga.) was considering the effect of this Court's Order Staying Discovery in *Oldaker*, Dr. Amin's counsel made an argument regarding its interpretation and effect, as counsel routinely does when it argues the application of case law (*i.e.*, court orders). Dr. Amin submits that his interpretation that the continuing discovery stay in this case relates to dispositive motions, rather than ongoing federal investigations (and thus his counsel's argument) was reasonable.

Dr. Amin's interpretation is further supported because that the Federal Defendants only asked for a continued stay because of ongoing federal investigations for ninety (90) days, through April 7, 2022, and the discovery stay was pending "further order of the Court," which continues today. Certainly, there is no basis for a finding of contempt from an attorney's advocacy and interpretation of court orders and potentially getting those interpretations wrong.

Second, Plaintiffs' claim that Dr. Amin is in further violation of the discovery stay in this case because he served a subpoena on Yanira Yesina Oldaker, a plaintiff in this case. Ms. Oldaker's testimony is relevant for all the reasons the Plaintiffs' testimony is relevant as discussed above. She was served in the District of South Carolina and is not subject to Magistrate Judge Anand's order, which as set forth above, Dr. Amin has moved to have reconsidered.

## CONCLUSION

Dr. Amin respectfully requests that this Court grant his request for a hearing and consideration of the Motion on an expedited basis to prevent the unnecessary motions practice that has commenced in three district courts and will soon commence in a fourth. One district court has granted relief to at least one *Oldaker* Plaintiff based on an interpretation of this Court's Order Staying Discovery in *Oldaker*, in that such an order may prevent discovery in the *NBCUniversal*

case. It would serve judicial economy for this Court to weigh in on that question rather than other district courts making assumptions and potentially rending inconsistent rulings.

Dr. Amin further respectfully requests that the Court grant him leave to file a motion for his attorneys' fees and costs in responding to this motion pursuant to 28 U.S.C. § 1927.

Respectfully submitted, this 7th day of April, 2023.

**CHILIVIS GRUBMAN**

*/s/ Scott R. Grubman*
Scott Grubman (GA Bar 317011)
Brittany Cambre (GA Bar 350793)
CHILIVIS GRUBMAN
1834 Independence Square
Atlanta, GA 30318
404-233-4171
sgrubman@cglawfirm.com
bcambre@cglawfirm.com

John E. Hall, Jr. (GA Bar 319090)
Thomas J. Mazziotti (GA Bar 479893)
Austin Atkinson (GA Bar 935864)
HALL BOOTH SMITH, P.C.
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303
P: 404-954-5000
F: 404-954-5020
JHall@hallboothsmith.com
TMazziotti@hallboothsmith.com
AAtkinson@hallboothsmith.com

*Attorneys for Dr. Mahendra Amin*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| YANIRA YESENIA OLDAKER, *et al.*,<br><br>    Petitioners-Plaintiffs,<br><br>v.<br><br>THOMAS P. GILES, *et al.*,<br><br>    Respondents-Defendants. | CASE NO.: 7:20-CV-00224 (WLS) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 7th day of April, 2023 served a copy of the within and foregoing by filing the same via the Court's ECF system, which will serve a copy of all the same to all counsel and parties of record.

**CHILIVIS GRUBMAN**

*/s/ Scott R. Grubman*
Scott Grubman (GA Bar 317011)