## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

DR. MAHENDRA AMIN, M.D.,

        Plaintiff,

v.

NBCUNIVERSAL MEDIA, LLC,

        Defendant.

Case No. 5:21-cv-00056-LGW-BWC

**MOTION TO FILE UNDER SEAL
AND MEMORANDUM IN SUPPORT**

       Defendant NBCUniversal Media, LLC ("NBCU") respectfully submits this motion to seal portions of its Oppositions to Plaintiff Dr. Mahendra Amin's ("Dr. Amin") Motion for Partial Summary Judgment, Motion to Exclude the Opinion of Dr. Carey, Motion to Exclude the Opinion of Dr. Ted Anderson, and Statement of Materials Facts (together, the "Opposition Briefs") and exhibits attached thereto.

## FACTUAL BACKGROUND

       This defamation action stems from the publication of certain MSNBC news reports, all of which reported on a publicly available whistleblower complaint made to federal government agencies.  The whistleblower complaint alleged that a doctor—first identified by third-party news organizations as Dr. Amin—was performing unnecessary and/or unconsented-to gynecological procedures on women detained at the Irwin County Detention Center ("ICDC").

       In discovery, the parties received documents from third-parties, including sensitive medical records and government documents, which qualify as "Confidential" under the Protective Order in this case.  *See* Dkt. 42.  In addition, Dr. Amin has produced certain documents, including medical records, pursuant to the Protective Order.  (Together, documents produced by third parties

and parties in this action marked "Confidential" are hereafter identified as the "Confidential Materials.")

Because the Confidential Materials are relevant and essential to NBCU's filings, the Confidential Materials have been included in support of its Opposition Briefs.  NBCU has publicly filed its Opposition Briefs, redacting only what is necessary to maintain confidentiality.  The accompanying exhibits have similarly been filed publicly to the extent possible.  Some exhibits, however, contain personal information deemed Confidential by Dr. Amin or third-parties to this action, and NBCU accordingly moves to file them under seal.  These documents include:

- The unredacted version of NBCU's Opposition to Dr. Amin's Motion for Partial Summary Judgment;

- The unredacted version of NBCU's Response to Dr. Amin's Statement of Material Facts;

- Unredacted versions of Exhibits 3, 6, 7, 9, 10, 11, 12, 18, 20, 22, and 23 to the McNamara Declaration in Opposition to Dr. Amin's Motion for Partial Summary Judgment;

- The unredacted version of NBCU's Opposition to Dr. Amin's Motion to Exclude the Opinion of Dr. Erin Carey; and

- The unredacted version of NBCU's Opposition to Dr. Amin's Motion to Exclude the Opinion of Dr. Ted Anderson.

For the following reasons, good cause requires that these documents be filed under seal.

## **ARGUMENT**

While the right of public access is an essential component of our judicial system, *see Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007), this right is not absolute and

"may be overcome by a showing of good cause," *Beck v. Shinseki*, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014); *Hodges v. Chatham Cnty.*, 2023 WL 2541123, at *1 (S.D. Ga. Mar. 16, 2023). "A good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* Factors that a court should consider in making this inquiry include:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Here, there are significant reasons for keeping the Confidential Materials sealed. First, some of the documents contain personal medical information of the plaintiffs in *Oldaker v. Giles*, a putative class action lawsuit against Dr. Amin. The *Oldaker* plaintiffs have a significant privacy interest in the Confidential Materials. During their depositions, the *Oldaker* plaintiffs discussed their personal medical histories, including their treatment from Dr. Amin and other gynecologists, their immigration histories and statuses, and the identities of other women detained at ICDC who were treated by Dr. Amin. The *Oldaker* plaintiffs (and other patients of Dr. Amin's whose testimony was produced) have an obvious privacy interest in keeping this information shielded from public view. For many of the women, these records and their testimony recount moments they consider traumatizing and invasive.

In addition, the deposition transcripts, if unsealed, could harm the *Oldaker* plaintiffs' interests in their putative class action lawsuit against Dr. Amin. The parties agreed to accommodations for the depositions in this case precisely because discovery was still stayed in *Oldaker* pending the ongoing criminal investigation concerning Dr. Amin and others, and the

3

plaintiffs wanted to avoid any prejudice that could occur from allowing Dr. Amin to depose them before they are permitted reciprocal discovery. Publicly filing their deposition transcripts would give all parties to that action insight into the depositions, to which they would not otherwise have access. Indeed, sealing these deposition transcripts accords with the parties' private agreements— counsel for Dr. Amin, counsel for NBCU, and counsel for the *Oldaker* plaintiffs all agreed to sealing the deposition testimony.

Dr. Amin's own medical records have likewise been produced in this action. These records contain confidential information about Dr. Amin's medical history that were marked "Confidential" subject to the Protective Order in this action. "These sensitivities about medical records are not likely to dissipate at the conclusion of this litigation." *Prospero v. Prescott*, 2022 WL 19837318, at *2 (S.D. Ga. July 15, 2022) (permanently sealing "embarrassing" and "stigmatizing" medical records).

Further, several other third parties produced documents in this Action pursuant to the Protective Order, many of which contain medical or other personal information for ICDC detainees or internal discussions of ongoing investigations. For example, ICE produced documents that include potentially sensitive information about detainees. For the same reasons enumerated above, these documents should remain sealed.

## CONCLUSION

For the foregoing reasons, NBCU respectfully requests that the Court order that the Confidential Materials be placed under seal.

Dated: February 2, 2024

       */s/ Elizabeth A. McNamara*
       Elizabeth A. McNamara
       (admitted *pro hac vice*)
       DAVIS WRIGHT TREMAINE LLP

1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com

Cynthia L. Counts
Georgia Bar No. 190290
FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
(404) 550-6233
cynthia.counts@fisherbroyles.com

*Attorneys for Defendant NBCUniversal Media, LLC*

\*      \*      \*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 2nd of February, 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com
Amble Johnson
ajohnson@staceyevanslaw.com
Scott R. Grubman
sgrubman@cglawfirm.com

/s/ Elizabeth A. McNamara
Elizabeth A. McNamara
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com

*Attorneys for Defendant NBCUniversal Media, LLC*