IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 5:21-CV-00056-LGW-BWC |

**PLAINTIFF'S MOTION TO SEAL**

Pursuant to S.D. Ga. L.R. 79.7, Plaintiff Dr. Mahendra Amin, M.D. ("Dr. Amin") herein files this Motion to Seal his Plaintiff's Response in Opposition to Defendant's Motion to Exclude the Opinions of Plaintiff's Expert Dr. Eldridge Bills ("Response"). Dr. Amin respectfully shows as follows:

**I.     INTRODUCTION**

NBCUniversal Media, LLC ("NBCU") has moved to exclude the expert testimony of one of Dr. Amin's experts, Eldridge F. Bills, M.D., FACOG ("Dr. Bills"). [Docs. 138, 139. ("Mot. to Exclude Dr. Bills").] Pursuant to confidentiality designations agreed upon by the parties, NBCU filed a redacted version of its motion, redacting various quotes and descriptions from the deposition transcript of Dr. Bills ("Dr. Bills Tr.") and filed the entire Dr. Bills Tr. under seal. [Doc. 139-7.]

Contemporaneously with this motion, Dr. Amin has filed a Response to NBCU's Mot. to Exclude Dr. Bills. Dr. Amin's Response naturally includes or involves discussions regarding highly sensitive personal health information (PHI) of witnesses, including patient initials, medical conditions, diagnoses, and procedures, as well as other information deemed "CONFIDENTIAL"

1

under the protective order governing this case (Doc. 107). For this reason, the parties agreed to designate Dr. Bills's deposition transcript as confidential.

In recognition of the right of access to judicial records, Dr. Amin has publicly filed a redacted version of his Response. Dr. Amin moves to file under seal an unredacted version of his Response in order to fulfill his obligations to protect the PHI of witnesses and comply with the Court's protective order and the parties' designation agreement. For the reasons explained below, Dr. Amin submits that good cause exists for the Court to grant this Motion to Seal and accept an unredacted version of his Response for filing under seal.

## II.     MOTION TO SEAL STANDARD

The right of access to judicial records pursuant to common law is well-established. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. *See Nixon*, 435 U.S. at 597. The right to access, however, is not absolute. *See Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 598 (1982). The right of public access to judicial records "may be overcome by a showing of good cause." *Beck v. Shinseki*, CV 113-126, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014). When deciding whether to grant a party's motion to seal, the Court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

2

whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon*, 435 U.S. at 598). This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal.

### III.   ARGUMENT

In order to ensure the public's right of access to judicial records to the greatest extent possible, Dr. Amin has filed a lightly redacted version of his Response. However, some parts of his Response necessarily discuss highly personal medical information or other information designated as confidential, such as deposition transcript citations. Accordingly, Dr. Amin submits that good cause exists to file an unredacted version of his Response under seal. *See McKenzie v. Staten*, 6:17-CV-83, 2020 WL 5638621, at *6 (S.D. Ga. Sept. 3, 2020) (granting motion to seal medical records), *report and recommendation adopted*, 6:17-CV-83, 2020 WL 5637085 (S.D. Ga. Sept. 21, 2020).

Pursuant to L.R. 79.7(d), Dr. Amin informs the Court that he only moves to seal an unredacted version of his Response and not the name of the movant (himself) or the name or description of any document. Pursuant to L.R. 79.7(e), Dr. Amin submits that unredacted discussions about medical information and medical records will remain sensitive to the patients involved even after the conclusion of this case. Dr. Amin submits that any other information sealed via this motion should be unsealed upon entry of final judgment. For these reasons, Dr. Amin's motion to seal should be granted.

*(signature on following page)*

Respectfully submitted this <u>2nd</u> day of February, 2024.

| | |
|---|---|
| **STACEY EVANS LAW** | **CHILIVIS GRUBMAN DALBEY & WARNER LLP** |
| */s/ Stacey G. Evans* | |
| Stacey G. Evans | Scott R. Grubman |
| Georgia Bar No. 298555 | Georgia Bar No. 317011 |
| Tiffany Watkins | sgrubman@cglawfirm.com |
| Georgia Bar No. 228805 | 1834 Independence Square |
| John Amble Johnson | Atlanta, GA 30338 |
| Georgia Bar No. 229112 | (404) 233-4171 (phone) |
| 4200 Northside Parkway NW | (404) 261-2842 (fax) |
| Building One, Ste 200 | |
| Atlanta, Georgia 30327 | |
| Telephone: 770-779-9602 | *Counsel for Plaintiff* |
| Facsimile: 404-393-2828 | |
| sevans@staceyevanslaw.com | |
| twatkins@staceyevanslaw.com | |
| ajohnson@staceyevanslaw.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO SEAL** will be served upon all attorneys in this matter by filing with the Court's CM/ECF system.

This 2nd day of February, 2024.

*/s/ Stacey G. Evans*
Stacey G. Evans