UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-CV-00056-LGW-BWC |
| NBCUNIVERSAL MEDIA, LLC, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO PERMIT ADDITIONAL DISCOVERY BEFORE RULING ON SUMMARY JUDGMENT PURSUANT TO RULE 56(d)**

Plaintiff Dr. Mahendra Amin has been deprived discovery to which he is entitled. Although he is confident that he has nevertheless presented the Court with sufficient evidence to defeat NBCUniversal's motion for summary judgment, Dr. Amin requests that the Court allow time to take discovery and supplement his response to Defendant NBCUniversal's motion for summary judgment (Doc. 127) pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Specifically, Dr. Amin requests the Court allow him to:

(1) Obtain the phone records of Chris Scholl, Mark Schone, and Julia Ainsley for the period around September 15, 2020;

(2) Have additional deposition time with Mr. Scholl, Mr. Schone, and Ms. Ainsley;

(3) Conduct deposition of Mary Lockhart;

(4) Conduct a deposition of Azadeh Shahshahani, whose motion to quash subpoena remains pending; and

(5) Obtain interrogatories from Cynthia Counts in lieu of deposition (Ms. Counts has a motion for protective order pending before the Court).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56(d) provides that if a nonmovant to a motion for summary judgment shows by declaration that it cannot present facts essential to justify its opposition, the Court may defer considering the motion or allow time to obtain discovery. "The law in this circuit is clear: the party opposing summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion. This is especially true where the propounded discovery requests information that is critical to the issues in dispute." *Jordan v. Ga.*, 2022 WL 4389006, at *3 (11th Cir. 2022) (quotation marks omitted). "If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (citation omitted). "Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests." *Id*. (citation omitted).

Where communications are conditionally privileged, as the Court has ruled is the case here, a defamation plaintiff must prove, among other elements, that the publications were made with "actual malice," that is, knowledge or reckless disregard of the falsity of those statements. *See* Doc. 59 at 26-27 (citations omitted).

**DISCOVERY NEEDED**

**I.    Documents and deposition testimony needed regarding document productions made after Defendant filed its motion for summary judgment**

Certain discovery is needed following document productions made after Defendant filed its motion for summary judgment. If these documents had been available during the discovery period, they would have been utilized during depositions of witnesses who were deposed and

they would have informed efforts to seek depositions from additional witnesses.

### A. Defendant compelled to produce documents

Dr. Amin's first two discovery requests were:

> 1. Please produce any and all documents referring to, reflecting, or relating to internal communications relating to the Broadcasts, Dr. Amin, or gynecological health services for detainees at [Irwin County Detention Center ("ICDC,")] including, but not limited to, e-mails, letters, memoranda, phone messages, videos, or notes of any conversations (whether in person or otherwise).
>
> 2. Please produce any and all documents referring to, reflecting, or relating to communications between you and any third party relating to the Broadcasts, Dr. Amin, or gynecological health services for detainees at ICDC, including, but not limited to, emails, letters, memoranda, phone messages, videos, or notes of any conversation (whether in person or otherwise).

Doc. 98 at 5. Subsequently, Dr. Amin stated the following discovery request:

> 47. Please produce all scripts or drafts of scripts regarding allegations of mistreatment and/or inappropriate gynecological medical care of ICE detainees at the ICDC that were reviewed by Standards (as that term has been used in deposition testimony in this litigation), including but not limited to, review by Chris Scholl, Mark Schone, Steve Thode, Mary Lockhart, or Besty Korona, and all communications and other documents regarding such reviews.

*Id.* at 4-5. The parties subsequently disputed the scope of NBCUniversal's obligations in responding to those requests, and after they were unable to resolve the dispute via good faith efforts and the Court's informal dispute resolution process, Dr. Amin, as permitted by the Court, moved to compel NBCUniversal to produce documents. *Id.* On November 28, 2023, the Court granted the motion in part, ordering NBCUniversal to produce documents as follows:

> Request 47: Defendant must produce all scripts or drafts of scripts regarding Dr. Amin or allegations of mistreatment or inappropriate

3

> gynecological medical care of ICE detainees at the ICDC that were reviewed by Chris Scholl, Steve Thode, and Mary Lockhart. Defendant is not required to produce scripts or draft scripts created after September 17, 2020.
>
> Requests 1 and 2: Defendant must produce internal and external communications involving the 23 previously identified individuals, Jason Cumming, and Daniella Silva, if the communications concerned the Challenged News Reports, Dr. Amin, or gynecological health services for detainees at ICDC. Defendant is required to produce communications responsive to Requests 1 and 2, even if the communication occurred after September 17, 2020.

Doc. 111 at 1. The Court required NBCUniversal to do so "within 30 days of this Order." *Id.* at 19.

NBCUniversal produced documents on December 22, 2023, and again on January 5, 2024, after the parties filed competing motions for summary judgment (Doc. 122; Doc. 127) and motions to exclude experts (Doc. 123; Doc. 124; Doc. 138) but before the responses to that briefing. Declaration of Stacey Evans (Feb. 2, 2024), ¶¶ 2-3. It is difficult to discuss the contents of those documents in an unredacted filing, because NBCUniversal designated all 214 documents that it produced "CONFIDENTIAL." *Id.* ¶ 4. Plaintiff will attempt to do so, however, to avoid burdening the Court with additional sealed filings.

### B. *Late production of documents reveals need for additional documents and testimony from previously deposed witnesses*

The production revealed more inconsistencies in witnesses' testimonies, as discussed in Dr. Amin's motion for summary judgment, and it highlighted the need for phone records on which the Court had previously granted NBCUniversal's motion for protective order absent further foundation for the production, but also ordered NBCUniversal "to take steps necessary to preserve, or to have AT&T preserve, the phone records during the pendency of this litigation." *Id.* ¶ 5; Doc. 95 at 2.

4

Specifically, NBCUniversal claims that its Standards Department approved certain reporting that took place on September 15, 2020. *See* Doc. 153-1 (SCSOMF) ¶ 86. Documents in the case reflect no such approval and instead create the impression that there never was approval, but NBCUniversal decisionmakers decided to move forward nevertheless. *Id.* To explain the lack of documentary evidence affirmatively showing approval (in the face of documentary evidence showing an implied lack of approval), witnesses claim they expressed approval or that others shared approval via telephone. *Id.*

The additional records produced after NBCUniversal's motion for summary judgment cast even more doubt on NBCUniversal's assertion that the reporting was approved and whether phone discussions took place. Specifically, one document refers to Standards putting a hold on a story and reflects that someone may have tried to call someone else, but another email reflects that the phone call never took place. *Id.* ¶ 5 (referring to documents NBCU-4911, NBCU-4912, and NBCU-4916). All of this is around the same time that NBCUniversal claims approval was received via phone. *Id.* These alleged phone calls occurred, if they did, by or among Mr. Scholl, Mr. Schone, and Ms. Ainsley. *Id.*

NBCUniversal's motion for summary judgment has "presented the issue of actual malice," *see* Doc. 127 at 29-36, and therefore Dr. Amin "should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook*, 859 F.2d at 870 (citation omitted). The documentary evidence does not match the witnesses' claims that there were phone calls approving certain reporting. The phone records should show who called who, when, whether the call connected, and if so, how long they spoke. These records could further destroy the credibility of the witnesses who have been shown to misrepresent the contents of their phone conversations. *Compare* Ms. Ainsley claiming that Mr. Osorio (a source) told her he

5

had two clients upon whom Dr. Amin performed a hysterectomy to Mr. Osorio's testimony that he only told NBCUniversal about one such client and that he was never sure about the other, who it turns out never had a hysterectomy and was not treated by Dr. Amin.  *See* Doc. 153-1 ¶¶ 62, 73.

Because of this additional evidence undermining the truth of witness statements that telephone conversations took place, additional testimony is needed from those witnesses about the events of the day, now further informed by at least 91 additional documents from those three witnesses:  37 documents involving Ms. Ainsley (over a quarter of the documents produced involving her in total throughout the case); 17 documents involving Mr. Scholl (over 14% of the documents produced involving him in total throughout the case); 37 documents involving Mr. Schone (over 30% of the documents produced involving him in total throughout the case). Evans Decl. ¶ 6.

The production reveals a complete lack of good faith on the part of NBCUniversal in responding to Plaintiff's document requests throughout the case.  Though NBCU's claim that it did not have to produce documents regarding Dr. Amin if they were not about the broadcasts at issue was never credible and was rejected by the order compelling the production, even under NBCUniversal's theory, many documents produced late should have been produced earlier.  *Id.* ¶ 7.  This is a pattern.  On the eve of the deposition of Ms. Ainsley, while counsel for Dr. Amin was in the air traveling for the deposition, NBCUniversal produced a text message exchange in which she and Jacob Soboroff, the other primary reporter for the article who interacted with sources, repeatedly expressed their serious subjective doubts about the truth of the Statements. *Id.* ¶ 8; Doc. 153-1 ¶ 73.

### C. Late production of documents reveals need for deposition from an additional witness and more testimony from Ms. Ainsley on another topic

The late production of documents reveals that NBCUniversal may have considered producing a documentary regarding Dr. Amin or ICDC. This is evident from the privilege log produced for the late production revealing at least 15 emails about a proposed documentary including Mary Lockhart, Evans Decl. ¶ 9, who is copied on emails regarding the concerns about the original reporting about Dr. Amin and ICDC, from Deputy Head of Standards, Chrisotpher Scholl. *See, e.g.*, Doc. 134-4. The late production reveals additional reporting was undertaken by Ms. Ainsley as well, but all was seemingly abandoned. Given that it could have been abandoned because of continued concerns about the truth of the original reporting, Dr. Amin is entitled to explore these considered and discarded reporting efforts. If the reporting ultimately did not occur because of concerns over truth, then it would go directly to the fault of NBCUniversal in this case. NBCUniversal will inevitably claim that doubt expressed later has no bearing on the Statements at issue in this case, but to the contrary, they certainly do. *See* Doc. 111 at 17 ("The text message exchange shows communications that occurred after the Challenged News Reports could be relevant to Plaintiff's claims.").

## II. Discovery previously requested from Azadeh Shahshahani

Azadeh Shahshahani is a fact witness who moved to quash her subpoena after Dr. Amin subpoenaed her for a deposition after NBCUniversal identified "representatives from Project South" as relevant witnesses in its initial disclosures, and Ms. Shahshahani appeared frequently in documents produced by Project South. Doc. 8, Response to Motion to Quash, *Amin v. NBCUniversal Media, LL, Movant Azadeh Shahshahani*, Case No. 5:23-MC-00002-BWC (Nov. 14, 2023), at 4-6.[1] A miscellaneous matter was opened in this Court after Ms. Shahshahani's

---

[1] As a courtesy, Dr. Amin offered to and has agreed to stay the deposition pending the Court's ruling, although Ms. Shahshahani's counsel never requested such consent. Doc. 8, Response to Motion to Quash, *Amin v. NBCUniversal Media, LL, Movant Azadeh Shahshahani*, Case No. 5:23-MC-00002-BWC (Nov. 14, 2023), at 20 n.7.

7

motion was transferred out of the United States District Court for the Northern District of Georgia on October 27, 2023 and transfer was effected electronically on November 14, 2023. Doc. 24, *Amin v. NBCUniversal Media, LL, Movant Azadeh Shahshahani*, Case No. 5:23-MC-00002-BWC (Nov. 14, 2023).

For the reasons discussed in Dr. Amin's response, Ms. Shahshahani's motion should be denied because the subpoena does not require disclosure of privilege or other protected matter or impose undue burden on Ms. Shahshahani, and it provided reasonable time for Ms. Shahshahani to respond.  Doc. 8, Response to Motion to Quash, *Amin v. NBCUniversal Media, LL, Movant Azadeh Shahshahani*, Case No. 5:23-MC-00002-BWC (Nov. 14, 2023), at 8-21.

NBCUniversal's motion for summary judgment has "presented the issue of actual malice," and therefore Dr. Amin "should be allowed the opportunity to utilize the discovery process to gain access to the requested materials."  *Snook*, 859 F.2d at 870 (citation omitted). And Ms. Shahshahani has information which "would be relevant to the issues."  *Id*. (citation omitted).  As discussed in Dr. Amin's response, Ms. Shahshahani served as a source for journalists regarding statements that NBCUniversal published, and she communicated directly with those journalists.  Doc. 8, Response to Motion to Quash, *Amin v. NBCUniversal Media, LL, Movant Azadeh Shahshahani*, Case No. 5:23-MC-00002-BWC (Nov. 14, 2023), at 1.  Indeed, NBCUniversal included "representatives from Project South," Ms. Shahshahani's organization, as fact witness in its initial disclosures.  *Id*. at 4.  Discovery from other activist sources for NBCUniversal's journalists have provided Dr. Amin with evidence relevant to the issue of actual malice, including but not limited to testimony regarding what they told the journalists which tends to contradict the journalists' representations as to what they knew at the time of the

broadcasts, and indeed Dr. Amin cites multiple pieces of evidence obtained from those sources in his response to NBCUniversal's motion for summary judgment.

Dr. Amin respectfully requests he be allowed to take the deposition of Ms. Shahshahani to collect information she has about NBCUniversal decisionmakers' state of mind when they made the defamatory statements at issue in this case.

### III. Discovery previously requested from Cynthia Counts

Finally, also pending before the Court is Ms. Counts's motion for a protective order quashing the deposition of Ms. Counts.  Doc. 112.  However, as Dr. Amin has made clear, he does not seek a deposition but rather "written answers to narrowly tailored questions regarding a conversation she had with a witness she was deposing within minutes."  Doc. 120 at 2; *see* Doc. 120-2 at 3 (listing the questions to which answers are sought).[2]

As discussed in that motion, Ms. Counts is the only available source of the information sought, there is no possible claim to privilege or work product protection, and sworn written answers.  Ms. Counts was party to a conversation with a deposition witness and the witness's counsel when she joined the witness and her counsel for lunch and discussed the contents of her planned questions for the witness.  Doc. 120 at 4-5.  Such conversation was improper and appeared to affect the witness's subsequent testimony as to her accusations against Dr. Amin.  *Id*. at 3-9.

NBCUniversal has presented the issue of falsity in its motion for summary judgment, citing accounts of detained patients in support of its motion.  Doc. 127 at 18-23.  Ms. Counts's off-the-record conversation with a witness without the presence of any counsel for Dr. Amin is relevant to the issue of falsity, because the witness's credibility is a relevant factor as to the

---

[2] Poetically, Ms. Counts provided a sworn statement in support of her motion to quash Dr. Amin's request that she provide a sworn statement.  Doc. 112-1.

weight her testimony is permitted to carry. As with the other pieces of discovery, Dr. Amin is confident that he has presented information sufficient to demonstrate to the Court that NBCUniversal's motion for summary judgment should not be granted. However, he has been unable to obtain responses to his discovery requests, and accordingly at this point summary judgment is inappropriate. *Snook*, 859 F.2d at 870.

## CONCLUSION

Dr. Amin requests that, before ruling on NBCUniversal's motion for summary judgment (Doc. 127), the Court allow him to:

(1) Obtain the phone records of Chris Scholl, Mark Schone, and Julia Ainsley for the period around September 15, 2020;

(2) Have additional deposition time with Mr. Scholl, Mr. Schone, and Ms. Ainsley;

(3) Conduct deposition of Mary Lockhart;

(4) Conduct a deposition of Azadeh Shahshahani, whose motion to quash subpoena remains pending; and

(5) Obtain interrogatories from Cynthia Counts in lieu of deposition (Ms. Counts has a motion for protective order pending before the Court).

[Signature on following page.]

Respectfully submitted this 2nd day of February 2024.

*/s/ Stacey G. Evans*
Stacey G. Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com
Tiffany N. Watkins
Georgia Bar No. 228805
twatkins@staceyevanslaw.com
J. Amble Johnson
Georgia Bar No. 229112
ajohnson@staceyevanslaw.com
STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
(770) 779-9602 (phone)
(404) 393-2828 (fax)

Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com

CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing will be served upon all attorneys in this matter by filing with the Court's CM/ECF system.

This 2nd day of February 2024.

*/s/ Stacey G. Evans*
Stacey G. Evans