# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-CV-00056-LGW-BWC |
| v. | |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

## DECLARATION OF STACEY G. EVANS

1.	My name is Stacey G. Evans and I am an attorney and Partner at Stacey Evans Law, located at 4200 Northside Pkwy. NW, Suite 200, Atlanta, Georgia 30327. I am an attorney of record for the Plaintiff, Dr. Mahendra Amin, in this action.

2.	On December 22, 2023, NBCUniversal produced documents pursuant to the Court's order on Dr. Amin's motion to compel.

3.	On January 5, 2023, NBCUniversal produced additional documents that it represented had been inadvertently omitted from the December 22 production.

4.	The production totaled 214 documents, all of which were designated "CONFIDENTIAL" pursuant to the operative protective orders.

5.	One document refers to Standards putting a hold on a story and reflects that someone may have tried to call someone else, but another email reflects that the phone call never took place. NBCU-004911, NBCU-004912, and NBCU-004916. This was all around the same time NBCU claims approval was received via phone. If such approval occurred, it would have necessarily required the involvement of Mr. Scholl and either Mr. Schone or Ms. Ainsley.

6. At least 91 of the additional documents pertain to Christopher Scholl, Julia Ainsley, and Mark Schone—37 involving Ms. Ainsley (which is over a quarter of the documents produced involving her in total discovery); 17 documents involving Mr. Scholl (over 14% of the documents produced involving him in total throughout the case); and 37 documents involving Mr. Schone (over 30% of the documents produced involving him in total throughout the case.

7. The production included documents that were not subject to NBCUniversal's strained claim as to what it was permitted to avoid producing; documents included communications around the reception of medical records and even text coordination between a booking agent and a source for the reporting.

8. This follows NBCUniversal having failed to produce a crucial text exchange, which both parties attach as exhibits to their briefing on actual malice, until mere hours before the deposition of one of the participants, while I was flying to the deposition, despite their representing that counsel had received the document from NBCUniversal over a year earlier.

9. A privilege log produced alongside the late-produced documents reflect at least 15 emails, on which Mary Lockhart was attached, about a proposed documentary about the Statements.

10. For the reasons discussed in the motion to which this declaration is attached, the requested discovery is essential and relevant to opposing NBCUniversal's arguments as to actual malice.

11. Additionally, Azadeh Shahshahani's testimony is essential and relevant to opposing NBCUniversal's arguments as to actual malice, as other advocate sources for NBCUniversal's reporting have provided testimony and other evidence tending to show that NBCUniversal knew or acted in reckless disregard of the falsity of Statements it published.

12. Finally, Cynthia Counts's answers to interrogatories are essential and relevant to opposing NBCUniversal's arguments as to falsity, as the witness's testimony changed her conversation with Ms. Counts, at which Ms. Counts, the witness, and counsel for the witness admittedly discussed Ms. Counts's upcoming questioning.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in Atlanta, Georgia on February 2, 2024.

By: ***/s/Stacey G. Evans***
Stacey G. Evans