IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-56 |
| v. | |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

**O R D E R**

Defendant filed a Motion to Seal.  Doc. 163.  Defendant asks the Court to place under seal various unredacted versions of the following documents: Defendant's opposition to Plaintiff's motion for partial summary judgment; Defendant's response to Plaintiff's statement of material facts; certain exhibits to Defendant's counsel's declaration in opposition to Plaintiff's motion for partial summary judgment; Defendant's opposition to motion to exclude the opinion of Dr. Carey; and Defendant's opposition to motion to exclude the opinion of Dr. Ted Anderson. Docs. 155, 156, 157, 158, 160.  Defendant represents various documents contain sensitive witness information, including names, medical history, immigration history, and the identities of other women detained at Irwin County Detention Center.  Doc. 163 at 3.  Many of the witnesses are involved in an ongoing putative class action lawsuit against Plaintiff, and discovery is currently stayed in that lawsuit pending an ongoing criminal investigation.  Id. at 3–4.

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).  This right extends to the inspection and the copying of court records and documents.  See Nixon, 435 U.S. at 597.  The right to access,

however, is not absolute.  See Globe Newspaper Co. v. Superior Court for Norfolk Cnty., 457 U.S. 596, 598 (1982).  When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal.  See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983).  In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005).  Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."  Id. (citing Nixon, 435 U.S. at 598).  This Court's Local Rule 79.7 sets forth procedures for a party to request documents be filed under seal.  Defendant asserts filing its records under seal would protect witness confidentiality and sensitive personal information, as previously determined in the Court's Protective Orders.  Docs. 42, 107.

Defendant has shown good cause for requesting the Court permit these documents to be filed under seal.  Accordingly, the Court **GRANTS** Defendant's Motion and **DIRECTS** the Clerk to **FILE UNDER SEAL** unredacted copies of the materials identified in Defendant's Motion to Seal, doc. 163.

**SO ORDERED**, this 9th day of February, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA