UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | Case No. 5:21-cv-00056-LGW-BWC <br><br> **OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT <u>ADDITIONAL DISCOVERY</u>** |

Defendant NBCUniversal Media, LLC ("NBCU") respectfully submits this Opposition to the Motion to Permit Additional Discovery Before Ruling on Summary Judgment Pursuant to Rule 56(d) ("Motion" or "Mot.") (Dkt. 165) filed by Plaintiff Dr. Mahendra Amin ("Dr. Amin").

## <u>INTRODUCTION</u>

Despite conducting discovery for a year, taking dozens of depositions, and obtaining tens of thousands of documents, Dr. Amin asks this Court to reopen discovery so that he may acquire phone records to which this Court has already determined he does not have a right, re-depose three witnesses who already provided extensive testimony on the issues relevant to this case, and depose an NBCU employee who, it has repeatedly been confirmed, was not involved in the challenged news reports. In support of these requests, Dr. Amin argues that though he "presented the Court with sufficient evidence to defeat NBCUniversal's motion for summary judgment," he has been "deprived discovery to which he is entitled."

But to obtain Rule 56(d) relief, a party must set forth specific facts that he seeks to obtain from further discovery that are *essential* to his response to summary judgment. Dr. Amin's contention that he has sufficient evidence to oppose NBCU's motion for summary judgment is fatal to his Motion. Even putting this admission aside, none of the discovery Dr. Amin now seeks

is essential to his opposition. While Dr. Amin claims that documents NBCU produced in December 2023 (in accordance with this Court's order) support his request, Dr. Amin misrepresents the contents of these document, makes logical leaps for which he has no factual basis, and, far from setting forth specific facts that he seeks to obtain, merely makes vague references to defending against NBCU's actual malice argument. This falls far short of his heavy burden under Rule 56(d).

Despite Dr. Amin's contentions to the contrary, this Motion only underscores that he lacks evidence to meet his burden of proving defamation and hopes that a further foray into discovery will save his case. But the solution is not permitting the fishing expedition that Dr. Amin requests; it is granting NBCU's motion for summary judgment. Because Dr. Amin has failed to meet his burden under Rule 56(d), his Motion should be denied.

## FACTUAL BACKGROUND

### I. DR. AMIN FILES THE INITIAL COMPLAINT AND AMENDED COMPLAINT IN THIS ACTION

As the Court is by now well-aware, Dr. Amin filed this action on September 9, 2021, claiming that five MSNBC news reports defamed him when reporting on a whistleblower complaint, which alleged that he performed unnecessary and/or unconsented-to gynecological procedures on detainees at the Irwin County Detention Center (the "Whistleblower Complaint"). On January 10, 2022, NBCU filed a Rule 12(c) motion for judgment on the pleadings and, on January 21, 2022, filed a motion to stay all discovery pending the Court's ruling on the Rule 12(c) motion. *See* Dkt. 31. On February 14, 2022, while the stay request was pending, Dr. Amin served an initial set of document requests, to which NBCU responded on March 16, 2022. On April 19, 2022, prior to the production of any documents, the Court stayed discovery pending its decision on the Rule 12(c) motion. *See* Dkt. 43.

On May 3, 2022, Dr. Amin filed an amended complaint, *see* Dkt. 49 (the "FAC"), and NBCU subsequently filed a renewed motion for judgment on the pleadings, *see* Dkt. 52. On November 16, 2022, the Court issued an order granting in-part and denying in-part NBCU's motion. *See* Dkt. 59. In so doing, the Court dismissed from this action all statements stemming from one of the challenged news reports and select statements from the other four remaining news reports (collectively, the "News Reports").

## II.     THE PARTIES ENGAGE IN EXTENSIVE DISCOVERY

Following the Court's decision, discovery in this action began in earnest, and NBCU made its initial document production on January 10, 2023. Discovery was extensive: NBCU produced thousands of pages of documents, Dr. Amin took twenty-five fact witness depositions, he served dozens of document subpoenas on third parties (many of whom had no involvement whatsoever with the challenged News Reports), third-parties produced over 19,000 documents, Dr. Amin designated two expert witnesses (and NBCU then designated a rebuttal expert), and the discovery deadline was extended twice.

Throughout this time, NBCU consistently limited its email production to emails relating to the challenged News Reports. This included emails concerning the substance of a September 15, 2020 NBC News article, which is not challenged in this action, but served as a source for the challenged News Reports (the "NBC News Article"). Accordingly, NBCU only produced documents dated after September 17, 2020 when those documents concerned the substance of the News Reports on the grounds that documents unrelated to these News Reports are irrelevant to the claims and defenses in this action and constitute privileged newsgathering material.

Dr. Amin took no issue with NBCU's limitation until July 2023, seven months after discovery began. On August 17, 2023, Dr. Amin's counsel raised this issue with the Court, which

held a hearing on the dispute, permitted the parties to brief their positions, and, on November 28, 2023, issued an order requiring NBCU to produce: (1) all scripts or draft scripts regarding Dr. Amin or allegations of mistreatment or inappropriate gynecological care from other NBCU programs that were reviewed by Chris Scholl, Steve Thode, or Mary Lockhart; and (2) all communications regarding the News Reports, Dr. Amin, or gynecological health services for detainees at ICDC from twenty-three custodians regardless of the document date. *See* Dkt. 111. The Court's order gave NBCU thirty days to make this additional production.

On December 22, 2023, prior to the Court's deadline, NBCU made the additional production, which consisted of 210 additional documents. Most of these documents were dated after the challenged News Reports and many were generic press releases about developments in the allegations against Dr. Amin, including the filing of a class action lawsuit against him, the closure of ICDC, and the release of a bipartisan Senate report, which found that he performed "unnecessary" gynecological procedures on detainees. NBCU produced a privilege log for this production on January 5, 2024. In so doing, NBCU realized that there were four documents that had been inadvertently marked as privileged during its previous review, and NBCU produced those documents as well.

### III.   DR. AMIN REQUESTS ADDITIONAL DISCOVERY

Dr. Amin argues that the documents NBCU produced in December 2023 (none of which he attaches to his Motion under the guise of not burdening the Court with additional sealed filings) entitle him to *further* discovery. Specifically, Dr. Amin asks this Court to order that he is entitled to:

- Obtain phone records from Christopher Scholl, Mark Schone, and Julia Ainsley that this Court already ordered NBCU was not required to produce;
- Re-depose Scholl, Schone, and Ainsley; and

4

- Depose Mary Lockhart

For the reasons set forth below, Dr. Amin's request lacks merit and his Motion should be denied.

## **LEGAL STANDARD**

"Under Rule 56(d), a court may 'defer' or 'deny' a motion for summary judgment, allow additional time for discovery, or issue an appropriate order if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334 (11th Cir. 2021) (quoting Fed. R. Civ. P. 56(d)). The declaration must set "forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Garner v. City of Ozark*, 587 F. App'x 515, 518 (11th Cir. 2014) (citing *Harbert Int'l, Inc. v. James,* 157 F.3d 1271, 1280 (11th Cir.1998)).

"[I]t is Plaintiff's burden to convince the Court deferral is appropriate by pointing to information he has not yet had the opportunity to discover," *Huffman v. Davey Tree Expert Co.*, 2024 WL 200930, at *2 (S.D. Ga. Jan. 18, 2024), and to "present[] valid reasons justifying his failure of proof." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) (citation omitted); *see also Garner v. City of Ozark*, 587 F. App'x 515, 518 (11th Cir. 2014) (Rule 56(d) "provides a remedy 'when *facts* are unavailable to the nonmovant.'"). "Whether to grant or deny a [Rule 56(d)] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." *Id*. Dr. Amin falls far short of meeting this high burden.

**ARGUMENT**

**I.     DR. AMIN HAD AMPLE OPPORTUNITY TO COMPLETE DISCOVERY**

Under Rule 56(d), "[d]eferral or denial is appropriate to prevent premature summary judgment and to ensure that the parties have had an 'adequate opportunity to conduct discovery.'" *Assad v. Air Logistics and Eng. Solutions, LLC,* 2022 WL 682377 (N.D. Ga. Mar. 7, 2022) (quoting *Est. of Todashev by Shibly v. U.S.*, 815 F. App'x 446, 450 (11th Cir. 2020)), *appeal dismissed,* 2022 WL 2137253 (11th Cir. May 25, 2022). For example, courts have granted Rule 56(d) relief when a party ignored the moving party's discovery requests. *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).

By contrast, when the parties have already undertaken significant discovery on the main issues in the case, courts routinely deny Rule 56(d) motions. In *Florida Power & Light Co.*, for example, the Eleventh Circuit affirmed the denial of the plaintiff's motion for additional discovery and granted summary judgment two years after the complaint was filed, despite outstanding discovery, where disclosures were exchanged and a discovery schedule was extended on several occasions. 893 F.2d at 1316.[1] Similarly, in *Huffman v. Davey Tree Expert Co.*, 2024 WL 200930, at *1 (S.D. Ga. Jan. 18, 2024), the court denied the plaintiff's Rule 56(d) motion where the "[p]laintiff's lawyers ha[d] themselves personally taken over 50 depositions (including [] experts, and including 30(b)(6) depositions) and obtained and reviewed tens of thousands of pages of discovery as to the negligence claims." *See also Assad*, 2022 WL 682377, at *1 (denying Rule 56(d) motion where "the Court extended the discovery period multiple times to provide the parties an opportunity to develop a full and complete record"); *Artistic Ent., Inc. v. City of Warner Robins*,

---

[1] Some of the cases referenced herein refer to Rule 56(f) rather than Rule 56(d). The current Rule 56(d) was carried over from Rule 56(f) in 2010.

6

331 F.3d 1196, 1202 (11th Cir. 2003) (motion "properly denied where a significant amount of discovery has already been obtained").

The discovery in this action was extensive. Dr. Amin and NBCU exchanged and responded to initial disclosures as well as multiple sets of document requests, interrogatories, and requests for admission. They deposed almost forty witnesses (twenty-six of those being witnesses subpoenaed by Dr. Amin) and served over seventy document subpoenas (forty-seven of which were served by Dr. Amin). Over 500,000 pages of discovery have been produced. The discovery deadline was extended twice, lasting a total of one year, to allow the parties to complete the discovery process.

Because Dr. Amin has already obtained extensive discovery, his Motion should be denied on this basis alone.[2]

## II.   THE REQUESTED ADDITIONAL DISCOVERY IS NOT "ESSENTIAL" TO DR. AMIN'S OPPOSITION TO NBCU'S MOTION FOR SUMMARY JUDGMENT

In addition, as stated above, to succeed on a Rule 56(d) motion, the plaintiff must show that the facts he seeks to discover are "essential to justify [his] opposition" to summary judgment. Fed. R. Civ. P. 56(d). Here, Dr. Amin repeatedly contends that he has already presented the Court with sufficient evidence to defeat NBCU's motion for summary judgment, including NBCU's argument that there is no clear and convincing evidence to support a conclusion that the challenged News Reports were published with actual malice. *See* Mot. at 1. (Dr. Amin "is confident that he has nevertheless presented the Court with sufficient evidence to defeat NBCUniversal's motion for

---

[2] The cases that Dr. Amin cites are not to the contrary. In *Snook*, the defendants filed a motion to dismiss or for summary judgment before any discovery was completed, ignoring plaintiffs' request for production of documents. *See* 859 F.2d at 868-69. In *Jordan v. Georgia*, 2022 WL 4389006, at *4 (11th Cir. Sept. 22, 2022), the defendants (the state of Georgia and several corrections officers) filed a motion for summary judgment while purposefully withholding the prison's policies and the incident reports documenting the stabbing over which the pro se plaintiff was suing, which were the only documents that could disprove their qualified immunity defense.

7

summary judgment."); *id.* at 5, 9-10.  Indeed, he admits that he already has "[d]iscovery from other . . . sources" and "multiple pieces of evidence" cited in his opposition to NBCU's summary judgment motion.  *Id.* at 8-9.  If Dr. Amin's assertions are taken at face value, his Motion must be dismissed.  *See Burns*, 999 F.3d at 1334 (denying Rule 56(d) motion where movant "conceded that he did not need further discovery on his facial claims").

The fact that Dr. Amin filed this Motion, however, evidences that he *knows* he does not have clear and convincing evidence to prove that the challenged News Reports were published with actual malice and is hoping that additional discovery will uncover *something* to change this conclusion.  But other than vaguely claiming that NBCU has "presented the issue of actual malice" and Dr. Amin "should be allowed the opportunity to utilize the discovery process to gain access to the requested materials," Mot. at 5, he does not explain what facts he seeks to discover or how they are "essential" to his opposition.  *See Burns*, 999 F.3d at 1334 (relying on "vague assertions that additional discovery will produce needed, but unspecified facts" deemed insufficient to support Rule 56(d) motion); *Ivy v. Ecolab, Inc.*, 2020 WL 10055326, at *9 (N.D. Ga. Apr. 20, 2020) (same), *report and recommendation adopted*, 2020 WL 10054682 (N.D. Ga. May 12, 2020).  Considering Dr. Amin's specific requests and the documents that he relies on for support only underscores that his Motion is meritless.

*First*, Dr. Amin claims that he is entitled to obtain the phone records of Chris Scholl, Mark Schone, and Julia Ainsley for "the period around September 15, 2020."  Mot. at 1, 15.  Dr. Amin already made this request in August 2023, the Court held a hearing on this issue, and while the Court ordered NBCU to ask its phone provider to maintain records from this period, the Court denied Dr. Amin's request.  Dr. Amin now argues that emails produced by NBCU reflect that "someone may have tried to call someone else, but another email reflects that the phone call never

took place." Mot. at 5. Dr. Amin does not attach these emails to his Motion, likely because they directly controvert this characterization.

In the first email that Dr. Amin references, dated September 15, 2020 at 2:49 pm, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Declaration of Elizabeth A. McNamara ("McNamara Decl.") Ex. 1 (NBCU004911).

In the second email chain, from 3:01 pm, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* McNamara Decl. Ex. 2 (NBCU004912).

The third email chain shows that, at 2:59 pm, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* McNamara Decl. Ex. 3 (NBCU004916). This is also consistent with ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



Even if the call referenced in these emails did not occur (and there is no basis to believe it did not), it appears that Dr. Amin does not actually care about this call. Instead, Dr. Amin

9

speculates that if this call between Schone and Scholl did not occur, then it is possible that other calls involving Scholl, Schone, and Ainsley did not occur, including one in which Scholl approved the contents of the NBC News Article. *See* Mot. at 5. But this is pure conjecture, and a Rule 56(d) motion cannot "rest[] on vague and speculative assertions." *Thompson Building Wrecking Co. v. Augusta, Ga.*, 2007 WL 9711318, at *2 (S.D. Ga. Sept. 5, 2007); *see also Clay v. Riverwood Intern. Corp.*, 964 F. Supp. 1559, 1566 (N.D. Ga. 1997) ("A Rule [56(d)] motion should be denied . . . if the evidence sought [is] almost certainly nonexistent or [is] the object of pure speculation."), *aff'd*, 157 F.3d 1259 (11th Cir. 1998), *vacated in part on other grounds*, 176 F.3d 1381 (11th Cir. 1999). Because Dr. Amin's speculation lacks any reasonable foundation, the Court should deny his request to obtain phone records, just as it did in August 2023.[3]

*Second*, Dr. Amin argues that he should be permitted additional deposition time with Ainsley, Scholl, and Schone. Mot. at 1, 10. As to Scholl and Schone, other than enumerating the number of emails contained in NBCU's December 2023 production on which they are copied and making vague assertions about wanting more discovery about the "events of the day," Dr. Amin does not explain what "essential facts" these witnesses could provide in a deposition that he has

---

[3] Dr. Amin also confusingly argues that the phone records could "further destroy the credibility of witnesses who have been shown to misrepresent the contents of their phone conversations." Mot. at 5-6. He claims that, according to Ainsley, one of her sources (Benjamin Osorio) told her that he had two clients on whom Dr. Amin performed hysterectomies, whereas Osorio claimed he only told NBCU about one client. *Id.* This is a complete misrepresentation of the record. Osorio testified that he did not "remember what exactly [he] said" to Ainsley, but it would be "out of character" for him to confirm that two clients had hysterectomies without seeing the medical records for both. Dkt. 122-27 (Osorio Tr.) at 7-8. Despite his claim that this would be "out of character," ████████████████████████ Dkt. 136-36 (OSORIO_0000038) at 2. And Osorio was quoted by other media organizations as referring to two clients who had hysterectomies. *See* Emily Shugerman and William Breddermann, "ICE Hysterectomy Doctor Wasn't Even a Board-Certified OB-GYN," THE DAILY BEAST (Sept. 19, 2020), available at: https://www.thedailybeast.com/ice-hysterectomy-doctor-wasnt-even-a-board-certified-ob-gyn ("A second lawyer, Benjamin Osorio, told The Daily Beast that two of his clients received hysterectomies while detained at ICDC."); Rick Jervis, et al., "Alleged unwanted hysterectomies and other abuses at ICE facility prompts investigation," USA TODAY (Sept. 18, 2020), available at: https://www.usatoday.com/story/news/nation/2020/09/17/hysterectomies-immigrants-complaint-ice-and-detention-center-irwin-county/3482369001/ (recounting stories of Osorio's two clients who had hysterectomies based on interview with Osorio). Regardless, Ainsley's phone records will shed no light on the *contents* of her call with Osorio.

not—or could not have—already obtained. *See Frazier v. SE Ga. Health Sys.*, 2023 WL 3306548, at *2 (S.D. Ga. May 8, 2023) ("Plaintiffs fail to explain how information related to these general topics would create a genuine issue of material fact or even bear on the issues raised in Defendants' motion for summary judgment.").

As to Ainsley, Dr. Amin asserts that she appeared to undertake "additional reporting," which was "seemingly abandoned," and, if it was "abandoned because of continued concerns about the truth of the original reporting," Dr. Amin should be entitled to explore this. Mot. at 7. Again, this is entirely speculative. Dr. Amin has no foundation for the belief that Ainsley abandoned reporting due to any concern about truth, and none of the documents in the December 2023 production dated after September 15, 2020 evidences Ainsley's state of mind on that day. To the contrary, the fact that several days after the News Reports, Ainsley considered doing additional reporting on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, demonstrates that she did not doubt the veracity of her initial reporting. For these reasons, Dr. Amin's request for additional deposition time from each of these witnesses should be denied.

*Third*, Dr. Amin argues that he should be permitted to depose Mary Lockhart, a member of the NBCUniversal News Group Standards team. Documents and testimony long ago revealed that Lockhart had no involvement with the challenged News Reports. Dr. Amin does not argue otherwise.[4] Instead, he points to entries on NBCU's privilege log, dated November 24, 2021 through December 2, 2021, which show that Lockhart was included on emails where lawyers provided pre-publication legal advice on a documentary discussing gynecological care at ICDC

---

[4] Lockhart's name appears in an email on September 15, 2020, when Scholl said that he was planning to log offline and was bringing in Lockhart to take over his work on the NBC News Article. As Scholl testified and as emails revealed, this never happened, and Scholl continued working on the Article. *See* Dkt. 134-4 at NBCU002645. Lockhart was not substantively involved with the NBC News Article or the challenged News Reports and was merely copied on general emails to the Standards Department about reporting on the Whistleblower Complaint and other news between September 15 and 17, 2020.

that is not at issue in this case.  *See* McNamara Decl. Ex. 4.  Dr. Amin does not explain how Lockhart's inclusion on these emails—over a year after the challenged News Reports were aired—relates to the actual malice inquiry in this case or what facts "essential" to Dr. Amin's opposition to summary judgment Lockhart can provide.  Nor can Lockhart even testify about the contents of these emails, which are shielded by the attorney-client privilege.  Further, had Dr. Amin wanted to explore Lockhart's involvement with the challenged News Reports (even though she clearly had none), he could have deposed her during the discovery period.  *See Artistic Ent.,* 331 F.3d at 1203 ("[F]urther discovery would not be helpful primarily because all of these issues could have been addressed much earlier in the litigation").  There is no reason for this Court to defer ruling on NBCU's summary judgment motion so that Dr. Amin can depose a witness who, discovery shows, was irrelevant to the challenged News Reports.

For these reasons, Dr. Amin's request for additional discovery should be denied, and the Court should rule on the parties' summary judgment motions.

## III.    DR. AMIN'S CONTENTIONS CONCERNING AZADEH SHAHSHAHANI AND CYNTHIA COUNTS LACK MERIT

Finally, Dr. Amin uses his Rule 56(d) Motion to argue yet again that he is entitled to discovery from Azadeh Shahshahani (a third-party lawyer from Project South over whom NBCU has no control) and Cynthia Counts (a counsel of record in this action). Mot. at 7-10.  Shahshahani and Counts each has a motion to quash pending before this Court.  Had Dr. Amin believed he could not file an opposition to NBCU's motion for summary judgment without testimony from these witnesses, he could have raised this issue before his opposition deadline.  In any event, Dr. Amin fails to meet his burden under Rule 56(d).

*First*, Dr. Amin does not enumerate any specific "facts" that Shahshahani could provide that are "essential" to his opposition to summary judgment.  Instead, he merely claims that

Shahshahani is "relevant" because she was a source for the NBC News Article. Mot. at 8. But Shahshahani's communications with NBC News were memorialized in contemporaneous emails and text messages, and Soboroff already testified about his phone call with Shahshahani during his deposition. While Dr. Amin may wish that he had the opportunity to depose Shahshahani before the close of discovery, this is an inadequate ground to extend discovery under Rule 56(d). *See Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 859 (11th Cir. 2013) (granting summary judgment before the completion of discovery); *Fla. Power & Light Co.*, 893 F.2d at 1316 ("The district court is not required to await the completion of discovery before ruling on a motion for summary judgment.").

*Second*, Dr. Amin's contention that Counts' testimony about her lunch with deponent Yanira Oldaker and Oldaker's counsel in the summer of 2023 is essential to the truth or falsity of the challenged News Reports, which aired in September 2020, is absurd.[5] Oldaker was not a source for the News Reports, and NBCU's motion for summary judgment does not rely on (or even mention) Oldaker's testimony. Because Counts's testimony is entirely irrelevant to NBCU's motion for summary judgment, Dr. Amin's cannot meet his burden under Rule 56(d).

## CONCLUSION

For the foregoing reasons, NBCU respectfully requests that the Court deny Dr. Amin's Motion to Permit Additional Discovery Before Ruling on Summary Judgment Pursuant to Rule 56(d).

Dated: February 16, 2024

| | |
|---|---|
| *s/ Cynthia L. Counts* | *s/ Elizabeth A. McNamara* |
| Cynthia L. Counts | Elizabeth A. McNamara |
| Georgia Bar No. 190280 | (admitted *pro hac vice*) |

---

[5] NBCU refers the Court to Counts' motion for a protective order for a full recitation of why Dr. Amin's discovery request is improper. *See* Dkt. 112.

FISHERBROYLES, LLP
945 East Paces Ferry Rd. NE, Suite 2000
Atlanta, GA 30326
(404) 550-6233
cynthia.counts@fisherbroyles.com

Amanda B. Levine
(admitted *pro hac vice*)
Leena Charlton
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com
leenacharlton@dwt.com

*Attorneys for Defendant*

\* \* \*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 16th of February, 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com
Amble Johnson
ajohnson@staceyevanslaw.com
Scott R. Grubman
sgrubman@cglawfirm.com

/s/ Elizabeth A. McNamara
Elizabeth A. McNamara
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com

*Attorneys for Defendant*