UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DR. MAHENDRA AMIN, M.D.,

    Plaintiff,

v.

NBCUNIVERSAL MEDIA, LLC,

    Defendant.

Case No. 5:21-cv-00056-LGW-BWC

**MOTION TO FILE UNDER SEAL AND MEMORANDUM IN SUPPORT**

    Defendant NBCUniversal Media, LLC ("NBCU") respectfully submits this motion to seal portions of its Opposition to Plaintiff Dr. Mahendra Amin's ("Dr. Amin") Motion in Support of Additional Discovery (the "Motion") and exhibits attached thereto.

## FACTUAL BACKGROUND

    This defamation action stems from the publication of certain MSNBC news reports, all of which reported on a publicly available whistleblower complaint made to federal government agencies. The whistleblower complaint alleged that a doctor—first identified by third-party news organizations as Dr. Amin—was performing unnecessary and/or unconsented-to gynecological procedures on women detained at the Irwin County Detention Center ("ICDC").

    In discovery, the parties entered into a stipulated protective order, *see* Dkt. 42 (the "Protective Order"), which permitted the parties to mark documents "Confidential" if they contained "unpublished newsgathering information." In accordance with the Protective Order, NBCU produced internal communications about newsgathering and marked these documents "Confidential."

    Because some of these confidential newsgathering materials are essential to NBCU's

Opposition to Plaintiff's Motion, they have been included in support of NBCU's Opposition. NBCU has publicly filed its Opposition, redacting only what is necessary to maintain confidentiality. The accompanying exhibits have similarly been filed publicly to the extent possible. Some exhibits, however, contain confidential information, and NBCU accordingly moves to file them under seal. These documents (together the "Confidential Materials") include:

- The unredacted version of NBCU's Opposition to Dr. Amin's Motion; and
- Unredacted versions of Exhibits 1-3 to the McNamara Declaration in Opposition to Dr. Amin's Motion.

For the following reasons, good cause requires that these Confidential Materials be filed under seal.

## ARGUMENT

While the right of public access is an essential component of our judicial system, *see Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007), this right is not absolute and "may be overcome by a showing of good cause," *Beck v. Shinseki*, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014); *Hodges v. Chatham Cty.*, 2023 WL 2541123, at *1 (S.D. Ga. Mar. 16, 2023). "A good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* Factors that a court should consider in making this inquiry include:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Here, there are significant reasons for keeping the Confidential Materials sealed. First, the

2

parties agreed to this sealing when they entered into the Protective Order, which specifically lists "unpublished newsgathering material" as a category of confidential documents. *See* Dkt. 42. In addition, the specific documents that NBCU seeks to seal contain its reporters' private discussions about the publication and dissemination of an article by journalist Daniella Silva that is not challenged in this action. Indeed, Silva is not a party to this case, was not deposed by Dr. Amin, and therefore has little—if any—relevance to this matter.

Further, under Georgia law, non-public newsgathering information is generally privileged. *See* O.C.G.A. § 24-5-508 (shielding "any information, document, or item obtained or prepared in the gathering or dissemination of news"). And even when the privilege does not apply because the reporter is a defendant in a defamation action, Georgia courts have recognized the importance of continuing to protect a news organization's otherwise privileged materials. *See, e.g.*, *Atlanta Journal-Constitution v. Jewell*, 251 Ga. App. 808, 813 (2001). This is particularly relevant here because Silva's work is not challenged as defamatory but, instead, has been brought into this case because it is on the same subject as the challenged MSNBC news reports and was merged into an NBC News article written by Julia Ainsley and Jacob Soboroff, which itself was a source for the MSNBC news reports. For this reason, even though these documents were produced, they should not be made public, and portions of NBCU's Opposition discussing these documents should remain sealed.

## CONCLUSION

For the foregoing reasons, NBCU respectfully requests that the Court order that the above-referenced materials be placed under seal.

Dated: February 16, 2024

| *s/ Cynthia L. Counts* | *s/ Elizabeth A. McNamara* |
| Cynthia L. Counts | Elizabeth A. McNamara |

| | |
|---|---|
| Georgia Bar No. 190280<br>FISHERBROYLES, LLP<br>945 East Paces Ferry Rd. NE, Suite 2000<br>Atlanta, GA 30326<br>(404) 550-6233<br>cynthia.counts@fisherbroyles.com | (admitted *pro hac vice*)<br>Amanda B. Levine<br>(admitted *pro hac vice*)<br>Leena Charlton<br>(admitted *pro hac vice*)<br>DAVIS WRIGHT TREMAINE LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020-1104<br>Tel: (212) 489-8230<br>lizmcnamara@dwt.com<br>amandalevine@dwt.com<br>leenacharlton@dwt.com<br><br>*Attorneys for Defendant* |

\*   \*   \*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 16th of February, 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanlaw.com
Amble Johnson
ajohnson@staceyevanslaw.com
Scott R. Grubman
sgrubman@cglawfirm.com

> /s/ Elizabeth A. McNamara
> Elizabeth A. McNamara
> (admitted *pro hac vice*)
> DAVIS WRIGHT TREMAINE LLP
> 1251 Avenue of the Americas, 21st Floor
> New York, NY 10020-1104
> Tel: (212) 489-8230
> lizmcnamara@dwt.com
>
> *Attorneys for Defendant*

4