UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DR. MAHENDRA AMIN, M.D.,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Case No. 5:21-CV-00056-LGW-BWC
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
NBCUNIVERSAL MEDIA, LLC,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀)

## PLAINTIFF'S REPLY ON MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. TED ANDERSON

⠀⠀⠀⠀Dr. Ted Anderson reviewed an admittedly limited number of predominantly non-medical records for 17 out of the hundreds of women detained at ICDC and treated by Dr. Amin. From the review, attorney advocates provided what Dr. Anderson described as "initial" information to a partisan caucus of Congress that sought to spur additional action, via a short, unsigned "executive summary" that Dr. Anderson did not write, did not sign, did not swear to, and shared only during remarks at a Zoom meeting for Democratic members of Congress and their staffs.

████████████████████████████████████████████████████

████████████████████████████████████████████████ Doc. 123-5 at

286:14-23 (under seal). Dr. Anderson's opinions are not based on reliable methodology and do not assist the trier of fact pursuant to *Daubert* and Federal Rule of Civil Procedure 702. Further, because NBCUniversal noticed Dr. Anderson only as a rebuttal witness to Dr. Amin's experts, his testimony should be limited to rebutting Dr. Amin's experts, which they do not. NBCUniversal's last ditch attempt to save Dr. Anderson's testimony as lay fact witness testimony is comical given they disclosed him as an "expert," and other than saying he reviewed a small pile of records (mostly non-medical records) for maybe five percent of Dr. Amin's ICDC

patients and showed up to a Zoom meeting, has no lay fact witness testimony to provide.

## I.    NBCUniversal Does Not Contest Many of Dr. Amin's Arguments

In responding in opposition (Doc. 158), NBCUniversal does not contest many of Dr.

Amin's arguments:

- ▪  *See id*. at 3 ).

- ▪ Dr. Anderson reviewed incomplete, ███████████ records of ██ women detained at ICDC, ████████████████████████. *See* Doc. 123-3 (executive summary describing the records reviewed as "limited by production from the facility [ICDC]" and "appears incomplete"); Doc. 158 at 13-14.

- ▪ The opinions NBCUniversal attributes to Dr. Anderson were not stated to any degree of medical certainty or reliability. *Id*. at 13.

- ▪ The executive summary and unsworn Zoom statement were provided to a partisan caucus of the Senate and not to the Senate itself, for the purpose of spurring future action, ████ █████████████████████████████████████████████ ████████████████████████████████ Doc. 123-3 at 124; Doc. 123-5 at 286:14-23 (under seal).

- ▪ To the extent Dr. Anderson is an expert (NBCUniversal now contends, bizarrely, that he is not), Dr. Anderson was noticed only as a rebuttal expert whose testimony should be limited to rebutting the opinions of experts noticed by Dr. Amin. *See* Doc. 158 at 5-9 (arguing that Dr. Anderson is either a fact witness or a rebuttal expert).

▪ Dr. Anderson never reviewed the opinions of the experts he was noticed to rebut.  *See id*. at 12-13.

## II.     Summary of Response Arguments

NBCUniversal first argues that Dr. Anderson's expert testimony should not be excluded because, incredibly, he is a "fact witness" whose testimony is "not based on scientific, technical, or specialized knowledge" at all and therefore is not subject to the Court's gatekeeping functions. *Id*. at 5-6.  Although NBCUniversal itself noticed Dr. Anderson in its expert rebuttal reports, Doc. 123-3 at 2-3, if Dr. Anderson *is* indeed a fact witness then his expert testimony must be excluded pursuant to Federal Rule of Evidence 701.  NBCUniversal also mischaracterizes Dr. Amin's argument—that the substance of Dr. Anderson's opinions are not grounded in appropriate methodology or helpful to a factfinder—as being about technicalities of reports under Federal Rule of Civil Procedure 26(a).  Doc. 158 at 7-9, 9 n.3, 12; *see id*. at 9 n.3 (stating, without citation: "Dr. Amin also argues that Dr. Anderson is not properly designated as a rebuttal expert witness.").  But Dr. Amin does not object to the executive summary for whether it complies with the notice requirement of Federal Rule of Civil Procedure 26(a); he objects to the fact that the opinions stated in what NBCUniversal provided to Dr. Amin as Dr. Anderson's expert report demonstrate that Dr. Anderson's opinions are not based on a reliable foundation and do not assist a trier of fact.  *See* Doc. 123 at 5-13.

Second, in arguing that Dr. Anderson's expert opinions would assist the trier of fact, Doc. 158 at 9-11, NBCUniversal mischaracterizes Dr. Anderson's testimony, claiming that he testified

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████     *See* Doc. 123 at 10.  NBCUniversal also characterizes Dr.

Anderson's opinions as including that Dr. Amin performed unnecessary procedures, but that is not the case. ██████████████████████████████████████████
██████████████████████ Doc. 123-5 at 237:23-238:1 (under seal) (emphasis supplied), ████████
█████████████████████████████████████ and general conclusions such as that the (admittedly limited) medical records Dr. Anderson and others reviewed lack "demonstration of medical necessity" of non-hysterectomy gynecological treatment and show "aggressive procedures" are *not* the same thing as testimony that Dr. Amin conducted unnecessary procedures. Doc. 123-3 at 129-33.

Third, NBCUniversal argues that Dr. Anderson's methodology was appropriate. Doc. 158 at 11-16. But, as Dr. Amin argued in his motion, (1) Dr. Anderson never even reviewed the opinions NBCUniversal now argues he is offered to rebut; (2) the "conclusions" stated in the executive summary and Zoom statement are not conclusions at all and were offered, in unsigned and unsworn form in an executive summary that Dr. Anderson did not write and did not purport to summarize *his* contentions, to encourage politicians to conduct further investigation; (3) the contentions stated in the executive summary and Zoom statement were not offered to any reasonable degree of medical certainty or reliability sufficient for *Daubert* and progeny; and (4) Dr. Anderson only reviewed incomplete, limited records, █████████████████████████
████████████████████████████████████████████. *See* Doc. 123 at 5-11.[1] NBCUniversal argues that Dr. Anderson's contentions are nevertheless reliable ████████████████████████████████████████████████████
████████ Doc. 158 at 13-14. But that statement supports Dr. Amin's motion: █████████████

---

[1] The parties received only temporary access to the documents themselves and could not make copies or otherwise preserve the documents, which included medical and non-medical custody records, pursuant to a compromise with Dr. Anderson as to a subpoena for documents that Dr. Amin served upon him. Doc. 123 at 10 n.7; Doc. 123-1 ¶ 3.

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████  Doc. 123-5 at 254:7-255:5 (under seal), make those opinions unreliable

and they must be excluded.

### III.   NBCUniversal's Response Cannot Save Dr. Anderson From Exclusion

### A.  If Dr. Anderson is not an expert, his testimony must be limited to "lay" testimony; if he is, then NBCUniversal must carry its *Daubert* burden.

NBCUniversal first argues that that Dr. Anderson is a "fact witness" whose testimony is "not based on scientific, technical, or specialized knowledge" and so he is not subject to Daubert at all—after disclosing him as an "expert," no less.  Doc. 158 at 5-6.  This contention is bizarre. Notwithstanding NBCUniversal's uncited contention that Dr. Amin treated "Dr. Anderson as a fact witness throughout this litigation," *id*. at 2, Dr. Amin did no such thing, and NBCUniversal noticed Dr. Anderson as a rebuttal expert witness.  Doc. 123-3 at 2-3.[2]  To the extent that Dr. Anderson is a fact witness whose only purpose was to authenticate the executive summary and Zoom statement, *id*. at 5, then the opinions to which NBCUniversal ascribes Dr. Anderson that would require his "scientific, technical, or specialized knowledge" must be excluded pursuant to Federal Rule of Evidence 701(c).  Further, to the extent that NBCUniversal intends to rely on Dr. Anderson's previously-stated opinions, those opinions constitute inadmissible hearsay without an exception and, as Dr. Amin argued in his motion, should be excluded pursuant to Federal Rule of

---

[2] NBCUniversal cites *Ashkenazi v. S. Broward Hosp. Dist.*, 2012 WL 760824 (S.D. Fla. Mar. 8, 2012), in support of its contention that Dr. Anderson was noticed as a non-retained expert, Doc. 158 at 8—which is a response to an argument that Dr. Amin has not made.  *See generally* Doc. 123.  However, the *Ashkenazi* order *is* relevant here because it ruled that doctor witnesses who were employees of the defendant were experts giving "both fact testimony and opinion testimony based upon their scientific, technical or other specialized knowledge within the scope of the Federal Rules of Evidence."  *Ashkenazi*, 2012 WL 760824, at *1.  Although the plaintiff did not move to strike the witnesses on *Daubert*, *id*., if the plaintiff had, then the witnesses—as experts—would be subject to *Daubert*.

Evidence 702 and *Daubert*.

To the extent that Dr. Anderson's "primary purpose in this case was to authenticate and affirm the information he provided" in the executive summary and Zoom statement, Doc. 158 at 6, he is a fact witness.[3]   However, any conclusions within the executive summary and Zoom statement must adhere to Federal Rule of Evidence 802's prohibition against hearsay. NBCUniversal has not set forth *any* potential exception to hearsay for either document.  As stated in Dr. Amin's motion, the executive summary—titled "Findings of the Independent Review Team," not "Findings of Dr. Anderson"—was not the work of Dr. Anderson at all, ███

█████████████████████████████████████████████████

███████████████████████████████████████████.

Doc. 123 at 7-8.  As to the Zoom statement, it was not, as NBCUniversal erroneously characterizes it, "testimony" at all.  *See* Doc. 158 at 8, 12.  The Zoom statement was given, over Zoom, to a closed briefing of the Senate Democratic caucus; it was not signed ████████

███████████████████████████████████████████████████

███████████████████.  Doc. 123 at 7 (citations omitted).  Further, Dr. Anderson's alleged expert opinions stated either in those documents or in his deposition in this case must adhere to Rule 702 and *Daubert*.

Even if Dr. Anderson had personal knowledge appropriate to make him a fact witness, the opinions for which NBCUniversal purports to offer his testimony would not be admissible. In its summary of why it identified Dr. Anderson as a witness, NBCUniversal states that it

---

[3] ████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████     *ee* Doc. 123 at 8 n.6.

"identified Dr. Anderson in its initial disclosures as a witness who could testify to the 'substantial truth of the allegedly defamatory publications.'"  Doc. 158 at 4.  And NBCUniversal's response is littered with glosses of Dr. Anderson's testimony that rely on "scientific, technical, or specialized knowledge," based not on Dr. Anderson's personal knowledge but on his review of admittedly incomplete records.  *E.g.*, *id*. at 1-2, 15.  For example, NBCUniversal claims that Dr. Anderson concluded that, based only on the records he reviewed, Dr. Amin performed unnecessary and inappropriate gynecological surgeries on these ICDC detainees and failed to obtain proper informed consent.  *Id*. at 15.  This is not a fair recitation of Dr. Anderson's statements, but it would be scientific, technical, or specialized knowledge to which a non-expert cannot attest.  *See, e.g.*, *Gov't Emp. Ins. Co. v. Seco*, 644 F. Supp. 3d 1309, 1314-15 (S.D. Fla. 2022) (ruling that testimony regarding medical necessity for purposes of government payor billing "go beyond . . . the boundaries of Rule 701 testimony").

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████  Doc. 127 at 20 (under seal).  In its response to Dr. Amin's motion for summary judgment, it also cited Dr. Anderson ████████████████████ ██████████████████.  Doc. 155 at 16, 19, 19 n.14 (under seal).  Such testimony is not "lay" testimony, particularly from Dr. Anderson, who did not treat the patients.  *See* Doc. 158 at 12 n.5; *Eberhart v. Novartis Pharm. Corp.*, 867 F. Supp. 2d 1241, 1252-53 (N.D. Ga. 2011) ("Thus, in the Eleventh Circuit, treating physicians who are not designated as experts may offer 'lay' testimony that implicates their specialized experience as a physician [only] if the testimony is an account of their observations during the course of treatment or it is offered for the purpose of explaining the physician's decision-making process or the treatment provided.").

NBCUniversal argues at length that Dr. Anderson, as a fact witness, may provide his expert opinion testimony without NBCUniversal carrying its *Daubert* burden.  Doc. 158 at 5-6.  But Dr. Anderson's opinions are not "rationally based on the witness's perception" and *are* "based on scientific, technical, or specialized knowledge within the scope of Rule 702," *see id*. at 5, and accordingly they do not constitute lay testimony pursuant to Rule 701.  NBCUniversal cites three cases in purported support of its argument, but those cases all demonstrate the opposite of its contention.

In *U.S. v. Macrina*, the court *did* prohibit the government from eliciting expert testimony of the witness, allowing the witness to only testify as to information about a city ethics code that the witness had personally perceived as the "City Ethics Officer."  2022 WL 5189860, at *1-2 (N.D. Ga. Oct. 5, 2022).  Here, there is no argument that Dr. Anderson's testimony is limited to such personal perceptions.[4]

Next, *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.* involved the testimony of workers at a shipbuilding company as to reasonableness of an amount that was billed to a customer for ship repairs.  320 F.3d 1213, 1216-20 (11th Cir. 2003).  In a subsequent case, this Court distinguished that case from another in which, like here, the purported lay testimony was sought as to reasonableness of *others'* estimates which were not rooted in day-to-day activities.  *See Jones Creek Inv., LLC v. Columbia Cnty., Ga.*, 98 F. Supp. 3d 1279, 1288 (2015).

> The Magistrate Judge correctly concluded that the cost estimates and damages testimony [the proffering party] seeks to proffer through [the witness] as a lay witness is actually expert testimony only admissible through Rule 702 because that testimony is not based on [the witness]'s day-to-day activities as general manager

---

[4] NBCUniversal argues that "Dr. Amin criticizes Dr. Anderson for not examining or treating the patients.  *See* Mot. at 9.  But neither did Dr. Bills or Dr. Hamilton."  Doc. 158 at 12 n.5.  The difference is that, unlike NBCUniversal's claims as to Dr. Anderson, Dr. Amin does not claim that Dr. Bills or Dr. Hamilton are fact witnesses.

of the golf course.  Rather, this particular damages testimony is
based on specialized knowledge of the various experts who
generated the costs estimates.

*Id*. at 1288-89.  As the Court quoted from *Tampa Bay*: "[S]ubsection (c) of Rule 701, which

prevents a lay witness form offering an opinion based on scientific, technical, or other

specialized knowledge within the scope of Rule 702 was an attempt to eliminate the risk that the

reliability requirements set forth in Rule 702 will be evaded through the simple expedient of

proffering an expert in lay witness clothing."  *Id*. at 1288 (quotation marks omitted).  Similarly

here, Dr. Anderson is not testifying as to observations from his day-to-day activities but rather

his specialized knowledge as a physician.

Finally, *Sears v. Rivero* involved "bureaucratic box checking" that was *not* based on the

use of "scientific, technical, or other specialized knowledge," and specifically held that

testimony remains lay testimony only when the review is "within the capacity of any reasonable

lay person."  2022 WL 2291220 (11th Cir. June 24, 2022).  The medical testimony for which

NBCUniversal cites Dr. Anderson is far afield from these cases which do not require "scientific,

technical, or other specialized knowledge."  *Id*.

Indeed, even if Dr. Anderson's testimony were based on his own observations, which it is

not, the fact that this is medical testimony implicates *Daubert* and Rule 701 to a greater extent

than the cases of cost estimates and non-expert police officers that NBCUniversal cites.  As a

court within the Eleventh Circuit has noted: "Even when offering an opinion based on personal

observations, a physician is using technical or other specialized knowledge and a process of

reasoning which can be mastered only by specialists in the field, rather than a process of

reasoning familiar in everyday life," and therefore such testimony only constitutes "lay"

testimony not subject to *Daubert* when a treating physician gives an account of observations

during treatment or explains their own decision-making process of the treatment provided. *Eberhart*, 867 F. Supp. 2d at 1253 (quotation marks omitted). Dr. Anderson is not a treating physician, and accordingly that exception does not apply. And anyway, Dr. Anderson is *not* offering opinions based on personal observations but instead on partial records provided to him by attorney advocates. Doc. 158 at 2-3.[5]

**B. Opinions NBCUniversal attributes to Dr. Anderson are not reliable because they are not grounded in any reliable methodology.**

NBCUniversal mischaracterizes Dr. Amin's argument by stating that Dr. Amin challenges the sufficiency of the executive summary and Zoom statement as "expert reports" under Rule 26(a), Doc. 158 at 7, but in fact Dr. Amin challenges NBCUniversal's citations to those documents because they demonstrate the unreliability of Dr. Anderson's opinions and because they do not constitute any "report" or "testimony" at all. *See* Doc. 123 at 7. Dr. Anderson did not review the opinions he was offered to rebut; did not sign, swear to, or even write the executive summary NBCUniversal cites; did not swear to the Zoom statement; did not state any opinions for which NBCUniversal cites him as *conclusions* with sufficient reliability but rather only as "initial" findings that were grounds for review of additional documents and additional investigation; and reviewed admittedly incomplete records, ████████████ ████████████████████████████████████████████████ ████████████. *See id*. at 5-11.

It is uncontested that Dr. Anderson never reviewed the opinions of the experts he was noticed to rebut. *See* Doc. 158 at 12-13. It is basic that to rebut an opinion, one must know what

---

[5] NBCUniversal notes that counsel for Dr. Amin anticipated potentially deposing Dr. Anderson as a fact witness, and even attaches to its motion email correspondence. Doc. 158 at 6; Doc. 159-3. But the testimony that Dr. Amin contemplated seeking, but did not seek, was about Dr. Anderson's communications with and documents received from women at ICDC and the press. *See* Doc. 159-3 at 2. Unlike NBCUniversal, Dr. Amin did *not* seek to use Dr. Anderson's purported expert medical opinions.

it is.  Dr. Anderson's testimony, which exceeds the scope of Dr. Amin's experts' testimony, *see*
Doc. 123 at 14, is accordingly not "intended solely to contradict or rebut evidence on the same
subject matter identified" by Dr. Amin's experts.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  "[A] rebuttal
report is limited to contradicting or rebutting evidence on the same subject matter identified by
the other party and is not an opportunity to advance new opinions or new evidence."  *Coward v.*
*Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1331 (N.D. Ga. 2017) (citation omitted).
NBCUniversal argues that Dr. Anderson is not required to have reviewed Dr. Amin's experts'
opinions and that the cases cited by Dr. Amin are distinguishable, but in both cases the court
noted the purported rebuttal expert's testimony that he or she did not believe that she was a
rebuttal witness and was not aware of anything he or she was rebutting.  *See YETI Coolers, Inc.*
*v. RTIC Coolers, Inc.*, Case No. A-15-CV-597-RP, 2017 WL 394511, at *2 (W.D. Tex. Jan. 27,
2017) ("Dr. Erdem's expert report is plainly not a rebuttal report.  First, Dr. Erdem's report does
not attempt to rebut any of YETI's experts.  It is undisputed that Dr. Erdem did not review any
YETI expert reports before preparing her own report and admitted during her deposition that
'I'm not rebutting anybody.'"); *Foster v. USIC Locating Servs., LLC*, Case No. 16-2174-CM,
2018 WL 4003354, at *2 (D. Kan. Aug. 17, 2018) ("And Smith himself confirms that he was not
a rebuttal expert.  Smith stated that he did not receive or review reports from other experts in this
case and testified in a deposition that [sic] did not believe he was a rebuttal witness or was aware
of any testimony he was rebutting.").



Doc. 123-5 at
261:24-262:16 ████████████████████████████████████████████
████████████████████ (under seal); *id*. at 267:21-23 ██████████████████████

██████████████████████████████████████ (under seal). █████████████████

███████████████████████████████ *See id*. at 267:6-10 ████████████████

█████████████████████████████████████████████████████

███████████████████████████████████ (under seal). ██████████████████

████████████████████████████████████████████████████

██████████████████████████ *See id*. at 266:21-22 ███████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

(under seal).

Second, it is uncontested that the unsigned "executive summary" was not written by Dr. Anderson but rather by attorney advocates on behalf of a large team and not Dr. Anderson individually. *See* Doc. 158 at 3 ████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████ And it is uncontested that the purpose of the executive summary and unsworn Zoom statement were to spur future action, ████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████ Doc. 123-5 at 286:14-23 (under seal).  While NBCUniversal characterizes this argument as being that this report is "inadequate" pursuant to Rule 26, Doc. 158 at 12, Dr. Amin actually argues that these facts demonstrate the absence of a reliable methodology, because any work by Dr. Anderson was not designed to create conclusions ████████████████████████

█████████████████████████████████ *See* Doc. 123 at 7-8; *id*. at 6 ████████████

████████████████████████████████████████████████████████

███████████████████████

Third and relatedly, it is uncontested that the opinions NBCUniversal attributes to Dr. Anderson were not stated to any degree of medical certainty or reliability.  Doc. 158 at 13.  It is uncontested that Dr. Anderson testified, ████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████ Doc. 123-5 at 286:14-23 (under seal).[6]  Accordingly, Dr. Anderson's contentions stated therein are not "the product of reliable principles and methods" and do not "reflect[] a reliable application of the principles and methods to the facts of the case."  Fed. R. Evid. 702(c)-(d).

Indeed, fourth, it is also uncontested that Dr. Anderson's team reviewed incomplete, ███████████████ records of 19 women detained at ICDC, ███████████████ ███████████████.  *See* Doc. 123-3 (executive summary describing the records reviewed as "limited by production from the facility [ICDC]" and "appears incomplete"); Doc. 158 at 13-14. Even so limited, the executive summary got very basic things wrong, ███████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

---

[6] NBCUniversal argues, without citation, that "Dr. Amin's argument entirely mischaracterizes the Executive Summary."  Doc. 158 at 12 n.6.  That is not so.  Dr. Amin's descriptions of the executive summary and Zoom statement are supported by the record, which shows that the executive summary was not the work of Dr. Anderson but rather counsel ██████████████████ that Dr. Anderson was not put under oath when he shared any information from it and never signed his name to it, that Dr. Anderson read his statement over Zoom, and that Dr. Anderson testified ██████ ████████████████ Doc. 123 at 7-9, 8 n.6.



████████████ Doc. 123-5 at 253:22-255:2 (under seal).  NBCUniversal does not contest the limited nature of Dr. Anderson's review, but instead argues that it does not matter because ████

████████████████████████████████████████████████████████████

████████ Doc. 158 at 13-14.  But this further demonstrates the lack of a reliable foundation of Dr. Anderson's opinions. █████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████ Doc. 123-5 at 220:21-222:11, 244:23-245:3, 253:22-255:5 (under seal).

**C.  Opinions NBCUniversal attributes to Dr. Anderson do not assist the trier of fact to determine a fact in issue.**

NBCUniversal does not contest Dr. Amin's argument that many of the general opinions stated in the executive summary are not at issue in Dr. Amin's defamation lawsuit against NBCUniversal, such as that medical records lack "demonstration of medical necessity" of non-hysterectomy gynecological treatment.  *See generally* Doc. 158.  Rather, NBCUniversal argues that Dr. Anderson has stated opinions about hysterectomies, non-hysterectomy gynecological procedures, and informed consent that are helpful to the factfinder.  *Id*. at 9-11.

As an initial matter, NBCUniversal completely mischaracterizes Dr. Anderson's testimony about ███ .  ██████████████████████████████████████ *id*. at 10, █████████████████ .  ████████████████████████████ ████████████████ Doc. 123-5 at 237:23-238:1 (emphasis supplied) (under seal).

██████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ Doc. 158 at 10-11. ████████████████████

████████████████████████████████ at Doc. 123-5 at 237:23-

238:5 (under seal), ████████████████████████████

████████████████████

As to non-hysterectomy gynecological procedures, in a footnote, NBCUniversal mischaracterizes this portion of Dr. Amin's argument as being that "Dr. Anderson's testimony would not be helpful because he only reviewed patients on an 'individual' basis not as a 'general population.'" Doc. 158 at 11 n.4. That is not what Dr. Amin argues. In the portion of his brief that NBCUniversal cites, Dr. Amin actually argues that Dr. Anderson has not offered any opinion on "whether Dr. Amin performed unnecessary procedures." Doc. 123 at 11. Rather, Dr. Anderson offered opinions only as to his review of incomplete records of the few patients for whom he had any records at all, which do not logically advance material aspects of the case, such as: (1) patients being referred to Dr. Amin despite having non-gynecological complaints (which NBCUniversal does not argue is relevant), (2) whether informed consent forms were present in the files reviewed ████████████████████████████████

██████████████, (3) general conclusions such as "aggressive procedures" and medical records lacking "demonstration of medical necessity" (without identifying any specific procedures that were unnecessary), (4) whether ICDC provided incomplete records (which NBCUniversal does not argue is relevant), and (5) whether ICDC failed to provide treatment for patients' non-gynecological health conditions (which NBCUniversal also does not argue is relevant). *Id.* at 11-

13.[7]

As Dr. Amin noted, Dr. Anderson does *not* state that procedures were unnecessary.  *Id*. at

11.  NBCUniversal argues that the executive summary does "provide[] specific examples of Dr.

Amin's patients who received unnecessary, medically unindicated surgeries," Doc. 158 at 3, but

the indicated pages do not do so: they instead state either other complaints or state that the

*admittedly incomplete records* do not include indications for surgery or "indicate what

conservative measures, if any, were attempted before surgery."  Doc. 123-3 at 130-32.  And

again, initial observations memorialized in an executive summary written by attorney advocates

███████████████████████████████████████████████████

████████████████████████████████████ based on incomplete records, is not helpful

for the factfinder.

As to informed consent, NBCUniversal again mischaracterizes Dr. Amin's argument.

Doc. 158 at 11.  Dr. Amin does not argue that "the issue of 'informed consent' depends only on

the existence of consent forms," *id*., but rather that the executive summary and Zoom statement

"refer only to whether informed consent forms were present (and incorrectly state they were

not)."  Doc. 123 at 12.  Dr. Amin's point remains that "*[w]hether hysterectomies were performed*

*without a consent form in a patient's file* is capable of being determined by a factfinder without

the application of scientific, technical, or specialized expertise."  *Id*. (emphasis supplied).[8]

## IV.    Dr. Anderson is Offered as a Rebuttal Expert and Any Opinions Not Responding to Dr. Amin's Experts' Opinions Should Be Excluded

---

[7] NBCUniversal characterizes the executive summary and Zoom statement as being responsive to a "whistleblower complaint," Doc. 158 at 2-3, but it was responsive only to a letter sent to the media which was *not* Dawn Wooten's whistleblower complaint.  *See* Doc. 122 at 3-4 (under seal).

[8] ███████████████████████████████████████████████████████████████████
████████████████████████████████████████████ Doc. 123-5 at 253:22-255:2 (under seal).

16

Dr. Anderson was offered only as a rebuttal witness, Doc. 123-3 at 2-3, and NBCUniversal does not argue otherwise.  *See* Doc. 158 at 7-9.  Therefore, his testimony must be limited to rebuttal of Dr. Amin's experts, whose opinions are only on the medical necessity of the two hysterectomies Dr. Amin performed and whether Dr. Amin performed unnecessary medical procedures based on a review of medical records of individual patients.  Doc. 123 at 14.

Dr. Anderson, as a rebuttal witness, is *not* "entitled to opine on why a consent form is not dispositive for establishing informed consent," because Dr. Amin's experts have not opined that a consent form *is* "dispositive for establishing informed consent."  Doc. 158 at 11. NBCUniversal argues that Dr. Anderson's opinion on informed consent would rebut Dr. Hamilton, but Dr. Hamilton's report stated only that informed consent forms were signed, which no one contests.  Doc. 123-2 at 7, 10.

NBCUniversal argues that Dr. Amin's "cases are inapposite and address when untimely disclosed experts are repurposed as rebuttal witnesses."  Doc. 158 at 9 n.3.  But by offering testimony that does not rebut the testimony of Dr. Amin's experts, NBCUniversal *is* trying to repurpose Dr. Anderson's non-rebuttal testimony as testimony of a rebuttal witness.  As NBCUniversal itself notes in the same footnote: "Such testimony [of an expert offered only as a rebuttal expert] cannot be used to advance new arguments or new evidence."  *Id*. at 9 n.3 (quotation marks omitted).  That is exactly what NBCUniversal is trying to do.

## CONCLUSION

As Dr. Amin argues in his motion, Dr. Anderson's opinions are not the product of a methodology sufficiently reliable as determined by the sort of inquiry mandated in *Daubert* to assist a factfinder, and they would not assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

NBCUniversal's arguments otherwise are unavailing.  Dr. Amin respectfully requests the Court

exclude him from testifying.  In any event, because NBCUniversal identified Dr. Anderson only

as a rebuttal expert to Dr. Amin's identified expert witnesses, his testimony should be excluded

because he did not review or respond to Dr. Amin's experts' reports.  And, Dr. Anderson's

opinions for which Dr. Amin's experts are not offering opinions should be excluded, namely

including "the possible complicity of ICDC in a pattern of abuse by a contracting gynecologist"

and that "none of the women appear to have received informed consent."


Respectfully submitted this <u>21st</u> day of February 2024.

**_/s/ Stacey G. Evans_**
Stacey G. Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com
Tiffany N. Watkins
Georgia Bar No. 228805
twatkins@staceyevanslaw.com
J. Amble Johnson
Georgia Bar No. 229112
ajohnson@staceyevanslaw.com

STACEY EVANS LAW
4200 Northside Parkway NW
Bldg One; Suite 200
Atlanta, GA 30327
(770) 779-9602 (phone)
(404) 393-2828 (fax)

_Counsel for Plaintiff_

Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com

CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY ON MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. TED ANDERSON** will be served upon all attorneys in this matter by filing with the Court's CM/ECF system.

This <u>21st</u> day of February 2024.

***<u>/s/ Stacey G. Evans</u>***
Stacey G. Evans
