UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br>  Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br>  Defendant. | Case No. 5:21-cv-00056-LGW-BWC <br><br> **MOTION TO FILE UNDER SEAL AND MEMORANDUM IN SUPPORT** |

Defendant NBCUniversal Media, LLC ("NBCU") respectfully submits this motion to seal portions of its Reply in Further Support of its Motion for Summary Judgment and exhibits attached thereto and Reply in Further Support of its Motion to Exclude the Opinion of Dr. Elbridge Bills (collectively the "Reply Briefs").

**FACTUAL BACKGROUND**

This defamation action stems from the publication of certain MSNBC news reports, all of which reported on a publicly available whistleblower complaint made to federal government agencies. The whistleblower complaint alleged that a doctor—first identified by third-party news organizations as Dr. Amin—was performing unnecessary and/or unconsented-to gynecological procedures on women detained at the Irwin County Detention Center ("ICDC").

In discovery, the parties received documents from third-parties, including sensitive medical records and government documents, which qualify as "Confidential" under the Protective Order in this case. *See* Dkt. 42. In addition, Dr. Amin has produced certain documents, including medical records, pursuant to the Protective Order.

Because some of these documents are relevant and essential to NBCU's filings, they have

been included in support of its Reply Briefs. NBCU has publicly filed its Reply Briefs, redacting only what is necessary to maintain confidentiality. The accompanying exhibits have similarly been filed publicly to the extent possible. Some exhibits, however, contain personal information deemed Confidential by Dr. Amin or third-parties to this action, and NBCU accordingly moves to file them under seal. These documents include:

- The unredacted version of NBCU's Reply in Further Support of its Motion for Summary Judgment;

- The unredacted version of Exhibit 7 to the McNamara Declaration in Reply to NBCU's Motion for Summary Judgment; and

- The unredacted version of NBCU's Reply in Further Support of its Motion to Exclude the Opinion of Dr. Elbridge Bills.

(Collectively, the "Confidential Materials").

For the following reasons, good cause requires that the Confidential Materials be filed under seal.

## ARGUMENT

While the right of public access is an essential component of our judicial system, *see Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007), this right is not absolute and "may be overcome by a showing of good cause," *Beck v. Shinseki*, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014); *Hodges v. Chatham Cnty.*, 2023 WL 2541123, at *1 (S.D. Ga. Mar. 16, 2023). "A good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* Factors that a court should consider in making this inquiry include:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the

information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Here, there are significant reasons for keeping the Confidential Materials sealed. First, Exhibit 7 to the McNamara Reply Declaration contains excerpts of a deposition transcript from a plaintiff in *Oldaker v. Giles*, a putative class action lawsuit against Dr. Amin. The *Oldaker* plaintiffs have a significant privacy interest in keeping this material sealed. During their depositions, the *Oldaker* plaintiffs discussed their personal medical histories, including their treatment from Dr. Amin and other gynecologists, their immigration histories and statuses, and the identities of other women detained at ICDC who were treated by Dr. Amin. The *Oldaker* plaintiffs (and other patients of Dr. Amin's whose testimony was produced) have an obvious privacy interest in keeping this information shielded from public view. For many of the women, these records and their testimony recount moments they consider traumatizing and invasive.

In addition, the deposition transcripts, if unsealed, could harm the *Oldaker* plaintiffs' interests in their putative class action lawsuit against Dr. Amin. The parties agreed to accommodations for the depositions in this case precisely because discovery was still stayed in *Oldaker* pending the ongoing criminal investigation concerning Dr. Amin and others, and the plaintiffs wanted to avoid any prejudice that could occur from allowing Dr. Amin to depose them before they are permitted reciprocal discovery. Publicly filing their deposition transcripts would give all parties to that action insight into the depositions, to which they would not otherwise have access. Indeed, sealing these deposition transcripts accords with the parties' private agreements— counsel for Dr. Amin, counsel for NBCU, and counsel for the *Oldaker* plaintiffs all agreed to sealing the deposition testimony.

Further, several other third parties produced documents in this action pursuant to the Protective Order, many of which contain medical or other personal information for ICDC detainees or internal discussions of ongoing investigations. For example, ICE produced documents that include potentially sensitive information about detainees. For the same reasons enumerated above, these documents and references to them in the Reply Briefs should remain sealed.

## CONCLUSION

For the foregoing reasons, NBCU respectfully requests that the Court order that the Confidential Materials be placed under seal.

Dated: February 21, 2024

                                         */s/ Elizabeth A. McNamara*
                                         Elizabeth A. McNamara
                                         (admitted *pro hac vice*)
                                         DAVIS WRIGHT TREMAINE LLP
                                         1251 Avenue of the Americas, 21st Floor
                                         New York, NY 10020-1104
                                         Tel: (212) 489-8230
                                         lizmcnamara@dwt.com

                                         Cynthia L. Counts
                                         Georgia Bar No. 190290
                                         FISHERBROYLES, LLP
                                         945 East Paces Ferry Rd. NE, Suite 2000
                                         Atlanta, GA 30326
                                         (404) 550-6233
                                         cynthia.counts@fisherbroyles.com

                                         *Attorneys for Defendant NBCUniversal Media, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of February, 2024, a true and correct copy of the foregoing was served upon all counsel of record via the Court's electronic filing system.

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara (*pro hac vice*)