UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-CV-00056-LGW-BWC |
| NBCUNIVERSAL MEDIA, LLC, | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO PERMIT ADDITIONAL DISCOVERY
BEFORE RULING ON SUMMARY JUDGMENT PURSUANT TO RULE 56(d)**

NBCUniversal refused to produce discovery that Dr. Amin requested in early 2022 until late 2023, *after* it had filed its motion for summary judgment. Although NBCUniversal had argued, until the Court ordered otherwise, that it was not required to produce some documents it produced so late, other documents it failed to produce until the eleventh hour were undoubtedly not covered by its argument and should have been produced months earlier even under NBCUniversal's incorrect contention. The documents demonstrate that Dr. Amin has not been permitted the opportunity to complete discovery on the issue of actual malice, which NBCUniversal argues in its motion for summary judgment. Specifically, the late-produced documents demonstrate ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████ ███████████████████████████████████████ all of which is information Dr. Amin was entitled to as he conducted discovery. Also, testimony of Azadeh Shahshahani is relevant to the issue of actual malice which NBCUniversal has raised in

its motion for summary judgment, and answers via declaration of Cynthia Counts are relevant to the issue of truth which NBCUniversal has raised in its motion for summary judgment.

The law of the Eleventh Circuit accordingly provides that Dr. Amin may utilize the discovery process before the Court determines summary judgment. Specifically, Dr. Amin requests that he be allowed to obtain the following discovery before the Court determines NBCUniversal's summary judgment, because such discovery is relevant to the issue of actual malice which NBCUniversal raised on summary judgment:

(1) Phone records which would show whether any phone calls occurred in which approval could have been provided by Standards over the phone as NBCUniversal argues but as documents undermine;

(2) Additional deposition time to probe the accounts and credibility of Mr. Scholl, Mr. Schone, and Ms. Ainsley, particularly in light of the new documents ███████████████████████████████████████████████████;

(3) A deposition of Mary Lockhart, ███████████████████████████████████████████████████;

(4) A deposition of Azadeh Shahshahani, who spoke with NBCUniversal reporters as a source and accordingly has information about what information NBCUniversal decisionmakers had when they chose to publish the Statements Dr. Amin alleges defamed him; and

(5) Answers via declaration from Cynthia Counts, who had a lunch conversation with a deposition witness and the witness's counsel about the witness's testimony, which admittedly changed after the conversation.

In its response in opposition, NBCUniversal does not contest many of Dr. Amin's arguments. NBCUniversal admits it did not produce the documents until December 22, 2023.

2

Doc. 172 at 4. It does not contest that some of the documents it failed to produce until ordered by the Court should not have been withheld even under NBCUniversal's argument that it only had to produce documents related to the broadcasts during which the Statements aired. *See generally id*. It does not contest that all 214 of the documents it produced it designated "CONFIDENTIAL," notwithstanding the absence of medical documents or similar private information. *See generally id*.

In arguing that Dr. Amin is nevertheless not due additional discovery, NBCUniversal instead argues that Dr. Amin, by contending that he has set forth sufficient evidence to defeat NBCUniversal's motion for summary judgment, has made an "admission" which "is fatal to" his argument that summary judgment is premature because NBCUniversal has deprived him of discovery to which he is due. Doc. 172 at 1. Under NBCUniversal's argument, a party defending a motion for summary judgment who has been withheld discovery by the moving party must choose between either (a) opposing summary judgment, but having no recourse as to the discovery; or (b) seeking the discovery to which he is entitled but not opposing the motion for summary judgment. That argument is absurd, and it is not the law in the Eleventh Circuit.

NBCUniversal also argues that courts impose a "high burden" or "heavy burden" before granting a Rule 56(d) motion generally. *Id*. at 2, 5.[1] Again, that is not the case. In fact, it is just the opposite in the Eleventh Circuit, which "long ago recognized that Rule 56(d) is infused with

---

[1] NBCUniversal also cites, in its Legal Standard section, case law that in determining a Rule 56(d) motion, courts "balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." Doc. 172 at 5 (quotation marks omitted). NBCUniversal does not, however, argue that Dr. Amin's requested discovery would impose burden on it. *See id*. Indeed, Dr. Amin's requests are tailored to minimize burden on NBCUniversal. The Court has already ordered that NBCUniversal "take necessary steps to preserve the requested [phone] records for the duration of this litigation," and as counsel for Dr. Amin has already explained, to the extent concerns of privacy are implicated NBCUniversal can redact most of the information. Doc. 97 at 49:22-25; *id*. at 11:24-12:15. As for potential burden of the requested additional deposition time, the scope of that additional deposition time would be limited to the requested topics and follow-ups arising therefrom, and, as he has done throughout this litigation, Dr. Amin would work with NBCUniversal to schedule mutually convenient times and logistics for the depositions.

3

a spirit of liberality." *Estate of Todashev by Shibly v. United States*, 815 F. App'x 446, 453 (11th Cir. 2020) (quotation marks and citations omitted). "The law in this circuit is clear: the party opposing summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion. This is especially true where the propounded discovery requests information that is critical to the issues in dispute." *Jordan v. Ga.*, 2022 WL 4389006, at *3 (11th Cir. 2022) (quotation marks omitted). "If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (citation omitted). "Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests." *Id*. (citation omitted).

      NBCUniversal makes three specific arguments in opposition to Dr. Amin's motion. It first argues that Dr. Amin "had ample opportunity to complete discovery." Doc. 172 at 6-7. NBCUniversal appears to contend that the volume of other discovery in this case—including, for example, medical records Dr. Amin has produced and plethoric documents from third parties—excuses NBCUniversal from depriving Dr. Amin of discovery to which it alone has control. It does not. Second, NBCUniversal argues that Dr. Amin has not demonstrated he is entitled to the discovery as a result of the late-produced documents. *Id*. at 7-12. But as discussed in his motion, the late-produced documents demonstrate that additional discovery is due as to issues NBCUniversal has presented in its motion for summary judgment—particularly actual malice. Third and finally, NBCUniversal Dr. Amin has not met his burden as to acquiring testimony from Ms. Shahshahani and Ms. Counts. *Id*. at 12-13. But again, NBCUniversal has raised

issues—actual malice and truth—for which these witnesses' testimony is relevant and accordingly summary judgment is inappropriate before Dr. Amin is able to obtain responses to his requests.  *See Snook*, 859 F.2d at 870.

## ARGUMENT

Pursuant to Rule 56(d)'s "spirit of liberality," Dr. Amin requests additional discovery which is under the exclusive control of NBCUniversal, in order to address issues NBCUniversal raises in its motion for summary judgment.  NBCUniversal argues that, because Dr. Amin has had lots of other discovery, he is not due the discovery for which he moves in his motion.  Doc. 172 at 7-8.  But because NBCUniversal withheld clearly discoverable documents until the eleventh hour, Dr. Amin is entitled to discovery that those documents demonstrate he needs.  NBCUniversal also argues that Dr. Amin has not demonstrated the reasons additional discovery is appropriate.  *Id*. at 7-12, 12-13.  But Dr. Amin has done so: the additional discovery is relevant to the issue of actual malice NBCUniversal raised in its motion for summary judgment because it concerns NBCUniversal decisionmakers' state of minds as to knowledge or reckless disregard of the falsity of the statements in the broadcasts.  The same is true as to the testimony of Ms. Shahshahani and declaration of Ms. Counts.

**I.       NBCUniversal Has Deprived Dr. Amin of the Opportunity to Complete Discovery.**

NBCUniversal's failure to provide Dr. Amin discovery to which he is entitled has created the need for additional discovery.  Because of its withholding of clearly discoverable documents NBCUniversal has ensured that Dr. Amin has not had the opportunity to complete discovery, including as to issues NBCUniversal raised on summary judgment.

NBCUniversal contends that it had "consistently limited its email production to emails relating to the challenged News Reports" and Dr. Amin "took no issue with NBCU's limitation

5

until July 2023." Doc. 172 at 3-4. That is not the case. In his very first two requests for production of documents, early in 2022, Dr. Amin requested from NBCUniversal all internal and external communications which related to NBCUniversal's publications of statements Dr. Amin alleges defamed him. *See* Doc. 98 at 4-5. NBCUniversal did not object to those requests as overbroad. Doc. 98-1 ¶ 16. When, pursuant to a *different* discovery dispute, NBCUniversal first stated that it was withholding certain responsive documents pursuant to an overbreadth objection which it never made, Dr. Amin promptly navigated good faith conferral and the Court's discovery dispute process, before successfully moving to compel the production of those documents. *See* Doc. 98 at 3-4. The Court agreed that NBCUniversal's limitation—which again, corresponded to no objection NBCUniversal made to Dr. Amin's first request for production of documents—was inappropriate and ordered NBCUniversal to produce additional documents. *See* Doc. 111 at 1-2, 19. As NBCUniversal admits, Dr. Amin did not receive those documents until December 22, 2023 and January 5, 2024. Doc. 172 at 4. That is after NBCUniversal moved for summary judgment. Doc. 127. It is simply not the case, as NBCUniversal insinuates, that Dr. Amin's quest for discovery to which he has always been entitled constitutes an eleventh-hour maneuver.

      NBCUniversal, citing the numerous depositions and third-party document productions, argues that because Dr. Amin has "already obtained extensive discovery, his Motion should be denied on this basis alone." Doc. 172 at 7. Again, the extremity of NBCUniversal's argument is absurd. The volume of total discovery produced in this action—only a small fraction of it produced by NBCUniversal, *see* Doc. 104 at 5 (NBCUniversal arguing, in response to Dr. Amin's motion to compel, that it has produced 3,800 pages of documents)—does nothing to illuminate whether Dr. Amin is entitled under the liberal spirit of Rule 56(d) to additional

discovery as to an issue NBCUniversal has raised on summary judgment.

The cases NBCUniversal cites for its proposition, of course, do not say otherwise: in each instance the court determined, on the facts of the case, that the non-moving party had "adequate discovery" pursuant to Eleventh Circuit case law interpreting Rule 56(d).  For example, in *Fla. Power & Light Co. v. Allis Chalmers Corp.*, the Eleventh Circuit held that the party who sought additional discovery had known the sources of information relevant to the issues and had simply failed to obtain the discovery; it was not a case where, as here, the non-moving party for summary judgment has diligently sought discoverable information but been thwarted by the moving party.  893 F.2d 1313, 1316 (11th Cir. 1990).  The Eleventh Circuit reiterated: "Before entering summary judgment the district court must ensure that the parties have an adequate opportunity for discovery."  *Id*.  In *Huffman v. Davey Tree Expert Co.* the motion was not denied merely because of the extensive discovery alone but rather because the non-moving party for summary judgment's arguments had already had the chance to conduct sufficient discovery on all issues set forth on summary judgment through discovery in a different case.  2024 WL 200930, at *1-2 (S.D. Ga. Jan. 18, 2024).  *See also Assad v. Air Logistics & Eng'g Sol., LLC*, 2022 WL 682377, at *1 (M.D. Ga. Mar. 7, 2022) (ruling against non-moving summary judgment party where that non-moving party had repeatedly "waited until the last day of the discovery period to move for another 45-day extension to complete discovery, in large part, due to challenges presented by the COVID-19 pandemic").

NBCUniversal's citation of *Artistic Ent., Inc. v. City of Warner Robins*, 331 F.3d 1196 (11th Cir. 2003), is emblematic of its citation of cases for only a fragment of the rules stated therein.  NBCUniversal cites case for the quotation that a motion is "properly denied where a significant amount of discovery has already been obtained."  Doc. 172 at 6-7.  In doing so, it

7

omits *the remainder of the same sentence*: "and further discovery would not be helpful." *Artistic Ent.*, 331 F.3d at 1202 (citation omitted).

NBCUniversal deprived Dr. Amin of the ability to conduct complete discovery as to issues it raised on summary judgment, when it withheld documents until being ordered to produce them by the Court, after it had moved for summary judgment. The fact that Dr. Amin and third parties produced extensive discovery that does not bear on actual malice (medical records) does not change that fact, nor does it eliminate Dr. Amin's entitlement to the discovery he requests.

## II.     The Requested Discovery is Relevant to the Issues Presented By the Motion for Summary Judgment and Critical to Issues in Dispute.

The discovery Dr. Amin seeks is relevant to issues presented by NBCUniversal's motion for summary judgment and critical to issues in dispute, and accordingly Dr. Amin is entitled to it prior to determination. *Jordan*, 2022 WL 4389006, at *3; *Snook*, 859 F.2d at 870.

NBCUniversal argues that Dr. Amin's motion should be denied because he fails to "explain what 'essential facts'" the discovery would provide to him. *See* Doc. 172 at 8, 10-11, 12. That is not so. As the Eleventh Circuit has held in reversing a trial court's denial of a Rule 56(d) motion: "Rule 56(d), by its terms, requires only that a non-moving party show by affidavit or declaration that, for specified *reasons*, it cannot present facts essential to justify its opposition." *Estate of Todashev*, 815 F. App'x at 453 (quotation marks and some punctuation marks omitted; emphasis in original). "Indeed, Plaintiff has offered what may well be the most recognized reason *why* a party should be given the shelter of Rule 56(d) from a pre-discovery motion for summary judgment: The key evidence lies in the control of the moving party." *Id.* (quotation marks omitted; emphasis in original). Similarly here, NBCUniversal had control of the documents it failed to produce until December 2023 and January 2024, and it has control of

8

the phone records and witnesses whose deposition testimony is sought.

As to the requested discovery itself, NBCUniversal argues first that it should not be required to produce the phone records.  Doc. 172 at 8-10.  Although, as NBCUniversal argues, Doc. 172 at 8, the Court granted at a hearing NBCUniversal's request to order NBCUniversal was not obligated to produce phone records at that time, the Court also ordered that NBCUniversal preserve the requested records.  Doc. 97 at 49:22-50:12.  The Court also noted that circumstances could change: "I also understand [] Plaintiff's interest in obtaining this" discovery.  *Id*. at 51:16-19.

As Dr. Amin argued previously, the phone records are pertinent to NBCUniversal's argument that it did not publish the statements with actual malice because, in part, its decisionmakers thought that the information in the statements were from an article that had been preapproved by Standards.  *See* Doc. 153-1 ¶ 86; Doc. 165 at 5.  Although NBCUniversal witnesses had proposed that such approval happened via telephone, Dr. Amin has pointed out that email correspondence does not demonstrate such approval and indeed appears to indicate that the story was not preapproved, via phone or otherwise, with the person purported to have preapproved the story admonishing—after the supposed preapproval: "It is imperative that Standards see a final version of a story like this before it is posted.  It should not be considered 'approved' on the basis of answers to questions." *Id*.  NBCUniversal argues that the emails Dr. Amin cites as casting more doubt on witnesses' claim for Standards approval actually "directly controvert this characterization," Doc. 172 at 9, but that is not true.

 Doc. 173-1 at 2 (under seal).

███████████████████████████████████████ Doc. 173-2 at 2 (under seal). ███

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ Doc. 173-3 at 2 (under

seal). █████████████████████████████████████████████████████████████

█████████████████████████████ Doc. 172 at 9, ██████████████████████████

██████

NBCUniversal also argues that, to the extent that the emails do suggest that the call was not made, it remains "pure conjecture" whether "other calls involving Scholl, Schone, and Ainsley did not occur, including one in which Scholl approved the contents of the NBC News Article." *Id*. at 9-10.  But the credibility of these witnesses is very much in dispute[2] and is the reason for the necessity both for the phone records and additional deposition testimony: they have offered testimony and declarations upon which NBCUniversal relies as to actual malice, and accordingly Dr. Amin is entitled to that discovery.  *See* Doc. 127 at 7-9; *id*. at 9 ("Ainsley, [Schone], Scholl, and Soboroff all testified that they believed the published story was accurate, was approved by Standards, and was reportable across NBCU platforms.").  Dr. Amin was entitled to this discovery when he argued the need for the phone records before the Court and when he deposed witnesses such as Mr. Scholl, Mr. Schone, and Ms. Ainsley.  Because NBCUniversal denied him that discovery he is entitled to the requested relief now pursuant to Rule 56(d).

NBCUniversal argues second that the additional deposition time of Mr. Scholl, Mr. Schone, and Ms. Ainsley is unnecessary, both for the reasons above and because his reasons for

---

[2] NBCUniversal argues Ms. Ainsley's credibility as to phone conversations has not been called into question and that Dr. Amin's argument otherwise misstates the record.  Doc. 172 at 10 n.3.  But the testimony of Mr. Osorio is that he told Ms. Ainsley things that controverted what she reported, with his testimony supported by a transcript of an interview Mr. Osorio conducted with another NBCUniversal employee.  Doc. 153-1 ¶ 62.

10

wanting additional testimony from Ms. Ainsley—for having conducted and then abandoned additional investigation into Dr. Amin—would not show actual malice.  Doc. 172 at 11.  As an initial matter,  *See* Doc. 153 at 25 (under seal); Doc. 153-1 ¶ 73 (under seal). *see, e.g.*, Doc. 127 at 29-30, .  Further, to the extent that the subsequent reporting was abandoned due to continuing concerns about the veracity of the claims, that fact is relevant to the extent that the concerns were also held and voiced by NBCUniversal decisionmakers at the time of the broadcasts.  *See* Doc. 153 at 21-25.

Third, as to Mary Lockhart, NBCUniversal also argues that she should not be deposed, both for the same reason as Ms. Ainsley and because Ms. Lockhart "had no involvement with the challenged News Reports."  Doc. 172 at 11.  Just because Ms. Lockhart was not a decisionmaker pursuant to the actual malice inquiry, however, does not mean that she "had no involvement" and has no discoverable information.  To the contrary, as Dr. Amin identified in his motion, Ms. Lockhart was included both on emails expressing concern about the original reporting and on emails regarding potential future journalism that was abandoned.  Doc. 165 at 7.  Again, to the extent that the subsequent reporting was abandoned due to continuing concerns about the veracity of the claims that were first voiced before publication of the statements, the information

11

is pertinent to the actual malice inquiry as to the publication of the statements.

NBCUniversal argues further that Ms. Lockhart cannot testify about the contents of the emails as they are shielded by attorney-client privilege. Doc. 172 at 12. But of course such privilege does not attach to conversations or other information that was not communicated for purposes of legal advice. Finally, NBCUniversal argues that "had Dr. Amin wanted to explore Lockhart's involvement with the challenged News Reports (even though she clearly had none), he could have deposed her during the discovery period." *Id*. But Ms. Lockhart clearly has more than "none" involvement—she was attached on emails in which prepublication concerns with the veracity of the statements were communicated. Doc. 165 at 7. Also, Dr. Amin could *not* have deposed Ms. Lockhart because NBCUniversal withheld documents showing that she was involved both with the published statements and subsequent reporting. *Id*. Had Dr. Amin known that, he would have deposed her. The Eleventh Circuit does not authorize NBCUniversal to withhold discoverable information and then, when finally ordered to turn it over, prevent Dr. Amin from seeking information that he would have sought if NBCUniversal had provided the discovery when it initially should have. *See Subscriber Holdings, LLC v. Brightstar Corp.*, for example, 2022 WL 18034431, at *6-7 (11th Cir. Dec. 30, 2022) ("At the crux of the issues on summary judgment was the scope of the alleged trade secret, and Brightstar improperly limited the scope of its discovery obligations by narrowly defining the trade secret.").

NBCUniversal put forth the issue of actual malice in its motion for summary judgment. Doc. 127 at 25-36. It declined to produce documents until the eleventh hour when ordered by the Court, and some of those documents demonstrate additional discoverable information within NBCUniversal's control as to actual malice. Accordingly, Dr. Amin is entitled to additional discovery as to those matters about which he could not have known prior to NBCUniversal

producing the information which was solely in its control.

>    III.   **The Testimony of Azadeh Shahshahani and Declaration of Cynthia Counts Are Relevant to the Issues Presented By the Motion for Summary Judgment and Critical to Issues in Dispute.**

Similarly, Ms. Shahshahani and Ms. Counts are fact witnesses who have information relevant to issues NBCUniversal presented in its motion for summary judgment. Ms. Shahshahani is one of the "representatives from Project South" NBCUniversal noticed as a witness in its initial disclosures, and Ms. Shahshahani communicated with and served as a source for journalists regarding statements NBCUniversal published. Doc. 165 at 7-9. Accordingly, she has information pertinent to the actual malice issue NBCUniversal has raised in its motion for summary judgment, including but not limited to testimony regarding what she told the journalists and therefore whether they published statements with knowledge or reckless disregard as to falsity. *Id*. And Ms. Counts conducted a lunchtime conversation with a deposition witness and their counsel, the conversation was admittedly about the witness's testimony regarding the falsity of the statements at issue in Dr. Amin's case, and the testimony changed after the conversation. *Id*. at 9-10. Accordingly, she has information pertinent to the truth issue NBCUniversal has raised in its motion for summary judgment, including testimony regarding issues of credibility as to a detainee. *Id*.

NBCUniversal's argument otherwise is brief. It argues first that, "[h]ad Dr. Amin believed he could not file an opposition to NBCU's motion for summary judgment without testimony from these witnesses, he could have raised this issue before his opposition deadline." Doc. 172 at 12. This argument is confusing. Of course, Dr. Amin *did* argue, in timely opposition to Ms. Shahshahani and Ms. Counts's motions to quash subpoenas, that he was entitled to their testimony. *See* Doc. 8, Response to Motion to Quash, *Amin v. NBCUniversal*

13

*Media, LLC, Movant Azadeh Shahshahani*, Case No. 5:23-MC-00002-BWC (Nov. 14, 2023); Doc. 120.  NBCUniversal points to no authority, and Dr. Amin can identify none, providing him other means of arguing his entitlement to the discovery.[3]

NBCUniversal next argues that Dr. Amin does not identify facts to which Ms. Shahshahani could testify.  Doc. 172 at 12-13.  But as Dr. Amin argued in his motion: "Discovery from other activist sources for NBCUniversal's journalists have provided Dr. Amin with evidence relevant to the issue of actual malice, including but not limited to testimony regarding what they told the journalists which tends to contract the journalists' representations as to what they knew at the time of the broadcasts, and indeed Dr. Amin cites multiple pieces of evidence obtained from those sources in his response to NBCUniversal's motion for summary judgment."  Doc. 165 at 8-9.  As Dr. Amin argued in his response to NBCUniversal's motion for summary judgment, the deposition testimony of the other attorney sources undermined, rather than corroborated as NBCUniversal had claimed, the statements they published.  *See* Doc. 153 at 26-27.  Accordingly, Dr. Amin *has* identified the discovery he seeks from Ms. Shahshahani that would be relevant to the issue of actual malice NBCUniversal raised in its motion for summary judgment.

Finally, as to Ms. Counts, NBCUniversal does not contend that Dr. Amin failed to identify facts to which she could testify to which he is entitled to discovery pursuant to Rule 56(d).  Instead, it argues that Ms. Oldaker was not a source for NBCUniversal's reporting and Ms. Oldaker's testimony was not cited in NBCUniversal's motion for summary judgment.  Doc. 172 at 13.  But NBCUniversal did cite allegations in Ms. Oldaker's complaint in its motion for

---

[3] Indeed, in both instances, as a professional courtesy Dr. Amin did not simply schedule a deposition and require the witnesses to attend but rather agreed to stay Ms. Shahshahani's deposition pending the Court's resolution and sought alternative discovery from Ms. Counts.  Doc. 165 at 7 n.1; Doc. 112-11 at 2; Doc. 112-12 at 2.

14

summary judgment.  Doc. 127 at 14.  Further, both parties extensively cited deposition testimony of other ICDC patients in briefing on NBCUniversal's motion for summary judgment.  *Id*. at 18-23; Doc. 153 at 7.  The ways that the testimony of Ms. Oldaker changed as a result of Ms. Counts's conversations with her and her counsel accordingly remain pertinent to NBCUniversal's argument as to the statements being true as a matter of law and Dr. Amin's argument that an issue of material fact exists as to falsity of the statements.

## CONCLUSION

Nothing in NBCUniversal's request alters the fact that, by dragging its feet before producing discoverable documents, it deprived Dr. Amin of discovery as to issues NBCUniversal raised in its motion for summary judgment.  Dr. Amin accordingly again requests that, before ruling on NBCUniversal's motion for summary judgment (Doc. 127), the Court allow him to:

(1) Obtain the phone records of Chris Scholl, Mark Schone, and Julia Ainsley for the period around September 15, 2020;

(2) Have additional deposition time with Mr. Scholl, Mr. Schone, and Ms. Ainsley;

(3) Conduct deposition of Mary Lockhart;

(4) Conduct a deposition of Azadeh Shahshahani, whose motion to quash subpoena remains pending; and

(5) Obtain interrogatories from Cynthia Counts in lieu of deposition (Ms. Counts has a motion for protective order pending before the Court).

[Signature on following page.]

Respectfully submitted this <u>1st</u> day of March 2024.

*/s/ Stacey G. Evans*
Stacey G. Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com
Tiffany N. Watkins
Georgia Bar No. 228805
twatkins@staceyevanslaw.com
J. Amble Johnson
Georgia Bar No. 229112
ajohnson@staceyevanslaw.com

STACEY EVANS LAW
729 Piedmont Ave NE
Atlanta, GA 30308
(404) 850-6750
(404) 393-2828 (fax)

Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com

CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served upon all attorneys in this matter by filing with the Court's CM/ECF system.

This <u>1st</u> day of March 2024.

*/s/ Stacey G. Evans*
Stacey G. Evans

*Counsel for Plaintiff*