# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 5:21-CV-00056-LGW-BWC |

## PLAINTIFF'S MOTION TO SEAL

Pursuant to S.D. Ga. L.R. 79.7, Plaintiff Dr. Mahendra Amin, M.D. ("Plaintiff" or "Dr. Amin") herein files this Motion to Seal his Plaintiff's Reply in Support of Motion to Permit Additional Discovery Before Ruling on Summary Judgment pursuant to Rule 56(d). Dr. Amin respectfully shows as follows:

**I.  INTRODUCTION**

Dr. Amin has moved for additional discovery before the Court rules on NBCUniversal's motion for summary judgment. Doc. 165. In its response to that motion, NBCUniversal attached information it had designated in discovery "CONFIDENTIAL" pursuant to newsgathering confidentiality. *See generally* Doc. 172; Doc. 173-1; Doc. 173-2; Doc. 173-3. Contemporaneously with this motion, Dr. Amin has filed a Reply to NBCUniversal's response, and that Reply involves discussions regarding the same material NBCUniversal had designated "CONFIDENTIAL." Although Dr. Amin takes no position on NBCUniversal's designation of such information "CONFIDENTIAL," he has not publicly filed such information. Rather, in recognition of the right of access to judicial records, Dr. Amin has publicly filed a redacted

1

version of his Reply in which discussion of the information NBCUniversal has designated "CONFIDENTIAL" is redacted. Accordingly, Dr. Amin moves to file under seal the following document:

**<u>Document Pertaining to Plaintiff's Response to Defendant's Motion for Summary Judgment</u>**

1. Unredacted version of Plaintiff's Reply in Support of Motion to Permit Additional Discovery Before Ruling on Summary Judgment pursuant to Rule 56(d).

For the reasons explained below, Dr. Amin submits that good cause exists for the Court to grant this Motion to Seal and accept the above-listed documents for filing under seal only.

**II.   MOTION TO SEAL STANDARD**

The right of access to judicial records pursuant to common law is well-established. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right extends to the inspection and the copying of court records and documents. *Id*. The right to access, however, is not absolute. *See Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The right of public access to judicial records "may be overcome by a showing of good cause." *Beck v. Shinseki*, Case No. CV 113-126, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014) (citation omitted). When deciding whether to grant a party's motion to seal, courts balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005) (citations omitted). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon*, 435 U.S. at 598). This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal.

### III.  ARGUMENT

In order to ensure the public's right of access to judicial records to the greatest extent possible, Dr. Amin has filed a lightly redacted version of his Reply brief which does not discuss or include information NBCUniversal has designated "CONFIDENTIAL" pursuant to the protective order. However, some parts of the brief necessarily discusses that information. Accordingly, Dr. Amin submits that good cause exists to file an unredacted version of his Reply.

Pursuant to L.R. 79.7(d), Dr. Amin informs the Court that he only moves to seal the contents of the Reply and not the name of the movant (himself) or the name or description of any document. Pursuant to L.R. 79.7(e), Dr. Amin submits that the Reply should be sealed permanently because NBCUniversal has designated the information "CONFIDENTIAL."

Dr Amin respectfully submits that the documents listed above which he contends should be sealed are not overly broad: indeed, Dr. Amin has a strong interest in publicly filing the vast majority of the record and arguments submitted in support of his motions in this defamation case. However, certain discussions should be sealed in order to comply with the protective order governing this case. Indeed, the Court has previously granted the parties' motions to seal certain documents, finding that the documents were due to be sealed. *E.g.*, Docs. 146, 147, 148. For these reasons, Dr. Amin's motion to seal should be granted.

Respectfully submitted this 1st day of March, 2024.

| | |
|---|---|
| **STACEY EVANS LAW** | **CHILIVIS GRUBMAN**<br>**DALBEY & WARNER LLP** |
| */s/ Stacey G. Evans*<br>Stacey G. Evans<br>Georgia Bar No. 298555<br>sevans@staceyevanslaw.com<br>Tiffany Watkins<br>Georgia Bar No. 228805<br>twatkins@staceyevanslaw.com<br>John Amble Johnson<br>Georgia Bar No. 229112<br>ajohnson@staceyevanslaw.com<br><br>STACEY EVANS LAW<br>729 Piedmont Ave NE<br>Atlanta, GA 30308<br>(404) 850-6750<br>(404) 393-2828 (fax) | Scott R. Grubman<br>Georgia Bar No. 317011<br>sgrubman@cglawfirm.com<br>1834 Independence Square<br>Atlanta, GA 30338<br>(404) 233-4171 (phone)<br>(404) 261-2842 (fax)<br><br>*Counsel for Plaintiff* |

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO SEAL** will be served upon all attorneys in this matter by filing with the Court's CM/ECF system.

This <u>1st</u> day of March 2024.

<u>*/s/ Stacey G. Evans*</u>
Stacey G. Evans