IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-56 |
| v. | |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

**O R D E R**

Plaintiff filed a Motion to Seal. Doc. 189. Plaintiff asks the Court to place under seal an unredacted version of the following document: Plaintiff's reply in support of motion to permit additional discovery before ruling on summary judgment pursuant to Rule 56(d). Doc. 188. Plaintiff represents the reply brief involves discussions regarding material Defendant has previously designated as "CONFIDENTIAL" due to newsgathering confidentiality. Doc. 189 at 1.

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty., 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chi. Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304,

1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983).  In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2005).  Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."  Id. (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).  This Court's Local Rule 79.7 sets forth procedures for a party to request documents be filed under seal.  Plaintiff asserts filing its records under seal would protect newsgathering confidentiality, as previously determined in the Court's Protective Orders.  Docs. 42, 107.

Plaintiff has shown good cause for requesting the Court permit this document to be filed under seal.  Accordingly, the Court **GRANTS** Plaintiff's Motion and **DIRECTS** the Clerk of Court to **FILE UNDER SEAL** an unredacted copy of Plaintiff's reply in support of motion to permit additional discovery before ruling on summary judgment pursuant to Rule 56(d).  Doc. 188.

**SO ORDERED**, this 10th day of April, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA