IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-56 |
| v. | |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

**O R D E R**

Plaintiff filed a Motion to Permit Additional Discovery Before Ruling on Summary Judgment Pursuant to Rule 56(d).  Doc. 165.  Plaintiff contends he needs to conduct additional discovery to respond to Defendant's Motion for Summary Judgment and specifically requests five categories of additional discovery: (1) phone records of Chris Scholl, Mark Schone, and Julia Ainsley from around September 15, 2020; (2) additional deposition time with Chris Scholl, Mark Schone, and Julia Ainsley; (3) the deposition of Mary Lockhart; (4) the deposition of Azadeh Shahshahani; and (5) interrogatories from Cynthia Counts in lieu of deposition.  Doc. 165 at 1.  Defendant filed a Response, opposing Plaintiff's Motion and arguing Plaintiff has not met his burden under Rule 56(d).  Doc. 172.  Plaintiff filed a Reply.  Doc. 188.  For the following reasons, I **DENY** Plaintiff's Motion.[1]

---

[1] Contemporaneous with this Order, I am issuing an Order denying a motion to quash filed by Ms. Shahshahani.  Doc. 1 in 5:23-mc-2.  Although that Order allows Plaintiff to take Ms. Shahshahani's deposition, it does so based on the standards that govern the motion to quash, not Rule 56(d).  In other words, I conclude Plaintiff is entitled to Ms. Shahshahani's deposition as an ordinary discovery matter, but I do not find Plaintiff has demonstrated a need to take that deposition for the purposes of Rule 56(d).

## BACKGROUND

The parties to this suit have engaged in extensive discovery and have, at times, brought discovery disputes to this and other courts for resolution. The instant Motion relates, at least in part, to one of those discovery disputes.

In August 2023, the parties sought Court assistance on some of those disputes at an informal discovery dispute resolution conference. Doc. 96. As explained during that conference, Plaintiff sought from Defendant scripts, draft scripts, and communications to or from Defendant's employees related to gynecological treatment of detainees at the Irwin County Detention Center ("ICDC"). Plaintiff also requested phone numbers and phone records for some of Defendant's employees. Defendant objected to the requests. The Court ordered Defendant to provide one of the requested phone numbers, ordered Defendant to preserve the requested phone records, and allowed Plaintiff to file a motion to compel regarding the scripts and communication. Doc. 95.

Plaintiff filed the motion to compel. Doc. 98. The Court issued an Order on that motion on November 28, 2023, ordering Defendant to produce certain scripts, draft scripts, and communications. Doc. 111. In response to the Order, on December 22, 2023, Defendant produced 210 additional documents to Plaintiff. Doc. 172 at 4. On January 5, 2024, Defendant produced a privilege log and four additional documents Defendant mistakenly failed to produce in the initial production. Id. Notably, by the time Defendant produced the additional documents and privilege log, discovery had already closed in the case and the parties had filed competing motions for summary judgment.

The summary judgment motions—and Defendant's motion, in particular—are germane to the instant Motion for additional discovery. Defendant makes three independent arguments in its

motion for summary judgment: (1) Plaintiff cannot meet his burden of proving by clear and convincing evidence the defamatory sting of the challenged statements is false; (2) quotes or paraphrased statements from the whistleblower complaint are protected by Georgia's fair report privilege; and (3) Plaintiff cannot not establish by clear and convincing evidence each challenged statement was published with actual malice.  Doc. 127.  Plaintiff filed his response to the summary judgment motion on February 2, 2024.  Doc. 153.

In the instant Motion, Plaintiff maintains he has presented sufficient evidence to defeat Defendant's motion for summary judgment but also argues he cannot present facts to justify his opposition, and, therefore, he needs additional discovery.  Doc. 165.  Plaintiff argues the documents Defendant produced in December and January reveal inconsistencies in witnesses' testimonies, supporting his request for additional discovery.  Doc. 165.  Id. at 4.  In terms of the information Plaintiff hopes to discover, Plaintiff's Motion focuses on: whether NBCUniversal's Standards team actually approved the disputed reporting; when NBCUniversal journalists ended their reporting work related to Plaintiff; what Ms. Shahshahani communicated to NBCUniversal; and what Ms. Counts may have communicated to a witness about that witness's allegations against Plaintiff.  Plaintiff generally suggests these facts could bear on the actual malice argument Defendant makes in its motion for summary judgment and, potentially, Defendant's falsity argument.

Plaintiff argues he needs to: depose four of Defendant's employees; obtain phone records to resolve inconsistencies about whether certain calls occurred; depose Ms. Shahshahani about conversations she had with Defendant; and propound interrogatories on Defendant's counsel to determine if Defendant's counsel violated a rule of professional conduct and influenced a

witness's testimony. Defendant maintains Plaintiff has not met his burden under Rule 56(d) and none of the additional discovery should be permitted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(d), "the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A motion under this Rule "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." Garner v. City of Ozark, 587 F. App'x 515, 518 (11th Cir. 2014) (citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998)). The moving party must do more than "'rely on vague assertions that additional discovery will produce needed, but unspecified facts[;]' rather, the party must specifically demonstrate how delaying a ruling on the motion will enable it to rebut the movant's showing that there is no genuine issue of material fact." Williams-Evans v. Advance Auto Parts, CV 118-148, 2019 WL 2426443, at *2 (S.D. Ga. June 7, 2019) (quoting Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843–44 (11th Cir. 1989)).

"Whether to grant or deny a [Rule 56(d)] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." Garner, 587 F. App'x at 518 (internal quotation marks omitted). With that burden in mind, the Eleventh Circuit Court of Appeals has held, "Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)); see also WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988) (finding the "common denominator" of the Supreme

Court's jurisprudence on summary judgment is "[it] may only be decided upon an adequate record").

## DISCUSSION

As explained below, I find Plaintiff has not met his burden to show additional discovery is necessary under Rule 56(d).  Plaintiff correctly states the requested additional discovery could reveal some relevant evidence related to falsity and actual malice, issues Defendant raises in his motion for summary judgment.  However, Plaintiff has not shown he is unable to present facts essential to justify his opposition to the motion for summary judgment, and that is the governing standard.  In almost every instance, Plaintiff points to some inconsistency or conflict in the evidence, which he contends warrants further investigation.  For example, Plaintiff points to emails among Defendant's employees, which could suggest a particular phone call did not occur, even though witnesses testified during their depositions the phone call did occur.  Plaintiff's own arguments and justifications suggest the evidence creates a genuine dispute of fact; the conflicts and inconsistencies do not, however, demonstrate Plaintiff is unable to present facts essential to justify his opposition to the motion for summary judgment.  Thus, I find Plaintiff has not met his burden under Rule 56(d).[2]

I. **Plaintiff Is Not Permitted to Obtain Phone Records of Chris Scholl, Mark Schone, and Julia Ainsley**

Plaintiff claims he needs phone records for Defendant's employees to corroborate witness statements about approval by the Standards team via telephone.  Id.  Plaintiff argues emails reveal Standards put a hold on a story and individuals attempted to call each other about the hold

---

[2]   Defendant argues Plaintiff's Motion is inconsistent in that it states Plaintiff has presented sufficient evidence to defeat summary judgment and seeks additional evidence to oppose Defendant's motion for summary judgment.  As I read Plaintiff's Motion, Plaintiff is making an alternative argument, and there is nothing improper about advocating for alternative positions.  Instead, the relevant inquiry is whether Plaintiff has met his burden under Rule 56(d).  I find he has not.

5

and approval, but another email shows this phone call never took place. Id. Plaintiff states these phone calls occurred between Chris Scholl, Mark Schone, and Julia Ainsley. Id. Plaintiff argues since the evidence creates questions of credibility about the witnesses' statements, the additional evidence is needed to address the issue of actual malice in Defendant's motion for summary judgment. Id.

As the non-movant, it is Plaintiff's burden to show, for specified reasons, he cannot present facts essential to justify his opposition. "The party seeking to use Rule 56(d) may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Burns v. Town of Palm Beach, 999 F.3d 1317, 1334 (11th Cir. 2021).

Plaintiff fails to meet his burden to show the phone records are essential to his opposition to Defendant's motion for summary judgment. Plaintiff contends the emails show some witnesses' testimony may not be credible and production of the phone records would support Plaintiff's attacks on those witnesses' credibility. This is not a sufficient basis for requesting additional discovery under Rule 56(d). Plaintiff may simply rely on the emails produced to demonstrate or point to a genuine dispute of fact about whether the call occurred.[3] Indeed, Plaintiff has already cited to and relied on the newly produced evidence in opposing Defendant's motion for summary judgment. Doc. 153-49 at 25. Plaintiff has not shown how the phone records, if produced, would be essential to Plaintiff's ability to rebut Defendant's arguments. At most, Plaintiff has demonstrated the phone records might be relevant and might bolster arguments evidence already offered in response to Defendant's motion for summary judgment.

---

[3] The undersigned offers no comment on the merits of such an assertion, as the District Judge will resolve the motion for summary judgment.

**II.     Plaintiff Is Not Permitted to Depose Chris Scholl, Mark Schone, and Julia Ainsley Again**

Plaintiff argues he needs additional deposition testimony from Chris Scholl, Mark Schone, and Julia Ainsley because the last set of documents produced undermine the truth of witnesses' statements regarding telephone conversations. Doc. 165 at 6. Plaintiff states the newly produced documents included 91 documents related to these three individuals. Id. Additionally, Plaintiff states the documents reveal Julia Ainsley conducted additional reporting related to Dr. Amin, but the reporting was abandoned. Id. at 7. Plaintiff argues the additional reporting could have been abandoned due to concerns about the truth of the original reporting and this is relevant to the falsity and actual malice arguments in Defendant's motion for summary judgment. Id.

Plaintiff has not met his burden under Rule 56(d) of showing he needs the additional depositions from Scholl, Schone, or Ainsley. Plaintiff's primary argument is he needs these depositions to explore the credibility of previous testimony from these witnesses because recently produced documents suggest these witnesses were not truthful. Like Plaintiff's request for phone records, Plaintiff's request to reopen these depositions is based on a desire to bolster arguments already made based on documentary evidence that has already been produced. Plaintiff has not demonstrated these depositions are essential to his opposition to Defendant's motion for summary judgment. Instead, Plaintiff merely seeks to reinforce arguments and evidence already presented. Plaintiff is not entitled to this additional discovery, particularly given that it merely seeks to attack the credibility of a witness. See, e.g., MSP Recovery Claims, Series LLC v. Aix Specialty Ins. Co., No. 618CV1456, 2020 WL 5524854 (M.D. Fla. Aug. 10, 2020) (denying plaintiffs' motion for an additional deposition because it appeared to be an attempt to undermine the credibility of witness testimony and not to obtain additional facts).

7

**III.     Plaintiff Is Not Permitted to Depose Mary Lockhart**

Plaintiff states the evidence shows NBCUniversal may have considered producing a documentary regarding Dr. Amin or ICDC, but the project appears to have been abandoned. Plaintiff states the newly produced documents show Mary Lockhart, a member of NBCUniversal, was copied on emails about the documentary. Doc. 165 at 7. Plaintiff also states Mary Lockhart was copied on emails regarding concerns about the original reporting about Dr. Amin and ICDC from Chris Scholl. Id. Plaintiff contends he needs to take Mary Lockhart's deposition to explore these issues.

Plaintiff has not met his burden under Rule 56(d) for obtaining for Ms. Lockhart's deposition. Although the evidence suggests Defendant may have explored a documentary about Dr. Amin or ICDC, nothing in the record suggests that project was discontinued for reasons that would bear on falsity or actual malice. Plaintiff merely speculates about a potential reason that would support his position in this litigation, if discovery on that speculation were allowed and it bore fruit. Plaintiff has not, however, done what he is required to do—show the discovery is essential to his opposition to Defendant's motion for summary judgment.

Additionally, Plaintiff has failed to show Ms. Lockhart was involved in the facts of this case in any substantive way that would bear on Plaintiff's ability to respond to Defendant's motion for summary judgment. Ms. Lockhart was included on an email related to the original reporting where Chris Scholl said Ms. Lockhart was going to take over his work. However, Chris Scholl later testified this handoff never occurred and he continued the work himself. Doc. 172 at 11 n.4; Doc. 134 at 6. Nothing in the record suggests that testimony was incorrect or that Ms. Lockhart had any other involvement in the original reporting. As to the documentary, the newly produced emails apparently concern legal advice about a proposed documentary in

2021 that was provided long after the original reporting. Doc. 172 at 11. Plaintiff has not shown Ms. Lockhart's involvement in these email conversations would have any relevance to falsity or actual malice in the original reporting, and he certainly has not shown facts about that involvement would be essential to his ability to respond to the motion for summary judgment.

Finally, it is clear Plaintiff had the ability to depose Ms. Lockhart earlier in this litigation. At a minimum, Plaintiff knew Ms. Lockhart was a member of NBC's Standards team as early as September 2023. Plaintiff mentioned Ms. Lockhart by name in his previous motion to compel. Doc. 98. Chris Scholl also testified during his deposition about how the handoff with Ms. Lockhart never happened. Doc. 104 at 11. Plaintiff had information about Ms. Lockhart's inclusion on the emails related to the original reporting and the potential handoff well before the close of discovery. Plaintiff had ample opportunity to depose Mary Lockhart but chose not to do so. While this fact is not determinative on Plaintiff's Rule 56(d) Motion, it cuts against allowing Plaintiff to take Ms. Lockhart's deposition at this late stage. See, e.g., Scott v. Macon-Bibb County, No. 5:21-CV-239, 2024 WL 1289582 (M.D. Ga. Mar. 26, 2024) (denying Rule 56(d) motion because the party had ample time and opportunity for discovery, yet failed to diligently pursue his options). Even if this were not the case, Plaintiff has not demonstrated how this deposition is essential to rebutting Defendant's actual malice argument in its motion for summary judgment.

**IV.     Plaintiff Is Not Permitted to Depose or Serve Interrogatories on Cynthia Counts Under Rule 56(d)**

Plaintiff asks the Court to order Cynthia Counts—Defendant's counsel of record—to answer written interrogatories. Doc. 165 at 9. Specifically, Plaintiff seeks information regarding a lunchtime conversation between Ms. Yanira Oldaker and Ms. Counts that occurred during Ms. Oldaker's deposition. Id. Plaintiff argues the conversation was improper and appeared to affect

9

Ms. Oldaker's deposition testimony. Id. Plaintiff argues Ms. Counts's conversation with a witness without the presence of any counsel for Dr. Amin is relevant to the issue of falsity. Id.

Plaintiff fails to meet his burden demonstrating a need for these interrogatories. Contemporaneous with this Order, I am issuing an Order granting Ms. Counts's motion for protective order quashing the deposition. Plaintiff makes the same arguments here in requesting these interrogatories. As detailed in my Order on the motion for protective order, Plaintiff has already received deposition testimony from Ms. Oldaker regarding the lunchtime conversation and statements on the record from Ms. Oldaker's attorneys who were present for the conversation. Plaintiff has not demonstrated a sufficient to depose or serve interrogatories on Ms. Counts for additional information. Additionally, as Defendant points out, Ms. Oldaker was not a source for the challenged news reports and Defendant's motion for summary judgment does not rely on Ms. Oldaker's testimony.[4] Plaintiff has not demonstrated discovery directed to Ms. Counts on these issues is essential to rebut any of Defendant's motion for summary judgment arguments.

V.     **Plaintiff Is Not Entitled to Depose Ms. Shahshahani Under Rule 56(d)**

Plaintiff argues he should be permitted to depose Ms. Shahshahani about communications she had with NBCUniversal and documents she may have exchanged with NBCUniversal. Doc. 165 at 8. Ms. Shahshahani filed a motion to quash the subpoena for her deposition. Contemporaneous with this Order, I am issuing an Order denying Ms. Shahshahani's motion to quash. However, that ruling does not resolve Plaintiff's request in the instant Motion under Rule

---

[4]     Plaintiff argues Defendant cited Ms. Oldaker's complaint in Defendant's motion for summary judgment. Doc. 188 at 14–15. However, Defendant only cites to the complaint in the background section of Defendant's motion for summary judgment to show a class action lawsuit was filed against Dr. Amin for his medical treatment of ICDC detainees. Doc. 127 at 14. Defendant does not rely on Ms. Oldaker's testimony in any of its arguments.

56(d).  Although I am denying Ms. Shahshahani's motion to quash and allowing the deposition to go forward, I do not find Plaintiff has met the burden for requesting that deposition.  Plaintiff has shown Ms. Shahshahani may have relevant information that can be adduced at her deposition, Plaintiff has not shown Ms. Shahshahani's deposition is essential to his opposition to Defendant's motion for summary judgment.  Plaintiff has merely shown Ms. Shahshahani's deposition may provide information that would bolster arguments and evidence already presented in opposition to Defendant's motion for summary judgment.  Therefore, I find Plaintiff has not met his burden for seeking Ms. Shahshahani's deposition under Rule 56(d).  To be clear, my conclusion here, that Plaintiff has not met his burden under Rule 56(d), in no way undermines or negates my ruling Plaintiff is permitted to proceed with Ms. Shahshahani's deposition and the deposition is a matter of ordinary discovery.

## CONCLUSION

Accordingly, I **DENY** Plaintiff's Motion to Permit Additional Discovery Before Ruling on Summary Judgment Pursuant to Rule 56(d).  Doc. 165.

**SO ORDERED**, this 24th day of May, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA