IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-56 |
| v. | |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

**O R D E R**

Defendant's counsel, Cynthia Counts ("Ms. Counts"), filed a Motion for Protective Order Quashing Deposition.  Doc. 112.  Ms. Counts seeks to prevent Plaintiff from deposing her.  Id. Plaintiff filed a Response, seeking either a deposition or responses to written interrogatories. Doc. 120.  Defendant filed a Reply.  Doc. 149.  For the following reasons, I **GRANT** the Motion.

Plaintiff's request to depose opposing counsel stems from Yanira Yesenia Oldaker's deposition on July 27, 2023.  Doc. 112 at 3.  Ms. Oldaker was an Irwin County Detention Center ("ICDC") detainee who was previously treated by Plaintiff, Dr. Amin.  Id. at 1–2.  Ms. Oldaker is the lead plaintiff in a pending class action lawsuit against Plaintiff and various governmental agencies alleging widespread and systematic abuse.  Id.  This pending defamation action involves Plaintiff's medical treatment of ICDC detainees.  At the time of Ms. Oldaker's deposition, discovery was stayed in the class action lawsuit and the parties agreed to accommodations to allow limited depositions of ICDC detainees to move forward in this defamation case.  Id. at 3.

Ms. Oldaker's deposition occurred in South Carolina. Prior to a lunch break, Plaintiff's counsel, Stacey Evans, stated she had concluded her questioning of Ms. Oldaker and would pass questioning to Ms. Counts after the lunch break. Id. at 4. Everyone, including Plaintiff's counsel, went to a nearby restaurant for lunch. Ms. Counts sat at a table with Ms. Oldaker and her counsel, Elora Mukherjee and Fatma Marouf. Id.

Upon returning to the deposition, Ms. Evans indicated she was going to pursue further questioning of Ms. Oldaker. Ms. Evans proceeded to ask Ms. Oldaker questions about her lunch conversations with counsel. Id. Ms. Evans directed counsel's attention to the District of South Carolina local rules regarding conduct during depositions. Ms. Evans then began to question Ms. Mukherjee and Ms. Marouf about the purpose of their conferences with Ms. Oldaker during lunch and during deposition breaks. Id. at 5.

After the deposition, Ms. Evans emailed Ms. Counts and Ms. Mukherjee about concerns regarding deposition conduct and rule violations and asked to depose both attorneys. Both attorneys were eventually served with subpoenas. Id. at 6–7. On September 22, 2023, Ms. Evans offered to accept declarations from counsel addressing 11 questions in lieu of depositions. Id. at 7. Both Ms. Counts and Ms. Mukherjee rejected this proposal. Ms. Mukherjee filed a motion to quash her deposition subpoena in the Southern District of New York. Id. at 8. Her motion was ultimately granted. Id. Ms. Counts then filed this Motion, opposing all efforts by Plaintiff to depose her or to serve interrogatories on her.

Ms. Count's Motion is governed by Federal Rule of Civil Procedure 26(c), which states a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [.]" Fed. R. Civ. P. 26(c). The court may issue a protective order if "good cause" is shown, and such an order "is not subjected to

heightened scrutiny." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987); see also Fed. R. Civ. P. 26(c).

Ms. Counts seeks a protective order quashing Plaintiff's request for a deposition and denying Plaintiff's request for the Court to order Ms. Counts to answer interrogatories. Ms. Count's Motion warrants special attention because she is Plaintiff's opposing counsel in this case.

Courts considering requests for depositions of an opposing party's attorney have taken different approaches. Ms. Counts asks the Court to use the test set forth by the Eighth Circuit in Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), i.e., the Shelton test. Under that test, party seeking the deposition of opposing counsel must show: "(1) no other means exist to obtain this information than to depose opposing counsel . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Id. Courts using the Shelton test note the standard applies when: "(1) [t]rial or litigation counsel are being deposed, and (2) when such questioning would expose litigation strategy on the pending case." Bank of Am., N.A. v. Ga. Farm Bureau Mut. Ins. Co., No. 3:12-CV-155, 2014 WL 4851853, at *2 (M.D. Ga. Sept. 29, 2014) (brackets in original).

The Second Circuit has adopted a different test. Courts in that Circuit use a "a flexible approach" which requires consideration of "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003).

There is a third approach, which is best referred to as the "weighing and balancing" test. See Bank of Am., N.A., 2014 WL 4851853, at *3. In this test, the court will weigh and balance

3

the requesting party's need for the information sought against the party resisting the deposition's interests in the attorney-client relationship.  Id.

The Eleventh Circuit has not adopted a test for evaluating requests to depose opposing counsel.  Gaddy, 2015 WL 13545486, at *2 (collecting cases).  Some district courts in this Circuit have used the Shelton test.  See, e.g., Langdale Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 1:12-CV-02422, 2013 WL 12067452, at *3 (N.D. Ga. June 20, 2013); Floyd v. Suntrust Banks, Inc., No. 1:10-CV-2620, 2011 WL 2604818, at *2 (N.D. Ga. June 30, 2011).  Others have used the "weighing and balancing" test.  Gaddy, 2015 WL 13545486, at *2; Bank of Am., N.A., 2014 WL 4851853, at *3.

It is unnecessary to resolve which test to apply.  Under all these tests, the court must consider the need for the information sought.  Plaintiff has not shown a sufficient need to depose Ms. Counts or for the Court to allow Plaintiff to propound interrogatories on Ms. Counts.

Plaintiff argues the requested discovery is needed to investigate a violation of the District of South Carolina local rules and to assess the credibility of Ms. Oldaker's deposition testimony.  Doc. 120.  Even if the Court assumes Ms. Counts violated the District of South Carolina's local rules—a determination not made here—Plaintiff fails to show such a violation would warrant Ms. Counts's deposition or require Ms. Counts to answer Plaintiff's written questions.  Plaintiff fails to demonstrate any likelihood that Ms. Count's interaction with Ms. Oldaker materially influenced Ms. Oldaker's testimony.  Plaintiff argues the deposition or declaration is needed because Ms. Counts influenced Ms. Oldaker's testimony.  Doc. 120 at 13.  Plaintiff points to a moment in the deposition where Ms. Counts objected to a line of questioning about the lunch asking Ms. Oldaker to not speculate about the conversation.  Doc. 112-3 at 57.  Plaintiff argues Ms. Oldaker testified she could not remember if information about the deposition was discussed

4

after this exchange and this shows Ms. Counts interfered with the deposition. Doc. 120 at 14. However, Ms. Oldaker's answers after this objection do not show she was influenced or instructed in any manner. After this objection, Plaintiff's counsel asked Ms. Oldaker more than fifteen questions about the lunch conversation. Doc. 112-3 at 57–59. Ms. Oldaker responded, "I don't know" or "I can't remember" to only two of these questions. Id. at 57–58. Ms. Oldaker replied appropriately and directly to all of Plaintiff's counsel's remaining questions about the lunch conversation. These answers do not demonstrate improper coaching, influencing testimony, or interference. Plaintiff's assertions of opposing counsel's improper conduct and the effect on Ms. Oldaker are speculative at best.

Furthermore, Plaintiff has extensively explored this issue through other mechanisms. Plaintiff questioned Ms. Oldaker directly during her deposition about the conversation at lunch. Doc. 149 at 6. Plaintiff also questioned Ms. Mukherjee and Ms. Marouf about the conversations with Ms. Oldaker at lunch. Doc. 112 at 5. Nothing from these testimonies suggests anything improper occurred during lunch. It appears most of the questions outlined in the declaration request are questions these Ms. Oldaker, Ms. Mukherjee, and Ms. Marouf answered on the record. Plaintiff has failed to identify any new information can be gleaned by questioning Ms. Counts. At best, the requested discovery would be cumulative.

For these reasons, I find Plaintiff has not demonstrated a sufficient need to depose Ms. Counts or for the Court to allow Plaintiff to propound interrogatories on Ms. Counts. A party's efforts to depose opposing litigation counsel are generally disfavored. Therefore, the requesting party satisfy more demanding requirements. Plaintiff has not done so here. Plaintiff's alternative request to propound interrogatories is somewhat less onerous than a deposition, but

5

Plaintiff has still failed to adequately support that request. Therefore, Ms. Count's Motion is **GRANTED**.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion for Protective Order Quashing Deposition. Doc. 112.

**SO ORDERED**, this 24th day of May, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA