IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 5:23-mc-2[1] |

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 5:21-cv-56[2] |

**O R D E R**

Azadeh Shahshahani, a non-party to the case, filed a Motion to Quash Subpoena for Deposition. Doc. 1. Ms. Shahshahani asks the Court to issue an order preventing Plaintiff from deposing her because any deposition would likely intrude on the attorney-client relationship between Ms. Shahshahani and her client or former client. Id. Plaintiff filed a Response, arguing Ms. Shahshahani's deposition would not intrude on any privileged communications. Doc. 8.

---

[1]   The Court directs the Clerk of Court to file this Order in both 5:23-mc-2 and 5:21-cv-56.

[2]   The filings addressed in this Order were initially filed only in Case Number 5:23-mc-2 but should also be filed in Case Number 5:21-cv-56. Therefore, the Court **DIRECTS** the Clerk of Court to enter the Motion, Response, Reply, Surreply, and the Brief of Amici Curiae from 5:23-mc-2, this Order, and any additional filings related to the Motion into Case Number 5:21-cv-56. See Docs. 1, 8, 10, 17, 22.

Ms. Shahshahani filed a Reply.  Doc. 17.  Plaintiff filed a Surreply.  Doc. 22.  The filings included a brief of amici curiae in support of Ms. Shahshahani's Motion to Quash.[3]  Doc. 10.

For the following reasons, I **DENY** Ms. Shahshahani's Motion.  The Court **ORDERS** the parties to proceed as follows.  Discovery is reopened until June 21, 2024, for the limited purpose of allowing Plaintiff to take Ms. Shahshahani's deposition.  The parties are ordered to promptly schedule Ms. Shahshahani's deposition and inform the Court of the date and time once it has been scheduled.[4]  At the deposition, Plaintiff's counsel may only ask questions concerning the communications between Ms. Shahshahani and Defendant NBCUniversal and documents shared between those parties.  If Ms. Shahshahani refuses to answer a question during her deposition based on privilege or work product protections (or her counsel directs her not to answer on that basis), and Plaintiff wishes to pursue the line of questioning, the parties shall pause the deposition and immediately contact the Court so the objection can be resolved.[5]

Additionally, the parties' briefing demonstrates a legitimate dispute concerning the propriety and scope of Ms. Shahshahani's deposition.  Therefore, the parties' competing requests for sanctions, in the form of fees and expenses, are **DENIED**.

---

[3]   Amici are civil and immigrant rights litigators who serve as putative class counsel in an ongoing related action, Oldaker v. Giles, No. 7:20-cv-224 (M.D. Ga.).  Doc. 10 at 4.  Ms. Shahshahani is also putative class counsel in the Oldaker litigation.  The amici curiae assert arguments similar to those Ms. Shahshahani has stated.  I do not directly address or cite the amici's arguments in this Order, but they were included in my consideration of Ms. Shahshahani's position.

[4]   The parties are advised to not schedule Ms. Shahshahani's deposition from June 10, 2024 to June 14, 2024.

[5]   The parties are directed to contact the undersigned's courtroom deputy, Kim Mixon, either by phone or email.  The undersigned will promptly join to address any issues.

2

## BACKGROUND

In September 2020, Dawn Wooten, a nurse from Irwin County Detention Center ("ICDC"), submitted a whistleblower complaint detailing alleged unnecessary medical procedures at ICDC. Doc. 17-3 at 24. At the time, Ms. Wooten was represented by Project South, Inc. Doc. 1 at 5. Ms. Shahshahani is the legal and advocacy director of Project South. Id. at 2.

Project South sent a letter to the United States Congress seeking an investigation based on the disclosures in the whistleblower complaint. The letter included allegations that Plaintiff, Dr. Amin, committed medical abuse at ICDC by performing procedures without patients' proper informed consent. This letter is discussed in the complaint in a class action lawsuit currently pending in the Middle District of Georgia, Oldaker v. Giles, No. 7:20-cv-224. Ms. Shahshahani is also litigation counsel representing detainees in the Oldaker class action lawsuit. Although Ms. Shahshahani represents the Oldaker plaintiffs, it appears she no long represents Nurse Wooten.

Defendant NBCUniversal published various news reports in September 2020 about Dr. Amin, which Dr. Amin claims were defamatory. Doc. 1. Specifically, Plaintiff alleges Defendant aired a series of broadcast segments on MSNBC that contained multiple false and defamatory statements concerning Plaintiff and his medical treatment of detainees at ICDC.

NBCUniversal contends portions of Project South's letter to Congress and communications with Ms. Shahshahani served as bases for its reports. Doc. 8 at 4. Additionally, it appears Ms. Shahshahani spoke with NBCUniversal reporters, and her statement is quoted in a story that served as a source for NBCUniversal's broadcasts related to Dr. Amin and ICDC. Id.

3

During discovery of this defamation action, Defendant NBCUniversal identified representatives from Project South as individuals likely to have discoverable information. Id. at 4. In response to a third-party document subpoena, Project South produced documents related to Ms. Shahshahani's communications with NBCUniversal. Id.

Plaintiff served a subpoena on Ms. Shahshahani for her deposition. Plaintiff intends to question Ms. Shahshahani about her communications with Defendant NBCUniversal. Id. Ms. Shahshahani opposes the subpoena, citing attorney-client privilege and work product protection concerns based on her role as litigation counsel in the Oldaker case in the Middle District of Georgia. The class action suit in the Middle District involves some of the same underlying facts as this defamation case (i.e., the allegations concerning Dr. Amin's treatment of detainees at ICDC), but the claims and parties are clearly distinct. Importantly, claims against Dr. Amin in Oldaker were recently dismissed, and Dr. Amin is no longer a party to that case. Oldaker v. Giles, No. 7:20-CV-224, ECF No. 363, pp. 36–40 (M.D. Ga. Mar. 22, 2024).

Ms. Shahshahani filed the instant Motion, asking the Court to quash the noticed deposition subpoena. Doc. 1. The issue is fully briefed and ready for review. The Court now issues its Order.

## DISCUSSION

Ms. Shahshahani asks the Court to quash the subpoena because, she contends, sitting for the deposition will require her to violate the attorney-client privilege and work product protections. Plaintiff, as the party requesting the deposition, argues the scope of the deposition will be narrow and limited, avoiding any concerns about attorney-client privilege or work product protections.

4

I.     **Legal Standard**

The parties disagree, to some degree, about the appropriate legal standard. Everyone agrees Federal Rule of Civil Procedure 45(d)(3)(A) applies generally to this Motion to Quash. Rule 45(d)(3)(A) states a court must quash or modify a subpoena that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Aside from the applicability of Rule 45(d)(3)(A), the parties do not agree on much.

The primary disagreement stems from the fact Ms. Shahshahani is an attorney who previously represented Nurse Wooten and who currently represents plaintiff-detainees in Oldaker. Notably, Plaintiff was—but is no longer—a named defendant in Oldaker. Ms. Shahshahani maintains her role in Oldaker militates strongly against allowing Plaintiff to conduct her deposition. To that end, Ms. Shahshahani maintains this Court should apply what is known as the Shelton test (described below) and conclude her deposition is impermissible. Plaintiff acknowledges Ms. Shahshahani is an attorney and was Plaintiff's opposing counsel in Oldaker, but Plaintiff argues he seeks to depose Ms. Shahshahani merely as a fact witness based on personal knowledge of her communications with NBCUniversal and the Motion to Quash should be resolved under ordinary Rule 45 standards. Plaintiff argues any privilege or work product protection concerns are minimal because Ms. Shahshahani's communications with NBCUniversal would have waived any such protections.

As a threshold matter, the Federal Rules of Civil Procedure do not prevent a party from deposing a lawyer—even the lawyer representing the opposing party—as long as "the deposition seeks relevant, non-privileged information." Gaddy v. Terex Corp., No. 1:12-cv-1928, 2015 WL 13545486, at *2 (N.D. Ga. Oct. 28, 2015). Some courts have observed that attorney depositions

are "disfavored." Id.  Depositions of a party's attorney raise additional concern and require "special scrutiny" because "unbridled depositions of attorneys [can serve as] an invitation to delay, disruption of the case, harassment and perhaps disqualification of the attorney.'" Id. (quoting N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85 (M.D.N.C. 1987)).

Courts considering requests for depositions of an opposing party's attorney have taken different approaches.  Ms. Shahshahani asks the Court to use the test set forth by the Eighth Circuit in Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), i.e., the Shelton test.  Under that test, party seeking the deposition of opposing counsel must show: "(1) no other means exist to obtain this information than to depose opposing counsel . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Id.  Courts using the Shelton test note the standard applies when: "(1) [t]rial or litigation counsel are being deposed, and (2) when such questioning would expose litigation strategy on the pending case." Bank of Am., N.A. v. Ga. Farm Bureau Mut. Ins. Co., No. 3:12-CV-155, 2014 WL 4851853, at *2 (M.D. Ga. Sept. 29, 2014) (brackets in original).

The Second Circuit has adopted a different test.  Courts in that Circuit use a "a flexible approach" which requires consideration of "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003).

There is a third approach, which is best referred to as the "weighing and balancing" test. See Bank of Am., N.A., 2014 WL 4851853, at *3.  In this test, the court will weigh and balance the requesting party's need for the information sought against the party resisting the deposition's interests in the attorney-client relationship.  Id.

6

The Eleventh Circuit has not adopted a test for evaluating requests to depose opposing counsel. Gaddy, 2015 WL 13545486, at *2 (collecting cases). Some district courts in this Circuit have used the Shelton test. See, e.g., Langdale Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 1:12-CV-02422, 2013 WL 12067452, at *3 (N.D. Ga. June 20, 2013); Floyd v. Suntrust Banks, Inc., No. 1:10-CV-2620, 2011 WL 2604818, at *2 (N.D. Ga. June 30, 2011). Others have used the "weighing and balancing" test. Gaddy, 2015 WL 13545486, at *2; Bank of Am., N.A., 2014 WL 4851853, at *3.

I conclude it is not appropriate to use the Shelton test in these circumstances. In Shelton, the court identified various concerns about the practice of one party deposing the opposing party's counsel, including disruption to the adversarial system, lowering the standards of the profession, increased time and expense of litigation, and potential harm to the relationships between attorney and client. Shelton, 805 F.2d at 1327. These concerns are not nearly as pronounced in this case as they were in Shelton. First, Ms. Shahshahani is not now and has never been counsel to a party in this case. Second, although Ms. Shahshahani represents parties in the Oldaker case and Plaintiff was a defendant in that case, Plaintiff has now been dismissed from Oldaker. Therefore, the adversarial dynamic has been reduced or eliminated. Finally, Plaintiff has expressly stated the scope of Ms. Shahshahani's deposition will be limited to communications she had with NBCUniversal and documents she shared with individuals from that entity. The narrow scope of the deposition reduces or eliminates many of the concerns expressed in Shelton. Therefore, I will not apply the Shelton test in analyzing Ms. Shahshahani's Motion. I will, instead, use the "weighing and balancing" test.

## II.     Application of the Weighing and Balancing Test

The weighing and balancing test requires the Court to balance Plaintiff's need for the information sought against Ms. Shahshahani's interests in the attorney-client relationship.

### A.     Plaintiff's Need for the Deposition

In his Response, Plaintiff explains he seeks to depose Ms. Shahshahani about her communications with NBCUniversal as well as documents Ms. Shahshahani exchanged with NBCUniversal.  Doc. 8 at 15.  Plaintiff maintains Ms. Shahshahani's testimony about these matters may be highly relevant to his defamation claims against NBCUniversal.  Indeed, Defendant NBCUniversal expressly identified representatives from Project South as individuals with personal knowledge or discoverable information in response to Plaintiff's interrogatories.  Id. at 16.  Ultimately, it appears undisputed that Ms. Shahshahani communicated with NBCUniversal and exchanged documents related to Dr. Amin and ICDC.  Id. at 11.  Furthermore, Project South has already produced documents to Plaintiff.  Plaintiff contends these facts taken together demonstrate his need to depose Ms. Shahshahani.

### B.     Ms. Shahshahani's Attorney-Client Relationship Concerns

The crux of Ms. Shahshahani's Motion is that a deposition would impose an undue burden because it would necessarily delve into privileged matters.  Doc. 1 at 4.  Ms. Shahshahani argues Plaintiff will ask her to divulge privileged communications she has had with her clients, specifically the whistleblower, Ms. Wooten, and the Oldaker plaintiffs who brought the class action lawsuit against Dr. Amin.  Id. at 6. Ms. Shahshahani argues any matter she can testify to in relation to Plaintiff's defamation claim poses the inherent risk of exposing information protected by attorney-client privilege.  Id. at 9.  Ms. Shahshahani argues the risk of intruding on matters protected by attorney-client privilege is significant because Ms. Wooten is a witness in

the Oldaker case. Ms. Shahshahani argues Plaintiff will use any deposition to gain insight into the plaintiffs' trial strategy in Oldaker. Ms. Shahshahani also accuses Plaintiff's counsel in this action of routinely attempting to invade the attorney-client relationship in various ways.

### C. Plaintiff's Needs Outweigh the Attorney-Client Interests

Having considered the entire record, I conclude Plaintiff's need for Ms. Shahshahani's testimony regarding her communications with NBCUniversal outweighs Ms. Shahshahani's attorney-client privilege concerns.

Plaintiff has demonstrated a significant need for Ms. Shahshahani's deposition. Plaintiff's claims all concern the alleged defamatory broadcasts by NBCUniversal. It is undisputed Ms. Shahshahani communicated with NBCUniversal about the facts reported in those broadcasts prior to the broadcasts occurring. NBCUniversal has plainly identified representatives from Project South as having discoverable information. Based on these facts, it is clear Ms. Shahshahani possesses relevant discoverable information. Ms. Shahshahani makes only one discernible argument concerning Plaintiff's need (or lack of) for her deposition, which is that Plaintiff could obtain the same information from other sources, such as the NBCUniversal journalists. This argument is unconvincing. Plaintiff has deposed the journalists with whom Ms. Shahshahani spoke, and the journalists did not remember details from their conversations with Ms. Shahshahani. Id. at 16. Thus, the alternative sources Ms. Shahshahani identifies have not been fruitful. This fact supports and does not diminish Plaintiff's need to depose Ms. Shahshahani.

Ms. Shahshahani expresses legitimate concerns about her attorney-client relationship with the plaintiffs in Oldaker and her former client, Ms. Wooten, but those concerns do not outweigh Plaintiff's need for the deposition. Plaintiff has expressly stated the deposition will be

9

limited to Ms. Shahshahani's communications with NBCUniversal and the documents exchanged with NBCUniversal. That limitation is also expressly imposed in this Order. Ms. Shahshahani has not argued, or even suggested, her communications with NBCUniversal are protected by attorney-client privilege, and it is highly unlikely there would be any such protection. Because the scope of the deposition will be limited to non-protected matters, Ms. Shahshahani's concerns about her attorney-client relationship are reduced, if not eliminated altogether.[6]

In sum, Plaintiff has demonstrated a significant need for Ms. Shahshahani's deposition, and although Ms. Shahshahani has identified legitimate concerns about her attorney-client relationship, those concerns are reduced or eliminated by the limited scope of this deposition. Therefore, I conclude Plaintiff's need for the deposition outweighs Ms. Shahshahani's attorney-client relationship concerns.

### III.   Work Product Doctrine Does Not Apply

Ms. Shahshahani argues questions posed by Plaintiff's counsel during the deposition would necessarily cause her (Ms. Shahshahani) to violate work product protections. Doc. 17 at 8. Specifically, Ms. Shahshahani argues Plaintiff's questions involving Project South's document production would require divulging her mental impressions and personal beliefs,

---

[6]   Ms. Shahshahani devotes a significant portion of her briefing to attacking Plaintiff's counsel's efforts to obtain Ms. Shahshahani's deposition and Plaintiff's counsel's conduct in other proceedings. I make no determination on the propriety of those actions. I do, however, note Ms. Shahshahani's attacks do little to advance her position. The attacks tend to devolve into ad hominem invectives that have little or nothing to do with the legal standards for determining whether the requested deposition should go forward. See, e.g., Doc. 17 (accusing Plaintiff's counsel of having "orchestrated a concerted effort to attack, harass, and vilify multiple human rights attorneys"). Litigation can undoubtedly become heated. Even so, lawyers should exercise civility and professionalism toward each other and in submissions to the Court. Irrelevant personal attacks should be avoided.

which are protected under the work product doctrine. Doc. 1 at 6. Plaintiff states the deposition will not delve into such matters. Doc. 8 at 14.

As a threshold matter, it is important to note Ms. Shahshahani does not invoke work product protections as a shield against producing tangible items, like documents containing work product. At this point, the dispute before the Court concerns only Ms. Shahshahani's objection to providing oral testimony at a deposition. Thus, the Court focuses on Ms. Shahshahani's potential testimony.[7]

The work product doctrine protects "opinion work product" and "fact work product." United States ex rel. Bibby v. Wells Fargo Bank, N.A., 165 F. Supp. 3d 1319, 1326 (N.D. Ga. 2015) (discussing the distinction). Opinion work product includes materials that reflect "an attorney's mental impressions, conclusions, opinions, or legal theories." Williamson v. Moore, 221 F.3d 1177, 1182 (11th Cir. 2000) (citing Hickman v. Taylor, 329 U.S. 495 (1947)). In contrast, "fact work product" encompasses factual material, like the result of a factual investigation. See Bibby, 165 F. Supp. 3d at 1326 (N.D. Ga. 2015). Ms. Shahshahani's argument is based only on her concerns about disclosing opinion work product, not fact work product. See, e.g., Doc. 1 at 6 (stating deposition questions will require Ms. Shahshahani to divulge "mental impressions and personal beliefs"); id. at 8 (citing authority on opinion work product); Doc. 17 at 10 (raising concerns about divulging trial strategy).

Opinion work product is protected from disclosure even if the mental impressions, conclusions, opinions, or legal theories are not embodied in documents or other tangible things.

---

[7] Project South produced some documents to Plaintiff in discovery. There is no indication Project South or Ms. Shahshahani assert any of those documents are protected by the work product doctrine or any other privilege. Moreover, there is no dispute before the Court concerning any previously produced documents or any outstanding requests for written documents to Project South or Ms. Shahshahani.

11

See Lott v. Seaboard Sys. R.R., 109 F.R.D. 554, 558 (S.D. Ga. 1985) (citing Ford v. Philips Electronics Instruments Co., 82 F.R.D. 359, 360 (E.D. Pa. 1979)); The Work-Product Rule—Matters Protected by the Work-Product Rule, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.) (discussing protections for intangible work product).  Therefore, an attorney-witness may object on work product grounds to deposition questions that require the witness to disclose opinion work product.  Id.  However, work product protections do not extend to a witness's knowledge of relevant facts.  Id.  Thus, an attorney-witness may not properly object to deposition questions that seek only facts about a case.  See Lott, 109 F.R.D at 558; Freedom Plastics, LLC v. Sparta Polymers, LLC, No. 2:11-CV-00334, 2013 WL 12290257, at *6 (N.D. Ga. Apr. 1, 2013) ("The work product doctrine also protects oral expressions of an attorney's mental impressions, legal theories, and subjective evaluations.  However, the doctrine does not protect facts contained in documents prepared in anticipation of litigation.").

Ms. Shahshahani's concerns about work product protections do not warrant quashing the subpoena for her deposition.  Ms. Shahshahani argues any question Plaintiff's counsel could possibly ask at a deposition would necessarily require her (Ms. Shahshahani) to disclose her mental impressions and trial strategies related to the Oldaker case.  This argument is unconvincing.  Plaintiff has stated the scope of Ms. Shahshahani's deposition will be limited to communications she had with NBCUniversal and documents she shared with individuals from that entity.  This limited scope focuses on facts within Ms. Shahshahani's personal knowledge that are relevant to this case.  Ms. Shahshahani has not indicated she shared mental impressions or trial strategies related to the Oldaker case with NBCUniversal during those communications.  Therefore, it is highly unlikely questions about those communications would require Ms. Shahshahani to disclose protected opinion work product.  Furthermore, Ms. Shahshahani retains

the ability to object to any question posed at the deposition on work product grounds, and this Order provides a mechanism for prompt resolution of such objections. Thus, Ms. Shahshahani's work product concerns do not warrant quashing the subpoena for her deposition.

In sum, the work product privilege does not shield Ms. Shahshahani from sitting for this deposition, and Plaintiff may move forward with the deposition of Ms. Shahshahani. The deposition is to be limited to questions concerning information and documents Ms. Shahshahani shared with NBCUniversal journalists. Plaintiff shall not ask questions related to any privileged information or litigation strategy in Oldaker.

## CONCLUSION

For these reasons, I **DENY** Ms. Shahshahani's Motion. The Court **ORDERS** the parties to proceed as follows. Discovery is reopened until June 21, 2024, for the limited purpose of allowing Plaintiff to take Ms. Shahshahani's deposition. The parties are ordered to promptly schedule Ms. Shahshahani's deposition and inform the Court of the date and time once it has been scheduled. At the deposition, Plaintiff's counsel may only ask questions concerning the communications between Ms. Shahshahani and Defendant NBCUniversal and documents shared between those parties. If Ms. Shahshahani refuses to answer a question during her deposition based on privilege or work product protections (or her counsel directs her not to answer on that basis), and Plaintiff wishes to pursue the line of questioning, the parties shall pause the deposition and immediately contact the Court so the objection can be resolved.

Additionally, the parties' briefing demonstrates a legitimate dispute concerning the propriety and scope of Ms. Shahshahani's deposition. Therefore, the parties' competing requests for sanctions, in the form of fees and expenses, are **DENIED**.

Finally, the Court **DIRECTS** the Clerk's Office to enter the Motion, Response, Reply, Surreply, and the Brief of Amici Curiae from 5:23-mc-2 into Case Number 5:21-cv-56. Docs. 1, 8, 10, 17, 22.

**SO ORDERED**, this 24th day of May, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA