UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D.,<br><br>    Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>    Defendant. | Case No. 5:21-cv-00056-LGW-BWC<br><br>**NBCU'S MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM** |

Defendant NBCUniversal Media, LLC ("NBCU") respectfully submits this motion for partial reconsideration of the Court's June 26, 2024 Order on the parties' cross motions for summary judgment (Dkt. 209) (the "Order").

**PRELIMINARY STATEMENT**

On December 19, 2023, Plaintiff Dr. Mahendra Amin ("Dr. Amin") filed a motion for partial summary judgment in this action. *See* Dkt. 122. In that motion and his incorporated statement of material facts, *see* Dkt. 122-1, Dr. Amin specified for the first time three social media statements—two from the "All In" Twitter page and one from the "All In" Facebook page (the "Social Media Statements" or the "Statements")—that he contended are defamatory and for which he seeks damages. Prior to his motion, Dr. Amin never identified these Statements in his complaint, did not produce copies of these Statements during discovery, and did not supplement his interrogatories to identify the Statements. Accordingly, in NBCU's opposition to Dr. Amin's motion, *see* Dkt. 155, NBCU argued that the Court should disregard the Statements and reject Dr. Amin's belated attempt to bring the Social Media Statements into this case.

In its Order, the Court did not address NBCU's arguments concerning the Social Media Statements. Nor did the Court make any findings as to whether a jury could determine that actual

malice did or did not exist concerning the publication of the Social Media Statements. The absence of any such findings by the Court was understandable because, although Dr. Amin has the burden to prove actual malice by clear and convincing evidence, he submitted no evidence in his opposition to NBCU's summary judgment motion concerning what individual was responsible for the publication of the Social Media Statements or what knowledge these unknown individual(s) may have had concerning the truth or falsity of the Social Media Statements. Unlike the other statements that remain at issue in this action, all of which were made in on-air news reports, were clearly identified in Plaintiff's first amended complaint (Dkt. 49) (the "FAC"), and were the subject of significant discovery by the parties, there is no evidence in the record concerning precisely how, why, by whom, or with what state of mind the Social Media Statements were published.

Controlling precedent makes clear that a libel plaintiff must specifically enumerate the statements he challenges in a complaint and cannot amend his complaint by later briefing. That is precisely what Dr. Amin has done here. In addition, because the Court analyzed the Social Media Statements among the challenged statements from the news reports, it failed to independently assess actual malice as to the Social Media Statements. Had the Court done so, it would have concluded that Dr. Amin cannot, as a matter of law, meet his burden of bringing "home" actual malice to the responsible individuals, as is required under *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964).

For these reasons, NBCU respectfully requests that the Court reconsider its Order and dismiss the Social Media Statements from this case.

**FACTUAL BACKGROUND**

On May 3, 2022, Dr. Amin filed the FAC in this action. The very first paragraph of the FAC made clear that it arose "from a series of MSNBC broadcast segments," which Dr. Amin

claimed contain false and defamatory statements about his treatment of detainees at the Irwin County Detention Center. *See* FAC ¶ 1. The FAC explained that these "broadcast segments" were (1) the September 15, 2020 episode of "Deadline: White House," hosted by Nicolle Wallace; (2) the September 15, 16, and 17, 2020 episodes of "All In," hosted by Chris Hayes; and (3) the September 16, 2020 episode of "The Rachel Maddow Show,"[1] hosted by Rachel Maddow, *id.* ¶ 2, and it specifically enumerated fifty-two statements from these segments that Dr. Amin believed were false and defamatory, *see id.* ¶¶ 75-76, 78-79, 81-82, 84, 86-87.

Despite the FAC's clear focus on the broadcasts, in one paragraph, Dr. Amin alleged that "MSNBC and its reporters repeated their false and defamatory statements of and concerning Dr. Amin on Twitter on at least three occasions on September 16, 2020 and September 22, 2020." FAC ¶ 89. The FAC did not identify these purportedly defamatory statements (as it did the other fifty-two statements), nor did it even identify the Twitter accounts on which these statements appeared (as there are separate Twitter pages for MSNBC generally and for each of its shows).

Puzzled by Dr. Amin's vague reference to "tweets," NBCU served an interrogatory that requested Dr. Amin "identify each statement [he] claim[s] is false and defamatory of [him] and for which [he] seeks damages." *See* Dkt. 136-112. In response, Dr. Amin specifically listed statements from the various challenged broadcast segments and then stated that, during discovery, he would "produce the tweets" for which he sought damages. *Id.* at 6. He never did. In response to a document request by Dr. Amin seeking "promotional materials" for the broadcasts, however, NBCU produced scores of social media statements from various MSNBC-affiliated accounts, including posts from the Twitter and Facebook accounts for MSNBC, "Deadline: White House,"

---

[1] Dr. Amin later clarified that he actually challenged the September 15, 2020 episode of "The Rachel Maddow Show," not the September 16, 2020 episode. In addition, following NBCU's motion for judgment on the pleadings, the Court dismissed all challenged statements from the September 16, 2020 episode of "All In," and the Court granted summary judgment to NBCU as to all challenged statements from the September 17, 2020 episode of "All In."

3

"All In," and "The Rachel Maddow Show."

Dr. Amin's counsel introduced various of these social media posts during the depositions in this case. *First*, during the deposition of Chris Hayes, Dr. Amin's counsel introduced three posts from the "All In" social media accounts—two tweets from the "All In" Twitter account dated September 17, 2020 and one post from the "All In" Facebook account dated September 21, 2020. In response to the introduction of these documents, Hayes testified that he did not write or review social media posts, he believed social media posts were written by a producer for the show whom he could not identify, and he was not even aware "All In" had a Facebook page.[2] *Second*, during the deposition of Rachel Maddow, Dr. Amin's counsel introduced a post from the "The Rachel Maddow Show" Facebook account and a tweet from the MSNBC Twitter account. Maddow could not identify the individual responsible for publishing these social media posts.[3] During the depositions, Dr. Amin's counsel did not specify that any of these (or other) social media posts were challenged statements in this action.

By the close of discovery, Dr. Amin still had not specifically identified the Twitter statements referenced in the FAC, as NBCU made clear in its statement of material facts in support of its motion for summary judgment. *See* Dkt. 137 ¶¶ 319-21. In his opposition, Dr. Amin "controverted" that he "did not produce such Twitter posts" yet confusingly claimed that this was because NBCU had produced them and they had been discussed during the deposition of Chris Hayes (even though the only "discussion" was Hayes disclaiming any knowledge of who made the tweets and Facebook posts and how they were posted). *See* Dkt. 153-1 ¶¶ 319-21. Clearly,

---

[2] While Dr. Amin attached limited pages from Chris Hayes' deposition transcript to his motion for partial summary judgment, including excerpts in which Hayes discussed two Twitter posts, *see* Dkt. 122-28, these excerpts are incomplete. For the Court's reference, NBCU includes the relevant pages from Hayes' deposition here. *See* Exhibit 1.

[3] *See* Exhibit 2.

however, the three documents introduced during Hayes' deposition differed from the documents described in the FAC: while the FAC alluded to three tweets on September 16 and 22, 2020, *see* FAC ¶ 89, the documents introduced in Hayes' deposition consisted of two tweets and one Facebook post dated September 17 and 21, 2020. Nowhere in Dr. Amin's opposition to NBCU's motion for summary judgment did Dr. Amin indicate who was responsible for the publication of these posts or the state of mind with which these posts were published, nor could he, since he failed to establish such facts during discovery.

Meanwhile, in his partial summary judgment motion, Dr. Amin for the first time listed the three documents introduced during Hayes' deposition—the Social Media Statements—as false and defamatory. *See* Dkt. 122 at 6; Dkt. 122-1 ¶ 69. In its Opposition to Dr. Amin's motion, NBCU argued that the Court should disregard these Social Media Statements because Dr. Amin never specifically identified them. *See* Dkt. 155 at 24-25. In support, NBCU cited to Eleventh Circuit case law, which makes clear that a plaintiff cannot amend a complaint through a summary judgment motion. *Id.* In his reply, Dr. Amin pointed to Paragraph 89 of his FAC (which, again, did not actually identify the Statements or what show published them and instead only referenced generic *tweets* dated September 16 and 22). *See* Dkt. 176 at 15 n.9. Further, as he did in opposition to NBCU's statement of material facts, Dr. Amin argued in his reply that "[i]t is not true that Dr. Amin 'never did' produce the social media posts because NBCUniversal produced the documents," and claimed that the Social Media Statements were "discussed during the deposition of Chris Hayes." *Id.*

In its Order granting in-part and denying in-part the parties' motions for summary judgment, the Court listed the Social Media Statements as challenged statements, *see* Order at 26-27, but did not address NBCU's argument that these Statements should be disregarded because

5

they had not been previously identified. Ultimately, without specifically addressing the Social Media Statements in its analysis, the Court denied Dr. Amin's motion arguing that these Statements were materially false as a matter of law, but likewise denied NBCU's motion, which argued that Dr. Amin could not meet his burden of proving that all of the statements in the case were materially false or were made with actual malice. *See id.* at 53. NBCU now makes this Motion for Reconsideration.

## ARGUMENT

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," *Flintock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1225 (11th Cir. 2013) (citation omitted), and will grant reconsideration when it "overlooked a critical fact or relevant case law," *Alford v. Cordele Foods, Inc.*, 2008 WL 2037080, at *3 (M.D. Ga. May 8, 2008), or "patently misunderstood a party," *Lewis v. Scotbilt Homes, Inc.*, 2013 WL 12242004, at *2 (S.D. Ga. Jan. 30, 2013) (Wood, J.) (citation omitted). Here, reconsideration is appropriate because the Court's Order did not address both controlling precedent and relevant aspects of the factual record.

**I.    Reconsideration Is Warranted Because There Is Controlling Case Law Concerning the Pleading Requirements for Defamation Not Utilized By The Court**

First, the Court should reconsider its Order because it did not address NBCU's argument that the Social Media Statements were not specifically identified as challenged statements in the FAC or at any point during discovery.

As NBCU explained in its opposition to Dr. Amin's motion for summary judgment, it is well-established in the Eleventh Circuit that a "cause of action for defamation cannot stand without the *specific* statement used in the allegedly defamatory communication." *Edmundson v. City of Atlanta*, 2017 WL 4456892, at *6 (N.D. Ga. June 21, 2017), *aff'd*, 717 F. App'x 977 (11th Cir.

6

2018); *see also Sarver v. Jackson*, 2008 WL 4911836, at *4 (N.D. Ga. Nov. 13, 2008) (A complaint that makes "general allegations, without identifying specific statements, [is] insufficient to state a claim for slander, libel or defamation."); *Bailey v. Priority Ambulance*, 2020 WL 10056272, at *4 (N.D. Ga. Sept. 28, 2020) (dismissing defamation claim as to "communications not specifically identified in the amended complaint" when plaintiff alleged there were "other false statements that Defendant made" but did not identify the statements), *report and recommendation adopted*, 2020 WL 10056079 (N.D. Ga. Nov. 10, 2020).  This rule is logical:  without identification of the specific statements being challenged, a defendant would not be able to prepare a complete defense.  Accordingly, courts consistently hold that a defamation claim must fail where the plaintiff has "not alleged the specific statements Defendants made or when they made them."  *Khadija v. Fannie Mae*, 2012 WL 6681736, at *10 (N.D. Ga. Nov. 30, 2012), *adopted*, 2012 WL 6677880 (N.D. Ga. Dec. 21, 2012).[4]

Courts in the Eleventh Circuit have also recognized that a plaintiff "cannot amend [his] complaint through arguments made in [his] brief'" on summary judgment.  *Wainberg v. Piedmont Univ.*, 2023 WL 3931506, at *15 (N.D. Ga. Mar. 7, 2023) (alterations in original) (quoting *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 859 (11th Cir. 2020)) (declining to consider statements omitted from complaint).  Thus, for example, in *Grayson v. No Labels, Inc.*, 2022 WL 12144181, at *3 (11th Cir. Oct. 21, 2022), the Eleventh Circuit held that the district court properly "refused to consider defamatory statements" alleged on summary judgment, which the plaintiff "omitted from—and never sought to add by amendment to—his [] amended complaint."  *Id.*; *see also Akai Custom Guns, LLC v. KKM Precision, Inc.*, 2023 WL 8449374, at *12 n.7 (S.D. Fla.

---

[4] *See also Marques v. JP Morgan Chase N.A.*, 2017 WL 11358416, at *13 (N.D. Ga. Jan. 17, 2017), *adopted*, 2017 WL 11358742 (N.D. Ga. Mar. 9, 2017); *Collins v. Shapiro & Swertfeger, LLP*, 2012 WL 13013644, at *15 (N.D. Ga. Apr. 27, 2012), *adopted*, 2012 WL 13014931 (N.D. Ga. Oct. 5, 2012); *Evans v. Saxon Mortg. Inc.*, 2011 WL 13318621, at *9 (N.D. Ga. Apr. 26, 2011), *adopted*, 2011 WL 13318679 (N.D. Ga. June 6, 2011).

Dec. 6, 2023) (disregarding four allegedly defamatory statements identified, for the first time, in plaintiff's motion for summary judgment); *Krass v. Obstacle Racing Media, LLC*, 667 F. Supp. 3d 1177, 1186 n.4 (N.D. Ga. 2023) (disregarding allegedly defamatory statements which were only specifically identified in its statement of material facts).

As explained above, Dr. Amin did not identify the Social Media Statements as challenged statements in this action until his motion for partial summary judgment—over two years after this case was initially filed.[5] It is not tenable for Dr. Amin to claim that the Social Media Statements are the "tweets" made on September 16 and 22, 2020 vaguely referenced in the FAC: the Social Media Statements are dated September 17 and 21, 2020 and consist of both tweets and a Facebook post. Dr. Amin did not produce these—or any other—social media posts during discovery, despite saying he would do so, even though NBCU requested all documents relating to the challenged news reports and all documents Dr. Amin intended to rely on during trial. Nor did Dr. Amin amend his interrogatory response to identify the social media posts. And, while Dr. Amin points to the fact that he asked Chris Hayes about these Social Media Statements during his deposition, asking one witness whether he knew who created these posts is hardly enough to put NBCU on notice that Dr. Amin wished to challenge these statements as false and defamatory, particularly when the posts discussed at the deposition differed from the posts described in the FAC and when Dr. Amin also questioned another witness about different social media posts.

Accordingly, because Dr. Amin—no different than the plaintiffs in *Grayson*, *Akai*, and *Krass*—improperly attempted to add the Social Media Statements to the FAC through his summary

---

[5] The fact that Dr. Amin did not adequately identify the Social Media Statements prior to his partial motion for summary judgment is further evidenced by Appendix I to the Court's Order. In the chart column titled "Portion of Statement Plaintiff Alleges is Defamatory," the Court cites to a paragraph in the FAC for each of the challenged statements *except* the Social Media Statements, for which the Court cites only to Docket 122—*i.e.*, Dr. Amin's partial summary judgment motion.

judgment briefing, the Court should grant reconsideration on this limited issue and should dismiss the three Social Media Statements from this case.

### II. Reconsideration Is Also Warranted Because the Court Did Not Assess Whether Clear and Convincing Evidence of Actual Malice Existed as to the Social Media Statements

The Court should also dismiss the Social Media Statements for the independent reason that Dr. Amin did not establish that those statements were published with actual malice. As NBCU explained in its Motion, it is Dr. Amin's burden to establish by clear and convincing evidence that each challenged statement was made with "actual malice"—*i.e.* knowledge that the statement was false or a high degree of awareness of probable falsity. *See* Dkt. 127 at 25-26. The Court must assess actual malice as to each statement individually. *See, e.g.*, *Reid v. Viacom Int'l Inc.*, 2017 WL 11634619, at *7 (N.D. Ga. Sept. 22, 2017) (granting reconsideration because court "failed to consider actual malice as it related to each of the allegedly defamatory scenes"); *Tavoulareas v. Piro*, 817 F.2d 762, 794 (D.C. Cir. 1987) ("[D]efamation plaintiffs cannot show actual malice in the abstract; they must demonstrate actual malice in conjunction with a false and defamatory statement"), *cert. denied*, 484 U.S. 870 (1987); *Henry v. Nat'l. Assoc. of Air Traffic Specialists, Inc.*, 836 F. Supp. 1204, 1212 (D. Md. 1993) (actual malice must be specific to each defendant's knowledge and each statement), *aff'd*, 34 F.3d 1066 (4th Cir. 1994); *Moore v. Lowe*, 2021 WL 1208871, at *2 (N.D. Ala. Mar. 31, 2021) ("[Plaintiff] must plead facts that would establish . . . actual malice for each individual statement."); *Trump Media & Tech Grp. v. WP Co.*, 2024 WL 1013188, at *4 (M.D. Fla. Mar. 8, 2024) (holding that a plaintiff "must allege for each false statement 'sufficient facts to give rise to a reasonable inference'" of actual malice). And, in cases involving large news organizations, like this one, the state of mind required for actual malice must be "brought home to the persons in the . . . organization having responsibility for the publication."

9

*Sullivan*, 376 U.S. at 287; *see also Amin v. NBCUniversal Media, LLC*, 2023 WL 8238975, at *4 and n.7 (S.D. Ga. Nov. 28, 2023) (Cheesbro, M.J.) ("Plaintiff will have to establish a connection between actual malice held by specific individuals and the published broadcasts. . . . [The parties] agree [*Sullivan*] requires Plaintiff to prove a specific individual or individuals acted with actual malice and 'collective knowledge' is not sufficient."). Finally, the Court must assess actual malice at the time of each statement's publication. *See, e.g.*, *Bose Corp. v. Consumer Union of U.S., Inc.*, 466 U.S. 485, 512 (1984); *Silvester v. Am. Broad. Cos.*, 650 F. Supp. 766, 779 (S.D. Fla. 1986) (recognizing that actual malice must be assessed "at the time the segment was aired"), *aff'd*, 839 F.2d 1491 (11th Cir. 1988).

Here, the Court did not assess actual malice as to the Social Media Statements specifically, separate and apart from the challenged statements made in the news reports. Had the Court done so, it would have dismissed each of the Statements. Critically, Dr. Amin *never* established who at NBCU was responsible for writing, reviewing, or publishing these Statements. Indeed, Chris Hayes—the only witness to whom Dr. Amin showed these Statements—testified that he was unaware who drafted them, he did not review them, and he was not even aware "All In" had a Facebook page. *See* Ex. 1. Thus, Dr. Amin has not—and cannot as a matter of law—"bring home" actual malice to the individuals responsible for these Statements at the time of their publication.

Rather than addressing any evidence "bring[ing] home" the state of mind concerning any individual responsible for the Social Media Statements, the Court at times generally references the knowledge of "NBC." *See, e.g.*, Order at 71 (holding that some challenged statements "contradict information known to NBC at the time of reporting"); *id.* at 72 (holding that Dawn Wooten "told NBC that she had spoken with 'several women' in the eight years she worked at the ICDC). But doing so directly contradicts *Sullivan*'s requirement to "bring home" actual malice to the *person*

10

responsible for the publication. *See also Dongguk University v. Yale University*, 734 F.3d 113, 123 (2d Cir. 2013) ("When there are multiple actors involved in an organizational defendant's publication of a defamatory statement, the plaintiff must identify the individual responsible for publication of a statement, and it is that individual the plaintiff must prove acted with actual malice."); *Holbrook v. Harman Auto., Inc.*, 58 F.3d 222, 225 (6th Cir. 1995) ("[W]here, as here, the defendant is an institution rather than an individual, the question is whether the individual responsible for the statement's publication acted with the requisite culpable state of mind."); *Donald J. Trump for President, Inc. v. CNN Broad., Inc.*, 500 F. Supp. 3d 1349, 1357 n.4 (N.D. Ga. 2020) (allegations that certain CNN staff members were biased against the plaintiff deemed insufficient to plead actual malice because the plaintiff failed to connect these staff members to the specific article in question). In addition, while the Court wrote that Dr. Amin presented evidence supporting a finding that "[d]ecisionmakers who approved NBC's publications of the statements" acted with actual malice, Order at 74, the Court notably did not cite to any person responsible for the Social Media Statements, nor could it, since that person(s) has not been identified.

Thus, because Dr. Amin cannot meet his burden of proving by clear and convincing evidence that the individual or individuals responsible for the publication of the Social Media Statements acted with actual malice at the time of their publication, these Statements should be dismissed from the case for this independent reason.

## CONCLUSION

For the foregoing reasons, NBCU respectfully requests that the Court grant partial reconsideration of its June 26, 2024 Order and dismiss the Social Media Statements from this

11

action.[6]

Dated: July 15, 2024

Respectfully submitted,

| | |
|---|---|
| *s/ Benjamin H. Brewton* | *s/ Elizabeth A. McNamara* |
| Benjamin H. Brewton | Elizabeth A. McNamara |
| Georgia Bar No. 002530 | (admitted *pro hac vice*) |
| Jena C. Lombard | Amanda B. Levine |
| Georgia Bar No. 213734 | (admitted *pro hac vice*) |
| BALCH & BINGHAM LLP | Leena Charlton |
| 801 Broad Street, Suite 800 | (admitted *pro hac vice*) |
| Augusta, GA 30901 | DAVIS WRIGHT TREMAINE LLP |
| Tel.: (706) 842-3700 | 1251 Avenue of the Americas, 21st Floor |
| bbrewton@balch.com | New York, NY 10020-1104 |
| jlombard@balch.com | Tel.: (212) 489-8230 |
| | lizmcnamara@dwt.com |
| | amandalevine@dwt.com |
| | leenacharlton@dwt.com |

*Attorneys for Defendant NBCUniversal Media, LLC*

\*   \*   \*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of July 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanslaw.com
Amble Johnson
ajohnson@staceyevanslaw.com
Scott R. Grubman
sgrubman@cglawfirm.com

---

[6] NBCU also respectfully draws to the Court's attention an apparent error in Appendix II to the Order. The Court expressly held that "[b]ecause Plaintiff did not move on Statements 9 and 34, he must prove their falsity at trial." *See* Order at 49, n.4. Accordingly, the Court granted Dr. Amin's motion on falsity as to Statements 5, 6, 14, 15, 16, 23, 25, 26, 27, and 28, but *not* as to Statements 9 and 34. *Id.* at 49. Yet, in Appendix II, the Court erroneously stated that Dr. Amin's Motion on falsity as to Statements 9 and 34 was "Granted." *See id.* at 100, 106. To the extent the Court may rely on the Appendix as the case moves forward, NBCU respectfully requests that the Appendix be corrected to reflect the Court's Order.

12

*s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com

*Attorneys for Defendant*
*NBCUniversal Media, LLC*