UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-CV-00056-LGW-BWC |
| NBCUNIVERSAL MEDIA, LLC, | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

NBCU's motion for "reconsideration" requests that the Court dismiss from the case three statements it made in social media posts, for two reasons.  NBCU mentioned neither argument *at all* in its motion for summary judgment.  It fleetingly raised one of the arguments in a single paragraph of its response to *Dr. Amin*'s motion for partial summary judgment, contending that, because Dr. Amin insufficiently identified the statements in his complaint, "Dr. Amin is not entitled to summary judgment."  The Court did deny Dr. Amin's motion for summary judgment as to the falsity of those statements.[1]  Accordingly, NBCU's motion is not for reconsideration; it requests the Court entertain arguments NBCU never made in its motion for summary judgment.

---

[1] Dr. Amin respectfully disagrees with the Court's ruling as to whether an issue of material fact remains as to the falsity of those posts, but he does not move for reconsideration, mindful of the exacting standard that such motions are limited to circumstances in which reconsideration is "absolutely necessary" because of "clear error," particularly since an "error is not clear and obvious if the legal issues are at least arguable." *Perez v. Watts*, 2016 WL 3453427, at *1 (S.D. Ga. June 17, 2016) (quotation marks omitted).  While declining to follow NBCU's lead in making an additional motion to burden the parties and the Court, Dr. Amin also notes that NBCU's motion for the Court to "reconsider" arguments (Doc. 215) which it did not make in its motion for summary judgment does not appear to be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," as NBCU certified by filing the motion.  *See* Fed. R. Civ. P. 11(b)(2).

Even if NBCU's arguments were properly raised, which they are not on a motion for reconsideration, both arguments fail. As Dr. Amin set forth in his reply in support of his motion for summary judgment, his complaint sufficiently identified the social media posts, and NBCU's citations in purported support of its argument otherwise are inapposite. And, although it is true that *at trial* Dr. Amin bears the burden of demonstrating actual malice as to all of the statements, including the social media posts, on *summary judgment* NBCU never separately argued that Dr. Amin could not prove actual malice on the social media posts until now. Anyway, even though Dr. Amin accordingly did not undertake to demonstrate the existence of an issue of material fact, the record he set forth does contain evidence of actual malice as to the social media posts.

Dr. Amin sufficiently demonstrated issues of material fact as to each of the broadcasts that NBCU argued were not made with actual malice in its motion for summary judgment. The Court properly denied NBCU's motion as to actual malice. Dr. Amin bore no obligation to respond to summary judgment arguments that NBCU never made, and it is not "clear error" sufficient for the Court to find it "absolutely necessary" to revisit its ruling as to arguments NBCU first raises now which, anyway, are unavailing. The motion should be denied.

## BACKGROUND

As the Court summarized in its order on the parties' motions for summary judgment:

> NBC published multiple reports about allegations that Plaintiff, Dr. Mahendra Amin, performed mass hysterectomies on female detainees at an Immigration and Customs Enforcement ("ICE") facility in Georgia. NBC reported allegations that Dr. Amin performed hysterectomies that were unnecessary, unauthorized, or even botched. Dr. Amin then brought this case, asserting that NBC defamed him under Georgia law.

Doc. 209 at 1.

After discovery, the Court granted the parties' joint motion to extend the page limits from

26 pages to 36 pages in the parties' summary judgment motions and response briefs thereto. Doc. 118.  In their joint motion requesting such relief, the parties attested that they "believe that an extension of Local Rule 7.1(a)'s page limit from 26 to 36 pages for summary judgment motions and responses will allow the parties to adequately address the relevant legal issues and the record."  Doc. 116 ¶ 4.  But the parties were not limited to the 36 pages of motion and response briefs plus 26 pages of reply briefs.  Additionally, the Court heard the parties at a hearing on April 16, 2024, at which the Court opened the hearing by stating: "If you will come to the podium and begin, and, of course, this is your opportunity to say anything that you would like to say to augment the briefs that have been filed."  Doc. 196-1 at 4:8-11.  That was *still* not the totality of the audience the Court afforded the parties on their motions.  The Court provided at the hearing that the parties would have two weeks "to follow up with any brief that you want to," *id*. at 41:14-16, an opportunity NBCU took with a 16-page supplemental brief.  Doc. 197.  In its motion for summary judgment (Doc. 127), its reply in support thereof (Doc. 181), the hearing on summary judgment (Doc. 196-1), and its supplemental brief (Doc. 197), NBCU made absolutely no argument for the Court to treat the social media posts any differently from the rest of the statements for purposes of any argument in NBCU's motion for summary judgment.  Indeed, the term "social media" does not appear at all in NBCU's 36-page motion for summary judgment.  *See generally* Doc. 127.  It appears once in its 26-page reply brief in support of its motion, but only in the context of Chris Hayes having subjective doubts about the accuracy of the hysterectomy allegations.  Doc. 181 at 21.

In its *response to Dr. Amin's* motion for partial summary judgment, NBCU, in a single paragraph, argued briefly that *Dr. Amin's motion should be denied* as to the social media posts because they were not sufficiently noticed in his complaint.  Doc. 155 at 24-25.  But Dr. Amin

3

responded to NBCU's short, skeletal argument in his reply in support of his motion, pointing out that the posts were sufficiently identified pursuant to pertinent defamation case law and NBCU's cited cases in purported support were unavailing. Doc. 176 at 15 n.9. Despite responding to Dr. Amin's motion with its argument that Dr. Amin's motion "should be denied" as to the social media posts "for the independent reason that Dr. Amin never previously identified them," Doc. 155, NBCU did not address the social media posts in its reply in support of its motion for summary judgment or in the hearing on the motion or supplemental briefing. *See generally* Docs. 181, 196-1, 197. NBCU also never sought to amend or supplement its own motion for summary judgment to address the social media posts apart from its other arguments.

The Court ruled that there are issues of fact to be tried, granting in part and denying in part both of the parties' motions for summary judgment. Doc. 209. Regarding actual malice, the Court ruled that "genuine disputes of material fact exist as to whether NBC acted with actual malice" and accordingly NBCU's motion was denied. *Id*. at 80. The Court also denied Dr. Amin's motion as to the falsity of the statements made in the social media posts. *Id*. at 96-97, 106-107.

NBCU *now*, after the Court's ruling and as the parties prepare for trial, asserts that the Court should dismiss the social media statements because they were not properly noticed and because Dr. Amin did not establish actual malice as to the social media posts specifically. Doc. 215 at 6-11. Without admitting that it made neither argument in its motion for summary judgment, NBCU contends that the Court made a clear error by declining to agree with these arguments, which are unavailing anyway. The motion should be denied.

## LEGAL STANDARD

"Motions for reconsideration are to be filed only when 'absolutely necessary' where there

is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Perez v. Watts*, 2016 WL 3453427, at *1 (S.D. Ga. June 17, 2016) (citation omitted). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *Id.* (quotation marks omitted). Motions for reconsideration should not be used to "present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it 'could have done it better' the first time." *Id.* (citation omitted). Motions for reconsideration also should not raise issues that were not identified in previous briefing: "It is inappropriate to raise . . . issues for the first time in a motion for reconsideration." *Cobb v. Geter*, 2023 WL 3603747, at *1 (S.D. Ga. May 23, 2023) (citation omitted).

## ARGUMENT

NBCU moves for reconsideration. It does not identify any "newly discovered evidence" or "intervening development or change in controlling law," and accordingly its arguments are that there is "a need to correct a clear error" by the Court. *See Perez*, 2016 WL 3453427, at *1 (citation omitted). NBCU raises two arguments: (1) Dr. Amin did not sufficiently identify the social media posts in his operative complaint and his failure to do so requires dismissal, and (2) the Court did not analyze the evidence of actual malice as to the social media posts independently. Doc. 215 at 6-11. Both arguments are inappropriate grounds for motions for reconsideration because they are issues that NBCU raises "for the first time in a motion for reconsideration." *Cobb*, 2023 WL 3603747, at *1. Further, in its motion for summary judgment (Doc. 127), NBCU failed to "show[] that there is no genuine dispute as to any material fact" as to the social media posts at all. Fed. R. Civ. P. 56(a). For purposes of summary judgment, Dr. Amin was not required to refute arguments that NBCU did not raise or file evidence showing an

issue of material fact where NBCU did not argue there is an absence of material fact.

Even if NBCU had set forth these arguments in its motion for summary judgment, which it did not do, the arguments are unavailing. As to the sufficiency of Dr. Amin's complaint, the complaint *does* identify the statements at issue sufficiently. And as to actual malice, the record *does* include evidence of actual malice as to the social media posts.

Accordingly, the Court's ruling was correct. There was certainly no "clear and obvious error" sufficient to make NBCU's motion "absolutely necessary." *See Perez*, 2016 WL 3453427, at *1.

### I. The Court Did Not Commit "Clear Error" By Not Meriting Arguments That NBCU Never Set Forth.

The Court properly considered and addressed the arguments set forth in the parties' extensive briefing in its summary judgment ruling that there are issues for trial. As Eleventh Circuit precedent makes clear, it is the obligation of the parties to set forth arguments in their motions, particularly on summary judgment where the movant must demonstrate the absence of a genuine dispute of material fact, with the non-moving party receiving all reasonable inferences. *See* Fed. R. Civ. P. 56(a). Because NBCU failed to raise either of its reconsideration arguments before the Court in its motion for summary judgment arguing that Dr. Amin's claims should be dismissed, it is inappropriate for NBCU to raise these issues for the first time in a motion for reconsideration, and the Court committed no "clear error."

Summary judgment may only be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir.

2009) (quotation marks omitted).

NBCU contends that the Court committed clear error by not dismissing the three statements in response to NBCU's argument regarding the sufficiency of Dr. Amin's complaint's identification of the social media statements. Doc. 215 at 6-9. But it is not the case that the Court "did not address NBCU's argument," Doc. 215 at 6, because NBCU never *made* or *mentioned at all* that argument in NBCU's motion for summary judgment, which argued that Dr. Amin's claims should be dismissed. *See generally* Doc. 127. NBCU only discussed Dr. Amin's purported failure to sufficiently identify the social media posts in its response to *Dr. Amin*'s motion for summary judgment, in which NBCU argued that "Dr. Amin's motion for partial summary judgment should be denied." Doc. 155 at 24-25. NBCU never sought to amend or supplement its own motion for summary judgment to address the social media posts apart from its other arguments, and it never undertook the opportunity to do so in its reply brief, hearing on summary judgment, or supplemental brief. NBCU also argues that clear error mandates reconsideration and dismissal of these statements "because the Court did not assess whether clear and convincing evidence of actual malice existed as to the social media statements," Doc. 215 at 9-11, an argument NBCU first brings up here in its motion for reconsideration. "It is inappropriate to raise . . . issues for the first time in a motion for reconsideration." *Cobb*, 2023 WL 3603747, at *1 (citation omitted). Because NBCU did not bring up these arguments in support of its motion for summary judgment, it is "inappropriate" to raise them now. *Id*.

For similar reasons, the Court cannot have made "clear error" by failing to address NBCU's arguments that the Court should dismiss these posts on summary judgment, when those arguments were not before the Court. "The Court . . . will not infer an argument where none is expressly made in counsel's motion." *Carter v. City of Douglas*, 2016 WL 8730573, at *6 n.3

(S.D. Ga. Sept. 30, 2016) (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)); *see also Peery v. CSB Behav. Health Sys.*, 2008 WL 4935598, at *2 (S.D. Ga. Nov. 18, 2008) ("The job of this Court is to consider the parties' arguments in relation to a given motion and render a ruling on that basis; it is not to comb the multitude of filings by each party and find every potential argument that could be distilled from these documents."); *U.S. ex rel. Whitten v. Cmty. Health Sys., Inc.*, 2008 WL 11349783 (S.D. Ga. Sept. 11, 2008) ("The Court's role [on summary judgment] is not to articulate [the defendant]'s defense for it, and the Court is not obliged to parse the record in search of facts that might support Defendants' defenses.").

Accordingly, NBCU's motion for reconsideration does not request that the Court reconsider its ruling based on the arguments and requests that were before the Court. NBCU simply wants the Court to consider arguments it never set forth once in the 78 pages of its briefing on its motion for summary judgment—indeed, NBCU argues it was clear error for the Court to not consider and agree with these arguments it never made. NBCU may feel that *it* clearly erred by omitting these arguments from its motion for summary judgment, but that is not the kind of "clear error" of ***the Court*** that makes filing a motion for reconsideration "absolutely necessary." *Perez*, 2016 WL 3453427, at *1.

## II. Dr. Amin Was Not Required To Respond To Arguments That NBCU Did Not Make in its Motion for Summary Judgment, And Those Arguments Are Unconvincing Anyway.

NBCU did not advance the arguments in its motion for reconsideration in its own summary judgment motion (or in its reply, at the hearing, or in supplemental briefing), so that should be the end of the Court's inquiry on this motion. It is nonsensical to ask the Court to reconsider its order regarding arguments never made.

But even still, because NBCU did not raise the arguments advanced here, Dr. Amin was

not required to respond to them in its response briefing to NBCU's motion for summary judgment. Yet, those arguments fail in any event.

### A. NBCU Did Not Argue in Its Motion for Summary Judgment that Dr. Amin Did Not Sufficiently Identify the Social Media Posts; And Dr. Amin Did So Identify Them.

Even if NBCU had made its argument regarding the sufficiency of Dr. Amin's complaint's identification of the three statements on its motion for summary judgment requesting dismissal of claims, which it did not, the statements should not be dismissed on NBCU's argument, particularly under the "clear error" standard on a motion for reconsideration. The (almost exclusively non-binding) cases NBCU cites in purported support are all inapposite. Georgia and Eleventh Circuit case law regarding the pleading and proof of defamation provides that NBCU was not due summary judgment as to the social media posts. Indeed, NBCU *agreed* that Dr. Amin was due summary judgment as to the publication element of defamation, which is the element for which a plaintiff must identify evidence of specific statements that defamed him.

As an initial matter, NBCU's argument that the social media statements should be dismissed because of his failure to specifically identify them in his complaint is simply wrong because Dr. Amin *did* identify the social media statements in his complaint. In his complaint, in a paragraph with no other allegations, Dr. Amin alleged: "MSNBC and its reporters repeated their false and defamatory statements of and concerning Dr. Amin on Twitter on at least three occasions on September 16, 2020 and September 22, 2020." Doc. 49 ¶ 89. Elsewhere in the complaint, Dr. Amin alleged: "The false and defamatory statements were published in national and international television broadcasts, online videos, online articles, and social media posts." *Id*. ¶ 9. He also alleged: "MSNBC and its reporters also kept the false and defamatory statements alive on social media as late as September 22, 2020." *Id*. ¶ 220. Further, none of the

9

statements are new in content; each statement echoes numerous other statements and concerns "unnecessary hysterectomies" or "mass hysterectomies," *see* Doc. 209 at 96-97, arguments for which the parties conducted extensive discovery and briefing and which the Court methodically addressed in its order. NBCU appears to argue that the law requires Dr. Amin to have quoted the specific social media statements in his complaint and that not doing so requires dismissal of those statements on summary judgment. *See* Doc. 215 at 6-9. But as discussed below, that is not the law of Georgia or the Eleventh Circuit.

Second, NBCU did not raise this argument even glancingly in its motion for summary judgment, in which it moved for the Court pursuant to Federal Rule of Civil Procedure 56(a) to dismiss Dr. Amin's claims. Doc. 127. Indeed, it did not mention the term "social media" at all in that motion. *Id*. Rather, NBCU only mentioned its argument in a single paragraph in its response to Dr. Amin's motion for summary judgment, arguing: "Finally, Dr. Amin's Motion should be denied as to the three 'social media' statements, *see* Mot. at 6, for the independent reason that Dr. Amin never previously identified them." Doc. 155 at 24. The only relief for which NBCU raised the issue was to argue that the Court should deny Dr. Amin's motion for summary judgment as to those statements, which the Court did (based on other reasoning). Doc. 209 at 96-97, 107-108. Dr. Amin had no reason to respond to an unmade argument in response to NBCU's motion for summary judgment.

Third, even if NBCU had raised the argument that the statements should be dismissed on summary judgment, which it did not, it is not "clear error" to reject this argument; in other words the issue is "at least arguable." *Perez*, 2016 WL 3453427, at *1. In order to prove publication under Georgia law, a plaintiff must submit evidence of the specific words or statements that defamed him. Georgia law provides: "If there is no *evidence* of any specific words or statements

10

uttered by [a defamation defendant], there can be no *finding* that he published a slander." *ITT Rayonier, Inc. v. McLaney*, 204 Ga. App. 762, 765 (1992) (citation omitted and emphases supplied). "A plaintiff cannot *prove* publication without introducing *evidence* of the specific statement used in an allegedly defamatory communication." *Lewis*, 293 Ga. App. at 748-49 (citing *ITT Rayonier*) (emphases supplied).

Accordingly, on summary judgment as to the element of publication, if NBCU had shown "that there is no genuine dispute as to [the] material fact" that the social media statements were not published and Dr. Amin had not rebutted, only then NBCU as the movant would have been "entitled to judgment as a matter of law" that the statements were not published. Fed. R. Civ. P. 56(a). However, there is ample evidence of the publication of those statements. Indeed, NBCU did not argue in its summary judgment motion that it was due summary judgment because of the publication element. *See generally* Doc. 127. Dr. Amin argued in his motion for partial summary judgment that *he* should be granted summary judgment as to the publication element: "Further, NBCUniversal published the First Twitter Post, the Second Twitter Post, and the Facebook Post by posting them on those social network websites on September 17 and September 21. Pl. SOMF ¶¶ 65-67." Doc. 122 at 23. In its opposition thereto, NBCU did not contest this argument at all, *see generally* Doc. 155, and NBCU even *expressly conceded* that Dr. Amin was due summary judgment as to publication, stating that it agreed that all of the challenged statements "were broadcast to third parties." *Id*. at 25 n.18.

In its motion that the Court should reconsider its order based on clear error "because there is controlling case law concerning the pleading requirements for defamation not utilized by the Court," NBCU cites absolutely zero authority establishing any such thing. Doc. 215 at 6-9. Indeed, NBCU cites virtually zero "controlling case law" at all. *See id*. (citing almost

11

exclusively orders and report and recommendations from other district courts). Like a "party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions," *Case*, 555 F.3d at 1329 (11th Cir. 2009), a party similarly cannot readily complain about a court having made an error of law when it has cited to no authority contrary to that court's order.

The cases NBCU cites are clearly inapposite. All of the federal defamation cases NBCU cites spring from the Georgia law requirement as to *publication*. *See, e.g.*, *Edmundson v. City of Atlanta*, 2017 WL 4456892, at *6-7 (N.D. Ga. June 21, 2017) ("Plaintiff's allegation here is vague and does not demonstrate that Officer Jones' specific statement was published."); *Bailey v. Priority Ambulance*, 2020 WL 10056272, at *4 (N.D. Ga. Sept. 28, 2020) (quoting *Lewis*, 293 Ga. App. at 748-49, which was about the necessity of evidence to prove publication); *Khadija v. Fannie Mae*, 2012 WL 6681736, at *10 (N.D. Ga. Nov. 30, 2012) ("To the extent that Plaintiffs allege that Defendants reported false and inaccurate information, this claim must fail because Plaintiffs have not alleged the specific statements Defendants made or when they made them."); *Marques v. JP Morgan Chase N.A.*, 2017 WL 11358416, at *13 (N.D. Ga. Jan. 17, 2017) ("First, to the extent that Plaintiff alleges that Defendant reported false and inaccurate information, the claims must fail because Plaintiff has not alleged the specific statements made, to whom they were made, or when Defendant made them.") (Report and Recommendation); *Collins v. Shapiro & Swertfeger, LLP*, 2012 WL 13013644, at *15 (Apr. 27, 2012) (same quotation) (Report and Recommendation); *Evans v. Saxon Mortg.*, 2011 WL 13318621, at *9 (N.D. Ga. Apr. 26, 2011) ("Second, to the extent that Plaintiff alleges that Saxon reported false and inaccurate information, this claim also must fail because Plaintiff has not alleged the specific statements Saxon made or

12

when it made them.") (Report and Recommendation).  Whereas in those cases the defendant prevailed by showing that the plaintiff could not meet his burden as to publication, here NBCU expressly concedes that Dr. Amin can meet that burden and that he has done so as a matter of law.  Doc. 155 at 25 n.18.  NBCU's contention that its argument is supported by these cases—in which the court ruled that a plaintiff could not prove *publication* as a matter of law—is ridiculous in the face of its *express concession that Dr. Amin is due summary judgment that the statements were published*.

As to the cases NBCU cites in its paragraph regarding Dr. Amin's purported "amendment" of his complaint, while this is again an argument that NBCU did not raise in its motion for summary judgment, even if it had and this presented appropriate grounds for a motion for reconsideration, NBCU's argument would remain unavailing.  This is made clear by the very first case NBCU cites.  In *Wainberg v. Piedmont Univ.*, the court ruled: "Because neither the Schulte nor Melichar communications were *mentioned or referenced* in Wainberg's Fifth Amended Complaint, the Court will not consider them."  2023 WL 3931506, at *15 (N.D. Ga. Mar. 7, 2023) (emphasis supplied).  Therefore, while NBCU argues that the statements should be dismissed because Dr. Amin did not exactly quote them in his complaint, to support that argument it cites a case that ruled that it would be sufficient to mention or reference statements in a defamation complaint but that the plaintiff in that case did not do so.[2]  Likewise, in *Grayson v. No Labels, Inc.*, a three-page unpublished opinion, the Eleventh Circuit affirmed the trial court's determination on summary judgment that the plaintiff had not set forth evidence from

---

[2] In the Eleventh Circuit case to which *Wainberg* cites, the plaintiff had argued that she pursued separate *claims* for retaliation under Title VII, Section 1981, and the ADEA, and the Eleventh Circuit held that it would consider "the only retaliation claim pled in the complaint."  *Monaghan v. Worldplay US, Inc.*, 955 F.3d 855, 859 (11th Cir. 2020).

13

which a jury could plausibly infer actual malice, refusing to consider allegations which the plaintiff had "omitted" from his complaint—not statements the plaintiff alleged but did not specifically quote. 2022 WL 12144181, at *2-3 (11th Cir. 2022). Similarly, in *Akai Custom Guns, LLC v. KKM Precision, Inc.*, the court declined to consider for purposes of the defendant's motion for summary judgment statements which were first "*identified*" in the plaintiff's motion papers, not just not quoted. 2023 WL 8449374, at *12022 WL 12144181, at *2-3 (11th Cir. 2022)2 n.7 (S.D. Fla. Dec. 6, 2023) (emphasis supplied). Finally, in *Krass v. Obstacle Racing Media, LLC*, the plaintiff had "expressly premised the defamation claim" on statements contained in a "First Article" and "does not premise the defamation claim on any statements in the Second Article," and accordingly the court did not consider allegations from the "Second Article" which were mentioned only in the plaintiff's statement of material facts. 667 F. Supp. 3d 1177, 1186 n. 4 (N.D. Ga. 2023). In these cases, the plaintiff did not "mention or reference," "omitted," did not "identif[y]," or premised its claim on a different publication; none support NBCU's argument that the three statements at issue should be dismissed because they were not specifically quoted.[3]

Although NBCU summarizes the cases it cites as "controlling case law concerning the pleading requirements for defamation," Doc. 215 at 6, for the reasons discussed above, that is not

---

[3] NBCU takes issue with Dr. Amin's purported failure to produce the posts pursuant to an interrogatory request. Doc. 215 at 8. As an initial matter, as Dr. Amin explained in his reply in support of his motion for partial summary judgment, *NBCU* produced those posts to Dr. Amin in discovery, so NBCU already had them; also, the complaint alleged Dr. Amin was defamed by such posts, the posts were the subject of deposition questioning of Mr. Hayes, and the posts' content matches that of NBCU's other statements alleging "unnecessary hysterectomies" and "mass hysterectomies." Doc. 176 at 15 n.9. NBCU's contention that there was "hardly enough to put NBCU on notice that Dr. Amin wished to challenge these statements as false and defamatory," Doc. 215 at 8, is therefore unconvincing. Further, NBCU points to nothing in Georgia or Eleventh Circuit law justifying dismissal on these grounds, particularly in a motion for reconsideration where its burden is to demonstrate an order's "clear error."

so. The Court's not ruling as NBCU wants is certainly not "clear error," and accordingly even if the arguments advanced on identification of the social media posts were properly brought (which they are not on NBCU's motion for reconsideration), the motion for reconsideration is not "absolutely necessary" and should be denied. *Perez*, 2016 WL 3453427, at *1.

    **B. NBCU Did Not Argue that Actual Malice Could Not Be Demonstrated for the Social Media Posts; And the Record is Clear that Actual Malice is an Issue for Trial.**

As to NBCU's argument that the Court erred as a matter of law by not dismissing the social media posts on actual malice grounds, NBCU did not bring up this argument at all until its motion for reconsideration. Even if NBCU had made its argument on its motion for summary judgment requesting dismissal of claims, which it did not, it is not "clear error" to conclude that the statements should not be dismissed on NBCU's argument regarding actual malice.

NBCU argues: "Here, the Court did not assess actual malice as to the Social Media Statements specifically, separate and apart from the challenged statements made in the news reports." Doc. 215 at 10. But NBCU nowhere raised the argument that the Court should do so. "It is inappropriate to raise . . . issues for the first time in a motion for reconsideration." *Cobb*, 2023 WL 3603747, at *1 (citation omitted).

For the same reason, it was not "clear error" to not dismiss statements on arguments that NBCU never set forth on summary judgment. NBCU appears to argue that Dr. Amin was required to prove his entire case at the summary judgment stage, and that the Court was required to identify every argument as to actual malice that NBCU could have possibly raised. *See* Doc. 215 at 9 ("As NBCU explained in its Motion, it is Dr. Amin's burden to establish by clear and convincing evidence that each statement was made with 'actual malice'—*i.e.* knowledge that the statement was false or a high degree of awareness of probable falsity. *See* Dkt. 127 at 25-26.

15

The Court must assess actual malice as to each statement individually."). That is not what the law says. Although Dr. Amin bears the burden as to proving actual malice at trial, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." *Case*, 555 F.3d at 1329 (quotation marks omitted). NBCU addressed each broadcast specifically in its motion for summary judgment. Doc. 127 at 29-32. It also addressed what it (incorrectly) characterized as Dr. Amin's "ever-shifting theories of actual malice" as to actual malice *not* specific to each publication, such as the involvement of Standards, NBCU's receiving information disproving and casting doubt on the allegations, and NBCU's motive in pushing a narrative against a purportedly nefarious Trump Administration immigration apparatus. *Id*. at 32-36. Dr. Amin responded to those arguments, upon which NBCU expanded—without mentioning any argument that was specific to the social media statements—in subsequent briefing and a hearing. Because NBCU never raised any argument as to actual malice in the social media statements apart from its general arguments regarding the same, it was not "clear error" for the Court to not grant NBCU's motion on those un-raised grounds.

But even though Dr. Amin was not obligated to identify evidence showing that an issue of material fact existed where NBCU did not argue otherwise, there is nevertheless evidence in the record demonstrating actual malice as to the social media statements, such that it was not "clear error of law," to rule that NBCU was not due summary judgment on actual malice as to these statements; in other words, "the legal issues are at least arguable." *Perez*, 2016 WL 3453427, at *1 (quotation marks omitted); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider

16

only the cited materials, but it may consider other materials in the record."). The Court ruled as to each of the broadcasts as well as those decision-makers, such as Standards, who were involved in all the statements, that Dr. Amin had set forth evidence from which a jury could conclude NBCU published the statements with actual malice. Doc. 209 at 73-74. As the Court ruled in its order, Dr. Amin "presented evidence that NBC's statements were inherently implausible." Doc. 209 at 70. This includes specifically the statements at issue in the social media posts—that Dr. Amin performed "unnecessary hysterectomies" or "mass hysterectomies." *Id*. The Court concluded: "The implausibility of these statements is clear, given that NBC found evidence of only two hysterectomies." *Id*. Finally, the Court ruled that, in the statements where NBCU "provided information contrary to the republished allegations," that was a factor which made the determination of actual malice "a job for the jury," *id*. at 78-79, but there was no such contrary information in the social media posts mitigating the actual malice as to those statements.

In arguing that the order was nevertheless "clear error" such that a motion for reconsideration is "absolutely necessary," *Perez*, 2016 WL 3453427, at *1 (citation omitted), NBCU cites numerous cases. Doc. 215 at 9-11. As with the cases NBCU cites in its other argument, these cases are almost exclusively non-binding, and they are all inapposite. Indeed, the only two cases from the United States Supreme Court, the Eleventh Circuit, or Georgia courts are *Bose Corp. v. Consumer Union of U.S., Inc.*, 466 U.S. 485 (1984), for the proposition that the inquiry for actual malice is state of mind at the time of the publication, and *N.Y. Times v. Sullivan*, 376 U.S. 254 (1964). Doc. 215 at 9-11. And the only case from the Southern District of Georgia is an order in this case, in which on a discovery dispute the Court applied *Sullivan* to this case in its discussion of Dr. Amin's burden *at trial*:

> This discovery dispute turns on the potential relevance of the additional documents Plaintiff has requested. Defendant argues

17

>the potential relevance of those additional documents depends on what the Plaintiff *must prove at trial*. The parties agree Plaintiff has the burden in this case to prove Defendant acted with actual malice.

*Amin v. NBCUniversal Media, LLC*, 2023 WL 8238975, at *4 (S.D. Ga. Nov. 28, 2023) (Cheesbro, M.J.) (emphasis supplied); *also available at* Doc. 111 at 7. *Sullivan*, and this Court's order, do not present any obligation for Dr. Amin to refute arguments that were never properly supported in a motion for summary judgment.

The same is true of the non-binding and out-of-district orders and opinions NBCU cites. For example, in *Reid v. Viacom Int'l Inc.*, the court denied most of the defendant's motion for reconsideration but granted it as to actual malice in certain scenes within a movie when the court concluded that it had "erred by considering actual malice in the abstract rather than as it relates to each of the specific defamatory scenes at issue in this case" and rather only considered the entire movie as a whole. 2017 WL 11634619, at *7-8 (N.D. Ga. Sept. 22, 2017). NBCU does not contend that the Court similarly considered actual malice "in the abstract." *See id*. Nor could it. *See, e.g.*, Doc. 209 at 74 (noting the subjective doubts of decision-makers as to each of the publications NBCU argued was made without actual malice). Nothing in *Reid* or any of the other cases NBCU cites supports its contention that it was "clear error" to not grant a summary judgment argument that NBCU never made.

## CONCLUSION

NBCU requests the Court "reconsider" its order by granting NBCU relief—dismissal of three statements for the independent reason that they are social media posts—which it never requested in its motion for summary judgment. It bases its motion on the contention that the Court made "clear error" based on two arguments, neither of which NBCU *even mentioned* in that motion, in its reply thereto, at the hearing the Court held on the motion, or at the additional

18

briefing the Court allowed the parties. As further discussed above, if those arguments had been appropriately set forth—they were not—they are unavailing, anyway. The motion (Doc. 215) should be denied.

Respectfully submitted this 29th day of July 2024.

*/s/ Stacey G. Evans*
Stacey G. Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com
Tiffany N. Watkins
Georgia Bar No. 228805
twatkins@staceyevanslaw.com
Ryan E. Harbin
Georgia Bar No. 370658
rharbin@staceyevanslaw.com
J. Amble Johnson
Georgia Bar No. 229112
ajohnson@staceyevanslaw.com
STACEY EVANS LAW
729 Piedmont Ave NE
Atlanta, GA 30308
(404) 850-6750 (phone)
(404) 850-6748 (fax)

Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com

CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION** will be served upon all attorneys in this matter by filing with the Court's CM/ECF system.

This this 29th day of July 2024.

*/s/ Stacey G. Evans*
Stacey G. Evans