**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | Case No. 5:21-cv-00056-LGW-BWC |
| v. | **REPLY IN FURTHER SUPPORT OF NBCU'S MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT** |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

NBCU respectfully submits this Memorandum of Law in reply to Dr. Amin's Opposition to NBCU's Motion for Partial Reconsideration (Dkt. 218) (the "Opposition") and in further support of its Motion for Partial Reconsideration (Dkt. 215) (the "Motion").

## PRELIMINARY STATEMENT

In its Motion, NBCU explained why the Court erred when it considered the Social Media Statements[1] as part of this action and declined to dismiss any claims stemming from these Statements. In his Opposition, Dr. Amin barely musters a defense, instead repeatedly claiming that NBCU failed to specifically seek the dismissal of the Social Media Statements in its motion for summary judgment. Yet, NBCU indisputably moved for summary judgment on *all* Dr. Amin's claims, not partial summary judgment. If Dr. Amin had included the Social Media Statements in his claims, NBCU moved for summary judgment on those Statements as well. Any confusion on this point is caused by Dr. Amin's failure to identify the actual Social Media Statements in his FAC or during discovery, his failure to establish who was responsible for reviewing and publishing the Statements, and his decision to list the Statements for the first time in his motion for partial summary judgment. In effect, Dr. Amin expected NBCU to predict precisely which social media

---

[1] This reply brief uses the same abbreviations and capitalized terms as in NBCU's Motion.

statements he was suing over (even though NBCU produced *dozens* of different posts from various NBCU-affiliated social media accounts about the allegations against Dr. Amin).

Put simply, Dr. Amin cannot blame NBCU for his own failure to specifically identify the Social Media Statements—something that is squarely Dr. Amin's duty, not NBCU's obligation. Because the Court overlooked the factual record and controlling case law on this issue, as well as NBCU's arguments, it should grant reconsideration as to these Statements and dismiss them from this case.

**I.      NBCU Argued for Dismissal of the Social Media Statements on Summary Judgment**

Dr. Amin's Opposition gives the false impression that NBCU moved for partial summary judgment on the television broadcasts only, and never mentioned the Social Media Statements in its motion papers.  That is simply untrue.  NBCU repeatedly asked the Court to conclude that the Social Media Statements were not properly part of this case and, as a result, any claims stemming from these Statements should be dismissed:

- NBCU moved for full (not partial) summary judgment "dismissing *all* claims."  Dkt. 127 at 3 (emphasis added).

- In its statement of material facts incorporated into its motion, NBCU asserted that only 36 challenged statements that aired on television "remain in this action."  Dkt. 137 ¶ 2.

- NBCU further explained in its statement of material facts that while the FAC alleged additional unspecified defamatory statements posted on Twitter on two dates, Dr. Amin never identified such statements, including in response to an interrogatory served by NBCU asking Dr. Amin to "identify each statement of fact that You claim is false and defamatory."  *Id.* ¶¶ 318-21.  Consequently, such statements were not included in the 36 that remained in this action.  *Id.* ¶¶ 2, 316-17.

- After Dr. Amin raised, for the first time, the three Social Media Statements in his own motion for partial summary judgment (posted on different dates and different platforms than those he obliquely referenced in the FAC), *see* Dkt. 122 at 6; Dkt. 122-29; Dkt. 122-30; Dkt. 122-31, NBCU explicitly asked the Court to exclude these Statements from the case, *see* Dkt. 155 at 24-25 (asking Court to "reject Dr. Amin's belated attempt to bring these social media posts into this action" because they were not previously identified or pled). In its response to Dr. Amin's statement of material facts, NBCU likewise reiterated that each Social Media Statement was "not a challenged statement in this action" and was "not part of this action." Dkt. 156 ¶¶ 65-67, 69.

- NBCU's opposition to Dr. Amin's motion repeatedly referred to and bolstered its own motion for summary judgment dismissing *all* claims. Dkt. 155 at 1, 3, 13, 16. In its opposition, NBCU argued that the Court should deny Dr. Amin's motion *and* "grant summary judgment in NBCU's favor." *Id.* at 2.

- Recognizing that NBCU had moved for summary judgment on all claims, the Court denied NBCU's motion for summary judgment as to the Social Media Statements. Dkt. 209 at 107-08 (Statement Nos. 37-39).

In sum, NBCU unquestionably argued that the untimely identified Social Media Statements should be dismissed, and the notion that NBCU raised these arguments "for the first time" in its motion for reconsideration, *see* Opp. at 5-7, is demonstrably false.

## II.     The Court Overlooked Dr. Amin's Failure to Identify the Social Media Statements

As NBCU previously explained, it is well established in this Circuit that a defamation plaintiff must plead "the *specific* statement used in the allegedly defamatory communication." *Edmundson v. City of Atlanta*, 2017 WL 4456892, at *6 (N.D. Ga. June 21, 2017) (emphasis in

original), *aff'd*, 717 F. App'x 977 (11th Cir. 2018); *see also, e.g.*, *Sarver v. Jackson*, 2008 WL 4911836, at *4 (N.D. Ga. Nov. 13, 2008) ("[G]eneral allegations, without identifying specific statements, are insufficient to state a claim for slander, libel or defamation."), *aff'd*, 344 F. App'x 526, 529 (11th Cir. 2009) (affirming dismissal because complaint failed to identify "specific written or verbal statements").  The requirement to identify the "specific offending statements" is rooted in the notice pleading standard, under which the plaintiff must "give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1298, 1300 (N.D. Ga.), *aff'd*, 312 F.3d 1222 (11th Cir. 2002).  Without notice of what the plaintiff is suing over, the defendant cannot prepare a defense and therefore is prejudiced.  For this reason, a plaintiff cannot use a summary judgment motion to inject specific statements into the action for the first time. *See Wainberg v. Piedmont Univ.*, 2023 WL 3931506, at *15 (N.D. Ga. Mar. 7, 2023).

In his Opposition, Dr. Amin does not dispute that a plaintiff cannot amend his pleadings through summary judgment.  Instead, he makes three arguments, each of which lacks merit.  *First*, Dr. Amin claims that NBCU takes issue with his failure to "exactly quote" the Social Media Statements, even though case law only requires that the Statements be "mentioned or referenced" in the complaint.  Opp. at 13.  This is a straw man: NBCU never argued that Dr. Amin was required to "exactly quote" the Social Media Statements; it simply insisted, consistent with controlling case law, that Dr. Amin give fair notice of his claims by identifying the statements he was challenging.  Dr. Amin did not do so here.  Paragraph 89 of the FAC vaguely described unspecified statements posted by unnamed "reporters" on "Twitter on at least three occasions on September 16, 2020 and September 22, 2020."  Dkt. 49 ¶ 89.  This allegation appears to reference statements *other than* the Social Media Statements, which were posted on *different dates* (September 17 and 21) and

4

*different platforms* (Facebook as well as Twitter).  Dkt. 122-29; Dkt. 122-30; Dkt. 122-31.  And, while Dr. Amin now cites to two additional allegations from the FAC, *see* Opp. at 9-10, these allegations are even vaguer than those in Paragraph 89:  they simply reference nondescript "social media posts" by unknown persons and unspecified "social media as late as September 22, 2020" (which, again, is not the date of any of the Social Media Statements).  Dkt. 49 ¶¶ 9, 220.  In short, Dr. Amin not only failed to "quote" the Social Media Statements, he failed to identify them with enough specificity to put NBCU on notice of which statements he was challenging.

*Second*, Dr. Amin cites to Georgia law on the element of "publication,"[2] arguing that a plaintiff need only identify specific challenged statements to prove that a defamatory statement was published, and, here, NBCU does not challenge that the Social Media Statements were published.  *See* Opp. at 12-13.  But Dr. Amin is confusing the publication element of his claim with his duty to "give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *Hoffman-Pugh*, 193 F. Supp. 2d at 1300.  NBCU produced over *fifty* NBCU social media posts in discovery and, as such, there was no dispute that they were published.  Yet, despite being specifically asked in discovery to identify each statement he was challenging, Dr. Amin never identified which posts in the dozens produced he was challenging, if any.  Under Dr. Amin's logic, any time a plaintiff fails to specifically identify a challenged statement in his pleadings, this defect would be cured if a statement was contained in a document produced in discovery showing it was published.  Dr. Amin's position is unsupported by Eleventh Circuit case law, *see Krass v. Obstacle Racing Media LLC*, 667 F. Supp. 3d 1177, 1186 n.4 (N.D. Ga. 2023) (refusing to consider *published* statements that were not specifically identified in plaintiff's pleadings), and would lead

---

[2] "While [Georgia] law determines the elements of a defamation claim, federal law . . . supplies the standard for pleading that claim." *Banco Surinvest, S.A. v. SunTrust Bank, Atlanta*, 78 F. Supp. 2d 1366, 1370 (N.D. Ga. 1999) (alteration in original).  Dr. Amin failed to meet the pleading standard for defamation in the Eleventh Circuit, which requires identifying the specific statements.  *See, e.g.*, *Sarver*, 2008 WL 4911836, at *4.

to the absurd result that plaintiffs could continually add new statements into a defamation action, so long as they were clearly published by the defendant. Because Dr. Amin never properly brought the Social Media Statements into this case, he hampered NBCU's ability to defend itself as to these Statements regardless of whether NBCU published them.

*Third*, Dr. Amin again insists that he was not required to identify the Social Media Statements in response to an interrogatory because NBCU produced them in discovery. Opp. at 14 n.3. Yet Dr. Amin ignores *all* of the arguments in NBCU's Motion demonstrating why its production of these Statements would not—and did not—put it on notice that these specific Statements were the tweets referenced in the FAC. Namely, NBCU produced scores of social media posts from various MSNBC-related social media accounts, Dr. Amin introduced different social media posts in different depositions (including two posts during Rachel Maddow's deposition that he has not challenged in this action), and the Social Media Statements did not match the descriptions of the tweets referenced in the FAC—none of which Dr. Amin disputes. *See* Mot. at 8.

Thus, because the Court overlooked NBCU's argument that Dr. Amin failed to timely identify the Social Media Statements, reconsideration is warranted.

## III. There Is No Evidence of Actual Malice as to the Social Media Statements or the Unidentified Persons Responsible for Them, Which the Court Overlooked

As this Court previously recognized, each publication must be "considered separately" for the actual-malice analysis, *Amin v. NBCUniversal Media, LLC*, 2022 WL 16964770, at *17 n.19 (S.D. Ga. Nov. 16, 2022) (Wood, J.) (Dkt. 59 at 51 n.19), and actual malice must be "brought home to the persons in the . . . organization having responsibility for the publication," *Amin v. NBCUniversal Media, LLC*, 2023 WL 8238975, at *4 n.7 (S.D. Ga. Nov. 28, 2023) (Cheesbro, M.J.) (Dkt. 111 at 7 n.7) (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964)). Said

differently, "the plaintiff must identify the individual responsible for publication of a statement, and it is that individual the plaintiff must prove acted with actual malice." *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013); *see also Blankenship v. NBCUniversal, LLC*, 60 F.4th 744, 762 (4th Cir. 2023) (granting summary judgment to defendant where "the record does not identify which staff members actually inserted the [alleged defamatory] language into the scripts").

In its motion for summary judgment, NBCU explicitly cited these points of law and argued for dismissal of "all claims." Dkt. 127 at 3, 25-27. As the Eleventh Circuit recognizes, "when a party moves for final, not partial, summary judgment . . . it becomes incumbent upon the nonmovant to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in the moving party's favor." *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (cleaned up); *see also Moore v. Ga. Dep't of Corr.*, 2021 WL 7286014, at *6 n.6 (M.D. Ga. Nov. 9, 2021) (addressing plaintiff's claim under summary judgment standard because even though "Defendants do not address" the claim specifically in their motion for summary judgment, they "moved for summary judgment on all of Plaintiff's claims"). Accordingly, Dr. Amin was required to raise "any and all arguments or defenses" he believed raised a triable issue of actual malice for the Social Media Statements. Yet Dr. Amin adduced no evidence as to who was responsible for publishing those Statements, let alone that these unknown individuals acted with actual malice. For this reason, the Statements should have been dismissed from this case.

Dr. Amin nonetheless claims that the Court *did* find adequate evidence of actual malice as to the Social Media Statements for two reasons. *First*, he claims that the Court ruled that he had set forth evidence from which a jury could conclude that "decision-makers, such as Standards, who were involved in all of the statements," acted with actual malice. Opp. at 17. But there is no

evidence that Standards was in any way involved with reviewing or publishing the Social Media Statements.  To the contrary, Chris Scholl, the deputy head of Standards, testified that Standards does not review tweets "as a matter of course" and would not have reviewed any tweets about stories relating to the Irwin County Detention Center.  *See* Exhibit 1 at 257:19-258:12 ("People tweet on their own.  Some shows tweet.  We don't look at tweets.").[3]

*Second*, Dr. Amin claims that the Court held that he "presented evidence that NBC's statements were inherently implausible" and "NBC found evidence of only two hysterectomies." Opp. at 17.[4]  But referring to "NBC" as a whole squarely contradicts *Sullivan*'s mandate to "bring home" actual malice to the specific individuals within the news organization responsible for publication.  It does not reflect any finding by this Court that the (unnamed) persons responsible for the Social Media Statements had any knowledge concerning how many hysterectomies Dr. Amin actually performed.  In other words, the Court assessed actual malice "in the abstract," rather than as to the specific individuals responsible for the specific statements.  *Reid v. Viacom Int'l Inc.*, 2017 WL 11634619, at *7 (N.D. Ga. Sept. 22, 2017) (granting reconsideration to correct this error).[5]

At bottom, even if Dr. Amin had adequately identified the Social Media Statements and brought them into this lawsuit—which he did not—reconsideration is nevertheless warranted

---

[3] NBCU attaches hereto as Exhibit 1 the relevant pages from Scholl's deposition in order to correct Dr. Amin's misstatement that Standards was "involved" in the Social Media Statements.  *See* Opp. at 17.

[4] Indeed, there is no evidence that anyone at NBCU—let alone the individuals responsible for the challenged News Reports—"found evidence of only two hysterectomies."  To the contrary, as NBCU explained in its summary judgment motion, within hours of beginning their reporting on September 15, 2020, NBCU's reporters found evidence that Dr. Amin performed *at least* two hysterectomies and no evidence to contradict this reporting or to establish that these were the *only* two hysterectomies Dr. Amin performed.  *See* Dkt. 127 at 30, 33-34.

[5] Dr. Amin attempts to distinguish *Reid*, claiming that "NBCU does not contend that the Court similarly considered actual malice 'in the abstract.'"  Opp. at 18.  But this is precisely what NBCU's Motion for Reconsideration argued. *See* Mot. at 10 (noting that instead of "'bring[ing] home' the state of mind" of the individuals responsible for the Social Media Statements, the Court "generally references the knowledge of 'NBC.'").

because he failed to adduce any evidence that the individual(s) responsible for these Statements acted with actual malice.

## CONCLUSION

For the foregoing reasons, NBCU respectfully requests that the Court grant partial reconsideration of its Order and dismiss the Social Media Statements from this action.

Dated: August 12, 2024

Respectfully submitted,

*s/ Benjamin H. Brewton*
Benjamin H. Brewton
Georgia Bar No. 002530
Jena C. Lombard
Georgia Bar No. 213734
BALCH & BINGHAM LLP
801 Broad Street, Suite 800
Augusta, GA 30901
Tel.: (706) 842-3700
bbrewton@balch.com
jlombard@balch.com

*s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
(admitted *pro hac vice*)
Amanda B. Levine
(admitted *pro hac vice*)
Leena Charlton
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel.: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com
leenacharlton@dwt.com

*Attorneys for Defendant*
*NBCUniversal Media, LLC*

\*     \*     \*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of August 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system:

Stacey Godfrey Evans
sevans@staceyevanslaw.com
Amble Johnson
ajohnson@staceyevanslaw.com
Scott R. Grubman
sgrubman@cglawfirm.com

<u>*s/ Elizabeth A. McNamara*</u>
Elizabeth A. McNamara
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel.: (212) 489-8230
lizmcnamara@dwt.com

*Attorneys for Defendant*
*NBCUniversal Media, LLC*