# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | 5:21-CV-56 |

## ORDER

Before the Court is a motion for partial reconsideration filed by Defendant NBCUniversal Media LLC ("NBC"). Dkt. No. 215. The motion has been fully briefed and is ripe for review. Dkt. Nos. 215, 218, 221. For the reasons stated below, the motion is **DENIED**.

### BACKGROUND

The underlying facts of this lawsuit were set forth in the Court's June 26, 2024 Order ("the Order"), dkt. no. 209, and need not be restated in full here. Put briefly, Plaintiff, Dr. Mahendra Amin, sued NBC for defamation under Georgia law. Id. Plaintiff and Defendant filed cross motions for summary judgment. Dkt. Nos. 122, 127. After reviewing extensive briefing by both parties and holding a hearing on the motions, the Court granted in part and denied in part both motions. Dkt. No. 209.

At issue in Defendant's motion for reconsideration is the Court's ruling regarding three social media statements made by NBC. Dkt. No. 215. Plaintiff moved for summary judgment on the following issues: the social media statements were false; the statements were defamatory; the statements were "of and concerning" Plaintiff; NBC published the statements to a third party; NBC was at fault for publishing the statements; and the statements were actionable absent special harm. Dkt. No. 122 at 7. NBC moved for summary judgment on Plaintiff's entire claim, arguing that Plaintiff could not prove falsity, that its statements were privileged, and that Plaintiff could not prove actual malice. Dkt. No. 127-1 at 17. NBC conceded that Plaintiff was entitled to summary judgment on three issues: (1) the "of and concerning" element; (2) the publication element; and (3) the actionable-in-the-absence-of-special-harm element. Dkt. No. 156-1 at 25–26. The Court, therefore, granted Plaintiff's motion as to these three elements for the social media statements. Dkt. No. 209 at 107–08. The Court denied Plaintiff's motion as to the other elements for the three statements and denied NBC's motion. Id.

**LEGAL AUTHORITY**

"Reconsideration of a prior order is an extraordinary remedy, and should be employed sparingly." Wallace v. Ga. Dep't of Transp., No. 7:04-cv-78, 2006 WL 1431589, at *5 (M.D. Ga. May 23, 2006) (citation omitted). "A movant must 'set forth facts or law of a

strongly convincing nature to induce the court to reverse its prior decision.'" Smith ex rel. Smith v. Augusta-Richmond Cnty., No. 1:10-CV-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993)). Specifically, reconsideration is proper only if there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Williams v. Bd. of Regents of the Univ. Sys. of Ga., No. 1:20-CV-100, 2023 WL 5928164, at *2 (S.D. Ga. Aug. 8, 2023) (quoting Schiefer v. United States, No. 2:06-CV-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" Murray v. ILG Techs., LLC, No. 4:18-CV-110, 2019 WL 498849, at *1 (S.D. Ga. Feb. 8, 2019) (internal quotation marks and citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1239 (11th Cir. 1985). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were previously available, but not pressed." Id. (internal quotation marks omitted) (quoting Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir.

3

1998)). Whether to grant a motion for reconsideration is within the sound discretion of the district court. See id. ("A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration." (citation omitted)).

## DISCUSSION

NBC argues that the Court should reconsider its ruling regarding the three social media statements for two reasons. First, NBC argues the Court failed to consider its "argument that the Social Media Statements were not specifically identified as challenged statements in the [first amended complaint] or at any point during discovery." Dkt. No. 215 at 6. And second, NBC argues that "the Court did not assess actual malice as to the Social Media Statements specifically, separate and apart from the [other] challenged statements." Id. at 10. The Court will take these arguments in turn.

The Court begins with NBC's first argument that Plaintiff's motion for partial summary judgment "should be denied as to the three 'social media' statements . . . for the independent reason that Dr. Amin never previously identified them [in the complaint]." Dkt. No. 155-1 at 24. Notably, NBC did not move for summary judgment on this issue. See Dkt. No. 127. That is, NBC raised this argument in its response brief to Plaintiff's motion for partial summary judgment. Dkt. No. 155-1 at 24-25.

4

With regard to the three social media statements, the Court granted Plaintiff's motion for partial summary judgment as to the "of and concerning," publication, and actionable-absent-special-harm elements of Plaintiff's defamation claim because NBC itself conceded in its response to Plaintiff's statement of material facts that these elements were undisputed. Dkt. No. 156-1 at 25–26. While the Court did not address NBC's pleading argument in the Order, it did not have to do so. A "district court does not have to specifically discuss and reject every argument made by the parties, as long as its findings are supported by the record." Larweth v. Magellan Health, Inc. 841 F. App'x 146, 158 (11th Cir. 2021) (citing Stock Equip. Co. v. Tenn. Valley Auth., 906 F.2d 583, 592 (11th Cir. 1990)). NBC's motion for reconsideration on this ground is **DENIED.**

NBC next argues for reconsideration because "the Court did not assess actual malice as to the Social Media Statements specifically, separate and apart from the [other] challenged statements." Dkt. No. 215 at 10. NBC's motion for reconsideration is **DENIED** on this ground, as well.

NBC moved for summary judgment as to the issue of malice for all contested statements. Dkt. No. 127. While NBC thoroughly briefed the malice issue regarding its *televised* statements, it did not address the *social media* statements at all in its motion for summary judgment. Id. Therefore, NBC itself did not do what

5

it requests of the Court upon reconsideration. Moreover, NBC also did not brief the malice issue regarding the social media statements in its response to Plaintiff's motion for partial summary judgment. Dkt. No. 155-1.

Reconsideration is unwarranted if a party uses its motion for reconsideration to raise new arguments that were previously available, but not pressed. Wilchombe, 555 F.3d at 957 (citation omitted). Here, NBC did not press its current malice arguments in previous briefing. The Court was not obligated to infer from NBC's briefing a specific malice argument about the social media statements. See Peery v. CSB Behav. Health Sys., No. CV106-172, 2008 WL 4935598, at *2 (S.D. Ga. Nov. 18, 2008) ("The job of this Court is to consider the parties' arguments in relation to a given motion and render a ruling on that basis; it is not to comb the multitude of filings by each party and find every potential argument that could be distilled from these documents." (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)). For this reason alone, NBC is not entitled to reconsideration.

Even if NBC had properly raised this issue at the summary judgment stage, reconsideration would still be inappropriate. In the Order, the Court agreed with NBC that its statements were protected by Georgia's public interest privilege. Dkt. No. 209 at 65. This meant that Plaintiff had to establish that NBC made the

6

statements with actual malice. Id. at 66. The Court concluded that sufficient evidence existed to create a genuine dispute of material fact as to whether NBC published the statements with malice. Id. at 69–80. The Court reached this decision for several reasons.

First, NBC's "statements contradict[ed] information known to NBC at the time of reporting." Id. at 71. At all relevant times, NBC had evidence of only two hysterectomies performed by Plaintiff on ICE detainees. Id. at 70–71. Knowing this, however, NBC published statements that said Plaintiff performed three, five, fifteen, or "mass" hysterectomies. Id. If a defendant publishes a defamatory statement that contradicts information known to him, there is an inference of actual malice. Hunt v. Liberty Lobby, 720 F.2d 631, 645 (11th Cir. 1983). Further, "evidence which shows that the statement was inherently implausible . . . is relevant to establishing actual malice." Id. at 643 (citation omitted). The social media statements met these criteria. Two statements said that Plaintiff performed three unnecessary hysterectomies and one said Plaintiff performed mass hysterectomies. Dkt. No. 209 at 96–97. The statements contradicted information known to NBC at the time of publication and a jury could conclude they were inherently implausible. Therefore, a jury could also find that the statements were made with actual malice.

Second, the Court found that "Plaintiff ha[d] presented evidence that there were obvious reasons to doubt [informant Dawn

7

Wooten's] reliability, credibility, and accuracy." Id. at 71. "[E]vidence which shows . . . that there were obvious reasons to doubt the veracity of the informant is relevant to establishing actual malice." Hunt, 720 F.2d at 643 (citations omitted). Plaintiff submitted evidence of just that. He presented evidence that Wooten lacked direct knowledge about her own claims, could not recall critical information supporting her claims, and was biased. Id. at 72–73. This evidence, coupled with NBC's own doubts as to the veracity of Wooten's claims, led the Court to conclude that a jury could find NBC acted with actual malice. Id.

It is important to note here that NBC's social media statements did not occur in a vacuum. The statements made on social media and the statements made during televised news reports were based on the same investigation conducted by NBC. See id. at 6. This investigation and subsequent reports were, in turn, reviewed and allowed to be published by NBC's standards group. Id. at 8–10. The social media statements made the same accusations as the televised statements and were subject to the same defects as the televised statements. The bases for the Court's malice findings for the televised statements also support the Court's malice findings for the social media statements.

NBC's motion for reconsideration does not establish a need for the Court to correct a clear error of law or fact. See Williams, 2023 WL 5928164, at *2. At bottom, the legal questions presented

8

by NBC's pleading and malice arguments are "at least arguable," Williams, 2023 WL 5928164, at *3, such that "any error that may have been committed is not the sort of clear and obvious error which the interests of justice demand that we correct," Am. Home Assurance Co., 763 F.2d at 1239.  After all, this case involves significant material disputes of fact that could enable a jury to find for either Plaintiff or NBC. Those disputes carry over to NBC's motion for reconsideration as well. Plaintiff raises valid arguments supported by Eleventh Circuit precedent that he properly plead the three social media statements in the first amended complaint. See Dkt. No. 218 at 9-15. He also raises valid arguments supported by facts and case law that there is evidence of actual malice for the social media statements. Id. at 15-18. Because the issues raised by NBC in its reconsideration motion are at least arguable, NBC is not entitled to reconsideration.

## CONCLUSION

For these reasons, NBC's motion for reconsideration, dkt. no. 215, is **DENIED**. The Court's June 26, 2024 Order remains the Order of the Court.

**SO ORDERED** this 15th day of August, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA