UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 5:21-CV-00056-LGW-BWC |
| v. ) | |
| ) | |
| NBCUNIVERSAL MEDIA, LLC, ) | |
| ) | |
| Defendant. ) | |

## JOINT PROPOSED CONSOLIDATED PRETRIAL ORDER

1.     Counsel are to discuss and agree on every possible factual stipulation. The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto. Stipulations can spare witness testimony, trial time, and expense. If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A." Costs of proving what, at trial, was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney. Those costs may include witness fees and additional attorney preparation time costs.

**Please see Attachment A, which includes all facts currently stipulated to by the parties, as well as Proposed Stipulations by Plaintiff and Proposed Stipulations by Defendant. The parties will continue to work to agree on stipulated facts.**

2.     As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes. If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2".

**Plaintiff and Defendant are conferring to produce a list of questions they wish the Court to propound to jurors. If the parties are unable to agree to such a list, they will submit separate lists prior to the pre-trial conference.**

1

3.  State the names of all parties, firms and attorneys to be used in qualifying the jury. State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

- **Plaintiff**: Dr. Mahendra Amin

- **Plaintiff's Counsel**: Stacey Evans Law (Stacey Evans, Amble Johnson, Tiffany Watkins, Ryan Harbin); Chilivis Grubman LLP (Scott Grubman, Sanjay Karnik)

- **Defendant**: NBCUniversal Media, LLC

- **Defendant's Counsel**: Davis Wright Tremaine LLP (Elizabeth McNamara, Amanda Levine, Leena Charlton, Raphael Holoszyc-Pimentel); Balch & Bingham LLP (Benjamin Brewton, Jena Lombard); NBCUniversal (Erik Bierbauer, Justine Beyda, Cindy O'Hagan)

**NBCU states that it has made no claim on its insurance to date.  The parties state that no law firm is being paid on a contingent fee basis.  Accordingly, Dr. Amin states that no attorneys or law firms need be used in qualifying the jury.**

4.  Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

**Diversity jurisdiction pursuant to 28 U.S.C. § 1332.  There is no dispute that the Court has jurisdiction.**

5.  List any motions or other matters in the case which remain unresolved. Any motion not so enumerated shall be deemed withdrawn by the moving party.

**There are no pending motions or matters, although the parties are currently using Magistrate Judge Cheesbro's informal dispute resolution mechanism to try to resolve the scope of the parties' ongoing discovery obligations.**

**If the parties are unable to resolve evidentiary objections through conferral, they will file motions in limine.**

6. All discovery is to be completed pursuant to the Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.

**Pursuant to the Court's third amended scheduling order, Doc. 105, the parties completed discovery November 13, 2023.  Discovery continued on a limited basis pursuant to the Court's orders on discovery motions, Doc. 111, Doc. 207.  The parties are currently using Magistrate Judge Cheesbro's informal dispute resolution mechanism to try to resolve the scope of the parties' ongoing discovery obligations**

7. State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

**The names of the parties are complete and correct, and there is no question of misjoinder or non-joinder.**

8. Outline of plaintiff(s)' case.

**NOTE: PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Plaintiff(s) shall furnish a short, succinct, factual and narrative statement of the cause of action. This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

**Dr. Mahendra Amin is an OB/GYN in Douglas, Georgia.  He treated women detained by United States Immigration and Customs Enforcement (ICE) at the Irwin County Detention Center (ICDC).  He performed a total of two hysterectomies on patients detained by ICE.**

**NBCU published statements that accused Dr. Amin of performing mass hysterectomies and hysterectomies that were unnecessary, unauthorized, and without**

3

consent. Dr. Amin alleges that such statements are false and defamatory and caused him damage. Specifically, he alleges that six such statements were published on the program "Deadline: White House" on September 15, 2020, hosted by Nicolle Wallace, including that he performed a "high number of hysterectomies" and that he was "the uterus collector;" seven statements on "All In with Chris Hayes" on the same date, hosted by Chris Hayes, including that he is "the uterus collector" and performed "mass hysterectomies" on women at ICDC; ten statements on "The Rachel Maddow Show" on the same date, hosted by Rachel Maddow, including that he "removed the reproductive organs for no medical reason and without them consenting to it" and is "the uterus collector;" two statements on the Twitter account of "All In with Chris Hayes" on September 17, including that he performed "unnecessary hysterectomies" on three women; and one statement the Facebook account of "All In with Chris Hayes" on September 21, including that he performed "mass hysterectomies."

Dr. Amin further alleges that the statements were published with actual malice, that is, with "knowledge of [the statements'] falsity or reckless disregard for [their] truth."

DEFENDANT'S POSITION ON PLAINTIFF'S OUTLINE: Defendant objects to several portions of Plaintiff's Paragraph 9.

*First*, Plaintiff's second paragraph mischaracterizes the challenged news reports when it states that "NBCU published statements that accused Dr. Amin of performing mass hysterectomies and hysterectomies that were unnecessary, unauthorized, and without consent," as this suggests that it was NBCU that accused Dr. Amin of performing mass hysterectomies or hysterectomies that were unnecessary, unauthorized, and without

4

consent. NBCU, however, was reporting on a whistleblower complaint, which alleged that Dr. Amin had performed a high number of hysterectomies on detainees, which detainees claimed were unnecessary or done without their full consent. NBCU made clear that these were merely allegations.

*Second*, the description of the statements that Plaintiff includes in his second paragraph are incomplete and incorrect. In referring to only 26 statements, Plaintiff omits statements that are part of his Amended Complaint—the operative complaint in this action (*see* Paragraphs 10-11, *infra*)—and that are still part of this action. Plaintiff also includes only selective excerpts of the challenged statements, which omit integral context. For example, Plaintiff claims that Nicolle Wallace stated that he performed a "high number" of hysterectomies. But, in actuality, Wallace reported that the show was following "an alarming new whistleblower complaint that alleges, quote, high numbers of female detainees, detained immigrants, at an ICE detention center in Georgia received questionable hysterectomies while in ICE custody." Similarly, Plaintiff claims that Chris Hayes reported that Plaintiff performed "mass hysterectomies" on ICDC detainees. But, in actuality, Plaintiff is referring to a chyron that appeared at the bottom of the screen, which stated: "Complaint: Mass Hysterectomies Performed on Women at ICE Facility." The same is true as to each of the statements Plaintiff lists above.

**PLAINTIFF'S RESPONSE**: First, as the Court ruled, even to the extent Defendant only republished statements rather than originating them, such distinction does not matter for purposes of Georgia defamation law. "It does not matter that NBC did not make these accusations directly, but only republished the whistleblower letter's allegations. If accusations against a plaintiff are based entirely on hearsay, the fact that the charges made

5

were based upon hearsay in no manner relieves the defendant of liability.  Charges based upon hearsay are the equivalent in law to direct charges." Doc. 209 at 42-43 (quotation marks and some punctuation marks omitted).

Second, Plaintiff chooses to simplify his case for trial and Defendant has cited no rule (and Plaintiff is aware of none) that requires an amendment to a pleading to simplify a case for trial.  Any verdict will be final as to the entirety of the case, whether pursued at trial or not.  As to the objection in Defendant's position that Plaintiff "includes only selective excerpts" of the statements at issue, the Court instructed that Plaintiff's response not exceed a page, and accordingly Plaintiff did not attempt to reproduce the entirety of the statements.

9.     Outline of defendant(s)' case.

**NOTE:    DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Defendant(s) shall:

(a)     Furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

(b)     In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

Plaintiff claims he was defamed by segments on three MSNBC shows that aired on September 15, 2020.  Each reported on breaking news about a whistleblower complaint sent to the federal government the day before, which alleged that there was a "high rate" of hysterectomies performed on immigrants at the Irwin County Detention Center that were unnecessary or done without consent. The allegations generated concern from public officials and widespread news coverage, including of the claim that detainees referred to the doctor

6

as the "uterus collector." The challenged news segments aired after other coverage on September 14 and 15, 2020 and after Plaintiff was publicly identified as the doctor.

Plaintiff challenges 34 statements. He has the burden of establishing that each, when assessed individually, in the context of the show in which it aired, is a each is a defamatory, "materially false" statement of fact and that the individual responsible knew it was false or was highly aware that it was probably false at the time it aired.

**First**, 24 statements are not "materially false" because whether the unnecessary/unconsented-to surgeries Plaintiff allegedly performed were hysterectomies, as opposed to other invasive procedures that also could impact fertility, has no materially different impact on the public's view of Plaintiff.

**Second**, challenged statements that a surgery was unnecessary or unconsented-to or that concern the detainees' use of the term "uterus collector" are not provably false facts.

**Third**, as to all statements, the individuals responsible did not know the statements were false or have serious doubts as to their truth at the time of publication. Each segment relied on, among other things, NBC News's investigation of the whistleblower complaint that uncovered information supporting the credibility of the claims.

**Fourth**, Plaintiff cannot establish he was damaged by the challenged segments distinct from the dozens of other news reports (before and after the segments) or the conclusions reached by a Senate committee's findings concerning Plaintiff's care.

**PLAINTIFF'S OBJECTION TO DEFENDANT'S STATEMENT**: Dr. Amin objects to several facets of NBCU's Paragraph 9. **First**, it misstates information and/or is argumentative in that it appears to characterize all publications as "breaking news" and states that others first aired Dr. Amin's identity when on air NBCU takes credit for that

7

"breaking news." Second, its "defenses" are presented as argument, in direct contravention of the Court's instruction to "not be argumentative." Third, NBCU's second numbered legal argument is contradicted by the Court's findings of law, and NBCU is not entitled to make such argument before the jury. Specifically, the Court has ruled as a matter of law that Defendant's uses of the term "uterus collector" were not rhetorical hyperbole or opinion but instead "were made as statements of fact," and more broadly that "[w]hether a statement is one of fact or opinion is a question of law for the Court." Doc. 209 at 45-46, 82-83. The Court has so ruled, and as to any statements which it did not dismiss as opinion or rhetorical hyperbole, *id*. at 84-108, NBCU is not entitled to argue such statements are opinion or rhetorical hyperbole. Fourth, NBCU refers to 34 statements when Dr. Amin is pursuing only 26 statements as indicated above

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION:** Plaintiff's objection mischaracterizes NBCU's outline and the record in this case.

*First*, NBCU does not state that others first "aired" Dr. Amin's identity. It states that the allegations in the whistleblower complaint generated "news coverage" on September 14 and 15, 2020 and that Dr. Amin was "publicly identified as the doctor" referred to in the whistleblower complaint prior to the challenged MSNBC news reports (facts that Plaintiff does not contest. *See* Plaintiff's Attachment A ¶ 42).

*Second*, NBCU does not present its defenses in an argumentative fashion. The Court requests a "narrative" statement, and Defendant's description of its defenses is written in narrative fashion.

*Third*, NBCU's statement does not refer to "rhetorical hyperbole." Rather, it states that certain statements are not "provably false facts." While the Court ruled on falsity as

8

to certain statements, there are numerous others for which Plaintiff still has the burden of establishing a materially false statement of fact, including two statements that allege that detainees referred to Plaintiff as the "uterus collector." *See* Doc. 209 at 49, n.4. If Plaintiff believes that it is improper for Defendant to assert this defense, he can raise this issue in a motion in limine. It is improper for Plaintiff to do so at this juncture.

*Fourth*, per the Court's summary judgment decision, there are 34 statements remaining in this case. As explained in further detail below (*see* Paragraphs 10-11, *infra*), Plaintiff attempts to artificially circumscribe this case to prevent Defendant from introducing the full context of the challenged news reports.

10. In all cases in which a violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based. The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.

Dr. Amin alleges common law defamation, which Georgia has codified as O.C.G.A. § 51-5-1, *et seq*., based upon NBCU's publication of statements, specifically, as identified in Appendix I to Doc. 209, Statements 1, 2, 4, 5, 6, 8, 9, 10, 12, 14, 15, 16, 18, 20, 21, 23, 25, 26, 27, 28, 29, 32, 34, 37, 38, and 39. See Appendix I attached hereto.

As discussed below attendant to Paragraph 11, Dr. Amin identifies inferred damages, special damages, and punitive damages, and he further identifies examples thereof in Paragraph 11.

**DEFENDANT'S POSITION**: Thirty-four statements from Plaintiff's Amended Complaint survived summary judgment. Plaintiff has not further amended the Amended Complaint or otherwise withdrawn any challenged statements concerning his improper care of ICDC detainees. *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023)

9

("Litigants who wish to dismiss, settle, or otherwise resolve less than an entire action can ensure that they receive a final judgment on the remainder of their claims…by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15.").

Until now, Plaintiff has argued that all thirty-four statements are false, defamatory, and published with actual malice. By unilaterally dropping certain statements, Plaintiff attempts to narrow his case and exclude important context and evidence that would undermine his arguments without conceding that the statements are not materially false and/or were not made with actual malice.

Plaintiff can certainly decline to present any evidence he wants, but that should have no effect on Defendant's ability to present its defense. As is, Plaintiff is attempting to artificially reframe the issues, prejudicing Defendant in the process.

**PLAINTIFF'S RESPONSE**: Plaintiff chooses to simplify his case for trial and Defendant has cited no rule (and Plaintiff is aware of none) that requires an amendment to a pleading to simplify a case for trial. Any verdict will be final as to the entirety of the case, whether pursued at trial or not.

11. In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.

Dr. Amin alleges defamation, based upon NBCU's publication of statements, specifically, as identified in Appendix I to Doc. 209, Statements 1, 2, 4, 5, 6, 8, 9, 10, 12, 14, 15, 16, 18, 20, 21, 23, 25, 26, 27, 28, 29, 32, 34, 37, 38, and 39.

**DEFENDANT'S POSITION**: *See* Defendant's Position in response to Paragraph 10.

**PLAINTIFF'S RESPONSE**: Plaintiff chooses to simplify his case for trial and Defendant has cited no rule (and Plaintiff is aware of none) that requires an amendment to

10

a pleading to simplify a case for trial. Any verdict will be final as to the entirety of the case, whether pursued at trial or not.

(a) Under a separate heading, state all relevant statutes, rules, regulations and ordinances allegedly violated. Also, recite any supporting authority.

**O.C.G.A. § 51-5-1,** *et seq*.

(b) List all items of damages claimed or non-monetary relief sought.

**Inferred damages, which are damages inferred under Georgia law for defamation per se, and special damages, which are damages that actually flow from a tortious act. O.C.G.A. § 51-5-4(b); O.C.G.A. § 51-12-2(b). These damages include inferred damage in reference to trade, reputational harm and impairment in the community, and humiliation and mental pain and suffering or wounded feelings including being subjected to public hatred, contempt, scorn, and ridicule.** *See, e.g.*, *W. Broad. of Augusta, Inc. v. Wright*, 182 Ga. App. 359, 360 (1987); *Pampattiwar v. Hinson*, 326 Ga. App. 163, 171 (2014); *Fuqua Television, Inc. v. Fleming*, 134 Ga. App. 731, 733 (1975); *see also S. Bell Tel. and Tel. Co. v. Coastal Transmission Serv., Inc.*, 167 Ga. App. 611, 617 (1983) ("The proper measure of damages in a libel action is limited only by the enlightened conscience of impartial jurors.").

**Special damages include items such as lost profits from lost patients and gratuitous entertainment and hospitality.** *See Webster v. Wilkins*, 217 Ga. App. 194, 196 (1995).

**Punitive damages: Additional damages awarded to punish, penalize, or deter a defendant upon a showing of actual malice.** *See Zedan v. Bailey*, 522 F. Supp. 3d 1363, 1375 (M.D. Ga. Feb. 18, 2021); *id*. at 1383 (awarding punitive damages matching general and special damages in defamation case in federal court applying Georgia law).

<u>**DEFENDANT'S POSITION:**</u> **Plaintiff's response misstates Georgia's law on**

11

damages. The "enlightened consciences of an impartial jury" standard cited by Plaintiff applies to general or inferred damages only. *Riddle v. Golden Isles Broad., LLC*, 666 S.E.2d 75, 78 (Ga. App. 2008) (citation omitted), *disapproved on other grounds by Rockdale Hosp., LLC v. Evans*, 834 S.E.2d 77 (Ga. 2019). This standard does not apply to special damages.

Rather, "[s]pecial damages are those which actually flow from a tortious act; they must be proved in order to be recovered." OCGA § 51-12-2(b). Whether the damages are general or special, the plaintiff must prove that the alleged defamation caused those damages. *Simon v. Shearson Lehman Bros.*, 895 F.2d 1304, 1318–19 (11th Cir. 1990). And in any case, awarded damages (whether general, special, or punitive) cannot be excessive. *See, e.g.*, OCGA § 51-12-12(a).

Punitive damages may be awarded only where the plaintiff proves "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1(b). However, if the plaintiff's "entire injury is to the peace, happiness, or feelings of the plaintiff," "punitive damages . . . shall not be awarded." OCGA § 51-12-6. Generally, punitive damages "shall be limited to a maximum of $250,000." OCGA § 51-12-5.1(g).

**PLAINTIFF'S RESPONSE:** Plaintiff's statements do not misrepresent Georgia law. The citation of *Coastal Transmission* to which NBCU objects is to a sentence on inferred damages. Neither it nor *Zedan* are mischaracterized or inaccurately quoted. The objections stated in Defendant's position do not relate to the responsiveness of Plaintiff to the prompt: "List all items of damages claimed or non-monetary relief sought."

(c)     In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and

earnings, income tax records or other records to prove earnings.

    **Not applicable.**

    12.    In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.

    **Not applicable.**

    13.    If there is any dispute as to agency, state the contentions of the parties with respect to agency.

    **Not applicable.**

    14.    State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

    **Dr. Amin, as the plaintiff, bears the burden of proof as to his claim that NBCU defamed him, and accordingly he has the opening argument and the last closing to the jury.**

    15.    Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld. A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

    <u>**Plaintiff will call**</u>**:**

    a) **Dr. Mahendra Amin**
    b) **Dr. Lauren Hamilton**

    <u>**Plaintiff may call**</u>**:**

a)    **Julia Ainsley**
b)    **Margie Amin**
c)    **Swati Amin**
d)    **Dr. Ted Anderson**

e) **Alma Arceo**
f) **Dr. Eldrige Bills**
g) **Jan Chauncey**
h) **Rachel Courson**
i) **Felicia Ellis**
j) **Cory Gnazzo**
k) **Christopher Hayes**
l) **Denis Horgan**
m) **Carol Hutchinson**
n) **Ricky Hutchinson**
o) **Mary Lockhart**
p) **Rachel Maddow**
q) **Maria Nito**
r) **David Paulk**
s) **Dwayne Peal**
t) **Alexander Price**
u) **Juran Ray**
v) **Dr. Ashfaq Saiyed**
w) **Christopher Scholl**
x) **Mark Schone**
y) **Amna Shirazi**
z) **Lyn Smith**
aa) **Jacob Soboroff**
bb) **Dawn Wooten**
cc) **Renae Young**
dd) **Custodian of record witnesses that may be necessary to authenticate documents**
ee) **Any witness listed by Defendant**
ff) **Any witness listed to be presented by deposition designation who appears in person**

**Defendant will call or will have present:**

a) **Julia Ainsley**
b) **Dr. Mahendra Amin**
c) **Patrick Burkey**
d) **Dr. Erin Carey**
e) **Cory Gnazzo**
f) **Chris Hayes**
g) **Denis Horgan**
h) **Mary Lockhart**
i) **Rachel Maddow**
j) **Alexander Price**
k) **Chris Scholl**
l) **Mark Schone**
m) **Jacob Soboroff**
n) **Nicolle Wallace**

**Defendant may call**

a) Dr. Ted Anderson
b) Alma Arceo
c) Rachel Courson
d) Andrew Free
e) Elizabeth Matherne
f) Maria Nito
g) Sarah Owings
h) David Paulk
i) Dwayne Peale
j) Dr. Ashfaq Saiyed
k) Azadeh Shahshahani
l) Dawn Wooten
m) Any witness listed by Plaintiff
n) Any witness listed to be presented by deposition designation who appears in person

As noted in response to Paragraph 17, below, both parties will also present additional testimony through deposition designations.

**DEFENDANT'S POSITION ON PLAINTIFF'S WITNESSES**: Defendant objects to the inclusion of: (1) Margie Amin; (2) Swati Amin; (3) Jan Chauncey; (4) Felicia Ellis, and (5) Amna Shirazi on Plaintiff's "may call" list, as these individuals were not named in Plaintiff's initial disclosures. In addition, the discovery record in this case establishes that any testimony that Amna Shirazi could offer would be irrelevant to the claims or defenses remaining in this action. Defendant intends to file a motion in limine on these issues requesting exclusion of these witnesses or, if these witnesses are permitted to testify, fact depositions of these witnesses.

**PLAINTIFF'S RESPONSE**: Swati Amin, Jan Chauncey, and Felicia Ellis are employees of Dr. Amin, which category of persons was disclosed in Plaintiff's Initial Disclosures and no further inquiry was made for the identity of these individual employees. Further, all 4 witnesses listed here were otherwise made known to Defendant during discovery. Ms. Shirazi was revealed during discovery. She, in fact, provided a declaration

15

**in the case. Her testimony is anticipated as potential rebuttal testimony to certain witnesses.**

**NOTE: COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>THREE</u> COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE.**

      16.     All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to the pretrial conference</u>. All evidence shall be marked by the parties prior to the pretrial conference, and <u>the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk</u>. If separate exhibit lists are submitted, they shall be submitted on the forms supplied. Duplications of exhibits should be avoided to the extent practicable. Exhibit lists should be submitted to the Court at the pretrial conference. The material therein shall be identified as follows:

      **The parties will submit such list and evidence at the pretrial conference.**

      (a)     A list of documents and physical evidence submitted as joint exhibits.

      (b)     Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted</u> <u>when tendered at trial</u>.

      (c)     Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. <u>Items not objected to will be admitted</u> <u>when tendered at trial</u>.

      (d)     Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

      (e)     The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

**NOTE: COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>THREE</u> COPIES OF THE TYPED WITNESS LIST AT THE PRETRIAL CONFERENCE. All exhibits shall be cross- initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District. This cross-initialing procedure shall be**

**completed when counsel meet to confer on the preparation of the pretrial order.**

17. List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

**See PLAINTIFF'S ATTACHMENT D and DEFENDANT'S ATTACHMENT D.**

(a) Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

(b) The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

18. Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.

**See PLAINTIFF'S ATTACHMENT E AND DEFENDANT'S ATTACHMENT E.**

19. Plaintiff(s)' counsel estimates **40 hours** to present plaintiff(s)' case; defendant(s)' counsel estimates **50 hours** to present the defense.

20. Plaintiff(s) _____ has **x** has not offered to settle.
    Defendant(s) _____ has **x** has not offered to settle.

It appears at this time that there is
___ A good possibility of settlement.
___ Some possibility of settlement.
_x_ No possibility of settlement at this time, **but Defendant has invited Plaintiff to make a demand, which he will do in good faith**.

The parties __ do **x** do not wish to confer with the Court regarding settlement.

21. State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.

**If the parties are unable to resolve evidentiary objections through conferral or other motions in limine are necessary, the parties will file motions in limine by December 6 and responses thereto by December 13 (which is six days prior to the**

17

**Pretrial Conference), or at deadlines otherwise directed by the Court.**

22.     State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

**Liability and damages should not be bifurcated.**

23.     In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto. Lead counsel are to discuss and agree on such special verdict where possible. Where agreement is not reached, state the basis for any objections to the special verdict request.

**Please see PLAINTIFF'S ATTACHMENT C and DEFENDANT'S ATTACHMENT C.**

**DEFENDANT'S POSITION:  Defendant's special verdict form is consistent with this Court's Order on Summary Judgment, Dkt. 209, and the law dictating that a finding of liability requires a jury to first determine that the challenged statements are substantially false (where applicable) and to independently determine actual malice as to (1) each challenged statement considered in context, and (2) find that those responsible for each challenged statement on the news programs at issue, *Deadline*, *All In*, and *The Rachel Maddow Show*, published the statements with actual malice.**

**In contrast, Plaintiff's proposed special verdict form invites a misapplication of the law, does not address the multiple different theories on which the jury could find liability or no liability, implies that liability will be found and damages awarded, and does not allow for a determination of proportionality of damages as it does not reflect the factual findings of the jury. *See e.g.*, *Mason v. Ford Motor Co.*, 307 F.3d 1271, 1275 (11th Cir. 2002) (citing *Stewart & Stevenson Servs., Inc. v. Pickard*, 749 F.2d 635, 644 (11th Cir. 1984)) ("purpose of a Rule 49(a) special verdict is to avoid confusion, appellate uncertainty and the need for additional proceedings by identifying the bases on which the jury rendered its verdict").**

18

24. In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.

**Not applicable.**

25. The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:

**/s/ Stacey G. Evans**
Stacey G. Evans
Georgia Bar No. 298555
sevans@staceyevanslaw.com
Tiffany N. Watkins
Georgia Bar No. 228805
twatkins@staceyevanslaw.com
Ryan E. Harbin
Georgia Bar No. 370658
rharbin@staceyevanslaw.com
J. Amble Johnson
Georgia Bar No. 229112
ajohnson@staceyevanslaw.com

STACEY EVANS LAW
729 Piedmont Ave NE
Atlanta, GA 30308
(404) 850-6750 (phone)
(404) 850-6748 (fax)

*Counsel for Plaintiff*

Scott R. Grubman
Georgia Bar No. 317011
sgrubman@cglawfirm.com

CHILIVIS GRUBMAN
DALBEY & WARNER LLP
1834 Independence Square
Atlanta, GA 30338
(404) 233-4171 (phone)
(404) 261-2842 (fax)

**/s/ Elizabeth A. McNamara***
Elizabeth A. McNamara
(admitted *pro hac vice*)
Amanda B. Levine
(admitted *pro hac vice*)
Lenna Charlton
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
lizmcnamara@dwt.com
amandalevine@dwt.com
leenacharlton@dwt.com

**s/ Benjamin H. Brewton***
Benjamin H. Brewton
Georgia Bar No. 002530
Jena C. Lombard
Georgia Bar No. 213734
BALCH & BINGHAM LLP
801 Broad Street, Suite 800
Augusta, GA 30901
Tel.: (706) 842-3700
bbrewton@balch.com
jlombard@balch.com

*Counsel for Defendant\**

*electronically signed by Stacey Evans with express permission of counsel for Defendant

**IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.**

This _____ day of _____, 20\_\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE