# Plaintiff - Attachment E

**PLAINTIFF ATTACH E:  PLAINTIFF'S MEMORANDUM OF AUTHORITIES AS TO ANY QUESTION OF LAW LIKELY TO ARISE AT THE TRIAL**

*ACLU v. Zeh*, 312 Ga. 647, 650 (2021): Setting forth defamation elements, including "a false and defamatory statement concerning the plaintiff," an "unprivileged communication," "fault by the defendant," and "special harm or the actionability of the statement irrespective of special harm."

*Swindall v. Cox. Enters., Inc.*, 253 Ga. App. 235, 236 (2002): Holding that a statement is false if "it would have a different effect on the mind of the viewer from that which the pleaded truth would have produced.  Minor factual errors which do not go to the substance, the gist, the sting of a story do not render a communication false for defamation purposes."

*Cottrell v. Smith*, 299 Ga. 517, 523 (2016): "An opinion can constitute actionable defamation if the opinion can reasonably be interpreted, according to the context of the entire writing in which the opinion appears, to state or imply defamatory facts about the plaintiff that are capable of being proved false."

*Lucas v. Cranshaw*, 289 Ga. App. 510, 513:

> A publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it.  So the whole item, including display lines, should be read and construed together, and its meaning and signification thus determined.  When thus read, if its meaning is so unambiguous as to reasonably bear but one interpretation, it is for the judge to say whether that signification is defamatory or not.  If, upon the other hand, it is capable of two meanings, one of which would be libelous and actionable and the other not, it is for the jury to say, under all the circumstances surrounding its publication, including extraneous facts admissible in evidence, which of the two meanings would be attributed to it by those to whom it is addressed or by whom it may be read.

O.C.G.A. § 51-5-9: "In every case of privileged communications, if the privilege is used merely as a cloak for venting private malice and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action."

1

# PLAINTIFF ATTACH E:  PLAINTIFF'S MEMORANDUM OF AUTHORITIES AS TO ANY QUESTION OF LAW LIKELY TO ARISE AT THE TRIAL

*Hammer v. Slater*, 20 F.3d 1137, 1142 (11th Cir. 1994): "Countless Georgia defamation cases, involving both private- and public-figure plaintiffs, have interpreted O.C.G.A. § 51-5-9 using the *New York Times* standard: whether the allegedly defamatory matter was uttered with knowledge that it was false or reckless disregard for whether it was true or false."  *See id*. (defining "reckless disregard" in the context of actual malice as "whether the defendant entertained serious doubts as to the truth of his publication").

*St. Amant v. Thompson*, 390 U.S. 727, 732:

> The defendant in a defamation action brought by a public official cannot, however, automatically insure a favorable verdict by testifying that he published with a belief that the statements were true.  The finder of fact must determine whether the publication was indeed made in good faith.  Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call.  Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation.  Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports.

O.C.G.A. § 51-5-4: Providing that defamation per se, including "[m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein," does not require proof of special damage to be actionable because "damage is inferred."

*S. Bell Tel. and Tel. Co. v. Coastal Transmission Serv., Inc.*, 167 Ga. App. 611, 617 (1983): "The proper measure of damages in a libel action is limited only by the enlightened conscience of impartial jurors."

O.C.G.A. § 51-5-11(a): "In any civil action for libel which charges the publication of an erroneous statement alleged to be libelous, it shall be relevant and competent evidence for either party to prove that the plaintiff requested retraction in writing at least seven days prior to the filing of the action or omitted to request retraction in this manner."

O.C.G.A. § 51-12-5.1: Authorizing punitive damages to "penalize, punish, or deter a defendant" where "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

*Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1320 (11th Cir. 1990) (holding that a jury's finding of "actual malice" sufficient to defeat a conditional privilege "authorizes the jury to award punitive damages because, at the very least, it comports with the punitive damages statutes of O.C.G.A. § 51-12-5").

**PLAINTIFF ATTACH E:  PLAINTIFF'S MEMORANDUM OF AUTHORITIES AS TO ANY QUESTION OF LAW LIKELY TO ARISE AT THE TRIAL**

Fed. R. Evid. 401: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Fed. R. Evid. 402: "Irrelevant evidence is not admissible."

Fed. R. Evid. 403: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Fed. R. Evid. 802: Providing generally that hearsay is not admissible.

Fed. R. Evid. 803(8): Providing that, as to a hearsay exception for "record or statement of a public office," such record or statement must set out "factual findings from a legally authorized investigation" and must not have "a lack of trustworthiness."

Fed. R. Evid. 805: "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."

Fed. R. Evid. 702: Setting forth requirements for an expert to testify in the form of an opinion or otherwise.

Fed. R. Civ. P. 26(a)(2)(A): "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

Fed. R. Civ. P. 37(c)(1): "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."