# Defendant - Attachment E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, <br><br> Defendant. | Case No. 5:21-cv-00056-LGW-BWC <br><br> **NBCU'S PRETRIAL MEMORANDUM OF AUTHORITIES** |

Defendant NBCUniversal Media, LLC ("NBCU" or "Defendant") respectfully submits this memorandum of authorities addressing questions of law likely to arise at trial, pursuant to paragraph 18 of the Court's consolidated pretrial order.

**Elements of Defamation**

- *Mathis v. Cannon*, 276 Ga. 16, 20-21 (2002): Under Georgia law, a defamation plaintiff has the burden of proving: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant . . . ; and (4) special harm or the actionability of the statement irrespective of special harm."

**Defamatory Meaning**

- O.C.G.A. § 51-5-1: Defining "defamatory" statement as one "tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule."

- *Wolf v. Ramsey*, 253 F. Supp. 2d 1323, 1352 (N.D. Ga. 2003): Plaintiff bears the burden of "proving that the published statements were indeed defamatory."

- *Webster v. Wilkins*, 217 Ga. App. 194, 195 (1995): To determine whether challenged statement carries defamatory meaning, the factfinder must "look at what construction would be placed upon it by the average reader" "in the context of the entire [publication]."

- *Moore v. Cecil*, 2021 WL 1208870, at *4 (N.D. Ala. Mar. 31, 2021), *aff'd*, 109 F.4th 1352 (11th Cir. 2024): To determine whether a challenged statement carries defamatory meaning, the factfinder must consider the meaning that "[viewers] of common and reasonable understanding would ascribe to it," including the message on which it "focuses."

**Falsity**

- *Philadelphia Newspapers v Hepps,* 475 U.S. 767, 775-76 (1986): Establishing that the plaintiff in a defamation action bears the burden of showing that a published statement is false.

- *Wolf v. Ramsey*, 253 F. Supp. 2d 1323, 1353 (N.D. Ga. 2003): Establishing that the plaintiff bears the burden of proving falsity by "clear and convincing evidence."

- *Air Wisc. Airlines Corp. v. Hoeper*, 571 U.S. 237, 247 (2014): To be actionable, falsity must be "material," meaning that the false statement has "a different effect on the mind of the reader [or listener] from that which the . . . truth would have produced."

- *Bustos v. A&E Television Networks*, 646 F.3d 762, 765 (10th Cir. 2011): "To qualify as material the alleged misstatement must be likely to cause reasonable people to think 'significantly less favorably' about the plaintiff than they would if they knew the truth; a misstatement is not actionable if the comparative harm to the plaintiff's reputation is real but only modest." Falsity, unlike defamatory meaning, is assessed by "by comparing the damage it has done to the plaintiff's public reputation to the damage the truth would have caused." And, it does not "matter if the defendant doesn't know the truth of the matter when he makes the defamatory statement. So long as what he says turns out to be true, he is free from liability; the truth, whenever discovered, serves as a complete defense." *Id.*

2

- Thus, report that plaintiff was "member" of Aryan Brotherhood did not cause materially more harm to the plaintiff's reputation than truth—that he conspired with the organization while in prison.
- *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222 (7th Cir. 1993): Report that plaintiff left children unattended at night in dangerous neighborhood did not cause materially more harm to plaintiff's reputation than truth—that he was an unreliable father for other reasons.

**Statement of Fact**

- *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 19-20 (1990): Establishing that a defamation claim must be based on a provably false statement of fact rather than opinion.
- *Gast v. Brittain*, 277 Ga. 340, 341 (2003): "A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it might be."
- *Cottrell v. Smith*, 299 Ga. 517, 523 (2016): A "subjective assessment, as to which reasonable minds could differ, cannot be proved false."
- *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002): "Rhetorical hyperbole," which includes "exaggeration and non-literal commentary," is not actionable.

**Actual Malice**

- *Godfrey v. Cobb County*, 2009 WL 2776599 (Ga. Sup. Ct. July 10, 2009): "Under Georgia law and the U.S. Constitution, a plaintiff asserting defamation or invasion of privacy claims must meet a stringent 'actual malice' standard if . . . a statutory privilege applies. . . . The burden of demonstrating actual malice, which must be proven by *clear and convincing evidence,* is 'exceedingly difficult to satisfy.'"

3

- *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 287 (1964): "Actual malice" is defined as "knowledge that [a statement] was false or [] reckless disregard of whether it was false or not." This actual malice standard must be "be brought home to the persons in the . . . organization having responsibility for the publication."

- *Bose Corp v. Consumer Union of U.S., Inc.*, 466 U.S. 485, 512 (1984): "Knowledge of falsity" requires proof that the defendant was actually aware that the statement was false.

- *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968): "In *Garrison v. State of Louisiana* . . . the opinion emphasized the necessity for a showing that a false publication was made with a 'high degree of awareness of probable falsity.' Mr. Justice Harlan's opinion in *Curtis Publishing Co. v. Butts*, stated that evidence of either deliberate falsification or reckless publication 'despite the publisher's awareness of probable falsity' was essential to recovery by public officials in defamation actions. These cases are clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication."

- *Amin v. NBCUniversal Media, LLC*, 2023 WL 8238975, at *4 & n.7 (S.D. Ga. Nov. 28, 2023) (Cheesbro, J): When the defendant is a corporation, a plaintiff must establish that "specific individuals—i.e., the individuals employed by Defendant who participated in publishing the Challenged News Reports—acted with actual malice. In other words, Plaintiff will have to establish a connection between actual malice held by specific individuals and the published broadcasts. . . . 'Collective knowledge' is not sufficient."

- *Reid v. Viacom International Inc.*, 2017 WL 11634619, at *7 (N.D. Ga. Sept. 22, 2017): A court cannot consider actual malice "in the abstract" but must consider it in relation to "each of the specific defamatory" statements.

- *Speer v. Ottoway Newspapers, Inc.*, 828 F.2d 475, 477-78 (8th Cir. 1987): That someone else in news organization knows that a story is false does not support a finding of actual malice as to the individuals responsible for challenged publication.

- *Silvester v. Am. Broad. Cos.*, 650 F. Supp. 766, 779 (S.D. Fla. 1986), *aff'd*, 839 F.2d 1491 (11th Cir. 1988): Actual malice must be assessed "at the time the segment was aired." A statement "after the broadcast that it might contain libelous material does not, without more, prove that defendants had such thoughts at the time the segment was aired."

- *Berisha v Lawson,* 973 F.3d 1304, 1313-14 (11th Cir. 2020): "The law is clear that individuals are entitled to rely on 'previously published reports' from 'reputable sources'" and "reliance on [] many independent sources, alone, should defeat any claim of actual malice." In addition, a defendant need not "find only pure, unimpeachable sources of information," which is "perhaps impossible."

- *Michel v. NYP Holdings, Inc.*, 816 F.3d 686 (11th Cir. 2016): "[W]here the publisher includes information contrary to the general conclusions reached in a[] [publication], that showing tends to undermine the claims of malice. . . . The reasoning behind the rule is simple. Where a publisher gives readers sufficient information to weigh for themselves the likelihood of an article's veracity, it reduces the risk that readers will reach unfair (or simply incorrect) conclusions, even if the publisher itself has. Moreover, discouraging the inclusion of such contrary sources for fear of fueling a defamation lawsuit would run counter to the constitutional goal of promoting the free and robust discussion of public

5

events. Thus, reporting perspectives contrary to the publisher's own should be interpreted as helping to rebut, not establish, the presence of actual malice."

- *Stange v. Cox Enterprises, Inc.*, 211 Ga. App. 731 (Ga. App. Ct. 1994): "While a failure to investigate alone does not establish actual malice," undertaking an investigation can "corroborate [defendant's] assertion of good faith and belief in the truth of the published statements." Relying on the investigatory work of others in a news organization is antithetical to a finding of actual malice.

**Clear and Convincing Evidence**

- *Younger v. Experian Info. Sols., Inc.*, 817 F. App'x 862, 870 (11th Cir. 2020): The "clear and convincing evidence" standard requires a jury to find that a conclusion is "highly probable or reasonably certain."

- *Wolf v. Ramsey*, 253 F. Supp. 2d 1323, 1353 (N.D. Ga. 2003): Clear and convincing evidence "produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue."

**Damages**

- *Straw v. Chase Revel, Inc.*, 813 F.2d 356, 361 (11th Cir. 1987): A defamation plaintiff can only recover compensatory damages for harm "caused by the . . . publication of statements found to be defamatory."

- *Simon v. Shearson Lehman Bros.*, 895 F.2d 1304, 1316, 1319 (11th Cir. 1990): "Legal causation requires a finding that the slanderous statement was both a factual cause and a proximate cause" of the alleged harm. The requirement of causation applies to claims for

6

both special damages (economic or pecuniary loss) and general damages (impairment of reputation, personal humiliation, or mental anguish).  "Evidence of tarnished reputation should be considered as a factor to mitigate the level of compensatory damages."

- O.C.G.A. § 51-12-5.1:
    - (b): "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."
    - (c): "Punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant.
    - (f): "In a tort case in which the cause of action does not arise from product liability, if it is found that the defendant acted, or failed to act, with the specific intent to cause harm, or that the defendant acted or failed to act while under the influence of alcohol, drugs other than lawfully prescribed drugs administered in accordance with prescription, or any intentionally consumed glue, aerosol, or other toxic vapor to that degree that his or her judgment is substantially impaired, there shall be no limitation regarding the amount which may be awarded as punitive damages against an active tort-feasor but such damages shall not be the liability of any defendant other than an active tort-feasor."
    - (g): "For any tort action not provided for by subsection . . . (f) of this Code section in which the trier of fact has determined that punitive damages are to be awarded,

7

> the amount which may be awarded in the case shall be limited to a maximum of $250,000.00."

- O.C.G.A. § 51-12-6: "In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff . . . punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded."

- *Capital Inventory, Inc. v. Green*, 2024 WL 1383228, at *4 (N.D. Ga. Feb. 29, 2024): "'[S]pecific intent to cause harm' means that 'the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.' Importantly, a finding of 'specific intent to cause harm' is separate and distinct from the 'willful misconduct' finding that enables a jury to award punitive damages in the first instance."

**Reputation Evidence**

- Federal Rule of Evidence 405(b): When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

- Federal Rule of Evidence 803: "The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness . . . (21) "[a] reputation among a person's associates or in the community concerning the person's character."

- *Marcone v. Penthouse Intern. Magazine for Men*, 754 F.2d 1072, 1079 (3d Cir. 1985): Evidence of a "tarnished reputation," including that the plaintiff's "reputation was sullied before the [challenged statement] was published," is "admissible and should be considered as a factor to mitigate the level of compensatory damages."

- *Schafer v. Time, Inc.*, 142 F.3d 1361, 1371-72 (11th Cir. 1998): "[A] charge of defamation or libel commonly makes damage to the victim's reputation or character an essential element of the case. Georgia law confirms that an assertion of damage to reputation in a libel case makes the plaintiff's character an issue under the substantive law. Since the plaintiff's character is substantively at issue in a libel case under Georgia law, Rule 405(b) permits the admission of evidence regarding specific instances of the plaintiff's conduct on that issue."

- *Dolen v. Ryals*, 2011 WL 13176157, at *2 (M.D. Fla. Feb. 24, 2011): Newspaper clippings and other documents "discussing the plaintiff's history and character" are "relevant to elements of her claims, defenses, and damages."

- *Stern v. Cosby*, 645 F. Supp. 2d 258, 265 n.2, 271 (S.D.N.Y. 2009): Newspaper articles can be admitted into evidence in defamation action when they "are not offered for their truth" but rather "to show that [plaintiff] was subjected to media criticism for his behavior." Similarly, evidence that post-dates challenged statements, even by years, can be admissible when it "undoubtedly does some damage to [the plaintiff's] reputation."

**Government Records**

- Federal Rule of Evidence 803: "The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness . . . (8) Public Records. A record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

9

(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."

- *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 164 (1988): "[W]e note that, contrary to what is often assumed, the language of the Rule [803(8)(A)(iii)] does not state that 'factual findings' are admissible, but that 'reports . . . setting forth . . . factual findings' are admissible."

- *United States v. DeLeon*, 316 F. Supp. 3d 1303, 1306 (D.N.M. 2018): Explaining that because investigative report set forth "factual findings," the "entire report" was admissible under Federal Rule of Evidence 803(8)(A)(iii).

- *Barry v. Trustees of Intern. Ass'n*, 467 F. Supp. 2d 91, (D.D.C. 2006): Admitting bipartisan Senate Report into evidence under Federal Rule of Evidence 803 when it contained factual findings, was joined by members of both political parties, and was the product of a "serious investigation."

- *Fowler v. Blue Bell, Inc.*, 737 F.2d 1007, 1013-14 (11th Cir. 1984): Affidavits collected during government investigation are admissible as exception to hearsay to "show[] the basis" for the government's findings.

**Witness Identification**

- Federal Rule of Civil Procedure 26(a)(2)(A): "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

- Federal Rule of Civil Procedure 37(c)(1): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information

or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

- *LA v. Riverside Military Academy Foundation Inc.*, 2021 WL 8998914, at *6 (N.D. Ga. Sept. 30, 2021): "[M]any courts find that listing names in discovery responses does not eliminate the need to supplement the Witness List."