IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-56 |
| v. | |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

**O R D E R**

Defendant filed a Motion to Seal.  Doc. 240.  Defendant requests permission to file under seal its opposition to Plaintiff's motions in limine and various unredacted versions of exhibits attached to the opposition brief.  The opposition brief and attached exhibits contain highly sensitive personal and medical information of third parties.  Doc. 240 at 3.

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).  This right extends to the inspection and the copying of court records and documents.  See Nixon, 435 U.S. at 597.  The right to access, however, is not absolute.  See Globe Newspaper Co. v. Superior Court for Norfolk Cnty., 457 U.S. 596, 598 (1982).  When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal.  See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983).  In balancing the interests, courts consider, among other things:

whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005).  Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."  Id. (citing Nixon, 435 U.S. at 598).  This Court's Local Rule 79.7 sets forth procedures for a party to request documents be filed under seal.  Defendant asserts filing its records under seal would protect witness confidentiality and sensitive personal medical information as previously determined in the Court's Protective Orders.  Docs. 42, 107.  Defendant has shown good cause for requesting the Court permit these documents to be filed under seal.  Accordingly, the Court **GRANTS** Defendant's Motion and **DIRECTS** the Clerk to **FILE UNDER SEAL** the contents of Defendant's unredacted opposition to Plaintiff's motions in limine and unredacted exhibits 1, 2, 3, 4, 8, 9, 11, 14, 15.  Docs. 239, 239-1, 239-2, 239-3, 239-4, 239-8, 239-9, 239-11, 239-14, 239-15.

**SO ORDERED**, this 6th day of January, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA